**United States Department of Justice**
**Executive Office for Immigration Review**
**Immigration Court**
**Baltimore, Maryland**

| | | |
|---|---|---|
| **In the Matter of** | : | **In Bond Proceedings** |
| | : | |
| **ABREGO-GARCIA, Kilmer Armado** | : | Case #A█████████ |
| | : | |
| **Respondent** | : | |

**Charges:**       Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i)

**Application:**   Change in Custody Status

**Hearing Date:**  April 29, 2019

**Appearances:**   Himedes Chicas, Esq., on behalf of the Respondent;
Jennifer Hastings, Esq., on behalf of the Department of Homeland Security

**BOND MEMORANDUM**

The Respondent is a native and citizen of El Salvador. On March 29, 2019, the Department of Homeland Security (DHS) served the Respondent with a Notice to Appear (NTA), which sets forth the following factual allegations: (1) the Respondent is not a citizen or national of the United States; (2) he is a native and citizen of El Salvador; (3) he arrived in the United States at an unknown place, on an unknown date; and (4) he was not then admitted or paroled after an inspection by an immigration officer. Accordingly, the Respondent was charged with removability pursuant to INA § 212(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. Exh. 1. The Respondent was held in custody by the DHS.

The Respondent requested a bond redetermination hearing, which the Court conducted on April 24, 2019. At his bond hearing, the Respondent, through counsel, requested a $5,000 bond. He argued that he is not a flight risk. He asserted that he has lived in the United States for eight years. He has two brothers who are legal permanent residents. His fiancé is a United States citizen, and the Respondent is helping to raise and support her two children. His fiancé is also five months' pregnant with a child by the Respondent; her pregnancy is high-risk. He stated that he failed to appear for hearings on some traffic violations because he was not aware of those hearings, and he intends to hire an attorney to resolve his traffic proceedings. In addition, the

1

Respondent stated that he intends to apply for relief in the form of asylum and adjustment of status based on his relationship to his fiancé, whom he intends to marry. The Respondent also argued that he is not a danger to the community. He has no criminal convictions. He denied being a gang member and objected to the admissibility of the Form I-213 and the Prince George's County Police Department Gang Field Interview Sheet because he lacked the opportunity to cross-examine the detective who determined that he is a gang member.

The DHS opposed the Respondent's request for bond. The DHS asserted that the Respondent is a verified gang member. The Respondent was arrested in the company of other ranking gang members and was confirmed to be a ranking member of the MS-13 gang by a proven and reliable source. The DHS argued that the Form I-213 is admissible as a legally reliable document in immigration court.

An alien seeking a custody redetermination under section 236(a) of the Act bears the burden of demonstrating that he merits release on bond. *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). The respondent may satisfy this burden by demonstrating that his release does not pose a danger to persons or property, a threat to national security, or a risk of flight, and that he is likely to appear for any future proceedings. *Matter of Siniauskas*, 27 I&N Dec. 207, 207 (BIA 2018); *Matter of Adeniji*, 22 I&N Dec. 1102, 1111–13 (BIA 1999).

An immigration judge has broad discretion to consider any matter deemed relevant to determining whether an alien's release on bond is permissible or advisable. *Matter of Guerra*, 24 I&N Dec. at 40 (noting that an immigration judge "may choose to give greater weight to one factor over others, as long as the decision is reasonable"). Relevant factors include: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recent nature of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States. *Id.*; *see also Matter of Saelee*, 22 I&N Dec. 1258 (BIA 2000).

After considering the information provided by both parties, the Court concluded that no bond was appropriate in this matter. The Court first reasoned that the Respondent failed to meet his burden of demonstrating that his release from custody would not pose a danger to others, as the evidence shows that he is a verified member of MS-13. *Matter of Siniauskas*, 27 I&N Dec. at 210; *Matter of Adeniji*, 22 I&N Dec. at 1111–13; 8 C.F.R. § 1003.19(h)(3). The BIA has held that, absent any indication that the information therein is incorrect or was the result of coercion or duress, Form I-213 is "inherently trustworthy and admissible." *Matter of Barcenas*, 19 I&N Dec. 609, 611 (BIA 1988). The Respondent contends that the Form I-213 in his case erroneously states that he was detained in connection to a murder investigation. He also claims that the I-213 is internally contradicts itself as to whether the Respondent fears returning to El Salvador. The reason for the Respondent's arrest given on his Form I-213 does appear at odds with the Gang Field Interview Sheet, which states that the Respondent was approached because he and others were loitering outside of a Home Depot. Regardless, the determination that the Respondent is a

2

gang member appears to be trustworthy and is supported by other evidence in the record, namely, information contained in the Gang Field Interview Sheet. Although the Court is reluctant to give evidentiary weight to the Respondent's clothing as an indication of gang affiliation, the fact that a "past, proven, and reliable source of information" verified the Respondent's gang membership, rank, and gang name is sufficient to support that the Respondent is a gang member, and the Respondent has failed to present evidence to rebut that assertion.

The Court further held that no bond was appropriate in order to ensure the Respondent's appearance at future hearings, as he had not met his burden of showing that he would not be a flight risk. *See* 8 C.F.R. § 1003.19(h)(3). The Respondent's case presents limited eligibility for relief, thereby significantly diminishing his incentive to appear for future immigration proceedings. He is not married to his fiancé, and any immigration relief that he can be expected to gain from a marital relationship with her in the future is speculative. Although the Respondent stated that he intends to file for asylum, his eligibility appears limited to withholding of removal and protection under the Convention Against Torture due to his failure to file an application within one year of his arrival in the United States. Those forms of relief are limited and contain standards that are difficult to meet. In addition, the record evidence shows that the Respondent has a history of failing to appear for proceedings pertaining to his traffic violations. *See* Bond Exh. 2, Tab I at 28–29. He asserted that he did not receive notice of these proceedings, but in his written statement, he admitted that he remembers receiving citations that he chose not to follow up on. *See* Bond Exh. 2, Tab B at 5. The Respondent's lack of diligence in following up on his traffic court cases indicates that he cannot be trusted to appear in immigration court.

In light of these findings, the Court concluded that no bond was appropriate in this matter. That order was issued on April 24, 2019. The Respondent reserved the right to appeal.

5.27.2019

Date

Elizabeth A. Kessler
Immigration Judge