IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KILMAR ARMANDO ABREGO GARCIA, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 8:25-cv-00951-PX |
| KRISTI NOEM, Secretary, United States Department of Homeland Security, *et al.*, | * * * | |
| Defendants. | * | |

\*\*\*

## ORDER

For the reasons discussed during today's status conference, the Court finds that the Defendants have failed to comply with this Court's Order at ECF No. 51. In advance of the conference, the Court had directed Defendants to file a supplemental declaration from an individual with personal knowledge, addressing the following: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. ECF No. 51. Defendants made no meaningful effort to comply. Instead, they complained that the Order is "unreasonable and impracticable," and involves "sensitive country-specific considerations wholly inappropriate for judicial review." ECF No. 59 at 2.

During the hearing, the Court posed straightforward questions, including: Where is Abrego Garcia right now? What steps had Defendants taken to facilitate his return while the Court's initial order on injunctive relief was in effect (from the afternoon of April 4, 2025, through the morning of April 7, 2025, and since 6:35 PM last night)? Defendants' counsel responded that he could not

answer these questions, and at times suggested that Defendants had withheld such information from him.  As a result, counsel could not confirm, and thus did not advance *any* evidence, that Defendants had done anything to facilitate Abrego Garcia's return.  This remained Defendants' position even after this Court reminded them that the Supreme Court of the United States expressly affirmed this Court's authority to require the Government "facilitate" Abrego Garcia's return.  *See Noem v. Abrego Garcia*, 25A949, 604 U.S. ___ (2025), Slip Op. at 2.  From this Court's perspective, Defendants' contention that they could not answer these basic questions absent some nonspecific "vetting" that has yet to take place, provides no basis for their lack of compliance.

Accordingly, it is hereby ORDERED that beginning April 12, 2025, and continuing each day thereafter until further order of the Court, Defendants shall file daily, on or before 5:00 PM ET, a declaration made by an individual with personal knowledge as to any information regarding: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate his immediate return to the United States; (3) what additional steps Defendants will take, and when, to facilitate his return.[1]  A follow-up in-person hearing will be scheduled for Tuesday, April 15, 2025, at 4:00 PM.

To the extent Plaintiffs seek additional relief, their motion shall be filed no later than 5:00 PM ET on Saturday, April 12, 2025.  Defendants shall file any response by 5:00 PM ET on Sunday, April 13, 2025.

So Ordered.

    April 11, 2025
Date

/S/
Paula Xinis
United States District Judge

---

[1] Defendants' assertion that "foreign affairs cannot operate on judicial timelines" sorely misses the point. ECF No. 59. All parties appearing before this Court are obligated to comply with court-ordered deadlines unless and until they demonstrate good cause to depart from them.  *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).  Defendants' vague reference to "foreign affairs" alone does not justify their lack of compliance.