UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
–Greenbelt Division–

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA, ET AL., <br><br>　　　　　Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, ET AL., <br><br>　　　　　Defendants. | Case No.: 8:25-CV-00951-PX |

## PLAINTIFFS' MOTION FOR ADDITIONAL RELIEF

Yesterday, President Trump confirmed that the United States has the power to facilitate Abrego Garcia's release from prison and return to the United States: "If the Supreme Court said, 'Bring somebody back,' I would do that. ... I respect the Supreme Court."[1] Of course, that is *precisely* what the Supreme Court did when it ruled that this Court's injunction "properly requires the Government to 'facilitate' Abrego Garcia's release from custody in El Salvador and to ensure that his case is handled as it would have been had he not been improperly sent to El Salvador." *Noem et al. v. Abrego Garcia et al.*, 604 U.S. ___, 2025 WL 1077101, at *1 (Apr. 10, 2025). The Government should be required to comply with the Supreme Court's order that it "ensure that his case is handled as it would have been had he not been improperly sent to El Salvador," by taking all available steps to release and return Abrego Garcia to Maryland.

The President's acknowledgement of the United States' power to bring Abrego Garcia back notwithstanding, the Department of Justice and other Government agencies continue to resist this

---

[1] Alan Feuer & Aishvarya Kavi, *White House Continues Defiant Stance on Seeking Return of Deported Man*, N.Y. Times (Apr. 11, 2025), https://www.nytimes.com/2025/04/11/us/politics/us-maryland-man-deportation-delay.html.

Court and the Supreme Court. At yesterday's hearing, the Government defied an order of this Court, and of the Supreme Court, by refusing to provide even basic information about Abrego Garcia's current location and status and what it is doing to comply with the injunction. *See id.* at *1 (directing Government to "be prepared to share what it can concerning the steps it has taken and the prospect of further steps"); ECF No. 51 (ordering Government to submit a declaration addressing three questions); *see also* ECF No. 61 (Order finding "that the Defendants have failed to comply with this Court's Order at ECF No. 51"). As a direct consequence of the Government's recalcitrance, Abrego Garcia continues to suffer irreparable harm from his illegal removal to a country where he faces persecution and gang violence, and where he is being held at the United States' behest.

In accordance with the Court's Order authorizing Plaintiffs to seek additional relief beyond what this Court previously ordered, ECF No. 61 at 2, Plaintiffs request that the Court order three additional types of relief. First, order the Government to take by end of the day Monday, April 14, 2024, the specific steps set forth below to comply with the injunction in this case. Second, order expedited discovery of the Government's actions (or failure to act) to facilitate Abrego Garcia's return to the United States. Third, order the Government to show cause by 10 a.m. Monday, April 14, 2025, as to why it should not be held in contempt due to its failure to comply with the Court's prior orders, including any failure to a comply with the Court's order of April 11, 2025 (ECF No. 61).

I.  **Applicable Law**

This Court has "broad" power to enforce its own injunction by issuing additional orders, "particularly where the enjoined party has not 'fully complied with the court's earlier orders.'" *Nat'l Law Ctr. on Homelessness & Poverty v. U.S. Veterans Admin.*, 98 F. Supp. 2d 25, 26–27

(D.D.C. 2000) (quoting *Hutto v. Finney*, 437 U.S. 678, 687 (1978), and citing *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971)); s*ee also Damus v. Wolf*, 2020 WL 601629, at *2 (D.D.C. Feb. 7, 2020) ("[A] court has the authority to issue additional orders to enforce a prior injunction."). Among other things, the Court is empowered to order expedited discovery "where significant questions regarding noncompliance with a court order have been raised," *Damus v. Nielsen*, 328 F.R.D. 1, 3–4 (D.D.C. 2018) (cleaned up) (granting expedited discovery into Government's compliance with a preliminary injunction); *see also, e.g.*, Mons v. Wolf, 2020 WL 4201596, at *2–3 (D.D.C. July 22, 2020) (collecting cases). And the Court has "inherent power to enforce compliance with [its] lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *see also Rainbow School, Inc. v. Rainbow Early Educ. Holding LLC*, 887 F.3d 610, 617 (4th Cir. 2018) ("To ensure compliance with its orders, a district court has the inherent authority to hold parties in civil contempt.").

With respect to discovery, under the Federal Rules of Civil Procedure, this Court has "broad discretion" and "wide latitude in controlling discovery." *Mey v. Phillips*, 71 F.4th 203, 217 (4th Cir. 2023) (citations omitted). Among other things, this Court can order depositions of high-level government officials where they have "unique first-hand knowledge related to the litigated claims or . . . the necessary information cannot be obtained through other, less burdensome or intrusive means." *Lederman v. N.Y. City Dep't of Parks & Rec.*, 731 F.3d 199, 203 (2d Cir. 2013).

## II.   Relief Requested

Plaintiffs request that the Court order the following relief to ensure compliance with its prior orders.

A. **Facilitation of Abrego Garcia's Return**

The Court should order the Government to take the following specific steps—in addition to whatever other steps are within its power—to "'facilitate' Abrego Garcia's release from custody in El Salvador," *Noem*, 604 U.S. ____, 2025 WL 1077101, at *1, and return to the United States:

1. Request that its agents and contractors release Abrego Garcia from custody in El Salvador pursuant to the contract or arrangement providing for his detention there at the Government's direction. *See* ECF No. 31 at 11–12 ("the record reflects that Defendants have 'outsource[d] part of the [United States'] prison system" and "just as in any other contract facility, Defendants can and do maintain the power to secure and transport their detainees, Abrego Garcia included").

2. Dispatch personnel to accompany Abrego Garcia upon his release from CECOT to ensure his safe passage to the aircraft that will return him to the United States.

3. Provide air transportation for Abrego Garcia to return to Maryland, because he may not be in current possession of sufficient identification to board a commercial flight.

4. Grant Abrego Garcia parole pursuant to the Immigration and Nationality Act Section 212(d)(5), 8 USC § 1182(d)(5), and prepare all paperwork and forms required to allow him to reenter the United States.

B. **Expedited Discovery**

Plaintiffs request that the Court order the following expedited discovery:

1. The Government should be ordered to immediately produce contemporaneously prepared documents, in such form as they existed at the time of Abrego Garcia's removal, sufficient to reflect the terms of any agreement, arrangement or understanding regarding the Government's use of CECOT to house U.S. deportees.

    To the extent the Government contends that such documents do not exist, it should be ordered to produce a witness for Tuesday's hearing who can testify from personal knowledge about the terms of the arrangement.[2]

2.  The Government should be ordered to produce witnesses for Tuesday's hearing from the Department of Homeland Security, Department of Justice, and Department of State who can testify from personal knowledge about (i) Abrego Garcia's current physical location and custodial status; (ii) what steps, if any, the Government has taken to facilitate Abrego Garcia's return to the United States; (iii) whether the Government has informed officials at CECOT that it wishes Abrego Garcia to be released into U.S. custody; and (iv) what, if any, additional steps the Government intends to take, and when, to facilitate Abrego Garcia's return. *See* 4/11/25 Hearing Tr. at 12:17–18 ("This is a case that involves three different cabinet departments ....").

  **C.**  **Order To Show Cause**

  This Court has already found "that the Defendants have failed to comply with this Court's Order at ECF No. 51" because they did not provide the required declaration. ECF No. 61 at 1. The Government's failure to provide that declaration also calls into question whether the Government is complying with the Court's Order Granting Preliminary Injunction, ECF No. 21, as modified by ECF No. 51. Defendants accordingly request that the Court order the Government to show cause why it should not be held in contempt for failing to comply with this Court's orders, in accordance with its inherent authority. *See Shillitani*, 384 U.S. at 370; *Rainbow School*, 887 F.3d at 617.

---

[2]  The Government has not asserted—let alone properly substantiated—any privilege that would allow it to withhold the information sought and Plaintiffs are aware of none.

### III. Conclusion

For the foregoing reasons, Plaintiffs request that the Court (1) order the Government to take by end of the day Monday, April 14, 2025, the specific steps set forth above to comply with the injunction in this case; (2) order expedited discovery as set forth above; and (3) order the Government to show cause by 10 a.m. Monday, April 14, 2025 why it should not be held in contempt due to its failure to comply with the Court's prior orders.

Dated: April 12, 2025

**MURRAY OSORIO PLLC**
Simon Y. Sandoval-Moshenberg
Rina Gandhi
4103 Chain Bridge Road, Suite 300
Fairfax, Virginia 22030
(703) 352-2399
ssandoval@murrayosorio.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen E. Frank
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
stephenfrank@quinnemanuel.com

*Counsel for Plaintiffs*

*/s/ Jonathan G. Cooper*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Jonathan G. Cooper
Olivia Horton*
1300 I St. NW, Suite 900
Washington, DC 20005
(202) 538-8000
jonathancooper@quinnemanuel.com
oliviahorton@quinnemanuel.com
**admitted in Texas; not admitted in D.C.
Supervised by attorney admitted in D.C.*

Andrew J. Rossman
Sascha N. Rand
K. McKenzie Anderson
Samuel P. Nitze (*pro hac vice pending*)
Courtney C. Whang
Roey Goldstein
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
andrewrossman@quinnemanuel.com
sascharand@quinnemanuel.com
mckenzieanderson@quinnemanuel.com
samuelnitze@quinnemanuel.com
courtneywhang@quinnemanuel.com
roeygoldstein@quinnemanuel.com