IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>KRISTI NOEM, Secretary of Homeland Security, et al.,<br><br>*Defendants.* | Civil No.: 8:25-cv-00951-PX<br><br>**DEFENDANTS' RESPONSE PLAINTIFFS' MOTION FOR ADDITIONAL RELIEF** |

**RESPONSE TO PLAINTIFFS' MOTION FOR ADDITIONAL RELIEF**

On Friday, April 11, 2025, the Court found that Defendants failed to comply with the Court's order, entered hours earlier, directing Defendants to submit sworn testimony revealing sensitive information and previewing nonfinal, unvetted diplomatic strategies. ECF 61 at 1. The Court then ordered "that beginning April 12, 2025, and continuing each day thereafter until further order of the Court, Defendants shall file daily, on or before 5:00 PM ET, a declaration made by an individual with personal knowledge as to any information regarding: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate his immediate return to the United States; (3) what additional steps Defendants will take, and when, to facilitate his return." ECF 61 at 2. In addition, the Court set a deadline for Plaintiffs to seek any additional relief by April 12, 2025. In response, Plaintiffs moved for three categories of relief: (1) an order superintending and micromanaging Defendants' foreign relations with the

independent, sovereign nation of El Salvador, (2) an order allowing expedited discovery and converting Tuesday's hearing into an evidentiary hearing, and (3) an order to show cause for why Defendants should not be held in contempt. ECF 62 at 3-5.

The Court should deny Plaintiffs' requests for further relief. The relief sought by Plaintiffs is inconsistent with the Supreme Court's instruction requiring this Court to respect the President's Article II authority to manage foreign policy. The Court should therefore reject Plaintiffs' request for further intrusive supervision of the Executive's facilitation process beyond the daily status reports already ordered.[1]

**I.** Plaintiffs' requested, additional relief is not consistent with either the Supreme Court's order or the well-established meaning of "facilitating" returns in immigration law, and harbors fundamental constitutional infirmities. This Court should deny the motion, and adhere to the best reading of its amended order.

On April 10, 2025, the Supreme Court granted in part the Government's motion to stay this Court's original preliminary injunction order. The Supreme Court explained that on remand, any new order must "clarify" the "scope of the term 'effectuate,'" in a manner that did not "exceed the District Court's authority." Order, at 2. The Court instructed that any "directive" must give "due regard for the deference owed to the Executive Branch in the conduct of foreign affairs." *Id.* And it made clear that any "directive" should concern "Abrego Garcia's release from custody

---

[1] Defendants object to the requirement of daily status reports and reserve the right to challenge that requirement further.

2

in El Salvador" and "ensure that his case is handled as it would have been had he not been improperly sent to El Salvador." *Id.* In response, this Court amended its prior order that evening, to "DIRECT that Defendants take all available steps to facilitate the return of Abrego Garcia to the United States as soon as possible." ECF No. 51, at 1.

Defendants understand "facilitate" to mean what that term has long meant in the immigration context, namely actions allowing an alien to enter the United States. Taking "all available steps to facilitate" the return of Abrego Garcia is thus best read as taking all available steps to remove any *domestic* obstacles that would otherwise impede the alien's ability to return here. Indeed, no other reading of "facilitate" is tenable—or constitutional—here.

This reading follows directly from the Supreme Court's order. Order, at 2 (holding any "directive" must give "due regard" to the Executive Branch's exclusive authorities over "foreign affairs"). It tracks longstanding executive practice. *Id.* at 4 (Statement of Sotomayor, J.) (describing ICE Policy Directive as the "well-established policy" of the United States). And it comports with how the federal courts have understood the outer bounds of their own power. *See* Reply in Support of Application to Vacate the Injunction, at 5-7 (Sup. Ct.) (No. 24A949) (collecting authorities).

On the flipside, reading "facilitate" as requiring something more than domestic measures would not only flout the Supreme Court's order, but also violate the separation of powers. The federal courts have no authority to direct the Executive Branch to conduct foreign relations in a particular way, or engage with a foreign

3

sovereign in a given manner. That is the "exclusive power of the President as the sole organ of the federal government in the field of international relations." *United States v. Curtiss-Wright Export Corp.*, 299 U.S. 304, 320 (1936). Such power is "conclusive and preclusive," and beyond the reach of the federal courts' equitable authority. *Trump v. United States*, 603 U.S. 593, 607 (2024).

Plaintiffs' additional relief runs headlong through this constitutional limit. They ask this Court to order Defendants to (i) make demands of the El Salvadoran government (A1), (ii) dispatch personnel onto the soil of an independent, sovereign nation (A2), and (iii) send an aircraft into the airspace of a sovereign foreign nation to extract a citizen of that nation from its custody (A3). ECF 62 at 4. All of those requested orders involve interactions with a foreign sovereign—and potential violations of that sovereignty. But as explained, a federal court cannot compel the Executive Branch to engage in any mandated act of diplomacy or incursion upon the sovereignty of another nation.

Plaintiffs invite this Court to "exceed" its own "authority" in the precise sort of way the Supreme Court cautioned against. Order, at 2. This Court should decline the invitation.

**II.** No additional relief is warranted at this time. Consistent with the Court's latest order, ECF 61 at 2, Defendants are providing daily status reports that "share what [they] can" as the government determines an appropriate course of action. Although Defendants were not prepared to share information with the Court within hours of its order, Defendants responded to the first of the Court's questions

4

yesterday evening and confirmed that Mr. Abrego Garcia is "alive and secure" in the custody of El Salvador at the Terrorism Confinement Center (CECOT). ECF 63 at ¶ 3. It is now public information that the President of El Salvador, Nayib Bukele, is currently in the United States and will be meeting with President Donald Trump on Monday, April 14, 2025. Politics Chat: Trump to meet with Salvadoran President Nayib Bukele, National Public Radio (Apr. 13, 2025). Defendants will continue to share updates as appropriate. Any further intrusion into this sensitive process—and any directive from the Court to take action against the nation of El Salvador—would be inconsistent with the care counseled by the Supreme Court.

As discussed above, the Court should decline Plaintiffs' requests as the requested steps both exceed Defendants' authority and are inconsistent with the Supreme Court's direction. The Court could not, and should not, enter an order directing any of these steps.

For many of the same reasons the Court should deny the expedited discovery requested by Plaintiffs. This discovery, including the presentation of live witnesses, would probe the Executive's preliminary thinking on diplomatic efforts, and would go well beyond requiring the Executive to reveal "what it can" about the status of this process. Order at 2. That request is particularly inappropriate given that such discovery could interfere with ongoing diplomatic discussions—particularly in the context of President Bukele's ongoing trip to the United States.

In addition, Plaintiffs' request for "documents . . . reflect[ing] the terms of any agreement, arrangement or understanding regarding the Government's use of

CECOT to house U.S. deportees," ECF 62 at 4, calls for the immediate production of classified documents, as well as documents that Defendants may elect to assert are subject to the protections of attorney-client privilege and the State Secrets privilege. It would be inappropriate for this Court to hastily order production of these sensitive documents, particularly where Defendants are continuing to regularly update the Court here.

Finally, the Court should not issue an order to show cause. Plaintiffs began their motion with a quote from the President confirming his respect for the Supreme Court and intention to comply with its order. ECF 62 at. 1. Defendants remain in compliance with the Supreme Court's order. Based on the Supreme Court's Order and respect for both the Executive Branch's authority over foreign affairs and the sovereignty of El Salvador, the Court should take no further action in response to Plaintiffs' motion.

**Respectfully Submitted,**

**Yaakov M. Roth**
Acting Assistant Attorney General
Civil Division

**/s/ Drew C. Ensign**
**Drew C. Ensign**
Deputy Assistant Attorney General
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 514-2000
drew.c.ensign@usdoj.gov

**ERNESTO MOLINA**
Deputy Director
Office of Immigration Litigation
*Counsel for Defendants*

Filed By:
Tarra DeShields (Bar No. 07749)
Assistant United States Attorney