UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
–Greenbelt Division–

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA, ET AL.,<br><br>                    Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, ET AL.,<br><br>                    Defendants. | Case No.: 8:25-CV-00951-PX |

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR ADDITIONAL RELIEF**

The Government contends that the term "facilitate" is limited to "remov[ing] any *domestic* obstacles that would otherwise impede the alien's ability to return here." ECF No. 65 at 3 (emphasis in original). Not so. The Supreme Court ordered the Government "to 'facilitate' Abrego Garcia's *release from custody in El Salvador* and to ensure that his case is handled as it would have been had he not been improperly sent to El Salvador." *Noem v. Abrego Garcia*, 604 U.S. ___, 2025 WL 1077101, at *1 (Apr. 10, 2025) (emphasis added). That order is rendered null if construed solely to require removing "domestic obstacles." To give any meaning to the Supreme Court's order, the Government should at least be required to request the release of Abrego Garcia. *Id.* To date, the Government has not done so.

Contrary to the Government's assertion that it lacks "authority" to take any such actions, ECF No. 65 at 5, its own ICE Policy Directive requires DHS supervisors to "fully coordinate at the . . . international . . . level[]" to facilitate the return of removed individuals.[1] The Secretary of

---

[1] U.S. Immigration and Customs Enforcement, Directive 11061.1, Facilitating the Return to the United States of Certain Lawfully Removed Aliens, § 4.1 (Feb. 24, 2012),

State announced that the Government delivered an additional ten detainees to El Salvador on Saturday.² That involved all three of the actions that the Government contends the courts cannot order: "(i) mak[ing] demands of the El Salvadoran government (A1), (ii) dispatch[ing] personnel onto the soil of an independent, sovereign nation (A2), and (iii) send[ing] an aircraft into the airspace of a sovereign foreign nation . . . (A3)." ECF No. 65 at 4. The Government holds contractual rights to send prisoners to its "contract facility," where the United States has "outsourced" part of its prison system, and it holds "the power to secure and transport [its] detainees, Abrego Garcia included." ECF No. 31 at 11–12. It can exercise those same contractual rights to request their release, as the detainees are being held "pending the United States' decision on [their] long term disposition." *Id.* at 6.

Since this Court's April 10 order on remand, clarifying that the Government is required to "take all available steps to facilitate the return of Abrego Garcia to the United States as soon as possible," ECF No. 51 at 1, and this Court's April 11 order requiring daily updates, ECF No. 61 at 2, the Government's updates do not indicate that any steps have been taken to comply with this Court's and the Supreme Court's orders, ECF Nos. 63, 64, 74. There is no evidence that anyone has requested the release of Abrego Garcia.

---

https://www.ice.gov/doclib/foia/dro_policy_memos/11061.1_current_policy_facilitating_return.pdf (noting that "ERO, HSI, and OPLA supervisors must fully coordinate at the local, international, and Headquarters levels to effectuate this policy.").

² Secretary Marco Rubio (@SecRubio), X (Apr. 13, 2025), available at https://x.com/SecRubio/status/1911430462305694170.

Dated: April 15, 2025

| | |
|---|---|
| **MURRAY OSORIO PLLC**<br>Simon Y. Sandoval-Moshenberg<br>Rina Gandhi<br>4103 Chain Bridge Road, Suite 300<br>Fairfax, VA 22030<br>(703) 352-2399<br>ssandoval@murrayosorio.com | */s/ Jonathan G. Cooper*<br>**QUINN EMANUEL URQUHART &<br>  SULLIVAN, LLP**<br>Jonathan G. Cooper (D. Md. Bar No. 21345)<br>Olivia Horton*<br>1300 I St. NW, Suite 900<br>Washington, DC 20005<br>(202) 538-8000<br>jonathancooper@quinnemanuel.com<br>oliviahorton@quinnemanuel.com<br>**admitted in Texas; not admitted in D.C.*<br>*Supervised by attorney admitted in D.C.* |
| **QUINN EMANUEL URQUHART &<br>  SULLIVAN, LLP**<br>Stephen E. Frank<br>111 Huntington Ave, Suite 520<br>Boston, MA 02199<br>(617) 712-7100<br>stephenfrank@quinnemanuel.com | Andrew J. Rossman<br>Sascha N. Rand<br>K. McKenzie Anderson<br>Samuel P. Nitze<br>Courtney C. Whang<br>Roey Goldstein<br>Sam Heavenrich<br>Victoria Martin<br>295 Fifth Avenue, 9th Floor<br>New York, NY 10016<br>(212) 849-7000<br>andrewrossman@quinnemanuel.com<br>sascharand@quinnemanuel.com<br>mckenzieanderson@quinnemanuel.com<br>samuelnitze@quinnemanuel.com<br>courtneywhang@quinnemanuel.com<br>roeygoldstein@quinnemanuel.com<br>samheavenrich@quinnemanuel.com<br>victoriamartin@quinnemanuel.com |

*Counsel for Plaintiffs*