**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

KILMAR ARMANDO ABREGO GARCIA, *et al.*, *

Plaintiffs, *

v. * Civil Action No. 8:25-cv-00951-PX

KRISTI NOEM, Secretary, United States Department of Homeland Security, *et al.*, * * *

Defendants.

*
***

**ORDER GRANTING EXPEDITED DISCOVERY**

Pending before this Court is Plaintiff Kilmar Armando Abrego Garcia's ("Abrego Garcia") motion for additional relief requesting "expedited discovery of the Government's actions (or failure to act) to facilitate [his] return to the United States," and other interventions. ECF No. 62 at 2. Specifically, Abrego Garcia seeks discovery as to the "terms of any agreement, arrangement or understanding regarding the Government's use of CECOT to house U.S. deportees"; his current physical location and custodial status; and "what steps, if any, the Government has taken [and will take] to facilitate Abrego Garcia's return to the United States." *Id.* at 4–5. Defendants oppose the request, principally contending that the proposed relief is "not consistent with the Supreme Court's order or the well-established meaning of 'facilitating' returns in immigration law and harbors fundamental constitutional infirmities." ECF No. 65 at 3.

For the following reasons, the Court GRANTS the motion for expedited discovery as directed below. The Court defers its decision on the remaining requests for relief.

Rule 26 of the Federal Rules of Civil Procedure provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional

to the needs of the case." In ascertaining whether discovery is proportional to the needs of the case, the Court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Upon a showing of good cause, the Court may permit discovery "[w]here significant questions regarding noncompliance with a court order have been raised." *Cal. Dep't of Social Servs. v. Leavitt*, 523 F.3d 1025, 1033–34 (9th Cir. 2008); *see Palmer v. Rice*, 231 F.R.D. 21, 25 (D.D.C. 2005) (allowing discovery where, "without [it], plaintiffs will not be able to determine whether the government has complied with the court's injunctions"); *Blackberry Ltd. v. Typo Prods. LLC*, 2014 WL 4136586, at *5 (N.D. Cal. Aug. 21, 2014) (granting discovery where Plaintiff raised "serious questions . . . regarding [Defendant's] possible violations of the preliminary injunction").

To ascertain whether the good-cause standard is met, the Court considers the following non-exhaustive factors: (1) whether a preliminary injunction motion is pending; (2) the breadth of the requested expedited discovery; (3) the proffered reasons for the expedited discovery; (4) the burden on the opponent to comply with the request for expedited discovery; (5) whether the evidence sought could be obtained more efficiently from some other source; (6) the extent to which the discovery process would be expedited; and (7) whether a motion to dismiss for failure to state a claim is pending. *See Courthouse News Serv. v. Harris*, No. CV ELH-22-548, 2022 WL 3577255, at *4 (D. Md. Aug. 18, 2022) (citing *Mullane*, 339 F.R.D. at 663).

It is undisputed that Abrego Garcia is entitled to injunctive relief for the reasons previously discussed and affirmed without exception. *See Noem v. Abrego Garcia*, No. 24A949, 604 U.S.—

(2025), slip op. at 2. As to the scope of such relief, the Supreme Court of the United States unanimously affirmed that "the [District Court's] order *properly requires* the Government to 'facilitate' Abrego Garcia's *release from custody in El Salvador and to ensure that his case is handled as it would have been had he not been improperly sent to El Salvador*." *Id.* (emphasis added). To that end, the Supreme Court forewarned the Government that they "should be prepared to share what it can concerning the steps it has taken and the prospect of further steps." *Id.*; *see also Abrego Garcia v. Noem*, No. 25-1345, 2025 WL 1021113, at *6 (4th Cir. Apr. 7, 2025) (Wilkinson, J., concurring) ("In this situation, I think it legitimate for the district court to require that the government 'facilitate' the plaintiff's return to the United States so that he may assert the rights that all apparently agree are due him under law. It is fair to read the district court's order as one requiring that the government facilitate Abrego Garcia's release, rather than demand it.").

This Court, in turn, ordered no more than what the Supreme Court endorsed: that Defendants "take all available steps to facilitate the return of Abrego Garcia to the United States as soon as possible," because bound within this remedy is Abrego Garcia's "release from custody" and the assurance that Abrego Garcia's "case is handled as it would have been had he not been improperly sent to El Salvador." *Abrego Garcia*, 604 U.S.—, slip op. at 2; ECF No. 51. To advance that remedy, the Court required swift disclosure of that which stems most obviously from the Supreme Court's affirmance: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. ECF No. 54. This information is wholly consistent with ascertaining what, if anything the Defendants have done to "facilitate" Abrego Garcia's "release from custody in El Salvador" and accord him the process due "had he not been improperly sent to El Salvador."

*Abrego Garcia*, 604 U.S.—, slip op. at 2.

Notably, to "facilitate" means "to make the occurrence of (something) easier; to render less difficult." *Facilitate*, Black's Law Dictionary (12th ed. 2024). Merriam-Webster defines the term as "to make easier or less difficult: to free from difficulty or impediment." *Facilitate*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/facilitate (last visited Apr. 14, 2025). And the Oxford English Dictionary defines "facilitate" as "[t]o assist (a person); to enable or allow (a person) to do something, achieve a particular result, etc., more easily." *Facilitate*, Oxford English Dictionary, https://doi.org/10.1093/OED/5808503853 (last visited Apr. 14, 2025). Defendants therefore remain obligated, at a minimum, to take the steps available to them toward aiding, assisting, or making easier Abrego Garcia's release from custody in El Salvador and resuming his status quo ante. But the record reflects that Defendants have done nothing at all.

Instead, the Defendants obliquely suggest that "facilitate" is limited to "taking all available steps to remove any *domestic* obstacles that would otherwise impede the alien's ability to return here." ECF No. 65 at 3 (emphasis in original). The fallacy in the Defendants' argument is twofold. First, in the "immigration context" as it were, *id.*, facilitating return of those wrongly deported can and has included more extensive governmental efforts, endorsed in prior precedent and DHS

publications.[1] Thus, the Court cannot credit that "facilitating" the ordered relief is as limited as Defendants suggest.

Second, and more fundamentally, Defendants appear to have done nothing to aid in Abrego Garcia's release from custody and return to the United States to "ensure that his case is handled as it would have been" but for Defendants' wrongful expulsion of him. *Abrego Garcia*, 604 U.S.— , slip op. at 2. Thus, Defendants' attempt to skirt this issue by redefining "facilitate" runs contrary to law and logic.

Turning to the factors supporting expedited discovery. *See Courthouse News*, 2022 WL 3577255, at *4. First, the Court already issued preliminary injunctive relief, which remains active and enforceable. Expedited discovery in the instant case accords with that preliminary relief. Second, the requested discovery appears relatively narrow in scope but unworkable as Plaintiffs have proposed. An immediate evidentiary hearing, as the Plaintiffs ask, elevates speed over effectiveness. Instead, the Court will permit discovery as set forth below, adhering to those areas of inquiry the Supreme Court made clear are "properly require[d]." *Abrego Garcia*, 604 U.S.—,

---

1 For example, in *Nat'l Immigr. Project of Nat'l Laws. Guild v. U.S. Dep't of Homeland Sec.*, No. 11-CV-3235 JSR, 2014 WL 6850977 (S.D.N.Y. Dec. 3, 2014), the litigation centered entirely on the Government's practices and policies for returning wrongly removed noncitizens to the United States for further immigration proceedings. In connection with that litigation, then-Deputy Solicitor General Michael Dreeben, clarified for the Supreme Court the Government's "policy and practice" of "facilitating" return after removal. *Nat'l Immigr. Project of Nat'l Laws. Guild*, No. 11-CV-3235 JSR (S.D.N.Y.), ECF No. 79-4 at 40–46. As Dreeben noted, although the Government's efforts varied depending on the circumstances of the case, its ultimate objective was "[t]o effectuate return," which could include steps such as "grant[ing] parole and send[ing] a cable to the consulate or embassy nearest to the alien with instructions to issue a travel document…" *Id.* To "avoid uncertainty in how to achieve" return, then-Director of U.S. Immigration and Customs Enforcement John Morton implemented notice procedures, designated points of contact, and engaged the Government's diplomatic channels worldwide to "take additional steps to further improve [facilitation of return], if necessary or appropriate." *Id.*

In one instance, the Government engaged the ICE Attaché in South Africa to facilitate the return of a removed noncitizen in Ethiopia. *Id.*, ECF No. 16-4 at 19–25. In another, the Government worked with the U.S. Embassy in Tokyo to secure a return. *Id.*, ECF No. 38-6 at 31. And yet in another, the Government facilitated the return of Jo Desire from Haiti with assistance from the United States Marshal Service, which manned the Government airplane that flew to Haiti to retrieve Desire. *See* Tianyin Luo & Sean Lai McMahon, *Victory Denied: After Winning On Appeal, An Inadequate Return Policy Leaves Immigrants Stranded Abroad*, NYU Sch. of Law Immigrant Rts. Clinic, at 1066 (Oct. 1, 2014); *Nat'l Immigr. Project of Nat'l Laws. Guild*, 2014 WL 6850977, at *2. Lastly, of note, discovery generated in that matter reflected the Government's practice of "log[ging] all efforts" to facilitate return as a matter of course. *Nat'l Immigr. Project of Nat'l Laws. Guild*, 2014 WL 6850977, ECF No. 16-4 at 20.

slip op. at 2. Discovery will be carried out expeditiously but with sufficient time to allow development of the factual record.

Third, the discovery is necessary in light of Defendants' uniform refusal to disclose "what it can" regarding their facilitation of Abrego Garcia's release and return to the status quo ante, or present any legal justification for what they cannot disclose.[2] *Id.* Fourth, the burden on the Government is minimal, particularly because, as the Supreme Court underscored, it "should be prepared to share what it can concerning the steps it has taken and the prospect of further steps." *Id.* Fifth, the request for discovery is timely in that Defendants have not yet complied with this Court's directives, and Abrego Garcia appears to remain inexplicably detained in CECOT.[3] Sixth, discovery must proceed without delay, as Abrego Garcia is indisputably entitled to the due protections that Defendants have denied him—and to be free from the risk of grave injury resulting from his continued detention in CECOT. Seventh, the absence of a dismissal motion is of no moment because Plaintiffs' request for expedited discovery focuses on securing compliance with this Court's amended order at ECF No. 51 and other related directives, and in the face of ongoing refusal to comply, to assist the Court in determining whether contempt proceedings are warranted.

Accordingly, the Court will permit expedited discovery to ascertain what, if anything, the

[2] Again, this Court is ever mindful of the Supreme Court's directive that the Court's injunctive relief must be accorded with "due regard for the deference owed to the Executive Branch in the conduct of foreign affairs." *Abrego Garcia*, 604 U.S.—, slip op. at 2. But this deference does not mean the Court must ignore the Defendants' repeated refusal to provide even the most basic information as to any steps they have taken to facilitate "Abrego Garcia's release from custody in El Salvador and to ensure that his case is handled as it would have been had he not been improperly sent to El Salvador." *Id.* Thus far, the Defendants appear to have taken no steps, and provided no explanation, legal or otherwise, for such inaction.

[3] In this regard, State Department Official, Michael G. Kozak, has attested that Abrego Garcia is "detained" in CECOT "pursuant to the sovereign, domestic authority of El Salvador." ECF No. 63 at 2. And yet, the record thus far demonstrates that the United States had paid six-million dollars to house those detainees in custody "pending the United States' decision on their long-term disposition." *See* Matthew Lee & Regina Garcia Cano, *Trump Officials Secretly Deported Venezuelans and Salvadorans to a Notorious Prison in El Salvador*, ASSOCIATED PRESS (Mar. 15, 2025), https://apnews.com/article/trump-deportations-salvador-tren-aragua-64e72142a171ea57c869c3b35eeecce7. Plaintiffs are entitled to explore the lawful basis—if any—for Abrego Garcia's continued detention in CECOT, including who authorized his initial placement there and who presently authorizes his continued confinement.

Defendants have done to "facilitate Abrego Garcia's release from custody in El Salvador and to ensure that his case is handled as it would have been had he not been improperly sent to El Salvador." *Abrego Garcia*, 604 U.S.—, slip op. at 2. This includes evidence concerning: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return.

(1) By no later than **Wednesday April 16, 2025, at 5:00 PM**, and pursuant to Federal Rules of Civil Procedure 26(d)(1), 33, and 34, Plaintiffs may propound upon Defendants up to fifteen (15) interrogatories and fifteen (15) requests for production of documents focused on the above areas of inquiry.[4] Defendants' shall serve their answers and responses to Plaintiffs by no later than **Monday April 21, 2025, at 5:00 PM.**

(2) Plaintiffs may also, by no later than **Wednesday, April 16, 2025, at 5:00 PM**, notice the depositions of the following affiants: Robert L. Cerna (ECF No. 11-3), Evan C. Katz (ECF No. 64), Michael G. Kozak (ECF No. 63), and Joseph N. Mazzara (ECF Nos. 74 & 77). Any such depositions must be completed by **Wednesday, April 23, 2025, at 5:00 PM.**

(3) By no later than **Wednesday, April 23, 2025**, Plaintiffs may move for leave of Court to conduct up to two additional depositions of individuals with knowledge and authority to testify regarding the matters identified above. Defendants shall respond by **Thursday, April 24, 2025.** If the Court grants such leave, it will set a deadline by which the depositions must be completed.

[4] One interrogatory served on all Defendants equals one interrogatory for purposes of this Order. Likewise, one request for production of documents served on all Defendants equals one request for purposes of this Order.

To streamline review of any anticipated objections, the Court will file a separate letter order regarding discovery disputes. The parties are to follow the procedures described in the letter for any disputes that cannot be resolved by good faith meet and confer. At the conclusion of expedited discovery, by no later than **Monday, April 28, 2025**, Plaintiffs shall supplement their motion for requested relief. Defendants shall respond by no later than **Wednesday April 30, 2025.** The Court will hold in abeyance Plaintiffs' remaining requests for relief until the completion of expedited discovery and supplemental briefing. That said, should Defendants fail or refuse to engage in the above-described discovery in good faith, Plaintiffs are free to seek separate sanctions on an expedited basis.

It is so ordered.

April 15, 2025
Date

/s/
Paula Xinis
United States District Judge