```
 1                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MARYLAND
 2                        GREENBELT DIVISION


 3   _____
                                         )
 4   KILMAR ARMANDO ABREGO GARCIA,       )
     et al.,                             )
 5                                       )
          Plaintiff,                     )
 6                                       )Docket Number
              vs.                        )8:25-cv-00951-PX
 7                                       )
     KRISTI NOEM, et al,                 )
 8                                       )
          Defendant.                     )
 9   _____)

10                TRANSCRIPT OF STATUS CONFERENCE
                  BEFORE THE HONORABLE PAULA XINIS
11               UNITED STATES DISTRICT COURT JUDGE
                 TUESDAY, APRIL 15, 2025, AT 4:00 P.M.
12   APPEARANCES:

13   On Behalf of the Plaintiff:

14        BY:  RINA GANDHI, ESQUIRE
               SASCHA RAND, ESQUIRE
15        MURRAY OSORIO
          4103 Chain Bridge Road, Suite 300
16        Fairfax, VA  22030
          (703)352-2399
17
          BY:  OLIVIA HORTON, ESQUIRE
18        QUINN, EMANUEL, URQUHART & SULLIVAN, LLP
          1300 I Street NW
19        Suite 900
          Washington, DC  20005
20        (202)538-8000


21   (Appearances continued)

22

23

24

25        ***COMPUTER-AIDED TRANSCRIPTION OF STENOTYPED NOTES***
```

```
1    On Behalf of the Defendants:

2         BY:  DREW ENSIGN, ESQUIRE
          DEPUTY ASSISTANT ATTORNEY GENERAL
3         CIVIL DIVISION, DEPARTMENT OF JUSTICE
          950 Pennsylvania Avenue NW
4         Washington, DC 20530
          (202)514-2000
5
     ALSO PRESENT: Jennifer Vasquez Sura, Plaintiff
6                  Ernest Molina, Esquire, DOJ
                   Joseph N. Mazzara, Esquire, DHS
7                  Thomas McGuire, Esquire

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S

 2          (Court called to order.)

 3          DEPUTY CLERK:  All rise.  The United States District

 4     Court for the District of Maryland is now in session.  The

 5     Honorable Paula Xinis presiding.

 6          THE COURT:  Good afternoon, everyone.  You all can

 7     have a seat.

 8          Mr. Ulander?

 9          DEPUTY CLERK:  The matter now pending before the

10     Court is Civil Action Number PX25-951, Kilmar Armando Abrego

11     Garcia, et al., v. Kristi Noem, et al.  The matter comes before

12     this Court for a status conference.

13          Counsel, please identify yourselves for the record.

14          MS. GANDHI:  Rina Gandhi for the plaintiff, from

15     Murray Osorio.

16          Simon Sandoval-Moshenberg sends his regrets for an

17     ill-timed family vacation.

18          We have here with us Sascha Rand and Olivia Horton from

19     Quinn, Emanuel.

20          THE COURT:  Okay.  And Ms. Vazquez, good to see you.

21          MS. GANDHI:  I'm so sorry.  And Ms. Vazquez.

22          THE COURT:  Okay.  Thank you very much.

23          MR. ENSIGN:  Good afternoon, Your Honor.  Drew Ensign

24     for the United States.  My teammate, their appearances?

25          MR. MOLINA:  Good afternoon, Your Honor.  My name is
```

1  Ernesto Molina with the Department of Justice.

2          **THE COURT:**  And who else is with us?

3          **MR. MAZZARA:**  Client representatives for DHS, Joseph

4  Mazzara and Tom McGuire.

5          **THE COURT:**  Okay.  Thank you.  Just give me one

6  minute.

7      All right.  So, Counsel, since the last time we saw one

8  another, the plaintiff has filed a motion for other relief, and

9  that is at ECF 62.  There has been a response, a reply, and

10  certain status reports after that.

11      So I'm going to take this in the ordinary course and turn

12  to the plaintiffs first to argue this motion, and then I'll

13  hear from you, Mr. Ensign.

14      I'll likely give the plaintiffs the last word, since it's

15  their motion.  Okay?

16          **MS. GANDHI:**  Your Honor, may I present from the

17  table?

18          **THE COURT:**  You sure -- you sure can.  If you do, I

19  would suggest you either sit, because it's hard to hear you, or

20  somehow move the microphone so everyone can hear you.

21          **MS. GANDHI:**  Thank you, Your Honor.  Is this better?

22          **THE COURT:**  Yes, it is, thanks.

23          **MS. GANDHI:**  Your Honor, the Supreme Court ruled in

24  that injunction that the government is properly required to

25  facilitate Mr. Abrego Garcia's release from custody in

1  El Salvador; his release from custody in El Salvador.

2       To date, there is no evidence in the record of what, if

3  anything, the government has done to facilitate

4  Mr. Abrego Garcia's return.  The government has not even

5  unambiguously requested his return.

6       There is no evidence concerning whether and how the

7  government has exercised its contractual rights under the

8  agreement to secure Mr. Abrego Garcia's return.

9       Putting aside that agreement or contract, the government

10 routinely seeks return by taking low-level actions outside the

11 United States which do not implicate foreign policy.  The

12 policy manual at Paragraph 4.1 specifically instructs DHS

13 supervisors to fully coordinate at the international level.

14      As an immigration attorney myself, this is not my day job,

15 we have seen it time and time again.

16      At this point, we believe we need evidence under -- under

17 Rule 30(b)(6), a deposition of all steps taken to facilitate

18 generally and pursuant to the arrangement or contract of DHS

19 and DOS.  We need to -- we would ask that you direct the

20 government to declare it wants Mr. Abrego Garcia.

21      **THE COURT:**  You would not be opposed to

22 interrogatories and requests for production of documents,

23 either, would you?

24      **MS. GANDHI:**  I would not.

25      And we would ask that the government provide actual steps

1  to affirmatively -- that they will affirmatively take to comply

2  with both your and the Supreme Court's orders.

3      Thank you.

4      **THE COURT:**  And so -- because if I understand your

5  motion, and I -- and this is a fast moving and obviously

6  extremely important case to both sides.  Your motion asked for

7  broader relief.  It sounds as if the plaintiff is right sizing

8  it to say take it in the ordinary -- or not the ordinary, but

9  give it the process it's due.

10     **MS. GANDHI:**  Absolutely.

11     **THE COURT:**  And just so everyone knows where -- where

12  my current thinking is, Mr. Abrego Garcia has already won his

13  injunctive relief.  All four *Winter* factors were conclusively

14  established.  It was affirmed not only by the Fourth Circuit,

15  by the Supreme Court.

16     We're here today to talk about the scope of the remedy,

17  which means that while expeditiousness is of the utmost

18  importance, because it is a fact now of this record that every

19  day Mr. Abrego Garcia is detained in CECOT is a day of further

20  irreparable harm.

21     But at the same time, if not this Court, who to engage in

22  process?  It's process that is the -- the -- in the roots of

23  our constitution, so we have to give process to both sides.

24  But we're going to move.  There will be no tolerance for

25  gamesmanship or grandstanding.  We'll talk about the contours

7

```
1   of this.  But that's where I am right now.

2       I'll hear from you, defense, as well, about where -- I'll

3   share with you where I am on this, and you -- you weigh in.

4   But this -- this process, which is expedited discovery, that's

5   sort of the core of what you're asking for right now,

6   plaintiffs, right?

7              MS. GANDHI:  Correct, Your Honor.

8              THE COURT:  I think that's well within my authority.

9       Okay.  All right.  Thank you.

10      Mr. Ensign?  So let's take off the table right now a

11  hearing today.  I'm not going to issue a show cause today for

12  contempt findings, but I do find it well within my authority to

13  proceed with expedited discovery specifically to determine

14  whether you are abiding by the court order, my court orders,

15  whether you intend to abide by the court orders -- and I mean

16  your clients, obviously, and their agents and assigns.  And if

17  not, is it in bad faith?  Is it in good faith?  Do you have

18  legitimate objections?  Not sort of hand waving at those

19  objections, but let's get to the bottom of it.  Let's get the

20  record established.  Let's hear you on your objections.  And

21  let me rule.

22      Any problem with that?

23              MR. ENSIGN:  No, Your Honor.

24              THE COURT:  Okay.

25              MR. ENSIGN:  Your Honor, as we've just filed
```

1  recently, I can represent that -- that defendants are prepared

2  to facilitate the return of Abrego Garcia to the United States

3  as facilitate -- as -- you know, under the meaning of

4  facilitate within the immigration context and within the ICE

5  policy directive which was provided by the Supreme Court.

6          **THE COURT:**  With --

7          **MR. ENSIGN:**  Yes.

8          **THE COURT:**  Sure.  So let's talk a little bit about

9  that.

10         **MR. ENSIGN:**  Yes.

11         **THE COURT:**  Because I'm assuming that you're

12  referencing your response to the plaintiffs' motion, right?

13         **MR. ENSIGN:**  Yes, Your Honor.

14         **THE COURT:**  Okay.  And in that motion, you say to me

15  that you're going to define -- one, you say that somehow my

16  order is inconsistent with the Supreme Court.

17         And I'm going to squarely reject it here; I'm going to

18  squarely reject it in writing.  The Supreme Court could not

19  have been clearer that the scope of relief which it affirmed is

20  the following:  That I properly required the government to

21  facilitate Mr. Abrego Garcia's release from custody in

22  El Salvador, and to ensure that his case is handled as it would

23  have been had he not been improperly sent to El Salvador.

24         And to that end, the Supreme Court forewarned be prepared

25  to share what it can, the government, the defense, concerning

1  the steps it has taken and the prospect of further steps.

2      Okay.  Now, in response, not only do you say the actions

3  I've taken so far are inconsistent, and I disagree with you on

4  that, but further, you say that "facilitate" should be limited

5  only to removing domestic obstacles.

6      You said that in your -- in your pleading, correct?

7          **MR. ENSIGN:**  Yes, Your Honor.

8          **THE COURT:**  Okay.  And you don't cite me any law,

9  right?

10          **MR. ENSIGN:**  We cited the ICE policy manual; we are

11  also prepared to cite the Sotomayor concurrence, in the Supreme

12  Court, specifically cites to that ICE policy directive on Page

13  4 of the slip opinion.

14          **THE COURT:**  Okay.  So let's -- let's just take a

15  moment.  I want to make sure that I'm fair to you in the

16  reading that I have here.

17      I'm reading from Page 3 of your response at ECF 65 where

18  you say:  Taking, quote, all available steps to facilitate the

19  return of Abrego Garcia is thus best read as taking all

20  available steps to remove any domestic obstacles that would

21  otherwise impede the alien's ability to return here.  Indeed,

22  no other reading of facilitate is tenable or constitutional

23  here.

24      You don't cite one authority there, am I right?

25          **MR. ENSIGN:**  I disagree, Your Honor.

1          **THE COURT:**  In that paragraph, just tell me, because

2     that's -- that's your bottom line.  So I want to know -- and

3     then you talk about the Supreme Court's order, which we'll get

4     to.  Because "facilitate" has to be read in the context of my

5     order as affirmed by the Supreme Court.

6          Fair?

7          **MR. ENSIGN:**  Your Honor, I don't believe so.  I think

8     the brief is meant to be read as a whole, and the citations on

9     the second full paragraph of Page 3, including the -- the cite

10    to the Sotomayor concurrence, which, in turn, in the

11    parenthetical, cites the ICE policy directive, I think that

12    cite was supporting what we read "facilitate" to be -- and to

13    be.  It is a term of art within immigration law, has a

14    well-understood meaning.

15         **THE COURT:**  Well, the well-understood meaning was not

16    terribly fleshed out in the seven-page pleading that I got.

17    There's law that suggests that well-established meaning goes

18    beyond just removing domestic obstacles.  I'm not even sure

19    what you mean.

20         But as a factual matter, we -- I do need evidence in this

21    regard, because to date, what the record shows is nothing has

22    been done.  Nothing.

23         I've asked for daily reports, daily -- by individuals with

24    personal knowledge, and I've gotten very little information of

25    any value.

 1           **MR. ENSIGN:**  Your Honor, I think what we have

 2    submitted reflects that there have been significant steps.  In

 3    particular, we cited to this issue was raised at the highest

 4    possible levels yesterday.  It was raised in the Oval Office

 5    between two heads of State, between President Trump and

 6    President Bukele; the issue was specifically discussed.

 7           **THE COURT:**  A reporter asked a question.  The

 8    defendants have never responded to the question:  What steps

 9    have you taken?"

10       The plaintiff is asking, why don't the defendants just

11    ask:  You will release him?

12       We've got no -- I've got no answer on that.

13       And in response to this notion that what happened in the

14    Oval Office is satisfactory, it's not before the Court.  I

15    mean, you -- you include a transcript.  I don't know if this

16    transcript is -- what this transcript is supposed to be

17    assisting me in.

18       But the bottom line is, it was a very simple directive.

19    My -- my question that the Court, the high court squarely

20    affirmed I can ask:  What have you done?

21       I've gotten nothing.  I've got no real response, nor have

22    I gotten any legitimate legal justification for not answering

23    the question.  That's why we need to move to the next step.

24       Because in fairness, Mr. Ensign, you're not going to

25    answer the questions that the plaintiffs put within the scope

1  of my order, then you'll justify why.  You'll cite privilege,

2  you'll follow the rules, I'll make a determination.  That's

3  what we do in this house.

4      That's -- that's the most fair I can be.  And I don't

5  consider what happened yesterday as really evidence before this

6  Court, yet -- so -- so what do you think I should take away

7  from yesterday?

8          MR. ENSIGN:  A couple of things, Your Honor.  I think

9  that the issue was specifically raised with the highest

10  authority in El Salvador, and that, you know, we got his

11  position as to whether or not he would release

12  Mr. Abrego Garcia.  He said specifically, "Yeah, but I'm not

13  releasing -- we're not fond of releasing terrorists into this

14  country, we just turned the murder capital of the world into

15  the safest country in the western hemisphere, and you want us

16  to go back to releasing criminals so we can go back to the

17  murder capital of the world?"

18          THE COURT:  Okay.  That's a nonresponsive answer if

19  that were in a court of law.  Asking about Mr. Abrego Garcia,

20  and not answering the question would have real infirmities for

21  a -- in a trial, in a court of law.

22      So whatever, you know, you wish for me to take from it, it

23  is not a direct response, nor is the quip about smuggling

24  someone into the United States.  I imagine, since you cited it

25  in a status report to me, you're going to raise it today, so

1  let's just get right to it.

2      If you were removing domestic barriers, as you say,

3  "facilitate" would warrant, then there would be no smuggling,

4  right?

5      So this is all, you know, two very misguided ships passing

6  in the night, frankly.  I think we just have to get to the

7  discovery in the way that the rules warrant, and that way you

8  have a full and fair process that will move very quickly, and I

9  will have the record before me to call it as I see it.  Because

10  if I make a finding of contempt, it will be based on the record

11  before me, and then it will go from there.  I'm not -- I'm not

12  saying one way or the other what I'm going to do, because I

13  don't have the record before me.

14      And -- and no, I don't consider the -- the transcript that

15  you gave me 15 minutes ago to be answering the questions.  I

16  just don't.

17      The question was:  Defendants, what have you done to

18  facilitate Mr. Abrego Garcia's release from CECOT?  That was

19  one that the Supreme Court affirmed squarely within my order.

20      And the other is:  What have you done to facilitate

21  Abrego Garcia's not only release, but to ensure -- this is the

22  Supreme Court's words, these are not mine, ensure that his case

23  is handled as it would have been had he not been improperly

24  sent to El Salvador.

25      I've gotten nothing that comes close to that, and I just

```
 1   asked -- asked some very basic questions, like, what have you
 2   done?  What do you plan to do?  If you can't tell me, tell me
 3   why.
 4             MR. ENSIGN:  Your Honor, several things, if I may.
 5             THE COURT:  Uh-huh.
 6             MR. ENSIGN:  We do think that transcript represents
 7   an important step towards compliance.  We think ascertaining
 8   the position of the government of El Salvador was an important
 9   step towards complying with this Court's order.
10       Also in that transcript, is a statement from Attorney
11   General Bondi that we will facilitate his return if -- if
12   El Salvador chooses to release him.
13             THE COURT:  Okay.  We're going to do this, again,
14   pursuant to the Federal Rules of Civil Procedure.  Okay?  So --
15   so no press releases is going to move the Court the same way
16   that sworn, under-oath testimony from persons with knowledge,
17   answers to interrogatories, which are signed by the defendants,
18   again, under penalties of perjury, that everything is true and
19   accurate.  And if you have objections, you're going to have to
20   make them consistent with the rules.
21       Follow the rules as to how you -- you shore it up, and I'm
22   ready, willing, and able to call that.  That's what district
23   judges do.
24       And, again, I'll remind everybody here, there are no
25   business hours while we do this.  It's going to be two weeks of
```

1  intense discovery targeted.  If the plaintiffs go too wide, you

2  tell me, and I'll call it.  You don't comply, they tell me, and

3  I'll call it.  And once we have a record, we'll take it from

4  there.

5           **MR. ENSIGN:**  Your Honor, I understand that that --

6  the Court's position, but if I may continue, the declaration

7  today also sets forth evidence consistent with the Federal

8  Rules of Civil Procedure.  It makes clear -- and excuse me,

9  while they pull that up.

10     Your Honor --

11          **THE COURT:**  Point me where you want me to look.

12          **MR. ENSIGN:**  Yes, Your Honor.  It's -- it is at

13  Paragraph 9.

14          **THE COURT:**  Of the declaration?

15          **MR. ENSIGN:**  Yes, Your Honor.

16          **THE COURT:**  Okay.  And it reads, "I, Mr. Mazzara" --

17  who is with us today, correct?

18          **MR. ENSIGN:**  Yes, Your Honor.

19          **THE COURT:**  Okay.  That Mr. Mazzara has been

20  authorized to represent that if Mr. Abrego Garcia does present

21  at a port of entry, he would become subject to detention by

22  DHS.  In that case, DHS would take him into custody in the

23  United States and either remove him to a third country or

24  terminate his withholding of removal because of his membership

25  in MS-13, a designated foreign terrorist organization, and

1    remove him to El Salvador.

2        Okay.  First of all, we're not there because

3    Mr. Abrego Garcia is not in the United States.  And this --

4    this -- what do you want me to know about this paragraph that

5    you think is relevant and probative to this inquiry?

6            **MR. ENSIGN:**  Your Honor, because we believe that

7    satisfies "facilitate return" within the meaning of immigration

8    law.  If --

9            **THE COURT:**  Have you done it?  Have you done this?

10   Have you -- have you made sure that you've done everything you

11   can, taken steps, facilitate, aid, assist, abet, help, whatever

12   plain language you want to put on "facilitate," have you done

13   it to assure or to facilitate that Mr. Abrego Garcia is

14   presented at the border?

15           **MR. ENSIGN:**  No, Your Honor, we --

16           **THE COURT:**  No.  And so let's stop for a second.

17       If you haven't done it, then the rest of it is

18   hypothetical, it's speculative, because you haven't done it.

19           **MR. ENSIGN:**  Your Honor, let me clarify.

20           **THE COURT:**  Okay.

21           **MR. ENSIGN:**  We -- under "facilitate," what it means

22   in immigration law is just to remove U.S. side barriers.  And

23   so those barriers, as set forth under Paragraph 9, are now

24   removed.  If Mr. Abrego Garcia presents at a port of entry or

25   the U.S. Embassy, we will facilitate his return into the United

1    States.

2             **THE COURT:**  Okay.

3             **MR. ENSIGN:**  He would be taken into custody.  But we

4    therefore think what we have is a very narrow interpretive

5    dispute about what the word "facilitate" means, for which

6    discovery is not necessary.

7             **THE COURT:**  I disagree with you.  I disagree with

8    your characterization of the word "facilitate."  It flies in

9    the face of the plain meaning of the word.

10    My cursory research on prior cases demonstrates otherwise

11    in the immigration context.  You know, you can make your

12    arguments and your pleadings to me, but in the end of the day,

13    I'm going to -- and I will, I'm prepared to issue an order

14    which expands on my view of the definition of "facilitate."

15    And until this matter is over and a final order is issued, we

16    will operate within the parameters of that ruling.

17    And it is consistent with the Supreme Court, and it is

18    consistent with the plain meaning of the term, and it is also

19    consistent with the common practice in immigration law, when a

20    wrongfully removed individual from the United States is outside

21    the borders, it's not so cut and dry that all you have to do

22    is, as you say, remove obstacles domestically.  That's a

23    characterization, and that's a characterization that's not

24    really bound in fact right now, and I need the facts.

25             **MR. ENSIGN:**  Your Honor, I think three responses to

1  that.

2      First, I think the meaning of the word facilitate is a

3  pure question of law that does not require discovery.

4      Second of all, I point this Court to the Fourth Circuit's

5  decision in *Ramirez v. Sessions*, 887 F.3d at 706, and Note 11,

6  where the Fourth Circuit says that facilitate, quote, does not

7  necessarily include funding an alien's travel via commercial

8  carrier to the United States or making flight arrangements for

9  them.

10      If it doesn't reach even such, you know, steps like

11  that --

12          **THE COURT:**  No, the word "necessarily" is operative.

13      The context of this directive, as I have understood it

14  is -- it is -- it can be -- and again, plaintiff, I'll give you

15  an opportunity to be heard on this, this is your wheelhouse,

16  after all.

17      It can be case dependent, case specific.

18      This case, the Supreme Court has made very clear is a

19  context not -- not just -- not just in the ether about what --

20  it's not a matter of just pure law.  It's a matter of whether

21  the defendants are complying with this order, which the Supreme

22  Court said properly requires the government to facilitate

23  release from custody in El Salvador, and to ensure that his

24  case is handled as it would have been had he not been

25  improperly sent to El Salvador.

1       Let me put it a different way.

2       The ICE directive is illustrative.  It is not exhaustive.

3  It's not the end of the story.  You have -- you have, according

4  to the ICE directive, tools in your tool kit.  According to law

5  surrounding that ICE directive, going back several years, the

6  government has taken different positions in that regard as to

7  what "facilitate" means.

8       But in the end of the day, again, it's not exhaustive, so

9  it doesn't necessarily, in some other case, mean you have to

10  gas up a plane.  But you have done it in other cases, and the

11  question is, what steps are you going to take here?

12       So I just keep focusing us back to the facts, and the

13  facts need to be developed in this regard.

14       **MR. ENSIGN:**  Well, Your Honor, I guess returning to

15  the earlier point you said.  If you're going to issue an order

16  that would expand upon what "facilitate" means, we would ask

17  that you either stay that pending appeal or at least delay the

18  compliance deadline with sufficient time that we could seek

19  expedited appeal in a very expedited but orderly manner.

20       **THE COURT:**  It -- the Supreme Court has spoken.  I'm

21  cleaving as closely as one can cleave to the Supreme Court.  My

22  order is clear.  It's direct.  There is, in my view, nothing to

23  appeal.

24       Now we get to the facts.  You've put up four affiants.

25  Those affiants have personal knowledge.  Two weeks of targeted

1  discovery will at least give you the factual predicate to then

2  apply the law to the facts.  That's where I am.

3      So unless you want -- do you wish to be heard on the scope

4  of discovery?  Or the manner in which we're going to take

5  discovery?

6          **MR. ENSIGN:**  Certainly, Your Honor, you know, I think

7  targeted, and then, you know, starting narrow, and then seeing

8  what the needs may be beyond that certainly makes sense.  I

9  think starting perhaps with interrogatories, and then that can

10 hopefully define the scope of it.

11     Additionally, you know, if this Court wants to issue an

12 additional injunction or order clarifying the injunction, then

13 we can understand what the Court has in mind, because in our

14 view --

15         **THE COURT:**  You keep saying that, and I just

16 completely disagree with you.  I just don't think it's that

17 difficult.  I think you want to make it that difficult, because

18 let's just -- you know, getting to the facts may not be

19 terribly favorable.  But it's not that difficult.

20     The Supreme Court has spoken.  And what I'm talking about

21 is, let's start with what the Supreme Court has unequivocally

22 found to be lawful.  Okay?

23     So you made your jurisdictional arguments.  You made your

24 venue arguments, you made your arguments on the merits, and

25 those are put to bed.  You lost.

1    This is now about the scope of the remedy.  And the scope

2  of the remedy that was clearly affirmed, I have said countless

3  times, and so has the plaintiff in their pleadings, that's

4  where the discovery will begin.  Okay?

5    It will also give me the factual predicate I need to

6  decide if -- if the defendants are acting in good faith or not.

7  Good faith goes far in a court of law.

8    So -- so it will give you that opportunity.  And so we're

9  not going to -- we're going to -- we're going to do it in a

10  targeted way, but we're not going to -- to take a whole lot of

11  time doing it.

12    **MR. ENSIGN:**  Well, certainly, Your Honor, we would

13  like to understand -- you know, we have made very clear that we

14  don't believe the Article III Judiciary has the authority to

15  direct the Executive to make -- you know, particular requests

16  of foreign sovereigns that --

17    **THE COURT:**  I'm not doing that.

18    There's so much daylight between what you keep saying and

19  what the actual -- the posture of this case is.  I'm not doing

20  that.  Nothing I've read to you in the Supreme Court or my

21  order at all does that.

22    Now it's up to the plaintiff to make their requests.  You

23  can make that argument if you think that the requests somehow

24  impinge on these -- these categories, these -- these legal

25  constructs.  And then you'll show your work and I'll call it.

1    But to talk in -- in generalities now is simply delaying

2 the -- the process that we have to go through to determine have

3 you done what you can to fulfill the order that I've issued.

4 And if not, have you not in good faith?

5         **MR. ENSIGN:**  Your Honor, I disagree that it's

6 generalities, and certainly it's how plaintiffs themselves read

7 the order.  Here's what their reply filed today on Page 1

8 says:  --

9         **THE COURT:**  Okay.

10        **MR. ENSIGN:**  -- To give any meaning to the Supreme

11 Court's order, the government should at least be required to

12 request the release of Abrego Garcia.

13    So they are specifically asking for the relief that we

14 have argued is barred by separation of powers, principals, and

15 that's how plaintiffs themselves are reading your order.  And

16 so --

17        **THE COURT:**  Well, I -- but that -- the plaintiffs are

18 not the Court.  And the Court hasn't directed you to do that.

19 As stunning as it is that the government's position is we can't

20 ask El Salvador to release him, I'm not ordering you to do

21 that.  I'm not there yet.

22    Where I am -- and I don't know if I'll ever be there,

23 because if you convince me that that would be to exceed my

24 authority, then I will abide by the law since we all are -- you

25 know, we're a country of laws, after all.  But we're not there

1  yet.

2      I'm just -- that's why I keep going back to what the

3  Supreme Court said is squarely within my power to do.

4      And my view, that you have not yet fulfilled the mandate,

5  the order that I've issued.  And so we have to -- you know,

6  discovery will bear out whether you have, in fact, because the

7  affidavits are insufficient; and if you haven't, whether it's a

8  choice for a justified ground.

9      **MR. ENSIGN:**  I understand the Court's position.  I

10  think we disagree because the question of what "facilitate"

11  means, as teed up by plaintiffs themselves in their reply, is a

12  pure question of law that does not turn on any discovery.

13      **THE COURT:**  And I understand your position as you've

14  laid it out.  I'm prepared, in a written order, to reject it.

15  And so you know that.

16      So now if you wish to be heard, and I'll give you my --

17  both sides, I'll give you my rough thoughts on what this

18  discovery will look like.  In the end of the day, I'll issue

19  the order.

20      This order, again, just so everyone is clear in terms of

21  how the Federal Rules of Civil Procedure work, this is what

22  courts, district courts are principally authorized to do is

23  when there is a discoverable dispute, and it requires the --

24  that formal discovery be taken pursuant to the rules, the

25  Court's the referee.  And that's what I'll be in the next two

1    weeks.

2         So I will find -- I'll issue a written order as to why I

3    do find that expedited discovery is warranted.  It will occur

4    in two weeks.  I will issue a certain number of interrogatories

5    and requests for production of documents for the plaintiff.

6    I'll give the plaintiff the opportunity to notice the

7    deposition of the affiants, and then make a showing for up to

8    two additional depositions, if you wish.  There will be

9    milestone dates for all of this.

10        Look, obviously the defense will have an opportunity to

11   respond to those interrogatories and requests for production of

12   documents.  I expect you'll do so in good faith.  And if you

13   have objections, that you follow the rules and put the

14   objections with specificity as the rules require.

15        And then if there is a -- a dispute that cannot be

16   resolved by a good-faith meet-and-confer -- and so for those of

17   you who are not lawyers, what that means is, even when two

18   sides don't see it the same way, the lawyers are duty bound to

19   try to work it out, the discovery dispute, among themselves

20   before they bring it to the Court.  That's in the law.

21        If you engage in that good-faith meet-and-confer, and you

22   can't come to a resolution, I'm also going to enter a letter

23   order that explains to you how you will get expedited review.

24   It's a simple process.  It's an important one, though.  You put

25   your dispute to me in a letter.  No more than three pages.  You

1    put both sides, both positions in that letter.  You attach the

2    discovery that is in dispute.  And then I hold a recorded

3    conference, and I will decide it.

4        So, in my view, if everyone is operating in good faith,

5    this will get done in two weeks.  If you're not, that will be a

6    fact in and of itself for this Court to consider.  Okay?

7        Now, Mr. Ensign, a question for you, with regard to the

8    affiants, the -- the turnaround time is going to be roughly

9    between the 16th of Wednesday -- the Wednesday, April 16, is

10   when the plaintiff is going to determine whether you want these

11   depositions or not.  So you'll notice them.

12       And then the depositions are to be completed by Wednesday,

13   April 23rd.

14       If you work it out as to how the manner in which you want

15   to take the deposition, I'll have no issue with it.  Any

16   impediments to that?  A week to get the affiants done.

17           MR. ENSIGN:  We understand that, the Court's

18   position, Your Honor.

19           THE COURT:  Okay.  And so that means no -- no

20   impediment that you see right now?

21           MR. ENSIGN:  Your Honor, we don't know the deponents

22   or the subjects, so we --

23           THE COURT:  No.  I'm telling you who the deponents

24   are.  At a minimum, they are the four affiants, the people who

25   you have said have personal knowledge of the issues before the

1 Court.  I've asked for daily updates.  There's Mr. Cerna, who

2 was part of the initial response, and then by my count, there

3 are three additional affiants, all of whom you've told me have

4 personal knowledge with regard to the areas that you've put

5 before me.

6    They do raise very important issues.  There's questions of

7 fact that the plaintiffs may wish to explore.

8    I can't imagine if you put them up as affiants you are

9 going to have any issue with their depositions.  Am I right

10 about that?

11         **MR. ENSIGN:**  Your Honor, I -- I'm not prepared to

12 make a comprehensive set of objections at this juncture.

13    One of them is the Acting General Counsel of DHS, so that

14 might present some issues that we would certainly need to

15 consider.

16         **THE COURT:**  Like -- like privilege?

17         **MR. ENSIGN:**  Yes.

18         **THE COURT:**  Well, then you -- you do have to consider

19 what happens with that waiver of privilege when you put him up

20 as an affiant.  But that was your decision.  You made that, so

21 to the extent you have now privilege questions, make sure you

22 get it in front of me as expeditiously as possible so I can

23 determine whether there is existing privilege on the areas

24 in -- in question because you've already put him up as an

25 affiant.

1    I'll leave that to you.

2    I suppose, let me put it this way, in terms of legal

3    arguments aside on privilege, and things of that nature, again,

4    any issue with producing -- so if I say the deponents shall sit

5    for some or all of the deposition that the plaintiff wishes to

6    take, any issue with presenting that deponent for the

7    deposition itself?

8        **MR. ENSIGN:** Your Honor, I don't know right now their

9    availability. I assume that can be arranged in a seven-day

10    period, but I can't say that conclusively.

11        **THE COURT:** Well, cancel -- cancel vacation. Cancel

12    other appointments. I'm usually pretty good about things like

13    that in my courtroom, but not this time. So I expect all hands

14    on deck. It won't be a convenience issue.

15    That's why I'm saying, I will be flexible if you need to

16    accommodate depositions, you know, whether it's in the

17    courthouse, because you like -- you have the -- the Court

18    available to call balls and strikes as the depositions go on.

19    I'm going to be available. If you need to do it at odd hours

20    or weekends, I'm also available.

21    So that's what I'm talking about, really, is just maybe

22    the manner in which you're going to take these depositions to

23    maximize it, if you have any issues of scope, of privilege,

24    that we handle them as expeditiously as possible, and that

25    there isn't going to be unnecessary delay.

1          **MR. ENSIGN:**  We will move expeditiously, Your Honor.

2          **THE COURT:**  Okay.  I appreciate that.  All right.

3      Anything else, Mr. Ensign, that you wish to be heard on

4  before I turn to the plaintiffs?

5          **MR. ENSIGN:**  Your Honor, just for the record, we

6  don't believe that discovery is appropriate because we think

7  what's presented here is a legal dispute.  And Your Honor at

8  one point indicated that you might specifically flesh out what

9  you think that "facilitate" means, that certainly might help

10 refine the scope of this.  So that --

11         **THE COURT:**  Excuse me.  Yep.  Okay.  Yep.  I hear

12 you.

13     I -- and I will -- in a written order, I'm going to

14 respond directly to your arguments in your papers.  So you will

15 have some written guidance in that regard, and your objection

16 to discovery is preserved for sure.

17         **MR. ENSIGN:**  Thank you, Your Honor.

18         **THE COURT:**  Okay.  Thank you.

19     Ms. Gandhi?

20         **MS. GANDHI:**  Your Honor, we agree with your proposed

21 plan, and we intend to move forward with all initial discovery

22 requests expeditiously.

23     No further statements.

24         **THE COURT:**  Okay.  All right.  And so you know, it's

25 a tight timeline.

1          **MS. GANDHI:**  Yes.

2          **THE COURT:**  You're going to be propounding your

3    interrogatories and requests for production of documents, as

4    well as noticing, if you wish, any of the affiants by Wednesday

5    at 5:00 p.m.

6          **MS. GANDHI:**  Yes, Your Honor.

7          **THE COURT:**  And, again, this is all going to be in a

8    written order, but in case there's any question about this,

9    it's going to be 15 interrogatories and 15 requests for

10   production, each of which will be counted as one request for --

11   or interrogatory propounded to all defendants.

12        So in other words, it's not going to be one interrogatory

13   to each defendant is counted as six; it's counted as one.

14        But at the same time, if you don't need 15, don't propound

15   15 because it's just going to delay the inquiry.  Okay?  Keep

16   it targeted, keep it tight, and that will help keep it moving.

17   All right?

18        There will be, as I said, a window of time where you will

19   move for leave to conduct up to two additional depositions,

20   again, on a showing of good cause.

21        And I will give defendants an opportunity to respond as to

22   whether those are warranted.

23        And then my current target is going to be that at the

24   conclusion, the plaintiffs supplement their motion, because I'm

25   going to hold the other requests for relief, I'm going to defer

1    on those.  You're going to supplement by no later than Monday,

2    April 28; defendants will respond April 30, and we will turn to

3    it as quickly as possible.  All right?

4        Okay.  Unless there's any other questions, I appreciate

5    all of your time.  Thank you.

6            **MS. GANDHI:**  Thank you, Your Honor.

7            **DEPUTY CLERK:**  All rise.  This Honorable Court now

8    stands adjourned.

9        (Proceedings were concluded at 4:41 p.m.)

```
 1                    CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4        I, Paula J. Leeper, Federal Official Court Reporter, in

 5   and for the United States District Court for the District of

 6   Maryland, do hereby certify, pursuant to 28 U.S.C. § 753, that

 7   the foregoing is a true and correct transcript of the

 8   stenographically-reported proceedings held in the

 9   above-entitled matter and the transcript page format is in

10   conformance with the regulations of the Judicial Conference of

11   the United States.

12                          Dated this 15th day of April 2025.

13

14

15                          /S/ Paula J. Leeper
                            _____
16
                            Paula J. Leeper, RPR, CRR
17                          Federal Official Reporter

18

19

20

21

22

23

24

25
```

| | | |
|---|---|---|
| **DEPUTY CLERK: [3]** 3/3 3/9 30/2<br>**MR. ENSIGN: [38]** 3/19 3...<br>**MR. MAZZARA: [1]** 4/3<br>**MR. MOLINA: [1]** 3/25<br>**MS. GANDHI: [12]** 3/14 3/21 4/16 4/21 4/23 5/24<br>  6/10 7/7 28/20 29/1 29/6 30/6<br>**THE COURT: [51]** | **all [29]** 3/3 3/6 4/7 5/17 6/13 7/9 9/18 9/19 13/5<br>  16/2 17/21 18/4 18/16 21/21 22/24 22/25 24/9 26/3<br>  27/5 28/... 28/... 29/... 29/... 30/... 30/4<br>  30/5 | **Chain [1]** 1/15<br>**characterization [3]** 17/8 17/23 17/23<br>**choice [1]** 31/2... |

---

| | | |
|---|---|---|
| **/**<br><br>**/s [1]** 31/15 | **already [2]** 6/12 26/24<br>**also [8]** 2/5 9/11 14/10 15/7 17/18 21/5 24/22<br>  27/20<br>**am [6]** 7/1 7/3 9/24 20/2 22/2 26/9<br>**among [1]** 24/19<br>**another [1]** 4/8<br>**answer [3]** 11/12 11/25 12/18<br>**answering [3]** 11/22 12/20 13/15<br>**answers [1]** 14/17<br>**anything [2]** 5/3 28/3<br>**appeal [3]** 19/17 19/19 19/23<br>**appearances [3]** 1/12 1/21 3/24<br>**apply [1]** 20/2<br>**appointments [1]** 27/12<br>**appreciate [2]** 28/2 30/4<br>**appropriate [1]** 28/1<br>**APRIL [6]** 1/11 25/9 25/13 30/2 30/2 31/12<br>**April 16 [1]** 25/9<br>**April 23rd [1]** 25/13<br>**April 28 [1]** 30/2<br>**April 30 [1]** 30/2<br>**areas [2]** 26/4 26/23<br>**argue [1]** 4/12<br>**argued [1]** 22/14<br>**argument [1]** 21/23<br>**arguments [6]** 17/12 20/23 20/24 20/24 27/3 28/14<br>**ARMANDO [2]** 1/4 3/10<br>**arranged [1]** 27/9<br>**arrangement [1]** 5/18<br>**arrangements [1]** 18/8<br>**art [1]** 10/13<br>**Article [1]** 21/14<br>**ascertaining [1]** 14/7<br>**aside [2]** 5/9 27/3<br>**ask [6]** 5/19 5/25 11/11 11/20 19/16 22/20<br>**asked [6]** 6/6 10/23 11/7 14/1 14/1 26/1<br>**asking [4]** 7/5 11/10 12/19 22/13<br>**assigns [1]** 7/16<br>**assist [1]** 16/11<br>**ASSISTANT [2]** 1/7<br>**assisting [1]** 11/17<br>**assume [1]** 27/9<br>**assuming [2]** 8/11<br>**assure [1]** 16/13<br>**attach [1]** 25/1<br>**attorney [2]** 2/2 5/14 14/10<br>**authority [6]** 7/8 7/12 9/24 12/10 21/14 22/24<br>**authorized [2]** 15/20 23/22<br>**availability [1]** 27/9<br>**available [5]** 9/18 9/20 27/18 27/19 27/20<br>**Avenue [1]** 2/3<br>**away [1]** 12/6 | **characterization [3]** 17/8 17/23 17/23<br>**Chooses [1]** 28/... |

**D**
designated [1] 18/25
detained [1] 6/17
detention [1] 15/21
determination [1] 12/2
determine [4] 7/13 22/2 25/10 26/23
developed [1] 19/13
DHS [7] 2/6 4/3 5/12 5/18 15/22 15/22 26/13
different [1] 19/1 19/6
difficult [3] 20/17 20/17 20/19
direct [4] 5/19 12/23 19/22 21/15
directed [1] 22/18
directive [8] 8/5 9/12 10/11 11/18 18/13 19/2 19/4 19/5
directly [1] 28/14
disagree [7] 9/3 9/25 17/7 17/7 20/16 22/5 23/10
discoverable [1] 23/23
discovery [20] 7/4 7/13 13/7 15/1 17/6 18/3 20/1 20/4 20/5 21/4 23/6 21/22 23/18 23/24 24/3 24/19 25/2 28/6 28/16 28/21
discussed [1] 11/6
dispute [7] 17/5 23/23 24/5 24/19 24/25 25/2 25/3 31/5
district [9] 1/1 1/1 1/11 3/3 3/4 14/22 23/22 31/5 31/5
DIVISION [2] 1/2 2/3
do [29] 4/18 5/11 7/12 7/17 9/2 10/20 12/3 12/6 13/12 14/2 14/2 14/6 14/13 14/23 14/25 16/4 17/21 20/3 21/9 22/18 22/20 23/3 23/22 24/3 24/12 26/6 26/18 27/19 31/6
Docket [1] 1/6
documents [4] 5/22 24/5 24/12 29/3
doing [3] 21/11 21/17 21/19
DOJ [1] 2/6
domestic [4] 9/5 9/20 10/18 13/2
domestically [1] 17/22
DOS [1] 5/19
DREW [2] 2/2 3/23
dry [1] 17/21
due [1] 6/9
duty [1] 24/18

**E**
each [2] 29/10 29/13
earlier [1] 19/15
ECF [2] 4/9 9/17
either [4] 4/19 5/23 15/23 19/17
El [12] 5/1 5/1 8/22 8/23 12/10 13/24 14/8 14/12 16/1 18/23 18/25 22/20
El Salvador [5] 5/1 5/1 8/22 13/24 14/12
else [2] 4/2 28/3
EMANUEL [2] 1/18 3/19
Embassy [1] 16/25
end [5] 8/24 17/12 19/3 19/8 23/18
engage [2] 6/21 24/21
ENSIGN [7] 2/2 3/23 4/13 7/10 11/24 25/7 28/3
ensure [4] 8/22 13/21 13/22 18/23
enter [1] 24/22
entitled [1] 31/9
entry [2] 15/21 16/24
Ernest [1] 2/6
Ernesto [1] 4/1
ESQUIRE [7] 1/14 1/14 1/17 2/2 2/6 2/6 2/7
established [3] 4/17 7/20 10/17
et [4] 1/4 1/7 3/11 3/11
ether [1] 18/19
even [4] 5/4 10/18 18/10 24/17
ever [1] 22/22
every [1] 6/18
everybody [1] 14/24
everyone [5] 3/6 4/20 6/11 23/20 25/4
everything [1] 24/6
evidence [6] 5/2 5/6 5/16 10/20 12/5 15/7
exceed [1] 22/23
excuse [1] 15/8 28/11
Executive [1] 21/15
exercised [1] 5/7
exhaustive [1] 19/2 19/8
existing [1] 26/23
expand [1] 19/16
expands [1] 17/14
expect [2] 24/12 27/13
expedited [6] 7/4 7/13 19/19 19/19 24/3 24/23
expeditiously [4] 26/22 27/24 28/1 28/22
expeditiousness [1] 6/17
explains [1] 24/23
explore [1] 26/7
extent [1] 26/21
extremely [1] 6/6

**F**
F.3d [1] 18/5
face [1] 17/9
facilitate [32]
fact [5] 6/18 17/24 23/6 25/6 26/7
factors [1] 6/13
facts [6] 17/24 19/12 19/13 19/24 20/2 20/18
factual [3] 10/20 20/1 21/5
fair [4] 9/15 10/6 12/4 13/8
Fairfax [1] 1/16
fairness [1] 11/24
faith [9] 7/17 7/17 21/6 21/7 22/4 24/12 24/16 24/21 25/4
family [1] 3/17
far [2] 9/3 21/7
fast [1] 6/5
favorable [1] 20/19
Federal [5] 14/14 15/7 23/21 31/4 31/17
filed [3] 4/8 7/25 22/7
final [1] 17/15
find [3] 7/12 24/2 24/3
finding [1] 13/10
findings [1] 7/12

first [3] 4/12 16/2 18/2
flesh [1] 28/8
fleshed [1] 28/7
flexible [1]
flies [1] 17/8
flight [1] 18/8
focusing [1] 19/12
follow [3] 12/2 14/21 24/13
following [1] 8/20
fond [1] 12/13
foregoing [1] 31/7
foreign [3] 5/11 15/25 21/16
forewarned [1] 8/24
formal [1] 23/24
format [1] 31/9
forth [2] 15/7 16/23
forward [1] 28/21
found [1] 20/22
four [3] 6/13 19/24 25/24
Fourth [3] 6/14 18/4 18/6
frankly [1] 13/6
front [1] 26/22
fulfill [1] 22/3
fulfilled [1] 23/4
full [2] 10/19 13/8
fully [1] 5/13
funding [1] 18/7
further [4] 6/19 9/1 9/4 28/23

**G**
gamesmanship [1] 6/25
GANDHI [1] 1/14 3/14 28/19
GARCIA [14] 1/4 3/11 5/20 6/12 6/19 8/2 9/19 12/12 12/19 15/20 16/13 16/13 16/24 22/12
Garcia's [6] 4/25 5/4 5/8 8/21 13/18 13/21
gas [1] 19/17
gave [1] 13/15
GENERAL [3] 2/2 14/11 26/13
generalities [2] 22/1 22/6
generally [1] 5/18
getting [1] 20/18
give [13] 4/5 4/14 6/9 6/23 18/14 20/1 21/5 21/8 22/10 23/16 23/17 24/6 29/21
go [6] 12/16 12/16 13/11 15/1 22/2 27/18
goes [2] 10/17 21/7
going [40]
good [34] 3/6 3/20 3/23 3/25 7/17 21/6 21/7 22/4 24/12 24/16 24/20 25/4 27/12 27/19 20/20
good-faith [2] 24/16 24/21
got [5] 10/16 11/12 11/12 11/21 12/10
gotten [4] 10/24 11/21 11/22 13/25
government [13] 4/24 5/3 5/4 5/7 5/9 5/20 5/25 8/20 8/25 14/8 18/22 19/6 22/11
government's [1] 22/19
grandstanding [1] 6/25
GREENBELT [1] 1/2
ground [1] 23/8
guess [1] 19/14
guidance [1] 28/15

**H**
hand [1] 7/18
handle [1] 27/24
handled [3] 8/22 13/23 18/24
hands [1] 27/13
happened [2] 11/13 12/5
happens [1] 26/19
hard [1] 4/19
harm [1] 6/20
hasn't [1] 22/18
heads [1] 11/5
hear [6] 4/13 4/19 4/20 7/2 7/20 28/11
heard [4] 18/15 20/3 23/16 28/3
hearing [1] 7/11
held [1] 31/8
help [3] 16/11 28/9 29/16
hemisphere [1] 12/15
hereby [1] 31/6
high [1] 11/17
highest [2] 11/3 12/9
him [8] 11/11 14/12 15/22 15/23 16/1 22/20 26/19
his [12] 3/16 5/1 5/5 6/12 8/22 12/10 13/22 14/11 15/24 16/25 18/23
hold [2] 25/2 29/25
Honor [39]
HONORABLE [3] 1/10 3/5 30/7
hopefully [1] 20/10
HORTON [2] 1/17 3/18
hours [2] 14/23 27/19
house [1] 12/3
huh [1] 14/5
hypothetical [1] 16/18

**I**
I'll [19] 4/12 4/14 7/2 7/2 12/2 14/24 15/2 15/3 18/14 21/25 22/22 23/16 23/17 23/18 23/25 24/2 24/6 25/15 25/17
I'm [35]
I've [11] 9/3 10/23 10/24 11/12 11/21 11/21 13/25 21/20 22/3 23/25 26/1
ICE [7] 8/4 9/10 9/12 10/11 19/2 19/4 19/5
identify [1] 3/13
III [1] 21/14
ill [1] 3/17
ill-timed [1] 3/17
illustrative [1] 19/2
imagine [2] 12/24 26/8
immigration [7] 5/14 8/4 10/13 16/7 16/22 17/11 17/19
impede [1] 9/21
impediment [1] 25/20

impediments [1] 25/16
impinge [1] 21/24
important [5] 6/6 14/7 14/8 24/24 26/6
importantly [3] 8/23 13/23 18/25
include [2] 11/15 18/7
including [1] 10/9
inconsistent [2] 8/16 9/3
Indeed [1] 9/21
indicated [1] 28/18
individual [1] 17/20
individuals [1] 10/23
infirmities [1] 12/20
information [1] 10/24
initial [2] 26/2 28/21
injunction [3] 4/24 20/12 20/12
injunctive [1] 6/13
inquiry [2] 16/5 29/15
instructs [1] 5/12
insufficient [1] 23/7
intend [2] 7/15 28/21
intense [1] 15/1
international [1] 5/13
interpretive [1] 17/4
interrogatories [7] 5/22 14/17 20/9 24/4 24/11 29/3 29/9
interrogatory [2] 29/11 29/12
irreparable [1] 6/20
is [104]
isn't [1] 27/25
issue [15] 5/17 11/3 11/6 12/9 17/13 19/15 20/11 23/18 24/2 24/4 25/15 26/9 27/4 27/4 27/6 27/14
issued [3] 17/15 22/3 23/5
issues [4] 25/25 26/6 27/4 27/23
itself [2] 25/6 27/7

**J**
Jennifer [1] 2/5
job [1] 5/14
Joseph [2] 2/6 4/3
JUDGE [1] 1/11
judges [1] 14/23
Judicial [1] 31/10
Judiciary [1] 21/14
juncture [1] 26/12
jurisdictional [1] 20/23
JUSTICE [2] 2/3 4/1
justification [1] 11/22
justified [1] 22/3
justify [1] 12/1

**K**
keep [7] 19/12 20/15 21/18 23/2 29/15 29/16 29/16
KILMAR [2] 1/4 3/10
kit [1] 19/4
knowledge [5] 10/24 14/16 19/25 25/25 26/4
knows [1] 6/11
KRISTI [1] 1/7 3/11

**L**
laid [1] 23/14
language [1] 16/12
last [2] 4/7 4/14
later [1] 30/1
law [16] 9/8 10/13 10/17 12/19 12/21 16/8 16/22 17/19 18/3 18/20 19/4 20/2 21/7 22/24 23/12 24/20
lawful [1] 20/22
laws [1] 22/25
lawyers [2] 24/17 24/18
least [3] 19/17 20/1 22/11
leave [2] 27/1 29/19
Leeper [3] 31/4 31/15 31/16
legal [4] 11/22 21/24 27/2 28/7
legitimate [2] 7/18 11/22
letter [3] 24/22 24/25 25/1
level [2] 5/10 5/13
levels [1] 11/4
likely [1] 4/14
limited [1] 9/1
line [2] 10/2 11/18
little [2] 8/8 10/24
LLP [1] 1/18
look [3] 15/11 23/18 24/10
lost [1] 20/25
lot [1] 21/10
love [1] 5/10
low-level [1] 5/10

**M**
made [7] 16/10 18/18 20/23 20/23 20/24 21/13 26/20
make [12] 9/15 12/2 13/10 14/20 17/11 20/17 21/15 21/22 21/23 24/7 26/12 26/21
makes [2] 15/8 20/8
making [1] 18/8
mandate [1] 23/4
manner [4] 19/19 20/4 25/14 27/22
manual [2] 5/12 9/10
MARYLAND [3] 1/1 3/4 31/6
matter [7] 3/9 3/11 10/20 17/15 18/20 18/20 31/9
maximize [1] 27/23
may [6] 4/16 14/4 15/6 20/8 20/18 26/7
maybe [1] 27/21
Mazzara [4] 2/6 4/4 15/16 15/19
McGuire [2] 2/7 4/4
mean [4] 7/15 10/19 11/15 19/9
meaning [9] 8/3 10/14 10/15 10/17 16/7 17/9 17/18 18/2 22/10
means [9] 16/7 16/21 17/5 19/7 19/16 23/11 24/17 25/19 28/9
meant [1] 10/8
meet [2] 24/16 24/21

**M**

membership [1]   18/24
merits [1]   20/2
microphone [1]   4/20
might [3]   26/14 28/8 28/9
milestone [1]   24/9
mind [1]   20/13
mine [1]   13/22
minimum [1]   25/24
mind [1]   4/6
minutes [1]   13/15
misguided [1]   13/5
Molina [2]   2/6 4/1
moment [1]   9/15
Monday [1]   30/1
more [1]   24/25
Moshenberg [1]   3/16
most [1]   12/4
motion [8]   4/8 4/12 4/15 6/5 6/6 8/12 8/14 29/24
move [8]   4/20 6/24 11/23 13/8 14/15 28/1 28/25
29/15
moving [2]   6/5 29/16
Mr. [23]   3/8 4/13 4/25 5/4 5/8 5/20 6/12 6/19 7/10
8/21 11/14 12/12 12/19 13/18 15/16 15/19 15/20
16/3 16/13 16/24 25/7 26/1 28/3
Mr. Abrego [11]   4/25 5/8 5/20 6/12 6/19 8/21 12/19
13/18 15/20 16/13 16/24
Mr. Abrego Garcia [2]   12/12 16/3
Mr. Abrego Garcia's [1]   5/4
Mr. Cerna [1]   26/1
Mr. Ensign [5]   4/13 7/10 11/24 25/7 28/3
Mr. Mazzara [2]   15/16 15/19
Mr. Ulander [1]   3/8
Ms [2]   3/21 15/25
MS-13 [1]   15/21
Ms. [2]   3/20 28/19
Ms. Gandhi [1]   28/19
Ms. Vazquez [1]   3/20
much [2]   3/22 21/18
murder [2]   12/14 12/17
MURRAY [2]   1/15 3/15
myself [1]   5/14

**N**

name [1]   3/25
narrow [2]   17/4 20/7
nature [1]   27/3
necessarily [3]   18/7 18/12 19/9
necessary [1]   17/6
need [11]   5/16 5/19 10/20 11/23 17/24 19/13 21/5
26/14 27/15 27/19 29/14
needs [1]   20/8
never [1]   11/8
next [2]   11/23 23/25
night [1]   13/6
no [22]   5/2 5/6 6/24 7/23 9/22 11/12 11/12 11/21
13/3 13/14 14/15 14/24 15/15 16/16 18/12 24/25
25/15 25/19 25/19 25/23 28/23 30/1
NOEM [2]   1/7 3/11
nonresponsive [1]   12/18
not [65]
Note [1]   18/5
NOTES [1]   1/25
nothing [6]   10/21 10/22 11/21 13/25 19/22 21/20
notice [2]   24/6 25/11
noticing [1]   29/4
notion [1]   11/13
number [3]   1/6 3/10 24/4
NW [2]   1/18 2/3

**O**

oath [1]   14/16
objection [1]   28/15
objections [7]   7/18 7/19 7/20 14/19 24/13 24/14
26/12
obstacles [4]   9/5 9/20 10/18 17/22
obviously [3]   6/5 7/16 24/10
occur [1]   24/3
odd [1]   27/19
off [1]   7/10
Office [2]   11/4 11/14
OFFICIAL [3]   31/1 31/4 31/17
Okay [29]   3/20 3/22 4/5 4/15 7/9 7/24 8/14 9/2 9/8
9/14 12/18 14/13 14/14 15/16 15/19 16/2 16/20 17/2
20/22 21/4 22/9 25/6 25/19 28/2 28/11 28/18 28/24
29/15 30/4
OLIVIA [2]   1/17 3/18
once [1]   15/3
one [13]   4/5 4/7 8/15 9/24 13/12 13/19 19/21 24/24
26/13 28/8 29/10 29/12 29/13
only [4]   6/14 9/2 9/5 13/21
operate [1]   17/16
operating [1]   25/4
operative [1]   18/12
opinion [1]   9/13
opportunity [5]   18/15 21/8 24/6 24/10 29/21
opposed [1]   5/21
order [27]   3/2 7/14 8/16 10/3 10/5 12/1 13/19 14/9
17/13 17/15 18/21 19/15 19/22 20/12 21/21 22/3
22/7 22/11 22/15 23/5 23/14 23/19 23/20 24/2 24/23
28/13 29/8
ordering [1]   22/20
orderly [1]   19/19
orders [3]   6/2 7/14 7/15
ordinary [3]   4/11 6/8 6/8
organization [1]   15/25
OSORIO [2]   1/15 3/15
other [10]   4/8 9/22 13/12 13/20 19/9 19/10 27/12
27/12 29/25 30/4
otherwise [2]   9/21 17/10
out [6]   10/16 23/6 23/14 24/19 25/14 28/8
outside [2]   5/10 17/20

**O** (second column)

Oval [2]   11/4 11/14
over [1]   17/15

**P**

p.m [3]   1/11 29/5 30/9
page [6]   9/12 9/17 10/9 10/16 22/7 31/9
pages [1]   24/25
papers [1]   28/14
paragraph [6]   5/12 10/1 10/9 15/13 16/4 16/23
parameters [1]   17/16
parenthetical [1]   10/11
part [1]   26/2
particular [2]   11/3 21/15
passing [1]   13/5
pending [2]   3/9 19/17
Pennsylvania [1]   2/3
people [1]   25/24
perhaps [1]   20/9
period [1]   27/10
perjury [1]   14/18
personal [4]   10/24 19/25 25/25 26/4
persons [1]   14/16
plain [1]   16/12 17/9 17/18
plaintiff [1]   1/5 1/13 2/5 3/14 4/8 6/7 11/10
18/14 21/3 22/2 26/24 31/6
plaintiffs [12]   4/12 4/14 7/6 11/25 15/1 12/6
22/15 22/17 23/11 26/7 28/4 29/24 29/9
plaintiffs' [1]   8/12
plan [2]   14/2 28/21
plane [1]   19/10
pleading [2]   9/6 10/16
pleadings [2]   17/12 21/3
please [1]   3/13
point [5]   5/16 15/11 18/4 19/15 28/8
policy [5]   5/11 5/12 8/5 9/10 9/10 12/11
port [2]   15/21 16/24
position [7]   12/11 14/8 15/6 22/19 23/9 23/13
25/18
positions [2]   19/6 25/1
possible [4]   11/4 26/22 27/24 30/3
posture [1]   21/19
power [1]   23/3
powers [1]   22/14
practice [1]   17/19
predicate [2]   20/1 21/5
prepared [6]   8/1 8/24 9/11 17/13 23/14 26/11
present [4]   27/5 4/14 15/20 26/14
presented [2]   16/14 28/7
presenting [1]   27/6
presents [1]   16/24
preserved [1]   28/16
President [2]   11/5 11/6
presiding [1]   3/5
press [1]   14/15
pretty [1]   27/12
principally [1]   23/22
principals [1]   22/14
prior [1]   17/10
privilege [7]   12/1 26/16 26/19 26/21 26/23 27/3
27/23
probative [1]   16/5
problem [1]   7/22
Procedure [3]   14/14 15/8 23/21
proceed [1]   7/13
proceedings [2]   30/9 31/8
process [8]   6/9 6/22 6/22 6/23 7/4 13/8 22/2 24/24
producing [1]   27/4
production [5]   5/22 24/5 24/11 29/3 29/10
properly [3]   14/2 8/20 18/22
proposed [1]   28/20
propound [1]   29/14
propounded [1]   29/11
propounding [1]   29/2
prospect [1]   9/1
provide [1]   5/25
provided [1]   8/5
pull [1]   15/9
pure [3]   18/3 18/20 23/12
pursuant [4]   5/18 14/14 23/24 31/6
put [13]   11/25 16/12 19/1 19/24 20/25 24/13 24/24
25/1 26/4 26/8 26/19 26/24 27/2
Putting [1]   5/9
PX [1]   1/6
PX25 [1]   3/10
PX25-951 [1]   3/10

**Q**

question [13]   11/7 11/8 11/19 11/23 12/20 13/17
18/3 19/11 23/10 23/23 25/7 26/24 29/8
questions [6]   11/25 13/15 14/1 26/6 26/21 30/4
quickly [2]   13/8 30/3
QUINN [2]   1/18 3/19
quip [1]   12/23
quote [2]   9/18 18/6

**R**

raise [2]   12/25 26/6
raised [3]   11/3 11/4 12/9
Ramirez [1]   18/5
Ramirez v. Sessions [1]   18/5
RAND [2]   1/14 3/18
reach [1]   18/10
read [6]   9/19 10/4 10/8 10/12 21/20 22/6
reading [4]   9/16 9/17 9/22 22/15
reads [1]   15/16
ready [1]   14/22
real [2]   11/21 12/20
really [3]   12/5 17/24 27/21
recently [1]   8/1
record [10]   3/13 5/2 6/18 7/20 10/21 13/9 13/10

**R** (third column)

13/13 15/3 28/5
recorded [1]   25/2
referred [2]   8/24
referring [1]   11/2
reflects [1]   11/12
refine [1]   28/10
regard [6]   10/21 19/6 19/13 25/7 26/4 28/15
regrets [1]   3/16
regulations [1]   31/10
reject [3]   8/17 8/18 23/14
release [11]   4/25 5/1 8/21 11/11 12/17 13/18 13/21
14/12 18/23 22/12 22/20
releases [1]   14/15
releasing [3]   12/13 12/13 12/16
relevant [1]   16/5
relief [6]   4/8 6/7 6/13 8/19 22/13 29/25
remedy [3]   6/16 21/1 21/2
remind [1]   14/24
removal [1]   17/24
remove [5]   9/20 15/23 16/1 16/22 17/22
removed [2]   16/24 17/20
removing [3]   9/5 10/18 13/2
reply [3]   4/9 22/7 23/11
report [1]   12/25
reported [1]   31/8
reporter [4]   11/7 31/1 31/4 31/17
reports [2]   4/10 10/23
represent [2]   8/1 15/20
representatives [1]   4/3
represents [1]   14/6
request [2]   22/12 29/10
requested [1]   5/5
requests [10]   5/22 21/15 22/23 24/5 24/11
28/22 29/3 29/9 29/25
require [2]   18/3 24/14
required [3]   4/24 8/20 22/11
requires [2]   18/22 23/23
research [1]   17/10
resolution [1]   24/22
resolved [1]   24/16
respond [4]   24/11 28/14 29/21 30/2
responded [1]   11/8
response [8]   4/9 8/12 9/2 9/17 11/13 11/21 12/23
26/2
responses [1]   17/25
rest [1]   16/17
return [10]   5/4 5/5 5/8 5/10 8/2 9/19 9/21 14/11
16/7 16/25
returning [1]   19/14
review [1]   24/23
right [20]   4/7 6/7 7/1 7/5 7/6 7/9 7/10 8/12 9/9
9/24 13/1 13/4 17/24 25/20 26/9 27/8 28/2 28/24
29/17 30/3
rights [1]   5/7
RINA [2]   1/14 3/14
rise [2]   3/3 30/7
Road [1]   1/15
roots [1]   6/22
rough [1]   23/17
roughly [2]   25/8
routinely [1]   5/10
RPR [1]   31/16
rule [2]   5/17 7/21
ruled [1]   4/23
rules [10]   12/2 13/7 14/14 14/20 14/21 15/8 23/21
23/24 24/13 24/14
ruling [1]   17/16

**S**

safest [1]   12/15
Salvador [12]   5/1 5/1 8/22 8/23 12/10 13/24 14/8
14/12 16/1 18/23 18/25 22/20
same [4]   6/21 14/15 24/18 29/14
Sandoval [1]   3/16
Sandoval-Moshenberg [1]   3/16
SASCHA [2]   1/14 3/18
satisfactory [1]   11/14
satisfies [1]   16/7
saw [1]   4/7
saying [4]   13/12 20/15 21/18 27/15
scope [9]   6/16 8/19 12/25 20/3 20/10 21/1 21/1
27/23 28/10
seat [1]   3/7
second [3]   10/9 16/16 18/4
secure [1]   5/9
see [4]   3/20 13/9 24/18 25/20
seeing [1]   20/7
seek [1]   19/18
seeks [1]   5/10
seen [1]   5/15
sends [1]   3/16
sense [1]   20/8
sent [3]   8/23 13/24 18/25
separation [2]   22/14
session [1]   3/4
Sessions [1]   18/5
set [2]   16/23 26/12
sets [1]   15/7
seven [2]   10/16 27/9
seven-day [1]   27/9
seven-page [1]   10/16
several [2]   14/4 19/5
shall [1]   29/14
share [2]   7/3 8/25
ships [1]   13/5
shore [1]   14/21
show [2]   7/11 21/25
showing [2]   24/7 29/20
shows [1]   10/21
side [1]   16/22
sides [5]   8/23 23/17 24/18 25/1
signed [1]   14/17
significant [1]   11/2

**S**

**Simon [1]**  3/16
**simple [2]**  11/14
**simply [1]**  22/1
**since [4]**  4/7 4/14 12/24 22/24
**sit [2]**  4/19 27/4
**six [1]**  29/13
**sixing [1]**  6/7
**slip [1]**  9/13
**smuggling [2]**  12/23 13/3
**so [56]**
**somehow [3]**  4/20 8/15 21/23
**someone [1]**  12/24
**sorry [1]**  3/21
**sort [2]**  7/5 7/18
**Sotomayor [2]**  9/11 10/10
**sounds [1]**  6/7
**sovereigns [1]**  21/16
**specific [1]**  18/17
**specifically [8]**  5/12 7/13 9/12 11/6 12/9 12/12
  22/13 28/8
**specificity [1]**  24/14
**speculative [1]**  16/18
**spoken [1]**  19/20 20/20
**squarely [5]**  8/17 8/18 11/19 13/19 23/3
**stands [1]**  30/8
**start [1]**  20/21
**starting [2]**  20/7 20/9
**State [1]**  11/5
**statement [1]**  14/10
**statements [1]**  28/23
**STATES [14]**  1/1 1/11 3/3 3/24 5/11 8/2 12/24 15/23
  16/3 17/11 17/20 18/8 31/5 31/11
**status [4]**  1/10 3/12 4/10 12/25
**stay [1]**  19/17
**stenographically [1]**
**stenographically-reported [1]**  31/8
**STENOTYPED [1]**  1/25
**step [3]**  11/23 14/7 14/9
**steps [11]**  5/17 5/25 9/1 9/1 9/18 9/20 11/2 11/8
  16/11 18/10 19/11
**stop [1]**  16/16
**story [1]**  19/3
**Street [1]**  1/18
**strikes [1]**  27/18
**stunning [1]**  22/19
**subject [1]**  15/21
**subjects [1]**  25/22
**submitted [1]**  11/2
**such [1]**  18/10
**sufficient [1]**  19/18
**suggest [1]**  4/19
**suggests [1]**  10/17
**Suite [2]**  1/15 1/19
**SULLIVAN [1]**  1/18
**supervisors [1]**  5/13
**supplement [2]**  29/24 30/1
**supporting [1]**  10/12
**suppose [1]**  27/2
**supposed [1]**  11/16
**Supreme [22]**  4/23 6/2 6/15 8/5 8/16 8/18 8/24 9/11
  10/3 10/5 13/19 13/22 17/17 18/18 18/21 19/20
  19/21 20/20 20/21 21/20 22/10 23/3
**Sura [1]**  2/5
**surrounding [1]**  19/5
**sworn [1]**  14/16

**T**

**table [1]**  4/17 7/10
**taken [8]**  5/17 9/1 9/3 11/9 16/11 17/3 19/6 23/24
**taking [3]**  5/10 9/18 9/19
**talk [6]**  6/16 6/25 8/8 10/3 22/1
**talking [2]**  20/20 27/21
**target [1]**  29/23
**targeted [5]**  15/1 19/25 20/7 21/10 29/16
**teammate [1]**  3/24
**teed [1]**  23/11
**tell [5]**  10/1 14/2 14/2 15/2 15/2
**telling [1]**  25/23
**tenable [1]**  9/22
**term [2]**  10/13 17/18
**terminate [1]**  15/24
**terms [2]**  23/20 27/2
**terribly [2]**  10/16 20/19
**terrorist [1]**  15/25
**terrorists [1]**  12/13
**testimony [1]**  14/16
**thanks [1]**  4/22
**themselves [4]**  22/6 22/15 23/11 24/19
**therefore [1]**  17/4
**things [4]**  12/8 14/4 27/3 27/12
**think [21]**  7/8 10/7 10/11 11/1 12/6 12/8 13/6 14/6
  14/7 16/5 17/4 17/25 18/2 20/6 20/9 20/16 20/17
  21/23 23/10 28/6 28/9
**thinking [1]**  6/12
**third [1]**  15/23
**Thomas [1]**  2/7
**though [1]**  24/24
**thoughts [1]**  23/17
**three [3]**  17/25 24/25 26/3
**through [1]**  22/2
**thus [1]**  9/19
**tight [2]**  28/25 29/16
**time [11]**  4/7 5/15 5/15 6/21 19/18 21/11 25/8
  27/13 29/14 29/18 30/5
**timed [1]**  3/17
**timeline [1]**  28/25
**times [1]**  21/3
**today [7]**  6/16 7/11 7/11 12/25 15/7 15/17 22/7
**told [1]**  26/3
**tolerance [1]**  6/24
**Tom [1]**  4/4

**tool [1]**  19/4
**tools [1]**  19/4
**toward [1]**  25/1
**transcribed [1]**  11/25
**TRANSCRIPTION [1]**  1/25
**travel [1]**  18/7
**trial [1]**  12/21
**true [2]**  14/18 31/7
**Trump [1]**  11/5
**try [1]**  21/4
**TUESDAY [1]**  1/11
**turn [5]**  4/11 10/10 23/12 28/4 30/2
**turnaround [1]**  25/8
**turned [1]**  12/14
**two [10]**  11/5 13/5 14/25 19/25 23/25 24/4 24/8
  24/17 25/5 29/19

**U**

**U.S [2]**  16/22 16/25
**U.S.C [1]**  31/6
**Uh [1]**  14/5
**Uh-huh [1]**  14/5
**Ulander [1]**  3/8
**unambiguously [1]**  5/5
**under [8]**  5/7 5/16 5/16 8/3 14/16 14/18 16/21
  16/23
**under-oath [1]**  14/16
**understand [7]**  6/4 15/5 20/13 21/13 23/9 23/13
  25/17
**understood [3]**  10/14 10/15 18/13
**unequivocally [1]**  20/21
**UNITED [14]**  1/1 1/11 3/3 3/24 5/11 8/2 12/24 15/23
  16/3 16/25 17/20 18/8 31/5 31/11
**unless [2]**  20/3 30/4
**unnecessary [1]**  27/25
**until [2]**  17/15
**up [11]**  14/21 15/9 19/10 19/24 21/22 23/11 24/7
  26/8 26/19 26/24 29/19
**updates [1]**  26/1
**upon [1]**  19/16
**URQUHART [1]**  1/18
**usually [1]**  27/12
**utmost [1]**  6/17

**V**

**v. [1]**  18/5
**VA [1]**  1/16
**vacation [2]**  3/17 27/11
**value [1]**  10/25
**Vasquez [1]**  2/5
**Vazquez [2]**  3/20 3/21
**venue [1]**  20/24
**very [11]**  3/22 10/24 11/18 13/5 13/8 14/1 17/4
  18/18 19/19 21/13 26/6
**via [1]**  18/7
**view [5]**  17/14 19/22 20/14 23/4 25/4
**vs [1]**  1/6

**W**

**waiver [1]**  26/19
**want [10]**  9/15 10/2 12/15 15/11 16/4 16/12 20/3
  20/17 25/10 25/14
**wants [2]**  5/20 20/11
**warrant [2]**  13/3 13/7
**warranted [2]**  24/3 29/22
**was [15]**  6/14 8/5 10/12 10/15 11/3 11/4 11/6 11/18
  12/9 13/17 13/18 14/8 21/22 26/2 26/20
**Washington [2]**  1/19 2/4
**waving [1]**  7/18
**way [8]**  13/7 13/7 13/12 14/15 19/1 21/10 24/18
  24/19
**we'll [3]**  6/25 10/3 15/3
**Wednesday [4]**  25/9 25/9 25/12 29/4
**week [1]**  25/16
**weekends [1]**  27/20
**weeks [5]**  14/25 19/25 24/1 24/4 25/5
**weigh [1]**  7/3
**well [13]**  7/2 7/8 7/12 10/14 10/15 10/15 10/17
  19/14 21/12 22/17 26/18 27/11 29/4
**well-established [1]**  10/17
**well-understood [2]**  10/14 10/15
**western [1]**  12/5
**whatever [2]**  12/22 16/11
**wheelhouse [1]**  18/15
**whether [11]**  5/6 7/14 7/15 12/11 18/20 23/6 23/7
  25/10 26/23 27/16 29/22
**while [3]**  6/17 14/25 15/9
**whole [2]**  10/8 21/10
**whom [1]**  26/3
**wide [1]**  15/1
**willing [1]**  14/22
**window [1]**  29/18
**Winter [1]**  6/13
**wish [7]**  12/22 20/3 23/16 24/8 26/7 28/3 29/4
**wishes [1]**  27/5
**withholding [1]**  15/24
**within [10]**  7/8 7/12 8/4 8/4 10/13 11/25 13/19
  16/7 17/16 23/3
**won [1]**  6/12
**won't [1]**  27/14
**word [6]**  4/14 17/5 17/8 17/9 18/2 18/12
**words [2]**  13/22 29/12
**work [4]**  21/25 23/21 24/19 25/14
**world [2]**  12/14 12/17
**writing [1]**  8/18
**written [5]**  23/14 24/2 28/13 28/15 29/8
**wrongfully [1]**  17/20

**X**

**XINIS [2]**  1/10 3/5

**Y**

**Yeah [1]**  12/14
**years [2]**  25/11 28/11
**Yep [2]**  26/11 28/11
**Yes [11]**  4/22 8/7 8/10 8/13 9/7 15/12 15/15 15/18
  26/17 29/1 29/6
**yesterday [3]**  11/4 12/5 12/7
**yet [4]**  12/6 22/21 23/1 23/4
**you'll [6]**  12/1 12/1 12/2 21/25 24/12 25/11
**yourselves [1]**  3/13