UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
–Greenbelt Division–

KILMAR ARMANDO ABREGO GARCIA, ET AL.,

    Plaintiffs,

v.

KRISTI NOEM, ET AL.,

    Defendants.

Case No.: 8:25-CV-00951-PX

**STIPULATED CONFIDENTIALITY ORDER**

Whereas, the parties have stipulated that certain discovery material be treated for the purposes of this litigation as Confidential or Attorney's Eyes Only;

Accordingly, it is this **21st** day of April, 2025, by the United States District Court for the District of Maryland, ORDERED:

1. <u>Designation of Discovery Materials as Confidential or Attorney's Eyes Only</u>. All documents produced in the course of discovery, all responses to Interrogatories, all responses to Requests for Admission, all responses to Requests for Production, and all deposition testimony and deposition exhibits shall be subject to this Confidentiality Order, as set forth below:

    (a) The designation of confidential or attorney's eyes only information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

    (b) Material is "Confidential" under this order only when a party has a good faith belief that it contains (i) personally identifying information, including without limitation social security numbers, financial information, current or past home addresses, email addresses

1

and telephone numbers, including those associated with Plaintiffs or their immediate families, and Defendants; (ii) information protected from disclosure by the Privacy Act of 1974, 5 U.S.C. § 552a; or (iii) information kept confidential pursuant to law or regulation.

(c)     Material is "Attorney's Eyes Only" under this order only when a party has a good faith belief that it contains sensitive government information, including sensitive, but unclassified, records regarding law enforcement activities and operations, internal policies, processes and procedures, training materials, staffing, priorities, resources, intelligence, methods, and internal investigations, which contain information that is law enforcement sensitive and may be designated as limited official use or for official use only information, or if the producing party reasonably and in good faith believes disclosure to non-qualified people under subsection (g) would likely cause harm.

(d)     Portions of depositions shall be deemed Confidential or Attorney's Eyes Only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript and only to the extent they contain material designated as Confidential or Attorney's Eyes Only. Any testimony which describes material designated as Confidential or Attorney's Eyes Only shall also be deemed to be designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

(e)     Material designated as Confidential or Attorney's Eyes Only under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (f) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(f)  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as Confidential or Attorney's Eyes Only under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i)  Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii)  Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii)  Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

(iv)  Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(g)  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as Attorney's Eyes Only under this Order to any

3

other person or entity, except that disclosures may be made to those designated under subsection (f)(i) or in depositions of Government witnesses.

(h) Except as provided in subparagraph (e) above, counsel for the parties shall keep all documents designated as Confidential or Attorney's Eyes Only which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(i) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as Confidential or Attorney's Eyes Only under this Order or any portion thereof shall be immediately affixed with the word "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" if those words do not already appear.

2. <u>Confidential or Attorney's Eyes Only Information Filed with Court</u>. To the extent that any materials designated as Confidential or Attorney's Eyes Only under this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, the portions of those materials containing Confidential or Attorney's Eyes Only information shall be redacted by the filing party. Non-redacted versions shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11, provided that the Court can deny an Interim Sealing Motion prior to 14 days in part or in full. Even if the filing party believes that the materials designated as Confidential or Attorney's Eyes Only are not properly classified as Confidential or Attorney's Eyes Only, the filing party shall file the Interim Sealing Motion; provided, however,

that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (4) of this Confidentiality Order.

3. <u>Party Seeking Greater Protection Must Obtain Further Order</u>. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order without further order.

4. <u>Challenging Designation of Confidentiality</u>. A designation of Confidentiality or Attorney's Eyes Only may be challenged upon motion. The burden of proving the Confidentiality or Attorney's Eyes Only designation is warranted remains with the designating party. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions. For the avoidance of doubt, Plaintiffs reserve the right to object to categories of designations on the schedule and manner provided for in the Court's order and oral comments of April 15th concerning the procedures for discovery in this matter.

5. <u>Return of Confidential and Attorney's Eyes Only Material at Conclusion of Litigation</u>. At the conclusion of the litigation (including appeals), all material designated as Confidential or Attorney's Eyes Only under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

By: /s/ *Jonathan G. Cooper*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Jonathan G. Cooper (D. Md. Bar No. 21345)
Olivia Horton*
1300 I St. NW, Suite 900
Washington, DC 20005
(202) 538-8000
jonathancooper@quinnemanuel.com
oliviahorton@quinnemanuel.com
*admitted in Texas; not admitted in D.C.
Supervised by attorney admitted in D.C.*

**MURRAY OSORIO PLLC**
Simon Y. Sandoval-Moshenberg
Rina Gandhi
4103 Chain Bridge Road, Suite 300
Fairfax, VA 22030
(703) 352-2399
ssandoval@murrayosorio.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen E. Frank
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
stephenfrank@quinnemanuel.com

**Yaakov M. Roth**
Acting Assistant Attorney General
Civil Division

By: /s/ *Drew Ensign*
(signed by Jonathan G. Cooper with permission of Drew Ensign)
**Drew C. Ensign**
Deputy Assistant Attorney General
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 514-2000
drew.c.ensign@usdoj.gov

**Ernesto Molina**
Deputy Director
Office of Immigration Litigation

*Counsel for Defendants*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Andrew J. Rossman
Sascha N. Rand
K. McKenzie Anderson
Samuel P. Nitze
Courtney C. Whang
Roey Goldstein
Sam Heavenrich
Victoria Martin
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
andrewrossman@quinnemanuel.com
sascharand@quinnemanuel.com
mckenzieanderson@quinnemanuel.com
samuelnitze@quinnemanuel.com
courtneywhang@quinnemanuel.com
roeygoldstein@quinnemanuel.com
samheavenrich@quinnemanuel.com
victoriamartin@quinnemanuel.com

*Counsel for Plaintiffs*

_____
Paula Xinis
UNITED STATES DISTRICT JUDGE