April 21, 2025

**VIA ECF**

The Honorable Paula Xinis, U.S.D.J.
United States District Court for the District of Maryland
6500 Cherrywood Lane
Suite 255
Greenbelt, MD 20770

Re:   Case No.: 8:25-CV-00951-PX, *Abrego Garcia et al. v. Noem et al.*

We write on behalf of Plaintiffs in the above-captioned matter to respectfully request that the Court hold a conference tomorrow afternoon at 1 p.m. or as soon thereafter as the Court is available to address the Governments' failure to comply with the Court's April 15, 2025 Order Granting Expedited Discovery (Dkt. 79) (the "Order"), requiring the Government to, among other things, produce documents and respond to Plaintiffs' interrogatories.

*Plaintiffs' Position*

On the eve of the first Court-ordered deposition concerning the Government's failure to comply with this Court's orders, the Government responded to Plaintiffs' discovery requests by producing nothing of substance. Its document production consists entirely of public filings from the dockets, copies of Plaintiffs' own discovery requests and correspondence, and two non-substantive cover emails transmitting declarations filed in this case. Its interrogatory responses are similarly non-responsive.

This Court granted expedited discovery "to ascertain what, if anything, the Defendants have done to 'facilitate Abrego Garcia's release from custody in El Salvador and to ensure that his case is handled as it would have been had he not been improperly sent to El Salvador.'" Order at 6-7 (quoting *Noem v. Abrego Garcia*, 604 U.S.— (2025), slip op. at 2). The Court specifically stated that "Plaintiffs are entitled to explore the lawful basis—if any—for Abrego Garcia's continued detention in CECOT, including who authorized his initial placement there and who presently authorizes his continued confinement." Order at 6 n.3. The discovery responses Defendants served this afternoon establish that the Government intends to prevent Plaintiffs from developing the discovery ordered by this Court.

*First*, the Government artificially narrows the Court's Order to avoid complying with its obligations. For example, the Government refuses to respond to interrogatories it claims are "based on the false premise that the United States can or has been ordered to facilitate Abrego Garcia's release from custody in El Salvador," Ex. A at 3 (Interrogatory Responses), despite the Supreme Court's clear holding that "[t]he [O]rder properly requires the Government to 'facilitate' Abrego Garcia's ***release from custody in El Salvador***." *Abrego Garcia,* 604 U.S.—, slip op. at 2 (emphasis added). Likewise, the Government refuses to provide any information predating April 4, Ex. B at 2 (Responses to Document Requests), even though this Court held Plaintiffs "are

entitled to explore . . . who authorized" Abrego Garcia's "initial placement" in El Salvador, which began on March 15. Order at 6 n.3. The Government refuses to provide any documents "concerning the legal basis for Abrego Garcia's confinement." Ex. B at 6. And the Government maintains that any information regarding the agreement between the United States and El Salvador to detain individuals in El Salvador is "irrelevant," *id.* at 7, despite this Court's finding that Plaintiffs "are entitled to explore the lawful basis—if any—for Abrego Garcia's continued detention." Order at 6 n.3. The Governments' rights under any agreement governing Abrego Garcia's transfer and detention in El Salvador are, without question, directly relevant to Plaintiffs' ability to facilitate Abrego Garcia's release from custody. Finally, the Government refuses to provide *any* information about the purported "diplomatic discussions with El Salvador regarding Abrego Garcia" in which it claims to have engaged (Ex. A), despite the Supreme Court's direction that it must be prepared to explain the "steps it has taken." *Abrego Garcia*, 604 U.S.—, slip op. at 2.

*Second*, the Government refuses to answer several interrogatories or provide documents based on categorical assertions of privilege—including deliberative process privilege, state secret privilege, and "governmental privilege"—without any foundation for doing so. Indeed, despite invoking "state secret" privilege 13 times in response to Plaintiffs' 15 interrogatories, the Government has not submitted a "formal claim of privilege" or otherwise identified the particular bases for its assertion of privilege. *United States v. Zubaydah*, 595 U.S. 195, 205 (2022); *see also Rein v. U.S. Pat. & Trademark Off.*, 553 F.3d 353, 369 (4th Cir. 2009) (requiring the Government to provide sufficient "information by which the district court can independently assess the asserted privilege"). Plaintiffs met and conferred with the Government about Plaintiffs' discovery requests on April 19, at which time the Government stated it had no issues to raise with respect to the substance of the discovery, and the parties scheduled depositions to occur on April 22 and 23, starting at 8:30 a.m. Plaintiffs invited the Government to meet and confer several times thereafter regarding the scope of discovery, including by describing the specific topics Plaintiffs intend to investigate in depositions, so as to identify and resolve any disputes in advance of the discovery deadline and depositions. Defendants declined. Defendants also rejected Plaintiffs' proposed ESI protocol, refused to disclose their search parameters, refused to provide any documents or even "commit to a timeline" for doing so before the Court's deadline of 5 p.m. today, and now—on the eve of depositions—have served incomplete and deficient responses. At Plaintiffs' request, the parties met and conferred at 7 p.m. tonight, at which time the Government stood on its currently deficient discovery responses.

*Third*, Mr. Mazzara will be deposed tomorrow morning at 8:30 a.m. Plaintiffs respectfully request the Court hold a conference after his deposition, at approximately 1 p.m. or at the Court's convenience thereafter, at which time Plaintiffs can address the discovery deficiencies and address any categorical issues that arose at Mr. Mazzara's deposition.

***Defendants' Position***

As an initial matter, the Defendants have, in all respects and in light of the expedited nature of this discovery, put forward a good-faith effort to provide appropriate responses to both Plaintiffs' Interrogatories and Request for Production. Consistent with the Supreme Court's

instructions and the questions posed by the Court, the discovery here is aimed at answering: (1) the current location and custody of Abrego; (2) steps taken to facilitate his return to the United States; and (3) what additional steps Defendants will take to that end. Plaintiffs' objections to the Defendants' initial expressions of objections based on scope and privilege are misplaced, as Defendants have appropriately incorporated the more general objections to the Plaintiffs' requests into more specific objections in relationship to each individual request where appropriate. *See, e.g.*, Plaintiffs' Ex. A at 3 (Defendants' Response to Interrogatory 1, citing attorney client privilege as being excluded from the appropriate scope). The suggestion that Defendants are required to disclose aspects of attorney-client privilege or other privileged information are not well received. Indeed, as Plaintiffs admit, the assertions of privilege were not equally applied to all requests. *See supra* at 2 (where Plaintiffs acknowledge not all privileges were invoked for each response). Further, there is no reason to believe that matters of attorney-client privilege would be responsive to the request, squarely placing those beyond the appropriate scope of the request. More to the point, Defendants nevertheless provided specific responses to the interrogatories and document production requests to the extent privileges were not directly applicable and the requests fell within the scope of discovery. Plaintiffs do not appear to challenge those specific applications as responsive to the Court's order or their interrogatories. Importantly, Defendants continue to prepare more specific invocations of privilege in a forthcoming privilege log, which, despite all efforts, could not be completed before the submission of this letter.

   As to Plaintiffs' few complaints about the responses and production in light of the more appropriate scope of responses and production, their complaints fall short. The insistence on examining "legal basis for Abrego's confinement" (Ex. B at 6) is an absurdity. Upon Abrego's repatriation to El Salvador, his detention was no longer a matter of the United States' confinement, but a matter belonging to the government of El Salvador – which has been explained to the Plaintiffs repeatedly. *See* Ex. A at 8, 9, 11. Any requirement of a more detailed response by the Defendants would be wholly inappropriate and an invasion of diplomatic discussions. Plaintiffs' insistence on information regarding an agreement between the United States and El Salvador (Ex. B at 7) – even if the Court's order permits the inquiry -- begs the question on whether an agreement exists, and importantly, does not relate to the particular efforts undertaken by the Defendants to facilitate or effectuate Abrego's release. Indeed, their insistence on obtaining any information on "diplomatic discussions" is a facially unwarranted and inappropriate intrusion into the diplomatic process – a matter which the Supreme Court specifically reserved to the Government's province. *Abrego*, 604 U.S.—, slip op. at 2 (requiring "due regard for the deference owed to the Executive in the conduct of foreign affairs."). Nevertheless, the Defendants' responses duly report that it is in discussions with the Government of El Salvador, serving the purpose of the Court's requirements in discovery. Indeed, the Defendants, at appropriate moments, gave greater detail into the specific efforts undertaken to work with the Government of El Salvador to permit Abrego's return to the United States. *See*, e.g., Ex. A at 10.

   Next, the Plaintiffs suggest that the government has refused to answer interrogatories or produce document based on assertions of privilege. That statement is, at best, misleading. The Defendants provided specific responses to each interrogatory, and a forthcoming privilege log will provide more specific invocations as to document production. The Plaintiffs make no suggestion that the Defendants have not provided specific answers to interrogatories within the scope of discovery not protected by privilege.

We thank the Court for its attention to this matter.

Respectfully submitted,

<div style="display:flex">
<div>

By: /s/ *Jonathan G. Cooper*
**QUINN EMANUEL URQUHART &
   SULLIVAN, LLP**
Jonathan G. Cooper (D. Md. Bar No. 21345)
Olivia Horton*
1300 I St. NW, Suite 900
Washington, DC 20005
(202) 538-8000
jonathancooper@quinnemanuel.com
oliviahorton@quinnemanuel.com
**admitted in Texas; not admitted in D.C.
Supervised by attorney admitted in D.C.*

**MURRAY OSORIO PLLC**
Simon Y. Sandoval-Moshenberg
Rina Gandhi
4103 Chain Bridge Road, Suite 300
Fairfax, VA 22030
(703) 352-2399
ssandoval@murrayosorio.com


**QUINN EMANUEL URQUHART &
   SULLIVAN, LLP**
Stephen E. Frank
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
stephenfrank@quinnemanuel.com

</div>
<div>

**Yaakov M. Roth**
Acting Assistant Attorney General
Civil Division

By: /s/ *Drew Ensign*
(signed by Jonathan G. Cooper with permission of Drew Ensign)
**Drew C. Ensign**
Deputy Assistant Attorney General
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 514-2000
drew.c.ensign@usdoj.gov

**Ernesto Molina**
Deputy Director
Office of Immigration Litigation


*Counsel for Defendants*

</div>
</div>

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Andrew J. Rossman
Sascha N. Rand
K. McKenzie Anderson
Samuel P. Nitze
Courtney C. Whang
Roey Goldstein
Sam Heavenrich
Victoria Martin
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
andrewrossman@quinnemanuel.com
sascharand@quinnemanuel.com
mckenzieanderson@quinnemanuel.com
samuelnitze@quinnemanuel.com
courtneywhang@quinnemanuel.com
roeygoldstein@quinnemanuel.com
samheavenrich@quinnemanuel.com
victoriamartin@quinnemanuel.com

*Counsel for Plaintiffs*