# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> KRISTI NOEM, Secretary of Homeland Security, et al., <br><br> *Defendants*. | No. 8:25-CV-00951-PX |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF EXPEDITED INTERROGATORIES**

Defendants object and respond to Plaintiffs' First Set of Expedited Interrogatories ("Expedited Interrogatories") in accordance with Federal Rules of Civil Procedure 26 and 33, Local Rule 104, and the Court's Order Granting Expedited Discovery ("Order") (Dkt. 79).

**PRELIMINARY STATEMENT**

Defendants have made a diligent and good faith effort to obtain information that is responsive to the Expedited Interrogatories. Defendants' responses are based on their knowledge, information, and documents acquired and reviewed to date.

Defendants' objections and responses shall not be deemed to constitute admissions that (a) information or any document or thing exists or is relevant, non-privileged, or admissible in evidence; or (b) any statement or characterization by Plaintiffs in the Expedited Interrogatories is accurate or complete.

## OBJECTIONS TO DEFINITIONS

"**You**" and "**Your**." Defendants object to Plaintiffs' definition of "You" and "Your" and will construe those words in the context of Plaintiffs' Expedited Interrogatories as meaning the person(s) to whom the Expedited Interrogatories are addressed, and all that person's agents and representatives. This objection is incorporated into each of Defendants' responses to the Expedited Interrogatories.

## OBJECTIONS TO INSTRUCTIONS

**Timeframe**. Defendants object to Plaintiffs' proposed timeframe for the Expedited Interrogatories as inconsistent and partially outside the scope of expedited discovery authorized under the Order, to the extent is seeks information prior to the Court's April 4, 2025, Order Granting Preliminary Injunction (Dkt. 21). Defendants will produce information related to matters occurring on or after April 4, 2025. This objection is incorporated into each of Defendants' responses to the Expedited Interrogatories.

**Privilege**. Defendants object to the extent Plaintiffs demand that Defendants produce a privilege log on April 21, 2025, during expedited discovery. Defendants are willing to meet and confer with Plaintiffs regarding the appropriate time for providing a privilege log.

## OBJECTIONS AND RESPONSES TO EXPEDITED INTERROGATORIES

**Interrogatory No. 1**: Describe with particularity each action You have already taken, and when, to Facilitate Abrego Garcia's release from custody in El Salvador.

**Defendants' Response to Interrogatory No. 1**: Defendants object to Interrogatory No. 1 as based on the false premise that the United States can or has been ordered to facilitate Abrego Garcia's *release from custody* in El Salvador. *See Abrego Garcia*, 604 U.S.—, slip op. at 2 (holding Defendants should "take all available steps to facilitate the *return of Abrego Garcia to the United State*") (emphasis added). Defendants further object to Interrogatory No. 1 as calling for information that is protected by the attorney-client privilege, the deliberative process privilege, the state secrets privilege, and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Subject to and without waiving the forgoing objections, Defendants respond as follows: Before the Fourth Circuit's decision of April 17 clarifying its understanding of "facilitate," the United States took the position that the only steps needed to facilitate the return of Mr. Abrego Garcia involved removing domestic barriers. After the Fourth Circuit's clarification, the State Department has engaged in appropriate diplomatic discussions with El Salvador regarding Abrego Garcia. However, disclosing the details of any diplomatic discussions regarding Mr. Abrego Garcia at this time could negatively impact any outcome.

**Interrogatory No. 2**: Describe with particularity each action You have already taken, and when, to Facilitate Abrego Garcia's return to the United States.

**Defendants' Response to Interrogatory No. 2**: Defendants object to Interrogatory No. 2 as calling for information that is protected by the attorney-client privilege, the deliberative process privilege, the state secrets privilege, and the

3

governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Subject to and without waiving the forgoing objections, Defendants respond as follows:

1. Before the Fourth Circuit's decision of April 17 clarifying its understanding of "facilitate," the United States took the position that the only steps needed to facilitate the return of Mr. Abrego Garcia involved removing domestic barriers. After the Fourth Circuit's clarification, the State Department has engaged in appropriate diplomatic discussions with El Salvador regarding Abrego Garcia. However, disclosing the details of any diplomatic discussions regarding Mr. Abrego Garcia at this time could negatively impact any outcome.

2. Abrego Garcia is being held in the sovereign, domestic custody of the independent nation of El Salvador. DHS does not have authority to forcibly extract an alien from the domestic custody of a foreign sovereign nation.

**Interrogatory No. 3**: Describe with particularity each action You plan to take in the future, and when, to Facilitate Abrego Garcia's release from custody in El Salvador.

**Defendants' Response to Interrogatory No. 3**: Defendants object to Interrogatory No. 3 as based on the false premise that the United States can or has been ordered to facilitate Abrego Garcia's *release from custody* in El Salvador. *See Abrego Garcia*, 604 U.S.—, slip op. at 2 (holding Defendants should "take all available steps to facilitate the *return of Abrego Garcia to the United State*") (emphasis added).

4

Defendants further object to Interrogatory No. 3 as calling for information that is protected by the attorney-client privilege, the deliberative process privilege, the state secret privilege, and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Subject to and without waiving the forgoing objections, Defendants respond as follows: Before the Fourth Circuit's decision of April 17 clarifying its understanding of "facilitate," the United States took the position that the only steps needed to facilitate the return of Mr. Abrego Garcia involved removing domestic barriers. After the Fourth Circuit's clarification, the State Department has engaged in appropriate diplomatic discussions with El Salvador regarding Abrego Garcia. However, disclosing the details of any diplomatic discussions regarding Mr. Abrego Garcia at this time could negatively impact any outcome.

**Interrogatory No. 4**: Describe with particularity each action You plan to take in the future, and when, to Facilitate Abrego Garcia's return to the United States.

**Defendants' Response to Interrogatory No. 4**: Defendants object to Interrogatory No. 4 as calling for information that is protected by the attorney-client privilege, the deliberative process privilege, the state secrets privilege, and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Subject to and without waiving the forgoing objections, Defendants respond as follows:

1.      Before the Fourth Circuit's decision of April 17 clarifying its understanding of "facilitate," the United States took the position that the only steps needed to facilitate the return of Mr. Abrego Garcia involved removing domestic barriers. After the Fourth Circuit's clarification, the State Department has engaged in appropriate diplomatic discussions with El Salvador regarding Abrego Garcia. However, disclosing the details of any diplomatic discussions regarding Mr. Abrego Garcia at this time could negatively impact any outcome.

2.      DHS has established processes for taking steps to remove domestic obstacles that would otherwise prevent an alien from lawfully entering the United States. DHS is prepared to facilitate Abrego Garcia's presence in the United States in accordance with those processes if he presents at a port of entry. If Abrego Garcia does present himself at a port of entry, he would become subject to detention by DHS. In that case, DHS would take him into custody in the United States and either remove him to a third country or seek to terminate his withholding of removal because of his membership in MS-13, a designated foreign terrorist organization, and remove him to El Salvador.

**Interrogatory No. 5**: Identify and describe the role of each individual who has been involved, or whom You anticipate will become involved, in any of the actions responsive to Interrogatory Nos. 1–4 or in ordering or authorizing Abrego Garcia's removal to El Salvador, his initial placement in CECOT, or his continued confinement in CECOT.

**Defendants' Response Interrogatory No. 5**: Defendants object to Interrogatory No. 5 as outside the scope of expedited discovery authorized under the Order, to the extent is seeks information about Abrego Garcia's removal to El Salvador, his initial placement in CECOT, or his continued confinement in CECOT. Defendants will limit their response to information concerning: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. Defendants further object to Interrogatory No. 5 as calling for information that is protected by the attorney-client privilege, attorney work product, the deliberative process privilege, the state secrets privilege, and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Subject to and without waiving the forgoing objections, Defendants respond as follows:

The following individuals from DHS were involved in Abrego Garcia's removal to El Salvador or may be involved in facilitating Abrego Garcia's presence in the United States if he presents at a port of entry: (1) Robert L. Cerna II, Acting Field Office Director for Harlingen, was involved in Abrego Garcia's removal to El Salvador, but would not be involved in any meaningful way in his return to the United States, should that take place. (2) Evan C. Katz, Assistant Director for the Enforcement and Removal Operations Removal Division of U.S. Department of Homeland Security,

U.S. Immigration and Customs Enforcement (ICE). In Mr. Katz's current role, he oversees, among other things, return of certain aliens removed from the United States. He would become directly involved in this case only once ICE is advised that Abrego Garcia will come into ICE custody, following the success of diplomatic efforts, Abrego Garcia's release from Salvadoran detention, and, if necessary, Abrego Garcia being granted permission to leave El Salvador. At that point, AD Katz would be able to arrange travel options from El Salvador to the United States.

Abrego Garcia's confinement at CECOT or any other facility in El Salvador is at the discretion of El Salvador.

**Interrogatory No. 6**: Describe with particularity each request for Abrego Garcia's release from custody in El Salvador that You conveyed to anyone in the government of El Salvador or at CECOT, including when, in what form, by whom, and to whom.

**Defendants' Response to Interrogatory No. 6**: Defendants object to Interrogatory No. 6 as based on the false premise that the United States can or has been ordered to facilitate Abrego Garcia's *release from custody* in El Salvador. *See Abrego Garcia*, 604 U.S.—, slip op. at 2 (holding Defendants should "take all available steps to facilitate the *return of Abrego Garcia to the United State*") (emphasis added). Defendants further object to Interrogatory No. 6 as calling for information that is protected by the attorney-client privilege, the deliberative process privilege, the state secrets privilege, and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Subject to and without waiving the forgoing objections, Defendants respond as follows: Before the Fourth Circuit's decision of April 17 clarifying its understanding of "facilitate," the United States took the position that the only steps needed to facilitate the return of Mr. Abrego Garcia involved removing domestic barriers. After the Fourth Circuit's clarification, the State Department has engaged in appropriate diplomatic discussions with El Salvador regarding Abrego Garcia. However, disclosing the details of any diplomatic discussions regarding Mr. Abrego Garcia at this time could negatively impact any outcome.

**Interrogatory No. 7**: Describe with particularity each Communication You have had with anyone in the government of El Salvador or at CECOT concerning Abrego Garcia, including when, in what form, by whom, and to whom.

**Defendants' Response to Interrogatory No. 7**: Defendants object to Interrogatory No. 7 as outside the scope of expedited discovery authorized under the Order, to the extent is seeks information about Abrego Garcia's removal to El Salvador or initial placement in CECOT. Defendants will limit their response to information concerning: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. Defendants further object to Interrogatory No. 7 as calling for information that is protected by the attorney-client privilege, the deliberative process privilege, the state secrets privilege, and the

9

governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Subject to and without waiving the forgoing objections, Defendants respond as follows: Regarding the location and custodial status of Mr. Abrego Garcia, on April 4, the U.S. Ambassador to El Salvador had a conversation with a representative of the Government of El Salvador who told the Ambassador Abrego Garcia was being held at CECOT.  On April 17, a representative of the Government of El Salvador contacted the U.S. Ambassador to El Salvador to arrange a meeting between U.S. Senator Van Hollen and Abrego Garcia, as requested by Senator Van Hollen. Following several communications between the Ambassador and the representative of the Government of El Salvador regarding timing and logistics, the meeting occurred that same day. On April 20 and 21, the Ambassador requested an update on the physical location and custodial status of Mr. Abrego Garcia. The Salvadoran government responded on April 21 that he is being held at the Centro Industrial penitentiary facility in Santa Ana, in good conditions and in an excellent state of health. With respect to any other communications, disclosing any diplomatic discussions regarding Mr. Abrego Garcia could negatively impact any outcome.

**Interrogatory No. 8**: Describe with particularity the legal basis for Abrego Garcia's continued confinement in CECOT.

**Defendants' Response to Interrogatory No. 8**: Defendants object to Interrogatory No. 8 as outside the scope of expedited discovery authorized under the Order. Defendants will limit their response to information concerning: (1) the current

10

physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. Defendants further object to Interrogatory No. 8 to the extent it calls for a legal conclusion. Defendants incorporate their objections to definitions and objections to instructions.

Subject to and without waiving the forgoing objections, Defendants respond as follows: Abrego Garcia is detained pursuant to the sovereign, domestic authority of El Salvador.

**Interrogatory No. 9**: Describe with particularity the terms of any agreement, arrangement, or understanding between the governments of the United States and El Salvador to confine in El Salvador individuals removed or deported from the United States or transported by You from the United States to El Salvador, including any rights the government of the United States possesses, retains or has exercised concerning any individual removed or deported from the United States.

**Defendants' Response to Interrogatory No. 9**: Defendants object to Interrogatory No. 9 as based on the premise that the United States may exercise authority over Salvadoran citizens detained by El Salvador within the sovereign territory and pursuant to the domestic law of El Salvador. Defendants object to Interrogatory No. 9 as outside the scope of expedited discovery authorized under the Order. Defendants will limit their response to information concerning: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any,

11

Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. Defendants further object to Interrogatory No. 9 as calling for information that is classified or otherwise protected by the state secrets privilege and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Based on the foregoing objections, Defendants are willing to meet and confer with Plaintiffs regarding Interrogatory No. 9.

**Interrogatory No. 10**: Identify and describe the role of each individual involved in negotiating or approving any agreement, arrangement, or understanding between the governments of the United States and El Salvador to confine in El Salvador individuals removed or deported from the United States or transported by You from the United States to El Salvador.

**Defendants' Response to Interrogatory No. 10**: Defendants object to Interrogatory No. 10 as outside the scope of expedited discovery authorized under the Order. Defendants will limit their response to information concerning: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. Defendants further object to Interrogatory No. 10 as calling for information that is protected by the state secrets privilege and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

12

Based on the foregoing objections, Defendants are willing to meet and confer with Plaintiffs regarding Interrogatory No. 10.

**Interrogatory No. 11**: List each payment that has been, or will be, made or withheld in connection with the detention at CECOT of Abrego Garcia and other individuals removed or deported from the United States or transported by You from the United States to El Salvador, including when each payment was or will be made or withheld, in what amount, by whom, and to whom.

**Defendants' Response to Interrogatory No. 11**: Defendants object to Interrogatory No. 11 as outside the scope of expedited discovery authorized under the Order. Defendants will limit their response to information concerning: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. Defendants further object to Interrogatory No. 11 as calling for information that is protected by the state secrets privilege and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Subject to and without waiving the forgoing objections, Defendants respond as follows: The United States, through the White House spokesperson, has publicly stated that "approximately $6 million" has been made available to the Government of El Salvador (GOES) to be used by the GOES for its law enforcement needs, including "for the detention of these [Venezuelan] foreign terrorists." The United

13

States has not provided any specific assistance with respect to the detention of Abrego Garcia or any other Salvadoran national.

**Interrogatory No. 12**: Describe with particularity each instance since 2015 in which You removed or deported a person to El Salvador and later undertook efforts to Facilitate that person's return to the United States (*e.g.*, ECF No. 31 at 5 n.7; Defendants' Status Update in *Grace v. Sessions*, No. 1:18-cv-01853-EGS (D.D.C. Jan. 11, 2019), ECF No. 113).

**Defendants' Response to Interrogatory No. 12**: Defendants object to Interrogatory No. 12 as outside the scope of expedited discovery authorized under the Order. Defendants will limit their response to information concerning: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. Defendants further object to Interrogatory No. 12 as unduly burdensome to the extent it calls for information dating back to 2015. Defendants further object to Interrogatory No. 12 as calling for information that is protected by the state secrets privilege and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Based on the foregoing objections, Defendants are willing to meet and confer with Plaintiffs regarding Interrogatory No. 12.

**Interrogatory No. 13**: Describe with particularity each instance since 2015 in which You undertook extraterritorial efforts to Facilitate the return to the United States of any removed or deported individual.

**Defendants' Response to Interrogatory No. 13**: Defendants object to Interrogatory No. 13 as outside the scope of expedited discovery authorized under the Order. Defendants will limit their response to information concerning: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. Defendants further object to Interrogatory No. 13 as unduly burdensome to the extent it calls for information dating back to 2015. Defendants further object to Interrogatory No. 13 as calling for information that is protected by the state secrets privilege and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Based on the foregoing objections, Defendants are willing to meet and confer with Plaintiffs regarding Interrogatory No. 13.

**Interrogatory No. 14**: Describe with particularity the complete factual basis for Your assertions that Abrego Garcia "is a member of MS-13" (*e.g.*, ECF No. 77-1 at 12), including by identifying the source of that information.

**Defendants' Response to Interrogatory No. 14**: Defendants object to Interrogatory No. 14 as outside the scope of expedited discovery authorized under the Order, to the extent it calls for information regarding Abrego Garcia's membership in

15

MS-13. Defendants will limit their response to information concerning: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. Defendants incorporate their objections to definitions and objections to instructions.

Based on the foregoing objections, Defendants are willing to meet and confer with Plaintiffs regarding Interrogatory No. 14.

**Interrogatory No. 15**: Identify and describe the role of each United States official or employee who has personal knowledge of facts alleged in the Complaint (ECF No. 1) or of facts alleged in Your submissions to this Court, the Fourth Circuit, or the Supreme Court in this case.

**Defendants' Response to Interrogatory No. 15**: Defendants object to Interrogatory No. 15 as outside the scope of expedited discovery authorized under the Order. Defendants will limit their response to information concerning: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. Defendants further object to Interrogatory No. 15 as overly broad and unduly burdensome as it calls for Defendants to identify and describe all individuals with knowledge of every fact that Plaintiffs allege in their 99-paragraph complaint, regardless of the individuals' knowledge, connection, or involvement with the issues,

decisions, or actions at issue in this expedited discovery. Defendants further object to Interrogatory No. 15 as premature, to the extent that it calls for information not due until Defendants serve their initial disclosures under Federal Rule of Civil Procedure 26. Defendants further object to Interrogatory No. 15 as calling for information that is protected by the state secrets privilege and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Based on the foregoing objections, Defendants are willing to meet and confer with Plaintiffs regarding Interrogatory No. 15.

Respectfully submitted,

**Yaakov M. Roth**
Acting Assistant Attorney General
Civil Division

**/s/ Drew Ensign**
**Drew C. Ensign**
Deputy Assistant Attorney General
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 514-2000
drew.c.ensign@usdoj.gov

**Ernesto Molina**
Deputy Director
Office of Immigration Litigation

Dated: April 21, 2025            *Counsel for Defendants–Appellant*

**VERIFICATION OF INTERROGATORY ANSWERS**

I, Michael G. Kozak, am Senior Bureau Official in the Bureau of Western Hemisphere Affairs, United States Department of State. I believe, based on personal knowledge and reasonable inquiry, that the following Interrogatory answers—Defendants' Responses to Interrogatory Nos. 1, 2.1, 3, 4.1, 6, 7, 8, 11—are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on April 21, 2025.

**Michael G. Kozak**