# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> KRISTI NOEM, Secretary of Homeland Security, et al., <br><br> *Defendants*. | No. 8:25-CV-00951-PX |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF EXPEDITED REQUESTS FOR PRODUCTION**

Defendants object and respond to Plaintiffs' First Set of Expedited Requests for Production ("Expedited Document Requests") in accordance with Federal Rules of Civil Procedure 26 and 34, Local Rule 104, and the Court's Order Granting Expedited Discovery ("Order") (Dkt. 79).

**PRELIMINARY STATEMENT**

Defendants have made a diligent and good faith effort to obtain documents in their possession, custody or control that are responsive to the Expedited Document Requests. Defendants' responses are based on their knowledge, information, and documents acquired and reviewed to date.

Defendants' objections and responses shall not be deemed to constitute admissions that (a) information or any document or thing exists or is relevant, non-privileged, or admissible in evidence; or (b) any statement or characterization by Plaintiffs in the Expedited Document Requests is accurate or complete.

## OBJECTIONS TO DEFINITIONS

**"Document."** To the extent Plaintiffs' definition of "document" is broader than the definition contained in Appendix D to the Local Rules, Defendants object to that broader definition. Defendants will use the definition of "Document" reflected in Appendix D to the Local Rules. This objection is incorporated into each of Defendants' responses to the Expedited Document Requests.

"**You**" and "**Your**." Defendants object to Plaintiffs' definition of "You" and "Your" and will construe those words in the context of Plaintiffs' Expedited Documents Requests as meaning the person(s) to whom the Expedited Documents Requests are addressed, and all that person's agents and representatives. This objection is incorporated into each of Defendants' responses to the Expedited Document Requests.

## OBJECTIONS TO INSTRUCTIONS

**Timeframe**. Defendants object to Plaintiffs' proposed timeframe for the Expedited Document Requests as inconsistent and partially outside the scope of expedited discovery authorized under the Order, to the extent is seeks information prior to the Court's April 4, 2025, Order Granting Preliminary Injunction (Dkt. 21). Defendants will produce information related to matters occurring on or after April 4, 2025. This objection is incorporated into each of Defendants' responses to the Expedited Document Requests.

**Privilege**. Defendants object to the extent Plaintiffs demand that Defendants produce a privilege log on April 21, 2025, during expedited discovery. Defendants are

2

willing to meet and confer with Plaintiffs regarding the appropriate time for providing a privilege log.

**OBJECTIONS AND RESPONSES TO EXPEDITED DOCUMENT REQUESTS**

**Document Request No. 1**: All Documents concerning each action You have already taken, or plan to take in the future, to Facilitate Abrego Garcia's release from custody in El Salvador.

**Defendants' Response to Document Request No. 1**: Defendants object to Document Request No. 1 as based on the false premise that the United States can or has been ordered to facilitate Abrego Garcia's *release from custody* in El Salvador. *See Abrego Garcia*, 604 U.S.—, slip op. at 2 (holding Defendants should "take all available steps to facilitate the *return of Abrego Garcia to the United State*") (emphasis added). Defendants further object to Document Request No. 1 as calling for documents that are protected by the attorney-client privilege, the deliberative process privilege, the state secrets privilege, and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Subject to and without waiving the forgoing objections, Defendants agree to produce non-privileged documents responsive to Document Request No. 1 that are in their possession, custody and control and that can be located after a reasonable search.

**Document Request No. 2**: All Documents concerning each action You have already taken, or plan to take in the future, to Facilitate Abrego Garcia's return to the United States.

3

**Defendants' Response to Document Request No. 2**: Defendants object to Document Request No. 2 as calling for documents that are protected by the attorney-client privilege, the deliberative process privilege, the state secrets privilege, and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Subject to and without waiving the forgoing objections, Defendants agree to produce non-privileged documents responsive to Document Request No. 2 that are in their possession, custody and control and that can be located after a reasonable search.

**Document Request No. 3**: All Documents reflecting any request to release Abrego Garcia from custody in El Salvador, and any responses thereto.

**Defendants' Response to Document Request No. 3**: Defendants object to Document Request No. 3 as based on the false premise that the United States can or has been ordered to facilitate Abrego Garcia's *release from custody* in El Salvador. *See Abrego Garcia*, 604 U.S.—, slip op. at 2 (holding Defendants should "take all available steps to facilitate the *return of Abrego Garcia to the United State*") (emphasis added). Defendants further object to Document Request No. 3 as calling for documents that are protected by the attorney-client privilege, the deliberative process privilege, the state secrets privilege, and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Subject to and without waiving the forgoing objections, Defendants agree to produce non-privileged documents responsive to Document Request No. 3 that are in

4

their possession, custody and control and that can be located after a reasonable search.

**Document Request No. 4**: All Communications to or from anyone in the government of El Salvador or at CECOT concerning Abrego Garcia.

**Defendants' Response to Document Request No. 4**: Defendants object to Document Request No. 4 as outside the scope of expedited discovery authorized under the Order. Defendants will limit their production to documents concerning: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. Defendants further object to Document Request No. 4 as overly broad and unduly burdensome to the extent it seeks "All Documents" concerning every single communication Defendants have had with anyone in the government of El Salvador or at CECOT concerning Abrego Garcia. Defendants further object to Document Request No. 4 as calling for documents that are protected by the attorney-client privilege, the deliberative process privilege, the state secrets privilege, and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Subject to and without waiving the forgoing objections, Defendants agree to produce non-privileged documents responsive to Document Request No. 4 that are in their possession, custody and control and that can be located after a reasonable search.

5

**Document Request No. 5**: All Documents concerning the legal basis for Abrego Garcia's confinement in CECOT.

**Defendants' Response to Document Request No. 5**: Defendants object to Document Request No. 5 as outside the scope of expedited discovery authorized under the Order. Defendants will limit their production to documents concerning: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. Defendants further object to Document Request No. 5 as calling for documents that are protected by the attorney-client privilege, the deliberative process privilege, the state secrets privilege, and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Based on these objections, Defendants will not produce documents that may be responsive to this request. Defendants are willing to meet and confer with Plaintiffs regarding Document Request No. 5.

**Document Request No. 6**: All Documents concerning any agreement, arrangement, or understanding between the governments of the United States and El Salvador to confine in El Salvador individuals of any nationality who were removed or deported from the United States or transported by You from the United States to El Salvador, including (but not limited to) the memorandum issued by El Salvador's Ministry of Foreign Affairs referenced at ECF No. 31 at 6.

**Defendants' Response Document Request No. 6**: Defendants object to Document Request No. 6 as outside the scope of expedited discovery authorized under the Order. Defendants will limit their production to documents concerning: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. Defendants further object to Document Request No. 6 as overly broad and unduly burdensome to the extent it seeks "All Documents" concerning every single agreement, arrangement, or understanding between the governments of the United States and El Salvador to confine in El Salvador individuals of any nationality who were removed or deported from the United States. Defendants object to Document Request No. 6 as irrelevant to the extent it calls for documents related to individuals other than Abrego Garcia. Defendants further object to Document Request No. 6 as calling for documents that are protected by the attorney-client privilege, the deliberative process privilege, the state secrets privilege, and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Subject to and without waiving the forgoing objections, Defendants agree to produce non-privileged documents responsive to Document Request No. 6 that are in their possession, custody and control and that can be located after a reasonable search.

**Document Request No. 7**: All Documents concerning the rights the government of the United States possesses, retains, or has exercised with respect to Abrego Garcia or other individuals of any nationality who were removed or deported from the United States or transported by You from the United States to El Salvador and who are detained at CECOT, including (but not limited to) Documents concerning the decision-making authority over the long term disposition of Abrego Garcia and the other removed or deported individuals.

**Defendants' Response to Document Request No. 7**: Defendants object to Document Request No. 7 as based on the premise that the United States may exercise authority over El Salvadorean citizens detained by El Salvador within the sovereign territory of El Salvador. Defendants further object to Document Request No. 7 as outside the scope of expedited discovery authorized under the Order. Defendants will limit their production to documents concerning: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. Defendants further object to Document Request No. 7 as irrelevant to the extent it calls for documents related to individuals other than Abrego Garcia. Defendants further object to Document Request No. 7 as calling for documents that are protected by the attorney-client privilege, the deliberative process privilege, the state secrets privilege, and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Subject to and without waiving the forgoing objections, Defendants agree to produce non-privileged documents responsive to Document Request No. 7 that are in their possession, custody and control and that can be located after a reasonable search.

**Document Request No. 8**: All Documents reflecting payments You made (or payments that are to be made) in connection with the detention at CECOT of Abrego Garcia and other individuals of any nationality removed or deported from the United States or transported by You from the United States to El Salvador.

**Defendants' Response to Document Request No. 8**: Defendants object to Document Request No. 8 as outside the scope of expedited discovery authorized under the Order. Defendants will limit their production to documents concerning: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. Defendants object to Document Request No. 8 as irrelevant to the extent it calls for documents related to individuals other than Abrego Garcia. Defendants further object to Document Request No. 8 as calling for documents that are protected by the attorney-client privilege, the deliberative process privilege, the state secrets privilege, and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Subject to and without waiving the forgoing objections, Defendants agree to produce non-privileged documents responsive to Document Request No. 8 that are in

9

their possession, custody and control and that can be located after a reasonable search.

**Document Request No. 9**: All Documents concerning each instance since 2015 in which You removed, deported or transported a person of any nationality to El Salvador and later undertook efforts to Facilitate that person's return to the United States (*e.g.*, ECF No. 31 at 5 n.7; Defendants' Status Update in *Grace v. Sessions*, No. 1:18-cv-01853-EGS (D.D.C. Jan. 11, 2019), ECF No. 113).

**Defendants' Response to Document Request No. 9**: Defendants object to Document Request No. 9 as outside the scope of expedited discovery authorized under the Order. Defendants will limit their production to documents concerning: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. Defendants further object to Document Request No. 9 as irrelevant to the extent it calls for documents related to individuals other than Abrego Garcia. Defendants further object to Document Request No. 9 as calling for documents that are protected by the attorney-client privilege, the deliberative process privilege, the state secrets privilege, and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Based on these objections, Defendants will not produce documents that may be responsive to this request. Defendants are willing to meet and confer with Plaintiffs regarding Document Request No. 9.

**Document Request No. 10**: All Documents concerning each instance since 2015 in which You undertook extraterritorial efforts to Facilitate the return to the United States of an individual of any nationality who was removed or deported from the United States or transported by You from the United States to a foreign country.

**Defendants' Response to Document Request No. 10**: Defendants object to Document Request No. 10 as outside the scope of expedited discovery authorized under the Order. Defendants will limit their production to documents concerning: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. Defendants further object to Document Request No. 10 as overly broad and unduly burdensome to the extent it seeks "All Documents" concerning matters dating back to 2015. Defendants object to Document Request No. 10 as irrelevant to the extent it calls for documents related to individuals other than Abrego Garcia. Defendants further object to Document Request No. 10 as calling for documents that are protected by the attorney-client privilege, the deliberative process privilege, the state secrets privilege, and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Based on these objections, Defendants will not produce documents that may be responsive to this request. Defendants are willing to meet and confer with Plaintiffs regarding Document Request No. 10.

**Document Request No. 11**: All Documents in the possession, custody, or control of Robert L. Cerna, Evan C. Katz, Michael G. Kozak, or Joseph N. Mazzara that relate to Abrego Garcia.

**Defendants' Response to Document Request No. 11**: Defendants object to Document Request No. 11 as outside the scope of expedited discovery authorized under the Order. Defendants will limit their production to documents concerning: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. Defendants further object to Document Request No. 11 as calling for documents that are protected by the attorney-client privilege, the deliberative process privilege, the state secrets privilege, and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Subject to and without waiving the forgoing objections, Defendants agree to produce non-privileged documents responsive to Document Request No. 11 that are in their possession, custody and control and that can be located after a reasonable search.

**Document Request No. 12**: All Documents reflecting non-privileged discussions about any court order in this case, including the Supreme Court's order dated April 10, 2025.

**Defendants' Response to Document Request No. 12**: Defendants object to Document Request No. 12 as outside the scope of expedited discovery authorized

12

under the Order. Defendants will limit their production to documents concerning: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. Defendants further object to Document Request No. 12 because it is not relevant to any claims or defenses at issue in this case. Defendants incorporate their objections to definitions and objections to instructions.

Based on these objections, Defendants will not produce documents that may be responsive to this request. Defendants are willing to meet and confer with Plaintiffs regarding Document Request No. 12.

**Document Request No. 13**: A Without regard for timeframe, all Documents that You contend support Your assertions that Abrego Garcia "is a member of MS-13" (*e.g.*, ECF No. 77-1 at 12).

**Defendants' Response to Document Request No. 13**: Defendants object to Document Request No. 8 as outside the scope of expedited discovery authorized under the Order. Defendants will limit their production to documents concerning: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. Defendants further object to Document Request No. 13 as calling for information that is protected by the attorney-client privilege, the deliberative process

privilege, the state secrets privilege, and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Based on these objections, Defendants will not produce documents that may be responsive to this request. Defendants are willing to meet and confer with Plaintiffs regarding Document Request No. 13.

**Document Request No. 14**: All Documents You may rely on to support Your defenses.

**Defendants' Response to Document Request No. 14**: Defendants object to Document Request No. 14 as outside the scope of expedited discovery authorized under the Order. Defendants will limit their production to documents concerning: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. Defendants further object to Document Request No. 14 as vague and ambiguous because the meaning of "Your defenses" is unknown, seeing as Defendants have not yet had an opportunity to Answer Plaintiffs' factual allegations or asserted their defenses. Defendants further object to Document Request No. 14 as premature, to the extent is calls for documents not due until Defendants serve their initial disclosures under Federal Rule of Civil Procedure 26. Defendants further object to Document Request No. 14 as calling for documents that are protected by the attorney-client privilege, the deliberative process privilege, the state secrets

14

privilege, and the governmental privilege. Defendants incorporate their objections to definitions and objections to instructions.

Based on these objections, Defendants will not produce documents that may be responsive to this request. Defendants are willing to meet and confer with Plaintiffs regarding Document Request No. 14.

|  | Respectfully submitted, |
|---|---|
|  | **Yaakov M. Roth**<br>Acting Assistant Attorney General<br>Civil Division |
|  | **/s/ Drew Ensign**<br>**Drew C. Ensign**<br>Deputy Assistant Attorney General<br>Office of Immigration Litigation<br>Civil Division<br>U.S. Department of Justice<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530<br>(202) 514-2000<br>drew.c.ensign@usdoj.gov |
|  | **Ernesto Molina**<br>Deputy Director<br>Office of Immigration Litigation |
| Dated: April 21, 2025 | *Counsel for Defendants–Appellant* |