IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KILMAR ARMANDO ABREGO GARCIA, *et al.*, | * | |
| Plaintiffs, | * | |
| | | Civil Action No. 8:25-cv-00951-PX |
| v. | * | |
| KRISTI NOEM, Secretary, United States Department of Homeland Security, *et al.*, | * * * | |
| Defendants. | | |
| | * | |
| | *** | |

**ORDER**

Pursuant to this Court's Letter Order Regarding the Filing of Discovery Motions (ECF No. 80), Plaintiffs have notified the Court of seemingly intractable discovery disputes that require immediate attention to remain on the expedited discovery schedule. ECF Nos. 79 & 98. To facilitate the just and expeditious production of discovery, the Court rules on Defendants' stated objections included within their answers to Interrogatories and responses to Requests for Production of Documents ("RPDs").[1]

**I.      Ruling on General Objections**

**1.      "False Premise" Objections.** Defendants object to certain discovery because they claim the requests are based on the "false premise that the United States can or has been ordered to facilitate Abrego Garcia's *release from custody* in El Salvador."[2] *See* Defs.' Objs. & Resps. to

---

[1] The Defendants' objections to the RPDs often invoke the same grounds using the same language as in their answers to Interrogatories. *See* Defs.' Objs. & Resps. to Pls.' First Set of Expedited Reqs. for Produc., ECF No. 98-2. In the interests of timely guidance to the parties, all rulings as to the objections in the answers to Interrogatories apply with equal force to the objections stated in the response to the RPDs. Where necessary, the Court will identify the companion RPD that is covered by a particular ruling.

[2] *See, e.g.*, Defs.' Objs. & Resps. to Pls.' First Set of Expedited Interrogs. Nos. 1, 3 & 6.

Pls.' First Set of Expedited Interrogs., ECF No. 98-1 at 3.  Defendants—and their counsel—well know that the falsehood lies not in any supposed "premise," but in their continued mischaracterization of the Supreme Court's Order.  That Order made clear that this Court "properly required the Government to 'facilitate' Abrego Garcia's release from custody in El Salvador and to ensure that his case is handled as it would have been had he not been improperly sent to El Salvador."  *See Noem v. Abrego Garcia*, 604 U.S. — (2025), slip op. at 2; *see also Abrego Garcia v. Noem*, No. 25-1404, 2025 WL 1135112, at *1 (4th Cir. Apr. 17, 2025).  Defendants' objection reflects a willful and bad faith refusal to comply with discovery obligations.  The objection is overruled.  Defendants are therefore ordered to supplement their answers in full compliance with the Federal Rules of Civil Procedure.  Their answers must include facts responsive to the requests, not oblique and incomplete, non-specific characterizations.  *See* Fed. R. Civ. P. 33(b)(3) (requiring that each interrogatory be answered "fully").

2.      **Privilege Assertions.**  Equally specious, Defendants' objections on the grounds of privilege are rejected.  Defendants invoke in name only a range of protections—attorney-client privilege, the work-product doctrine, the deliberative process privilege, the state secrets privilege, and an undefined "governmental privilege"—without providing any supporting information or analysis.[3]  As Defendants and their counsel know, the proponent of a privilege must demonstrate the legal and factual bases to invoke the protections that such privilege affords.  *See Jones v. Murphy*, 256 F.R.D. 510, 513 (D. Md. 2008), *aff'd*, No. CIV. CCB-05-1287, 2009 WL 604937 (D. Md. Feb. 23, 2009) ("The burden is on the proponent of the privilege, here the defendants, to demonstrate 'not only that an attorney-client relationship existed, but also that the particular communications at issue are privileged [(confidential)] and that the privilege was not waived.'")

---

[3] *See, e.g.*, Defs.' Objs. & Resps. to Pls.' First Set of Expedited Interrogs. Nos. 1–7, 9–13.

(quoting *In Re: Grand Jury Subpoena*, 341 F.3d 331, 335 (4th Cir. 2003)).  To that end, the proponents of the privilege must produce a privilege log that specifically identifies each document or communication and the type of privilege being asserted.  *See* Fed. R. Civ. P. 26(b)(5); *see also* D. Md. Loc. R. App. A, Guideline 10.  And yet, Defendants and counsel stubbornly refuse to provide *any* basis for the same.  Given that this Court expressly warned Defendants and their counsel to adhere strictly to their discovery obligations, *see* Hr'g Tr. 11:24–12:2, Apr. 16, 2025 ("Because in fairness, Mr. Ensign, [if] you're not going to answer the questions that the plaintiffs put within the scope of my order, then you'll justify why.  You'll cite privilege, you'll follow the rules, I'll make a determination."), their boilerplate, non-particularized objections are presumptively invalid and reflect a willful refusal to comply with this Court's Discovery Order and governing rules.  ECF No. 79.  Although Defendants state now that they are willing to "meet and confer" with counsel about the production of such a log, ECF No. 98-1 at 23, their repeated refusals to meet and confer about much of anything else undermine the reliability of this assertion.  ECF No. 98 at 2.  The Court thus finds this offer was not made in good faith.

Nor does the Court find Defendants' protestations regarding the abbreviated time-line persuasive.  For weeks, Defendants have sought refuge behind vague and unsubstantiated assertions of privilege, using them as a shield to obstruct discovery and evade compliance with this Court's orders.  Defendants have known, at least since last week, that this Court requires specific legal and factual showings to support any claim of privilege.  Yet they have continued to rely on boilerplate assertions.  That ends now.  If Defendants want to preserve their privilege claims, they must support them with the required detail.  Otherwise, they will lose the protections they failed to properly invoke.  Accordingly, by no later than **6:00 PM on April 23, 2025**, Defendants shall supplement their answers and responses to provide the specific legal and factual

3

bases for each asserted privilege and produce a privilege log that fully complies with the Federal Rules of Civil Procedure and this Court's Local Rules. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii); *see also* D. Md. Loc. R. App. A, Guideline 10.

**3.     Objections to Discovery Predating April 4, 2025.**  Defendants object to any discovery requests concerning events predating the Court's April 4, 2025 Order as beyond the scope of the expedited discovery.  ECF No. 98-1 at 3 & 98-2 at 3.  Defendants' arbitrarily cramped reading of the Court's order is rejected.  At a minimum, the discovery period contemplates the time immediately preceding Abrego Garcia's lawless seizure on March 12, 2025, and his transport to and confinement in CECOT, which all predate April 4, 2025.  This is particularly relevant to Abrego Garcia's custodial status today, if for nothing else, the Plaintiffs are entitled to discover all relevant and probative evidence that undermines the Defendants' incomplete and evasive answer that Abrego Garcia is in the "sovereign, domestic custody" of El Salvador.  Indeed, custody can be joint, and custodial status may be controlled by the Defendants acting in concert with El Salvador.  The Court thus overrules Defendants' "beyond the scope" objections and directs that Defendants supplement their discovery answers and responses accordingly.

**4**.     **"Outside the Scope" Objections.**  Defendants further object to discovery that is supposedly "outside the scope of expedited discovery authorized under the Order, to the extent is [sic] seeks information about Abrego Garcia's removal to El Salvador, his initial placement in CECOT or his continued confinement in CECOT."[4]  The Court overrules this objection. Information regarding Abrego Garcia's removal, as well as placement and confinement in CECOT cut to the heart of the inquiry; namely, what steps, if any, Defendants have taken or will take "to 'facilitate' Abrego Garcia's release from custody in El Salvador and to ensure that his case is

---

[4] *See, e.g.*, Defs.' Objs. & Resps. to Pls.' First Set of Expedited Interrogs. Nos. 5, 7–14.

handled as it would have been had he not been improperly sent to El Salvador." *Noem v. Abrego Garcia*, 604 U.S. — (2025), slip op. at 2; *see also Abrego Garcia v. Noem*, No. 25-1404, 2025 WL 1135112, at *1 (4th Cir. Apr. 17, 2025). The areas are also relevant and probative as to whether Defendants have made "in good faith all reasonable efforts to comply" with this Court's Orders. *See United v. Ali*, No. 16-1655, 874 F.3d 825, 831–832 (4th Cir. 2017). "Good faith requires 'presence of honest intention . . . to effectuate the aim . . . .'" *Carolin Corp v. Miller*, 886 F.2d 693, 700 (4th Cir. 1989) (quoting *In re North Redington Beach Assoc.*, 91 B.R. 166, 169 (Bankr. M.D. Fla. 1988); *see Noem v. Abrego Garcia*, 604 U.S. — (2025), slip op. at 2 (explaining that compliance with the Order would require the Government "to share what it can concerning the steps it has taken and the prospect of further steps."). To aid the Plaintiffs in understanding whether the Defendants have sought to comply with such orders in good faith, this general objection must be rejected.

## II.    Ruling on Specific Objections & Incomplete Responses

**1.**    Defendants' answer to **Interrogatory No. 5**, in which they name exactly two individuals who "have been or will be involved in any of the actions responsive to Interrogatories 1–4 or in ordering or authorizing Abrego Garcia's removal to El Salvador, his initial placement in CECOT or his continued confinement in CECOT," reflects a deliberate evasion of their fundamental discovery obligations. Defendants identify only Robert Cerna, Acting Field Office Director for Harlingen, and Evan Katz, Assistant Director for the Enforcement and Removal Operations at DHS, as the universe of individuals responsive to the question. Given the context of this case, Defendants have failed to respond in good faith, and their refusal to do so can only be viewed as willful and intentional noncompliance. Defendants must supplement their answer to include all individuals involved as requested in this interrogatory.

**2.** Defendants' answer to **Interrogatory No. 7** is vague, evasive, and incomplete. Defendants' nonspecific reference to "a conversation" with "a representative" does not nearly satisfy their obligation to provide all relevant, nonprivileged information with specificity. Defendants must supplement. ECF No. 98-1 at 11.

**3.** Defendants object to the overbreadth of **Interrogatory Nos. 9, 10 & 11**. To facilitate expedited and targeted discovery, Plaintiffs are directed to refine their requests to focus specifically on any agreement, arrangement, or understanding between the United States and El Salvador related to the removal and confinement of Abrego Garcia and any other individuals who were transported with him on March 15, 2025. *See* Decl. of Robert Cerna, ECF No. 11-3, ¶ 6 ("On March 15, 2025, two planes carrying aliens being removed under the Alien Enemies Act ("AEA") and one carrying aliens with Title 8 removal orders departed the United States for El Salvador. Abrego-Garcia, a native and citizen of El Salvador, was on the third flight and thus had his removal order to El Salvador executed.").[6]

**4.** Defendants must answer **Interrogatory No. 12.** The interrogatory is limited to all efforts the Government has taken to facilitate the return of aliens wrongfully removed to El Salvador. The request is particularly relevant and probative to whether Defendants are taking any steps in good faith to comply with this Court's facilitation order involving the very country to which Abrego Garcia's was wrongfully removed. The Court also rejects that this narrow request is "unduly burdensome" because Defendants have made absolutely no showing as to why it cannot, with a modicum of due diligence, answer the question. *See* Fed. R. Civ. P. 26(b)(2)(B). Merely saying so will not suffice, especially where Defendants keep such records in the ordinary course. ECF No. 79 at 5 n. 1.

---

[6] For clarity, this ruling also applies to Defs.' Objs. & Resps. to Pls.' First Set of Expedited Reqs. for Prod. of Docs. Nos. 6–8.

**5.** Likewise, as to **Interrogatory No. 13,** Defendants posit the same objections previously discussed. *See infra* at 6. These objections are rejected for the same reasons here. Defendants must respond.[7]

**6.** As to **Interrogatory No. 14** seeking the complete factual bases for Defendants' assertion that Abrego Garcia is a member of MS-13, Defendants' relevancy and scope objections are rejected. Defendants have previously articulated in their daily updates as to Abrego Garcia's custodial status and his potential return that DHS would eventually take Abrego Garcia into custody and either remove him to another country or terminate withholding of removal because of his purported "membership in MS-13, a designated foreign terrorist organization." ECF No. 77 at 2. Defendants cannot invoke the moniker of MS-13 as responsive to the Court's previous order, ECF No. 77 at 1–2, then object to follow-up interrogatories seeking the factual bases for the same. Defendants must supplement this answer.[8]

**7.** To maintain the targeted and expeditious nature of this discovery period, the Court finds **Interrogatory No. 15** overbroad and not squarely relevant to the issues before the Court. The request for "the identity and role of every U.S. official or employee with knowledge of the facts alleged in the Complaint," as well as those involved in any submission to this Court, the Fourth Circuit or the Supreme Court, is too broad to extract a meaningful and timely response. The interrogatory is stricken as written.[9]

### III. Conclusion

Based on the foregoing, the Defendants' objections are largely overruled and sustained in part only as to Interrogatories 9–11 and RPDs 6–8. Plaintiffs must narrow Interrogatories 9–11

---

[7] For clarity, the rulings as to Interrog. Nos. 12 & 13 apply to Reqs. for Prod. Nos. 9 & 10, respectively.
[8] For clarity, this ruling also applies to Req. for Prod. No. 13.
[9] For clarity, this ruling also applies to Req. for Prod. No. 14.

and RPDs 6–8 consistent with this Order and resubmit to Defendants by no later than **8:00 PM tonight**. Defendants shall answer and respond to all outstanding discovery requests and supplement its invocation of privilege as directed by no later than **6:00 PM April 23, 2025**.

So Ordered.

<table>
<tr><td>April 22, 2025<br>Date</td><td>/S/<br>Paula Xinis<br>United States District Judge</td></tr>
</table>