IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KILMAR ARMANDO
ABREGO GARCIA, et al.,

        Plaintiffs,

v.

KRISTI NOEM, et al.,

        Defendants.

Case No. 8:25-cv-00951-PX

**MEMORANDUM OF LAW IN SUPPORT OF PRESS MOVANTS'
MOTION TO INTERVENE AND UNSEAL COURT RECORDS**

Proposed Intervenors, fourteen news organizations that have reported on this case (the "Press Movants"),[1] respectfully move to intervene in this matter for the limited purpose of seeking to unseal certain court records. The eyes of the public and all three branches of government are on this lawsuit: in the weeks since it was filed, the case has already been before the U.S. Supreme Court and the Fourth Circuit (twice), the President has discussed it during a nationally televised interview and on social media, and members of Congress have traveled internationally to meet Plaintiff Kilmar Armando Abrego Garcia and investigate the conditions of his detention. The case raises profound questions of separation of powers, civil liberties, and foreign relations. Such a case requires maximum transparency so that "the public [can] participate in and serve as a check upon" their government. *Globe Newspaper Co. v. Super. Ct.*, 457 U.S. 596, 606 (1982).

---

[1] The Press Movants are Dow Jones & Company, Inc., publisher of The Wall Street Journal, American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Bloomberg L.P., Cable News Network, Inc., CBS Broadcasting Inc. o/b/o CBS News, Fox News Network, LLC, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBCUniversal News Group, The New York Times Company, The New Yorker, NYP Holdings, Inc., publisher of The New York Post, Reuters News & Media Inc., and WP Company LLC d/b/a The Washington Post.

To ensure such transparency, "the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings," which "springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny." *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014). This "right of public access, whether arising under the First Amendment or the common law, 'may be abrogated only in unusual circumstances.'" *Id.* at 266 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988)). Even in those circumstances, "a court must first give the public notice of a request to seal and a reasonable opportunity to challenge it," and then "[t]he court must consider less drastic alternatives to sealing and, if it decides to [grant sealing], must state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Stone*, 855 F.2d at 181 (cleaned up).

Two weeks ago, however, the parties began filing submissions in this matter under seal—seemingly without requesting or receiving permission from the Court to do so. First, the parties jointly filed a sealed request for a conference with the Court (ECF No. 98). Then, the government filed a sealed motion (ECF No. 101), and Plaintiffs filed a sealed response (ECF No. 102). Finally, last week, the government filed another sealed motion (ECF No. 104), which was denied "[f]or the reasons stated on the record during today's proceeding" (ECF No. 106), despite no hearing being noticed on the docket or appearing on the Court's calendar. Moreover, while releasing a hearing transcript after the fact is not an adequate substitute for contemporaneous access, the Press Movants have been told that no public transcript of the hearing is even available. The docket also skips over one entry (ECF No. 105) entirely, without any indication of what is missing or why. Not a single sealing motion or sealing order appears in the public record.

2

This unexplained sealing of court records is especially concerning in such a closely watched case, because "[p]eople in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572 (1980). The Press Movants therefore request that the Court grant their limited request to intervene and promptly unseal these records.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs filed this lawsuit after Abrego Garcia was deported to El Salvador in March 2025 "[t]hrough administrative error." *See* Apr. 6, 2025 Mem. Op. at 2 n.3, 5-7 (ECF No. 31). An immigration judge had previously ordered that Abrego Garcia, who was born in El Salvador, could not be removed to that country having shown that he "face[d] clear probability of persecution" there. *Id.* at 2-4. Plaintiffs filed an emergency motion for a temporary restraining order, *see* ECF No. 2, on March 24, 2025, followed by a renewed motion on March 25, 2025. *See* ECF No. 6. The Court granted the renewed motion, "construed as one for preliminary injunctive relief," and directed the government "to facilitate and effectuate the return of Plaintiff Kilmar Armando Abrego Garcia to the United States." *See* Apr. 4, 2025 Order at 2 (ECF No. 21).

The government appealed to the Fourth Circuit and filed an emergency motion there for a stay pending appeal, which the Fourth Circuit denied. *Abrego Garcia v. Noem*, 2025 WL 1021113 (4th Cir. Apr. 7, 2025). While that motion was pending at the Fourth Circuit, the government also filed an application to the Supreme Court to vacate this Court's injunction, which the Supreme Court granted in part and denied in part. *Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025). The Supreme Court held that (1) this Court "properly require[d] the Government to 'facilitate' Abrego Garcia's release from custody in El Salvador and to ensure that his case is handled as it would have been had he not been improperly sent to El Salvador"; (2) this Court

3

"should clarify its directive" with respect to the term "effectuate," and in doing so should give "due regard for the deference owed to the Executive Branch in the conduct of foreign affairs"; and (3) "the Government should be prepared to share what it can concerning the steps it has taken and the prospect of further steps." *Id*.

Following the Supreme Court's ruling, this Court entered an amended injunction order directing the government to "take all available steps to facilitate the return of Abrego Garcia to the United States as soon as possible." Apr. 10, 2025 Order at 1 (ECF No. 51). Plaintiffs subsequently moved for expedited discovery into the extent of the government's efforts to facilitate Abrego Garcia's return, *see* ECF No. 62, which the Court granted, *see* Apr. 15, 2025 Order (ECF No. 79). The Court allowed Plaintiffs to propound written discovery requests on the government, with responses due April 21, 2025, and permitted Plaintiffs to take the depositions of four specific individuals, to be completed by April 23, 2025. *Id.* at 7.

The government subsequently appealed the amended injunction order to the Fourth Circuit. *See* ECF No. 85. It also moved for an emergency stay and writ of mandamus to vacate the discovery order. *See* ECF No. 86. On April 17, 2025, the Fourth Circuit denied both of those requests. *Abrego Garcia v. Noem*, 2025 WL 1135112, at *1 (4th Cir. Apr. 17, 2025).

On April 22, 2025, the parties jointly filed a sealed request for a conference with this Court. *See* ECF No. 98.[2] That same day, the Court emphasized "the targeted and expeditious nature of this discovery period," directed Plaintiffs to narrow certain discovery requests, and

---

[2] This filing is sealed and not accessible on PACER, but the record is publicly available at https://storage.courtlistener.com/recap/gov.uscourts.mdd.578815/gov.uscourts.mdd.578815.98.0.pdf. It is not clear on the face of the filing why it was originally sealed, nor is it apparent why the record remains sealed when its contents are public. *See, e.g.*, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) (courts "simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again").

4

ordered the government to "answer and respond to all outstanding discovery requests and supplement its invocation of privilege." *See* Apr. 22, 2025 Order at 7-8 (ECF No. 100).

The next day, April 23, 2025, the government filed a sealed motion to stay discovery for one week, *see* ECF No. 101, and the Plaintiffs filed a sealed response, which is described on the docket as an opposition to the government's motion, *see* ECF No. 102. Yet the Court entered an order staying discovery for one week based on "agreement of the parties." *See* Apr. 23, 2025 Order (ECF No. 103). On April 29, 2025, the government filed another sealed motion, the nature of which is not described on the public docket, *see* ECF No. 104, but which an April 30, 2025 paperless order discloses was another motion to stay discovery, *see* ECF No. 106. The Court denied that motion "[f]or the reasons stated on the record during today's proceeding." *Id*.

The case docket does not provide notice of an April 30, 2025 hearing, and the District's public calendar does not reflect a hearing in this matter on that date, either. *See* Decl. of Maxwell S. Mishkin, Ex. A (copy of public calendar for the week of April 28, 2025). Indeed, according to the court reporter assigned to this case, "[t]here is not a public record to provide" for that April 30, 2025 proceeding. *See id*. Ex. B (response to transcript request). Additionally, the docket skips over ECF No. 105 entirely and without any explanation.

For the reasons below, the Press Movants now respectfully move to unseal the following court records in this case: ECF Nos. 98, 101, 102, 104, 105, and a transcript of the April 30, 2025 hearing referenced in ECF No. 106 (the "Sealed Records").[3]

---

[3] Though the Press Movants request a transcript of the April 30, 2025 proceeding, it bears note that "[s]uch a transcript would not fully implement the right of access because some information, concerning demeanor, non-verbal responses, and the like, is necessarily lost in the translation of a live proceeding to a cold transcript." *United States v. Antar*, 38 F.3d 1348, 1360 n.13 (3d Cir. 1994). "Documentary access" is therefore "not a substitute for concurrent access, and vice versa." *Id*.

## ARGUMENT

The Sealed Records are subject to the First Amendment and common law right of access, and neither the parties nor the Court have offered any explanation on the record as to why they are not currently available to the public. The Court should therefore permit the Press Movants to intervene and grant their motion for access to the Sealed Records.

### I. THE COURT SHOULD PERMIT PRESS MOVANTS TO INTERVENE FOR THE LIMITED PURPOSE OF SEEKING ACCESS TO THE SEALED RECORDS

The Supreme Court has held that, because the public has a right of access to judicial records and proceedings, "representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion." *Globe Newspaper Co.*, 457 U.S. at 609 n.25 (cleaned up). To effectuate the Supreme Court's instruction, the Fourth Circuit has long and consistently allowed members of the press and public to intervene in civil cases for the limited purpose of seeking to unseal court records or proceedings. *See, e.g.*, *Doe*, 749 F.3d at 262 (considering decision on motion to intervene to access court docket and records); *Rosenfeld v. Montgomery Cnty. Pub. Sch.*, 25 F. App'x 123, 131 (4th Cir. 2001) ("The press has standing to intervene in actions in which it is not otherwise a party to seek review of a district court's order sealing documents and court records."); *Rushford v. New Yorker Mag.*, 846 F.2d 249, 252 (4th Cir. 1988) (stating that "The Washington Post filed a motion for leave to intervene . . . for the limited purpose of unsealing the summary judgment pleadings" and that "we granted The Washington Post's motion for leave to intervene . . . for that limited purpose"). "[C]ontrolling precedent" thus "establish[es] that permissive intervention to challenge sealing orders may be granted for a broad range of third parties, including the press." *Hisp. Nat'l L. Enf't Ass'n NCR v. Prince George's Cnty.*, 2021 WL 168458, at *3 (D. Md. Jan. 19, 2021).

6

This Court should follow that precedent—and give effect to Local Rule 105.11, which provides that courts in this District should "permit the filing of objections [to sealing] by interested parties"—by permitting the Press Movants to intervene in this matter for the limited purpose of seeking access to the Sealed Records.

## II. THE COURT SHOULD GRANT PUBLIC ACCESS TO THE SEALED RECORDS

The common law and First Amendment both provide powerful rights of access to court records and proceedings. Under the common law, "there is a presumption of access accorded to judicial records," which is overcome only when "countervailing interests heavily outweigh the public interests in access." *Rushford*, 846 F.2d at 253. Under the "more rigorous First Amendment standard," by contrast, any "denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Id.* Here, under either standard, the Court should grant public access to the Sealed Records.

### A. The Records Should Be Unsealed Under the First Amendment Right of Access

When the First Amendment right of access applies to a judicial record or proceeding, "access may be restricted only if closure is necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest." *Doe*, 749 F.3d at 266 (cleaned up). In this Circuit, "[t]he First Amendment right of access has been held expressly to apply in criminal cases, and to materials made part of a dispositive motion in civil cases," but "there is no reason to assume that the First Amendment protection does not apply even more broadly, to non-dispositive motions and materials, such as those at issue here." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D. Md. 2009). Indeed, "the precedent strongly favors that view," such that "the higher burden for sealing" applies to these records as well. *Id.*

7

Neither the parties nor the Court have articulated on the public record how the withholding of the Sealed Records is necessary to advance a compelling government interest. Nor are there any public findings that sealing these records entirely is narrowly tailored to serving that interest, such as a finding that targeted redactions would not sufficiently protect that interest. The Court should therefore promptly unseal the Sealed Records under the First Amendment right of access.

### B.     The Records Should Be Unsealed Under the Common Law Right of Access

In addition to the First Amendment right of access, "[t]he common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" *Doe*, 749 F.3d at 265-66 (quoting *Rushford*, 846 F.2d at 253). Under this right of access as well, the Court should promptly unseal the Sealed Records.

**First**, the Sealed Records—the parties' April 22 request for a conference (ECF No. 98), the government's April 23 motion (ECF No. 101) and Plaintiffs' April 23 response (ECF No. 102), the government's April 29 motion (ECF No. 104), a transcript of the Court's April 30 hearing on that motion (referenced in ECF No. 106), and the missing filing in between (ECF No. 105)—are all court records that "play a role in the adjudicative process." *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. § 2703*, 707 F.3d 283, 290 (4th Cir. 2013). The common law right of access applies to them and they are presumptively public.

**Second**, the public has a powerful interest in access to the Sealed Records. As a general matter, "[t]he interest of the public and press in access to civil proceedings is at its apex when the government is a party to the litigation," because "the public has a strong interest in monitoring not only functions of the courts but also the positions that its elected officials and government agencies take in litigation." *Doe*, 749 F.3d at 271. As to these records specifically, the public has

8

a substantial interest in understanding, *inter alia*, (1) why the Court would grant a stay of discovery just one day after emphasizing the "expeditious nature of this discovery period," *see* ECF No. 100 at 7; (2) why the Court described that stay as entered "[w]ith the agreement of the parties," *see* ECF No. 103, when the public docket reflects that Plaintiffs opposed the government's request for a stay, *see* ECF No. 102; and (3) why the Court then denied the government's second motion to stay discovery, *see* ECF No. 104, and resumed "expedited discovery," *see* Apr. 30, 2025 Order at 1 (ECF No. 107). Access to the Sealed Records would therefore promote "understanding the system in general and its workings in [this] particular case." *Richmond Newspapers*, 448 U.S. at 572.

**Third**, "the party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption" of public access, *Rushford*, 846 F.2d at 253, but neither the parties nor the Court have articulated, on the record, any interest in sealing, let alone one sufficient to overcome the public's interest in access to the records in this case. Nor does the record reflect that the parties proposed or that the Court "consider[ed] alternatives before sealing" these records, which "is particularly troubling, because it would be an unusual case in which alternatives could not be used to preserve public access to at least a portion of the record[s]." *Stone*, 855 F.2d at 182. Indeed, that is why the Fourth Circuit requires district courts to "provide a clear statement, supported by specific findings, of its reasons for sealing any records or documents, as well as its reasons for rejecting measures less drastic than sealing them." *Id.* No such statement was provided on the public record here.

Because the common law right of access applies to the Sealed Records, the public has a powerful interest in accessing them, and neither party has identified any interest in continuing to seal them, the Court should promptly unseal these records and place them on the public docket.

## CONCLUSION

For the foregoing reasons, the Press Movants respectfully request that the Court grant their motion to intervene and unseal the Sealed Records (ECF Nos. 98, 101, 102, 104, 105, and a transcript of the April 30, 2025 hearing referenced in ECF No. 106) and promptly place those records on the public docket. The Press Movants further request that the Court provide notice and an opportunity to object, and require compliance with Local Rule 105.11, if the parties seek to file additional records or hold additional proceedings under seal in this matter.

Dated: May 6, 2025           Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Maxwell S. Mishkin*
Maxwell S. Mishkin (D. Md. Bar No. 20650)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
mishkinm@ballardspahr.com

Isabella Salomão Nascimento
   (*pro hac vice* forthcoming)
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Tel: (612) 371-3281
Fax: (612) 371-3207
salomaonascimentoi@ballardspahr.com

*Counsel for the Press Movants*