IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KILMAR ARMANDO
ABREGO GARCIA, *et al.*,   *

    Plaintiffs,   *

                                    Civil Action No. 8:25-cv-00951-PX

v.   *

KRISTI NOEM, Secretary,   *
United States Department   *
of Homeland Security, *et al.*,   *

    Defendants.
                                    *
                                   ***

## ORDER

The Court has reviewed ECF No. 108, the Motion to Intervene and Unseal Court Records, and ECF No. 112, the Joint Motion for Discovery Conference. The Court hereby orders:

1. Parties' responses to the Motion to Intervene (ECF No. 108) are due by **Tuesday, May 20, 2025**. Any replies shall be filed by **Tuesday, May 27, 2025**.

2. The Court requires formal briefing of the Defendants' invocations of privilege, principally the state secrets and deliberative process privileges, as discussed in ECF No. 112. Accordingly, by **Monday May 12, 2025,** the parties shall submit simultaneous briefs, not to exceed 25 pages exclusive of exhibits, addressing the legal and factual bases for the invocation of those privileges, including Plaintiff's request for the Court to conduct *in camera* review of the withheld documents. On the same date, Defendants shall provide the privilege log discussed in ECF No. 112 to the Court.

3. The Court will hold an in-person hearing on **Friday, May 16, 2025, at 1:00 PM** in the United States District Court for the District of Maryland, Greenbelt Division, Courtroom 2C, to address solely the matters raised in ECF No. 112 and the parties' supplemental

1

briefing.

4. Pending resolution of matters raised in ECF No. 112, the Court suspends the previously imposed deadline for the Plaintiffs' supplement to their motion at ECF No. 62 and Defendants' response. The Court will reset those deadlines on or after the May 16 hearing.

5. Lastly, as this litigation proceeds, the Court emphasizes the importance of transparency and adherence to procedural rules governing sealed filings. These standards apply equally to letter submissions and formal briefs. While provisional sealing was permitted in the early stages of this case to accommodate its expedited nature and to safeguard sensitive information, the parties must now strictly comply with the Court's Local Rules governing sealed filings. Under Local Rule 105.11 (D. Md.), any proposed sealed document must be accompanied by a motion to seal. The motion to seal must include: (1) proposed reasons supported by specific factual representations that justify sealing, and (2) an explanation of why alternatives to sealing, such as redaction, would be inadequate. *See Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 28 F. Supp. 3d 465, 488 (D. Md. 2014). These requirements reflect the presumption of public access to judicial records, which may be overcome only with a compelling justification. *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Going forward, any filing submitted under seal without a compliant motion to seal will be stricken. As to the most recent filing at ECF No. 112, the proponent of sealing must file the motion to seal by not later than Friday, May 9, 2025, or the Court will unseal the document.

SO ORDERED.

May 7, 2025
Date

Paula Xinis
United States District Judge