UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| Kilmar Armando Abrego Garcia, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Kristi Noem, *et al.*, <br><br> Defendants. | Case No.: 8:25-CV-00951-PX <br> **REDACTED VERSION** |

**Plaintiffs' Motion for Leave To Take Additional Depositions**

Pursuant to the Court's April 15 and April 30 Orders, ECF Nos. 79 & 107, and Federal Rule of Civil Procedure 30(b)(6), Plaintiffs hereby move for leave to take three (3) additional depositions by oral examination of the U.S. Department of Homeland Security (**DHS**), the U.S. Department of State (**DOS**), and the U.S. Department of Justice (**DOJ**), through an officer, director, agent, or other representative from each Department who shall be designated to testify regarding all information known or reasonably available to the Departments with respect to the topics set forth in the Rule 30(b)(6) notices attached as Exhibits A–C hereto.

The relief sought herein is needed to give effect to the Court's Order granting expedited discovery. As the Court stated in that Order, "discovery is necessary in light of Defendants' uniform refusal to disclose 'what it can' regarding their facilitation of Abrego Garcia's release and return to the status quo ante." ECF No. 79 at 6. The Court thus authorized Plaintiffs to take the depositions of four Government officials who had previously submitted affidavits to the Court, noting that "[these are] the people who [the Government] said have personal knowledge of the issues before the Court." ECF No. 79 at 7; ECF No. 81, Apr. 15 Hrg. Tr. 24:2–8. Three of those four depositions have now taken place, and, as described below, Plaintiffs are still in the dark about the

Government's efforts to facilitate Abrego Garcia's release from custody and return to the United States. ██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████

The Court contemplated that this might happen and, in addition to authorizing the first four depositions, permitted Plaintiffs to seek leave to take two additional depositions. ECF No. 79 at 7; ECF No. 81, Apr. 15 Hrg. Tr. 24:2–8; 25:23–26:1. By this motion, Plaintiffs respectfully seek leave to take three more depositions. As the Government itself has noted, "this is a case that involves three different cabinet departments." ECF No. 66, Apr. 11 Hrg. Tr. 12:17–18. Given how the Rule 30(b)(1) depositions of the affiants have transpired, ████████████████████████████████

████████████████████████████████████████████████████████████ Plaintiffs believe that Rule 30(b)(6) depositions of the three involved Departments is the most efficient and least intrusive approach to obtain the necessary discovery. Rule 30(b)(6) depositions were designed to "'curb'" this kind of "'bandying'" by organizations, "where a series of organizational employees are 'deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it.'" *Payne, Inc. v. Bore Express Inc.*, 2021 WL 3022682, at *8 (D. Md. July 16, 2021) (quoting Fed. R. Civ. P. 30(b)(6) Advisory Committee Notes). By allowing the Government to identify its own Rule 30(b)(6) representatives, Plaintiffs hope to avoid imposing the burden on the heads of the Departments to testify, while properly putting the onus on the Government to prepare their chosen representatives with the Departments' complete knowledge of the narrow issues at stake in this case.

With respect to the timing of these additional depositions, as the Court recognized in its Order earlier today, ECF No. 115, the Government's invocations of privilege present a threshold issue that impacts Plaintiffs' ability to meaningfully take discovery. █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ While Plaintiffs remain mindful of the circumstances that warranted expedition in the first instance, to avoid having to recall the witnesses that are subject to this motion, Plaintiffs would respectfully propose that any additional depositions be ordered to take place following the Court's decision on the privilege issues raised in ECF No. 112. Since the same concerns attend to the previously-ordered but outstanding deposition of Mr. Kozak that is currently scheduled for Friday, May 9, 2025, Plaintiffs also intend to adjourn Mr. Kozak's deposition until after the privilege issues are resolved.

\*   \*   \*

Of the Government's four affiants, Messrs. Mazzara, Katz, and Cerna have been deposed. ████████████████████████████████████████ the three primary areas of evidence that the Court highlighted in its Order: "(1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the

3

United States; and (3) what additional steps Defendants will take, and when, to facilitate his return." ECF 79 at 7.

Plaintiffs have attached relevant excerpts of the deposition transcripts to this motion for the Court's consideration. The below are illustrative (all emphasis has been added).

As to the steps taken *in the past* to facilitate Abrego Garcia's return:





As to steps *anticipated in the future* to facilitate Abrego Garcia's return:



▪ ██████████████████████████████████████████

As to Abrego Garcia's current location and custodial status:

▪ ██████████████████████████████████████████

▪ ██████████████████████████████████████████
██████████████████████████████████
██████████████████████████

▪ ██████████████████████████████████████████
████████████████████████████████████

▪ ██████████████████████████████████████████
████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████ *See* ECF No. 61 at 2 (requiring "Defendants [to] file daily … a declaration made by an individual with personal knowledge as to any information regarding: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate his immediate return to the United States; (3) what additional steps Defendants will take, and when, to facilitate his return."). ████████████████████████████████████████

███████████████████████████████████████████████████████████
████████████████████████████████████

While the Court's Order provides that Plaintiffs may "move for leave of Court to conduct up to two additional depositions," ECF No. 107 at 2, the Government has acknowledged that "[t]his is a case that involves three different cabinet departments"—DHS, DOS, and DOJ. ██████

████████████████████████████████████████████████████████████

████████████████████████████████████████ But based on public reporting, the Executive Branch has taken no steps to request Abrego Garcia's release from custody in El Salvador pursuant to instructions received from the Attorney General and DOJ. Plaintiffs are thus requesting a third deposition—a Rule 30(b)(6) witness—from the DOJ as the most efficient means of seeking information pursuant to the Court's order.[1]

For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) grant Plaintiffs' Motion For Leave To Take Additional Depositions; and (2) order the Government to designate under Rule 30(b)(6) individuals from the Department of Homeland Security, the Department of State, and the Department of Justice who can testify about information known or reasonably available to each Department regarding the topics set forth in Exhibits A–C, respectively, with such depositions to be conducted after the Court's ruling on the privilege issues raised in ECF No. 112.

---

[1] In fact, as seems apparent from its public statements, this case also involves decision-making at the White House in addition to the three Departments. Accordingly, depending on the testimony obtained in any authorized Department depositions, Plaintiffs may need to seek additional testimony from an appropriately knowledgeable representative of the White House.

Dated: May 7, 2025

| | |
|---|---|
| **MURRAY OSORIO PLLC**<br>Simon Y. Sandoval-Moshenberg<br>Rina Gandhi<br>4103 Chain Bridge Road, Suite 300<br>Fairfax, Virginia 22030<br>(703) 352-2399<br>ssandoval@murrayosorio.com<br><br>**QUINN EMANUEL URQUHART &<br>  SULLIVAN, LLP**<br>Stephen E. Frank<br>111 Huntington Ave, Suite 520<br>Boston, MA 02199<br>(617) 712-7100<br>stephenfrank@quinnemanuel.com | */s/ Jonathan G. Cooper*<br>**QUINN EMANUEL URQUHART &<br>  SULLIVAN, LLP**<br>Jonathan G. Cooper<br>Olivia Horton*<br>1300 I St. NW, Suite 900<br>Washington, DC 20005<br>(202) 538-8000<br>jonathancooper@quinnemanuel.com<br>oliviahorton@quinnemanuel.com<br>**admitted in Texas; not admitted in D.C.<br>Supervised by attorney admitted in D.C.*<br><br>Andrew J. Rossman<br>Sascha N. Rand<br>K. McKenzie Anderson<br>Samuel P. Nitze<br>Courtney C. Whang<br>Roey Goldstein<br>Sam Heavenrich<br>Victoria Martin<br>Morgan L. Anastasio<br>295 Fifth Avenue, 9th Floor<br>New York, NY 10016<br>(212) 849-7000<br>andrewrossman@quinnemanuel.com<br>sascharand@quinnemanuel.com<br>mckenzieanderson@quinnemanuel.com<br>samuelnitze@quinnemanuel.com<br>courtneywhang@quinnemanuel.com<br>roeygoldstein@quinnemanuel.com<br>samheavenrich@quinnemanuel.com<br>victoriamartin@quinnemanuel.com<br>morgananastasio@quinnemanuel.com |

*Counsel for Plaintiffs*