# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**–Greenbelt Division–**

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA, ET AL., | |
| Plaintiffs, | Case No.: 8:25-CV-00951-PX |
| v. | |
| KRISTI NOEM, ET AL., | |
| Defendants. | |

**PLAINTIFFS' FIRST NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and the Court's Orders regarding expedited discovery (ECF Nos. 79, 107), Plaintiffs, by and through their attorneys Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), will take the deposition by oral examination of the United States Department of Justice through one or more officers, directors, agents, or other representatives who shall be designated to testify on behalf of the Department of Justice regarding all information known or reasonably available with respect to the topics set forth in **Schedule A** (each a "Topic"). The deposition will take place at ____ AM EST on May __, 2025, at a mutually convenient location, and will continue from day to day until completed. The deposition will be conducted before an officer to administer oaths, will be recorded by stenographic, audio, video, and/or real-time transcription, and is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes permitted under the Rules of Civil Procedure and the rulings of the Court in this action.

Dated:  May ▓▓ , 2025

**MURRAY OSORIO PLLC**
Simon Y. Sandoval-Moshenberg
Rina Gandhi
4103 Chain Bridge Road, Suite 300
Fairfax, VA 22030
(703) 352-2399
ssandoval@murrayosorio.com

**QUINN EMANUEL URQUHART &**
  **SULLIVAN, LLP**
Stephen E. Frank
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
stephenfrank@quinnemanuel.com

*/s/ DRAFT*

**QUINN EMANUEL URQUHART &**
  **SULLIVAN, LLP**
Jonathan G. Cooper (D. Md. Bar No. 21345)
Olivia Horton*
1300 I St. NW, Suite 900
Washington, DC 20005
(202) 538-8000
jonathancooper@quinnemanuel.com
oliviahorton@quinnemanuel.com
*admitted in Texas; not admitted in D.C.
Supervised by attorney admitted in D.C.*

Andrew J. Rossman
Sascha N. Rand
K. McKenzie Anderson
Samuel P. Nitze
Courtney C. Whang
Roey Goldstein
Sam Heavenrich
Victoria Martin
Morgan L. Anastasio
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
andrewrossman@quinnemanuel.com
sascharand@quinnemanuel.com
mckenzieanderson@quinnemanuel.com
samuelnitze@quinnemanuel.com
courtneywhang@quinnemanuel.com
roeygoldstein@quinnemanuel.com
samheavenrich@quinnemanuel.com
victoriamartin@quinnemanuel.com
morgananastasio@quinnemanuel.com

*Counsel for Plaintiffs*

2

## SCHEDULE A

The definitions, rules and instructions set forth in Federal Rules of Civil Procedure 26 through 37 are incorporated herein by reference.  The following terms are to be given the definitions set forth below.  Notwithstanding the definitions below, each word, term or phrase is intended to have the broadest possible meaning permitted under the Federal Rules of Civil Procedure.

## DEFINITIONS

1.    "**Abrego Garcia**" means Plaintiff Kilmar Armando Abrego Garcia.

2.    "**CECOT**" means the Terrorism Confinement Center in El Salvador and any other place or location at which Abrego Garcia has been held, confined, or detained since being removed to El Salvador.  *See* ECF No. 31 at 1–2; ECF 63 at ¶ 3; ECF 92 at ¶ 2.

3.    "**Communication**" shall have the broadest possible meaning permitted under the Federal Rules of Civil Procedure and means any transmittal of information in any form and of any kind, including any electronic, oral, or written transmission.

4.    "**Document(s)**" shall have the broadest possible meaning permitted under the Federal Rules of Civil Procedure and include(s), but is not limited to, electronically stored information.  A draft or non-identical copy is a separate document within the meaning of the term "document."

5.    "**El Salvador**" means the Republic of El Salvador, and includes any administrative departments, municipalities, districts, or local governmental or regulatory agency, political unit, political subdivision, agent, representative, or authority thereof.

6.    "**Facilitate**" has the meaning ascribed to it in the Court's Order Granting Expedited Discover, ECF No. 79.

1

7.    "**Include**" and "**including**" mean "including without limitation."  Use of the terms "include" or "including" herein shall not be used to limit the generality or scope of any Topic.

8.    "**Supreme Court Decision**" means the opinion of the Supreme Court of the United States issued in *Noem v. Abrego Garcia*, No. 24A949, 604 U.S. — (2025).

9.    "**United States Government**" means the government of the United States, and any and all agencies, branches, divisions and offices thereof.

10.    "**You**" and "**Your**" mean the Defendants in this case, including, as applicable, any of their officials, employees, departments, components, commissions, representatives, agents, attorneys, assigns, predecessors, affiliates, third-party experts, service providers, and any other entities, instrumentalities, or persons acting or purporting to act on their behalf.

## INSTRUCTIONS

1.    Unless otherwise indicated, the relevant time period for these Topics is January 20, 2025 through the present ("Relevant Time Period").  Each Topic shall be read to include all responsive information relating to, and created and generated during, the Relevant Time Period.

2.    Unless instructed otherwise, each Topic shall be construed independently and not by reference to any other Topic for the purpose of limitation or exclusion.

3.    Construe each word in these Topics in the broadest manner consistent with the Federal Rules of Civil Procedure, the Local Rules, and this Court's Orders.

## TOPICS

1.    The "terms of any agreement, arrangement or understanding regarding the Government's use of CECOT to house U.S. deportees." (ECF No. 79, at 1.)  This Topic includes all payments that have been made or will be made in connection with the detention at CECOT of Abrego Garcia whether or not such payments also relate to other individuals removed from the

United States, when such payments were made (or are to be made), in what amounts, and to whom; the role of each individual involved in negotiating or approving any agreement, arrangement, or understanding between the governments of the United States and El Salvador to confine in El Salvador individuals removed from the United States; the points of contact for the respective parties; the contractual rights the United States retains over the detainees, including terms regarding holding individuals pending the United States' decision as to their ultimate dispositions; and terms regarding the ending date and potential renewal of the agreement after one year. As per the definition of "CECOT," this Topic includes the "terms of any agreement, arrangement or understanding regarding the Government's use of" (ECF No. 79, at 1) any other facility in which Abrego Garcia has been held or detained since being removed to El Salvador.

2.      The "current physical location and custodial status of Abrego Garcia," including information about any custodial facility in which he has been held since March 15, 2025, any transfers of his custody to different location, the dates of such transfers, the reasons for such transfers, and who in the Government was given notice and authorized such transfers to occur. (ECF No. 79, at 3.)

3.      "What steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States." (ECF No. 79, at 3.) This Topic includes any requests or Communications by Defendants, or anyone acting on behalf of Defendants, conveyed in any form to secure Abrego Garcia's release from custody, any directions You have provided to anyone to facilitate Abrego Garcia's release from custody, and any efforts You or anyone else has made to remove any obstacles, domestic or international, that would otherwise prevent Abrego Garcia from lawfully entering the United States.

4. "What additional steps Defendants will take, and when, to facilitate [Abrego Garcia's] return."  (ECF No. 79, at 3.)

5. The basis under United States law for Abrego Garcia's detention in CECOT and any other facility in which he has been detained since being removed from the United States, including any lawful basis for him to continue being detained, in light of the Supreme Court Decision, the Fourth Circuit Court of Appeals decisions, and the U.S. District Court's decisions, in the above-captioned matter.

6. The role of each individual involved in ordering or authorizing Abrego Garcia's removal to El Salvador, his initial placement in CECOT, his continued confinement in CECOT, and his transfer and continued detention in any facility other than CECOT.

7. All instances in which the United States Government has taken any action, including any communication, outside the territorial United States to facilitate the return of any person removed from the United States, including the efforts taken by Defendants to facilitate that person's return to the United States.

8. All Communications You have had with anyone in the government of El Salvador or at CECOT concerning Abrego Garcia, including when, in what form, by whom, and to whom.

9. The complete factual basis for Your assertions that Abrego Garcia "is a member of MS-13" (*e.g.*, ECF No. 77-1 at 12), including the source of that information.

10. What Defendants did to prepare their responses and corresponding production(s) in response to Plaintiffs' Requests for Production of Documents, including: how Defendants searched for responsive material; a list of each custodial file searched; a list of each non-custodial repository searched; the search terms applied, if any; the hit reports generated, if any; and the identification

of each file that was withheld on the basis of privilege, including the specific basis for that privilege.

### DOCUMENTS TO BE PRODUCED

1.    A description of the roles and responsibility of the testifying representative(s).

2.    Any Documents that have not been produced previously and that are in Your or the designated representative(s)' possession, custody or control that relate to the Topics identified above.

3.    Any Documents that the designated representative(s) relied on in preparation of their testimony.

Dated:  May ██, 2025

| | |
|---|---|
| **MURRAY OSORIO PLLC** | */s/ DRAFT* |
| Simon Y. Sandoval-Moshenberg | **QUINN EMANUEL URQUHART &** |
| Rina Gandhi | **SULLIVAN, LLP** |
| 4103 Chain Bridge Road, Suite 300 | Jonathan G. Cooper (D. Md. Bar No. 21345) |
| Fairfax, VA 22030 | Olivia Horton* |
| (703) 352-2399 | 1300 I St. NW, Suite 900 |
| ssandoval@murrayosorio.com | Washington, DC 20005 |

**MURRAY OSORIO PLLC**
Simon Y. Sandoval-Moshenberg
Rina Gandhi
4103 Chain Bridge Road, Suite 300
Fairfax, VA 22030
(703) 352-2399
ssandoval@murrayosorio.com

**QUINN EMANUEL URQUHART &**
  **SULLIVAN, LLP**
Stephen E. Frank
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
stephenfrank@quinnemanuel.com

*/s/ DRAFT*

**QUINN EMANUEL URQUHART &**
  **SULLIVAN, LLP**
Jonathan G. Cooper (D. Md. Bar No. 21345)
Olivia Horton*
1300 I St. NW, Suite 900
Washington, DC 20005
(202) 538-8000
jonathancooper@quinnemanuel.com
oliviahorton@quinnemanuel.com
*admitted in Texas; not admitted in D.C.
Supervised by attorney admitted in D.C.*

Andrew J. Rossman
Sascha N. Rand
K. McKenzie Anderson
Samuel P. Nitze
Courtney C. Whang
Roey Goldstein
Sam Heavenrich
Victoria Martin
Morgan L. Anastasio
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
andrewrossman@quinnemanuel.com
sascharand@quinnemanuel.com
mckenzieanderson@quinnemanuel.com
samuelnitze@quinnemanuel.com
courtneywhang@quinnemanuel.com
roeygoldstein@quinnemanuel.com
samheavenrich@quinnemanuel.com
victoriamartin@quinnemanuel.com
morgananastasio@quinnemanuel.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of May, 2025 I caused to be served a copy of the foregoing Notice of Deposition Pursuant to Rule 30(b)(6) upon Defendants via electronic mail upon the following counsel of record:


Date:  May 7, 2025                                  /s/ *DRAFT*_____
                                                          *Counsel for Plaintiffs*