# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### Greenbelt Division

| | |
|---|---|
| Kilmar Armando Abrego Garcia, *et. al.*, | Case No.: 8:25-CV-00951-PX |
| *Plaintiffs*, | |
| v. | |
| Kristi Noem, Secretary of Homeland Security, *et al.*, | |
| *Defendants*. | |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE

This Court granted expedited discovery limited to "what . . . Defendants have done to 'facilitate Abrego Garcia's release from custody in El Salvador,'" including evidence about "the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return." ECF No. 79 at 6-7. The government has cooperated in good faith with Plaintiffs' expedited discovery requests. It has responded to requests for the production of documents, answered interrogatories, and prepared four individuals for their depositions. The government has expended significant time, energy, and resources—coordinating across multiple agencies, reviewing and producing documents, preparing witnesses, and assessing complex privilege issues—all within the compressed timeframe set by the Court. Plaintiffs' request for three Rule 30(b)(6) witnesses is unreasonable and goes well beyond the limited discovery the Court granted.

Plaintiffs attempt to impermissibly expand the Court's grant of limited expedited discovery to address questions the Court identified regarding Defendants' compliance with the Court's orders. Plaintiffs' latest request is for *three* plenary 30(b)(6) depositions on topics that duplicate their written discovery requests. Defendants have answered Plaintiffs' discovery requests, including providing responses to interrogatories, reviewing thousands of documents for possible production, scheduling four depositions and completing three, and providing a detailed privilege log, and the parties are engaged in good faith discussions to address Plaintiffs' questions about Defendants' document production. Preparing even a single witness for a Rule 30(b)(6) deposition is the work of weeks or months; Plaintiffs' insistence that Defendants prepare *three* such witnesses—including from the U.S. Department of Justice, which plays only the role of a legal advisor and advocate—is as unworkable on an expedited timeline as it is inappropriate.

As explained below, Plaintiffs' motion should be denied for several independent reasons. *First*, Plaintiffs' request for three Rule 30(b)(6) depositions is unreasonable. Preparing three Rule 30(b)(6) witnesses—each from a different Cabinet-level agency and expected to testify comprehensively on wide-ranging topics—is unreasonable under the expedited schedule set by the Court and unjustified given the scope of discovery. *Second*, Plaintiffs' claimed need for additional depositions arises not from any fault of the prior deponents, but from Plaintiffs' own failure to conduct focused and efficient examinations. *Third*, Plaintiffs made no effort to meet and confer with Defendants' regarding their extraordinary request for three Rule 30(b)(6) depositions before filing their motion. Plaintiffs ignored both the mandatory conferencing and certificate requirements set forth in the Local Rules and exceeded the Court's allowance of a request for leave to depose two additional individuals. Plaintiffs' motion is also premature because they have not

yet completed the four depositions that the Court has allowed. For all these reasons, the Court should deny the motion.

## **BACKGROUND**

In its April 15, 2025, order, this Court granted Plaintiffs' request for expedited discovery limited to "what Defendants have done to 'facilitate Abrego Garcia's release from custody in El Salvador and to ensure that his case is handled as it would have been had he not been improperly sent to El Salvador." ECF No. 79 at 7. As part of that order, the Court permitted Plaintiffs to notice the depositions of Robert L. Cerna, Evan C. Katz, Michael G. Kozak, and Joseph N. Mazzara and to move for leave, at a later date, to depose two additional individuals. *Id*. at 7. After the one-week stay of discovery expired, the Court extended Plaintiffs' deadline to move for leave to conduct those two additional depositions to May 7, 2025, and directed Defendants to respond by May 8, 2025. ECF No. 107 at 2. On May 7, Plaintiffs moved for leave to conduct not *two Rule 30(b)(1)* depositions but *three Rule 30(b)(6)* depositions, examining "an officer, director, agent, or other representative from" the U.S. Department of Homeland Security, U.S. Department of State, and U.S. Department of Justice. Plaintiffs have taken the depositions of Messrs. Cerna, Katz, and Mazzara, and claim that they "are still in the dark about the Government's efforts to facilitate Abrego Garcia's release from custody and return to the United States" because the deponents have "disclaimed personal knowledge of the key areas of inquiry" and "identified a laundry list of additional Government officials." Mot. 1-2. This, they claim, justifies transforming the Court's permission to move for leave for two additional Rule 30(b)(1) depositions to permission to move for three additional Rule 30(b)(6) depositions. Defendants have invoked threshold privilege issues that are now before the Court, and, as a result, Plaintiffs intend to postpone deposing Mr. Kozak. *Id*. at 3; ECF No. 115.

## DISCUSSION

I.  **THE COURT SHOULD DENY PLAINTIFFS' REQUEST FOR LEAVE TO TAKE 30(b)(6) DEPOSITIONS AS UNREASONABLE IN THE EXPEDITED DISCOVERY CONTEXT.**

Rule 30(b)(6) depositions are uniquely burdensome. *See Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 193 (4th Cir. 2019) (explaining that "the unique characteristics of Rule 30(b)(6) depositions" often require "advanced preparation"); *United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C.) ("The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome."). Preparing a designee requires a party not merely to offer testimony on matters within that individual's personal knowledge, but to investigate the full scope of the entire organization's knowledge on designated topics and prepare the witness to speak authoritatively on the entity's behalf. *Id.*; *see also* Fed. R. Civ. P. 30(b)(6); *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). Courts have repeatedly recognized that preparing even one such witness takes substantial time. *See, e.g.*, *Stephens v. City of Helen*, 2023 WL 10325432, at *2 (N.D. Ga. Apr. 24, 2023) (noticing a 30(b)(6) on March 24 provided insufficient time to prepare for a March 31 deposition). Preparing three such witnesses, from separate Cabinet-level agencies, during expedited discovery is impracticable.

This is particularly true here, where Plaintiffs' proposed deposition topics are expansive and duplicate the written discovery they have already obtained from Defendants. Preparing three Rule 30(b)(6) witnesses from separate Cabinet-level agencies to speak on all reasonably available information would require coordination across multiple agency components, additional and extensive document review, and careful attention to privilege issues—all of which is infeasible on the compressed timeline Plaintiffs propose and unnecessary given the purpose and narrow scope of discovery the Court has ordered. Preparing even a single Rule 30(b)(6) on such a timeline is infeasible and contrary to the efficient, targeted discovery the Court authorized.

4

Moreover, Plaintiffs' motion to notice a Rule 30(b)(6) deposition of the Department of Justice exposes their overreaching tactics. DOJ acts as legal counsel in this litigation and deposing opposing counsel is rarely permissible *See* S*helton v. Am. Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986) (limiting depositions of opposing counsel to circumstances when: "(1) no other means exist to obtain the information . . . ; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."); *Ulyssix Techs., Inc. v. Orbital Network Eng'g, Inc.*, 2013 WL 12241621, at *1-2 (D. Md. Feb. 25, 2013) (considering the *Shelton* factors, though noting that the Fourth Circuit has not "expressly adopted" them) Plaintiffs bear the "burden to prove that the deposition [of counsel] is necessary" and overcome the "presumption . . . against permitting the deposition" as a result of "the significant risks of implicating attorney-client privilege and work-product." *Tech. Pats. LLC v. Deutsche Telekom AG*, 2010 WL 11556702, at *1 (D. Md. Mar. 29, 2010). "The standard" also requires that Plaintiffs exhaust other means of obtaining the information before "deposing trial counsel." *Id*. at *2. Plaintiffs offer no justification for seeking testimony from the DOJ and have not met their burden to show that no other means exists for them to obtain the information; the information is relevant and nonprivileged; and the information is crucial to the preparation of the case.

Discovery must also be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The Court has already allowed Plaintiffs to notice four depositions on one topic—"what . . . Defendants have done to 'facilitate Abrego Garcia's release from custody in El Salvador.'" ECF No. 79, 107. Allowing Plaintiffs to conduct three additional depositions would put Plaintiffs' total at seven depositions on one narrow issue. Plaintiffs' request, however, is even more disproportional than that because they do not request three additional Rule 30(b)(1) depositions but Rule 30(b)(6) depositions. When one accounts for the unreasonable demand of preparing for

three Rule 30(b)(6) depositions on an expedited timeline, it is clear that Plaintiffs' request is neither reasonable nor proportional to the needs of this case.

## II.    THE COURT SHOULD DENY PLAINTIFFS' REQUEST FOR LEAVE TO ADDITIONAL DEPOSITIONS AS UNJUSTIFIED AND PREMATURE.

### A.    Plaintiffs have mischaracterized the scope of the testimony provided in the depositions.

Plaintiffs claim that of the three affiants who have been deposed, "[n]one has provided useful information regarding the three primary areas of evidence that the Court highlighted in its order: (1) the current physical location and custodial status of Abrego Garcia; (2) what steps, if any, Defendants have taken to facilitate Abrego Garcia's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return." Mot. 3-4. But the party deposing the witness dictates the course of the deposition by the strategic choices she makes in determining which questions to ask. During each of the Mazzara, Katz, and Cerna depositions, Plaintiffs failed to ask questions that fell within the reasonable scope of matters the individuals might have knowledge of and instead insisted on asking questions about privileged matters. Continuous questioning about matters Plaintiffs knew the deponents could not answer needlessly stretched each deposition to 5-7 hours. Plaintiffs' contention that prior deponents "disclaim[] knowledge" (Mot. at 2, 6) mischaracterizes what occurred. In reality, Plaintiffs devoted large portions of their questioning to areas the witnesses testified were outside their personal knowledge and to privileged matters. Plaintiffs' choice to spend hours on such unproductive lines of inquiry—not any deficiency in the witnesses' preparation—is why they failed to elicit the information they now say is missing.

In his deposition, Mr. Mazzara explained that he "supervise[s] attorneys, . . . provide[s] legal advice to the Secretary and other individual [DHS] decisionmakers . . . . [He's] not typically a decisionmaker." Mazzara Depo. 42:8-1. Plaintiffs, however, harried him with questions subject

6

to the state-secrets and attorney-client privileges or entirely outside the scope of his duties such as whether he knew "if anyone . . . within the Department of Homeland Security had called anyone at the Embassy in El Salvador regarding Mr. Abrego Garcia's custody in that country?" *Id*. 44:2-5. If he knew "what the United States is paying to El Salvador in exchange for El Salvador receiving these individuals from the U.S.?" *Id*. 188:3-6. And whether he was "aware of more than one agreement between . . . El Salvador and the United States with respect . . . to El Salvador detaining individuals from the United States?" *Id*. 178:16-19. While many of Plaintiffs' attorney's questions concerned matters more appropriately directed to the Department of State, Mr. Mazzara reiterated that the Department of Homeland Security is prepared to "facilitate [Mr. Abrego-Garcia's] presence" "when he comes into the port of entry." *Id*. 111:11-22.

During Mr. Katz's deposition, Plaintiffs spent a significant amount of time focusing on the drafting of a declaration to be submitted to the Court and what role attorneys played in drafting the declaration. Katz Depo 62:4-8 ("but was there a discussion with counsel, either orally or in writing, about putting in that sentence?"). Additionally, Plaintiffs spent significant time questioning Mr. Katz on his understanding about the legal process of how an alien granted withholding of removal could no longer be eligible for withholding of removal. Katz Depo 58:18-22 ("What's the process for—if you want to take away someone's withholding…"). By comparison, Plaintiffs only asked limited questions about what Mr. Katz's knowledge was about the current physical location of Abrego Garcia. Katz Depo 97:9-13 ("Q: Do you have an understanding of where in El Salvador Mr. Abrego Garcia is currently held? A: I do not."). Mr. Katz answered all Plaintiffs' questions to the best of his knowledge, unless they called for the disclosure of privileged information.

The deposition of Mr. Cerna was similarly noteworthy both for his responsiveness and candor and for Plaintiffs' pursuit of information beyond his knowledge or privileged material. Mr. Cerna, an Acting Field Office Director of Immigration and Customs Enforcement (ICE), was responsive to the extent of his knowledge and authority. He did not stonewall. He answered non-privileged questions directly and candidly. Any gaps in knowledge were structural—he was not the decisionmaker or responsible party for those subjects—not evasive. For example, he provided clear and thorough answers when questions were within the scope of his knowledge and duties. He answered affirmatively that ICE could retrieve detainees at contracted facilities (Cerna Dep. 141:1-8), and he described what steps he would take if tasked to return an individual back to the United States (Cerna Dep. 144:14-18). Similarly, throughout his testimony, Mr. Cerna stated when he did not know information (*e.g.*, about the actions of governmental actors other than ICE or El Salvador's custody decisions) or when he was not involved in discussions or decision-making (*see*, *generally*, Cerna Dep. 141-46, 181-83). He did not equivocate—he directly answered "No" or "I don't know" when asked whether he had knowledge of certain actions.

At the same time, just as with Mr. Mazzara, Plaintiffs chased their tails in deposing Mr. Cerna, seeking information of which he had no knowledge, information he could not have been expected to know, or information that was otherwise privileged. Where Mr. Cerna could not answer, it was almost universally due to instructions from counsel based on privilege, not evasiveness or lack of cooperation. *See, e.g.*, Cerna Dep. 79:13-16; 136:2-5. In fact, a review of the record demonstrates that Mr. Cerna was responsive and consistent, despite Plaintiffs not being disciplined or targeted in their questioning. For instance, Plaintiffs spent substantial time repeatedly asking Mr. Cerna—again, an ICE employee at the Department of Homeland Security based in Harlingen, Texas—about subjects plainly outside his responsibility or knowledge, such

as DOJ and White House actions, DOJ parole initiation, and diplomatic discussions with El Salvador (*see* Cerna Dep. 141-46, 181-83). Plaintiffs spent hours asking him misguided questions even after Mr. Cerna already testified multiple times that he had no involvement or knowledge of those areas. *See, e.g.*, Cerna Dep. 141:20-22 (wherein Plaintiffs ask whether anyone was "blessing" El Salvador's continued custody of Mr. Abrego); 183:9-11 (asking about the White House's steps towards return); 185:1-5 (asking about DOJ's steps towards return). Furthermore, many of Plaintiffs' questions openly invited rank speculation or were hypothetical. *See, e*.g., Cerna Dep. 144:2-7 (asking what steps he would take if a supervisor asked him to bring Mr. Abrego back). In sum, Plaintiffs chose to pursue repeated and speculative questioning about privileged or plainly irrelevant matters. Plaintiffs' poor preparation and execution—not any deficiency attributable to the witness—accounted for Plaintiffs' failure to elicit testimony.

Plaintiffs' demand for additional depositions is not driven by any legitimate shortfall in Defendants' discovery responses or the candor of deponents, but by dissatisfaction with the substantive answers they have received. That is not a valid basis for reopening or expanding discovery. Plaintiffs have already received extensive discovery and conducted lengthy depositions. Obtaining cumulative answers from new witnesses, particularly where prior witnesses have already addressed the topics within their knowledge, does not justify the extraordinary relief they now seek.

B. Plaintiffs' efforts to seek additional depositions are premature because they have not completed the first four depositions they noticed.

Plaintiffs' request for leave should be denied as premature. The Court in its April 15, 2025, order permitted Plaintiffs to notice the depositions of Robert Cerna, Evan Katz, Michael Kozak, and Joseph Mazzarra. ECF No. 79 at 7. In that same order, the Court further provided that Plaintiffs could seek leave to depose two additional individuals. *Id*. But Plaintiffs' request is premature

9

because they have not yet deposed Mr. Kozak who may be able to answer question that Plaintiffs claim the first three deponents could not. Mr. Kozak's deposition is currently scheduled for May 9, 2025, but Plaintiffs stated that they intend to postpone it. Mot. 3. At minimum, this Court should deny Plaintiffs' request as premature until they have completed the four depositions they have already noticed.

III.    **THE COURT SHOULD DENY PLAINTIFFS' REQUEST FOR LEAVE TO TAKE RULE 30(b)(6) DEPOSITIONS FOR FAILURE TO COMPLY WITH THE LOCAL RULES AND THE COURT'S DISCOVERY ORDER.**

A.    <u>Plaintiffs' Request Failed to Comply with the Requirement that the Parties Meet and Confer with Respect to Either the Number of Depositions or the Form of the Depositions.</u>

Plaintiffs' request should be denied for failure to confer with Defendants as required under the Local Rules. The Court's Local Rules expressly require that:

> Counsel shall confer with one another concerning a discovery dispute and make a reasonable effort to resolve the differences between them. The Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time, and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court. A "reasonable effort" means more than sending an email or letter to the opposing party. It requires that the parties meet in person or by video or telephonic means for a reasonable period of time in a good faith effort to resolve the disputed matter.

L.R. 104.7. Prior to moving for three Rule 30(b)(6) depositions, Plaintiffs did not confer with Defendants regarding the requested depositions. During the past week, the parties have conferred myriad times to discuss and resolve discovery issues, but Plaintiffs never mentioned a desire to seek depositions beyond the Court's enumerated limit, nor did they raise the prospect of seeking Rule 30(b)(6) testimony. That is why Plaintiffs do not provide the required certificate of conference, identifying when the conference was held, the topics discussed, and individuals

involved. Per the Local Rules, in such a situation, "[t]he Court will not consider <u>any</u> discovery motion" without such a certificate.  L.R. 104.7 (emphasis added). The Court should deny the request for leave until the parties confer to see if the issues presented here can be narrowed.

      **B.** <u>Plaintiffs' Request Exceeds the Limit on Additional Depositions and Departs from the Form of Deposition.</u>

Regardless, Plaintiffs' request for leave to conduct *three* additional depositions should be denied because it exceeds the Court's enumerated limit on additional depositions. In the Court's most recent discovery order, Plaintiffs were permitted to move for leave to take "two additional depositions of individuals . . . ."  *See* ECF No. 107 at 2 (citing ECF No. 79). Plaintiffs concede as much in their motion. Mot. at 2 (conceding the Court "permitted Plaintiffs to seek leave to take two additional depositions."). Plaintiffs, however, have elected to go beyond that number.  The Court should deny their motion.

///

///

///

///

///

///

///

///

///

///

///

## **CONCLUSION**

For these reasons, the Court should reject Plaintiffs' requests to schedule three Rule 30(b)(6) depositions during expedited discovery.

Respectfully submitted,

**Yaakov M. Roth**
Acting Assistant Attorney General
Civil Division

**/s/ Drew Ensign**
**Drew C. Ensign**
Deputy Assistant Attorney General
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 514-2000
drew.c.ensign@usdoj.gov

**Ernesto H. Molina, Jr.**
Deputy Director
Office of Immigration Litigation
*Counsel for Defendants*

Dated: May 8, 2025

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 8, 2025, I caused to be filed the foregoing document via CM/ECF, which caused a copy to be served on all parties.

**/s/ Drew Ensign**
**Drew C. Ensign**
Deputy Assistant Attorney General
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 514-2000
drew.c.ensign@usdoj.gov