# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| Kilmar Armando ABREGO GARCIA, et al.<br><br>*Plaintiffs*<br><br>v.<br><br>Kristi NOEM, Secretary of Homeland Security, et al.<br><br>*Defendants.* | Civ. No. 8:25-cv-00951<br><br>**DECLARATION OF GABE ROTH IN SUPPORT OF FIX THE COURT'S MOTION TO INTERVENE AND TO PROTECT THE PUBLIC RIGHT OF ACCESS** |

I, Gabe Roth, am over the age of 18 and fully competent to make the following declaration. The facts in this declaration are based on my personal knowledge and upon information either known to me or made available to me through the files and records of Fix the Court:

1. I am the Executive Director of Fix the Court, a nonpartisan, 501(c)(3) nonprofit that advocates for reforms to bring greater openness and accountability to our federal courts. I have served as the Executive Director since I founded the organization in 2014. Previously, I managed the Coalition for Court Transparency, a national alliance of media and legal organizations that advocated for the broadcast of Supreme Court proceedings.

2. In my role as Executive Director, I am responsible for the direction and management of the organization, including deciding which areas of public policy, which legislative opportunities and which federal court cases are most pertinent to our mission — and what the organization can do in each sphere to build and support a more open and accountable federal judiciary.

3. Fix the Court is one of the few nonprofit organizations in the country that works to improve public access to court records and proceedings. That is the organization's first and primary

1

"fix." Others, such as greater access to and understanding of financial disclosures, conflicts of interest and public appearances, follow from the notion that the public has a right to see or otherwise participate in the work that public servants engage in, including those who sit in the third branch of government.

4. Fix the Court believes that granting the public access to the broadest range of information available in court proceedings is a fundamental American value, consistent with the First and Sixth Amendments and other constitutional principles, and that a lack of full transparency prevents the public from learning about how government officials exercise power. Public access helps Americans form a better understanding of how the federal courts operate and helps them decide whether public servants are acting appropriately.

5. In furtherance of its advocacy, Fix the Court has prioritized public access to proceedings and courts in cases of substantial importance. So far this year, Fix the Court has contacted court personnel in eight jurisdictions across the country to request public access to livestreamed proceedings. Thanks in part to these efforts, federal courts in California, the District of Columbia, Massachusetts, New Hampshire, Rhode Island, and Washington have opted to offer remote public access to court proceedings through either an embedded media player on the court's website; online video conferencing apps, such as Zoom or YouTube; or a call-in number.

6. Fix the Court has advocated for remote public access to many of the current cases challenging executive action. The organization has advocated for access to hearings in the following cases:

   - Northern District of California: *Cnty. of Santa Clara v. Trump*, No. 25-981; *Am. Fed'n Of Gov't Emps., AFL-CIO v. OPM*, No. 25-1780; *San Francisco A.I.D.S. Found. v. Trump,* No. 25-1824; *San Francisco Unified Sch. Dist. v. AmeriCorps*, No. 25-2425

- District Court for the District of Columbia.: *Nat'l Council of Nonprofits, et al., v. OMB*, No. 25-239; *Grundmann v. Trump*, No. 25-425

- District of Massachusetts: *Doe v. Trump*, No. 25-10135; *State of New Jersey v. Trump*, No. 25-10139

- District of Maryland (in addition to the above-captioned matter): *Philadelphia Yearly Meeting v. DHS*, No. 25-243; *PFLAG v. Trump*, No. 25-337; *Am. Ass'n of Colls. for Tchr. Educ. v. Carter*, No. 25-702

- District of New Hampshire: *N.H. Indonesian Cmty. Support, v. Trump*, No. 25-38

- Southern District of New York: *Widakuswara v. Lake*, No. 25-2390

- District of Rhode Island.: *Rhode Island Latino Arts v. Nat'l Endowment for the Arts*, No. 25-79

- Western District of Washington: *State of Washington, v. Trump*, No. 25-127

7. In furtherance of this work, I have contacted the U.S. District Court for the District of Maryland to request remote public access to various proceedings, including these. For example, on February 4, 2025, and February 7, 2025, I made specific requests for remote access in *Philadelphia Yearly Meeting v. DHS*, No. 25-243, and *PFLAG v. Trump*, No. 25-337. These requests were unanswered.

8. On April 15, 2025, I emailed the Clerk of Court the following: "Please let me know if there will be a call-in number to listen remotely to today's 4:00 p.m. hearing in Abrego Garcia v. Noem (8:25-cv-00951)." She responded that day, writing, "There will not be a call-in number to listen to this case remotely. It will only be available in person at the Greenbelt Courthouse."

9. On April 21, 2025, I emailed the Clerk of Court the following: "I am writing on behalf of Fix the Court […] to request electronic public access to all future hearings in *Abrego Garcia v. Noem*, Case No. 8:25-cv-00951. This case is of obvious and significant

3

public interest, and we believe the public would benefit from greater access. If this request cannot be granted, kindly advise why." I did not receive a response.

10. On May 5, 2025, I sent a follow-up email to the Clerk of Court that stated: "Following up on my previous correspondence about *Abrego Garcia v. Noem*, Case No. 8:25-cv-00951, I'm writing again to inquire whether the court will permit remote electronic public access to any future hearings in this matter. If not, I would appreciate it if you could elaborate on the reasons why this request cannot be accommodated." In response, the Clerk of Court stated: "I cannot comment on hypothetical future hearings and whether they will have audio-only availability, but generally proceedings occurring in the courtroom are only available by attending in person at the courthouse. That is our bench's decision, though we do share requests we receive with the bench so they can periodically review this protocol."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration is executed in Falls Church, Va., on this 9th day of May, 2025.


Gabe Roth

4