# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# GREENBELT DIVISION

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA, *et al.*,<br><br>      *Plaintiffs*,<br>  v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, *et al.*,<br><br>      *Defendants*. | Case No. 8:25-cv-00951 (PX) |

**Defendants' Interim Motion to Seal Defendants' Privilege Log in Response to the Court's Order**

Pursuant to Local Rule 105.11 and the parties Stipulated Confidentiality Order, ECF No. 95, Defendants move to seal the accompanying Privilege Log submitted in response to the Court Order at ECF 134.

Defendants represent the following facts to justify sealing under Local Rule 105.11. The parties' Stipulated Confidentiality Order requires a party to file under seal any materials that have been designated as Confidential or Attorney's Eyes Only. In particular, paragraph 2 of the Confidentiality Order states:

> To the extent that any materials designated as Confidential or Attorney's Eyes Only under this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, the portions of those materials containing Confidential or Attorney's Eyes Only information shall be redacted by the filing party. Non-redacted versions shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11, provided that the Court can deny an Interim Sealing Motion

1

prior to 14 days in part or in full. Even if the filing party believes that the materials designated as Confidential or Attorney's Eyes Only are not properly classified as Confidential or Attorney's Eyes Only, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party rights under paragraph (4) of this Confidentiality Order.

ECF No. 95.

The Court's Order at ECF 134 orders the Defendants to file the Privilege Log as a part of the submission asking for Supplemental Briefs on Plaintiffs' Request for Leave to File a Motion to Compel. Defendants have designated the Privilege Log as "Confidential" and "Attorney's Eyes Only" under the Stipulated Confidentiality Order because they contain "sensitive government information." An Excel version of the document will be made available to the Court for its cononvenience. Publicly disclosing that sensitive information would likely harm ongoing diplomatic negotiations.

**Respectfully submitted,**

Yaakov M. Roth
Acting Assistant Attorney General
Civil Division

s/Drew C. Ensign
**Drew C. Ensign**
Deputy Assistant Attorney General
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878
(202) 514-2000
drew.c.ensign@usdoj.gov

Dated: May 13, 2025                                   *Counsel for Defendants*

2

## **CERTIFICATE OF SERVICE**

I certify that on May 13, 2025, I caused to be filed the foregoing document via CM/ECF, which caused a copy to be served on all parties.

<u>/s/ Drew Ensign</u>
Drew C. Ensign
Deputy Assistant Attorney General
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 514-2000
drew.c.ensign@usdoj.gov