```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MARYLAND
                         GREENBELT DIVISION


   _____
                                           )
   KILMAR ARMANDO ABREGO GARCIA,           )
   et al.,                                 )
                                           )
        Plaintiff,                         )
                                           )Docket Number
                 vs.                       )8:25-cv-00951-PX
                                           )
   KRISTI NOEM, et al,                     )
                                           )
        Defendant.                         )
   _____)

              TRANSCRIPT OF SCHEDULING CONFERENCE
                BEFORE THE HONORABLE PAULA XINIS
               UNITED STATES DISTRICT COURT JUDGE
                FRIDAY, MAY 16, 2025, AT 5:09 P.M.

   APPEARANCES:

   On Behalf of the Plaintiff:

        BY:  ANDREW ROSSMAN, ESQUIRE
             SASCHA RAND, ESQUIRE
        QUINN, EMANUEL, URQUHART & SULLIVAN, LLP
        295 5th Avenue
        New York, NY  10016
        (212)849-7000

        BY:  JONATHAN COOPER, ESQUIRE
             OLIVIA HORTON, ESQUIRE
        QUINN, EMANUEL, URQUHART & SULLIVAN, LLP
        1300 I Street NW
        Suite 900
        Washington, DC  20005
        (202)538-8000

        BY:  SIMON SANDOVAL-MOSHENBERG, ESQUIRE
        MURRAY OSORIO
        4103 Chain Bridge Road, Suite 300
        Fairfax, VA  22030
        (434)218-9376

      ***COMPUTER-AIDED TRANSCRIPTION OF STENOTYPED NOTES***
```

```
 1  APPEARANCES CONTINUED:

 2  On Behalf of the Plaintiffs:

 3       BY:  ADDY R. SCHMITT, ESQUIRE
            KROPF, MOSELEY, SCHMITT
 4          1100 H Street NW
            Suite 1220
 5          Washington, DC  20005
            (202)627-6900
 6
     On Behalf of the Defendants:
 7
            BY:  JONATHAN GUYNN, ESQUIRE
 8          DEPUTY ASSISTANT ATTORNEY GENERAL
            CIVIL DIVISION, DEPARTMENT OF JUSTICE
 9          950 Pennsylvania Avenue NW
            Washington, DC 20530
10          (202)856-4809

11  ALSO PRESENT: Alexis Raleigh, Paralegal
                  Ernesto Molina, Esquire, DOJ
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

**P R O C E E D I N G S**

(Whereupon, sealed proceedings were held and are not a part of this transcript.)

***THIS ENDS THE SEALED PORTION OF THE TRANSCRIPT***

**THE COURT:** Okay. Now, in terms of schedule going forward, the only date that we've got on the books right now -- and obviously this part need not be under seal. I'm not going to invite the world back in, but scheduling is not -- like, I'm going to memorialize it in an order, and the order will be on the docket.

So we've got a week to supplement the affidavit of Secretary Rubio. That's going to be May 23rd.

Can we make the same date for supplementing the privilege log for the existing documents on the log to the -- to the plaintiffs?

**MR. MOLINA:** Yes.

**THE COURT:** Okay. So May 23rd, defendants shall produce to the plaintiffs the amended privilege log.

And what's the ECF number of the one that you filed on the Court? Does anybody have that handy? I can find it, if we need to, but the order can refer to that one, that way it's clear. We're not imposing this on documents produced on a rolling basis, but just what was produced.

137-1, does that sound right to you all?

**MR. MOLINA:** Yes.

1        **THE COURT:** Okay. So it would be an amended
2  privilege log as -- amended privilege log, parens, ECF 137-1.
3  And you know what that means?
4        **MR. MOLINA:** Yes.
5        **THE COURT:** Okay. That's May 23rd.
6     Next, I've got two pending letter pleadings asking me to
7  allow a motion to compel.
8     What am I doing with those?
9        **MR. ROSSMAN:** There's the 30(b)(6) --
10       **THE COURT:** Issue.
11       **MR. ROSSMAN:** -- issue.
12    And then, I'm sorry, I'm a little brain dead at the end of
13 a long day, Your Honor. The -- so I think it's the privilege
14 assertions that we covered today, plus the log, that takes care
15 of that issue for the moment.
16    So what's left is the 30 -- the request on the 30(b)(6)s.
17       **THE COURT:** But there were also, as I understand it,
18 if I look at 112 and 143 together, there seem to be other areas
19 of inquiry where you're saying the defendants just have not
20 answered the rogs.
21       **MR. ROSSMAN:** Oh, oh, the most recent one, the most
22 recent one?
23       **THE COURT:** Yes. And it sort of -- it starts with
24 112. I asked for briefing on privilege.
25       **MR. ROSSMAN:** Correct.

1          **THE COURT:**  And then there does seem to be
2   developments, which, I don't know, maybe it moots 112, maybe it
3   doesn't.  I suppose -- it doesn't sound like, to Mr. Guynn's
4   point, this is really the day to talk about this.
5          **MR. ROSSMAN:**  I don't think so, Your Honor.  That
6   what I was suggesting at the outset, which is I think there
7   probably is more wood for us to chop in terms of after, you
8   know, hearing from the government today.
9          **THE COURT:**  Right.
10         **MR. ROSSMAN:**  And understanding that we're going to
11  be parallel processing with Your Honor, you know, giving us the
12  schedule you've given us.  And, you know, we'll have to -- you
13  know, get an order ultimately on the state secrets and
14  deliberative process privilege.
15     I think we can go another round of meet-and-conferring to
16  try to bring this as crystalized as we can to Your Honor.
17         **THE COURT:**  Okay.
18         **MR. ROSSMAN:**  It's still a live dispute.  And I'm
19  hopeful that today's hearing will actually narrow the field a
20  little bit.
21         **THE COURT:**  So a couple of things.
22     One thought I'm having, is that we're at the point where
23  I'm not sure informal letters to me are going to be helpful
24  anymore.  This has gotten too deep, too complicated.  I think
25  we need to move at this point to you do what you can in

```
 1  meets-and-confers.  I'm going to give you -- we have to have a
 2  deadline in place, another deadline.  Whether there's a status
 3  conference, you know, a hearing in which I can announce my
 4  ruling, and we can move forward on the questions of privilege
 5  that are going to be teed up relatively quickly.
 6       That's one.
 7       And then two is a date by which if there are any
 8  outstanding discovery issues, you formally move to compel.
 9  That's another way to do this.
10           MR. ROSSMAN:  So, Your Honor, I think in service of
11  that, what I would like to ask, if I can ask Your Honor to ask
12  defendants, is when do they intend to supplement their
13  production to include the new custodians, and when can we
14  expect to get their revised interrogatories?  And then we can
15  build a schedule around that.
16           THE COURT:  And that's a fair question, because it
17  was only recently that the government said, you know, we
18  understand that the deadlines -- or the date ranges are not
19  quite as truncated as the government first suggested, and now
20  you're -- you're willing to look at custodians that you
21  haven't.
22        So, again, keeping on a very aggressive schedule, what are
23  you preposing, defense, for a supplemental production?
24           MR. MOLINA:  Well, you know, realizing that we're
25  looking at ten additional custodians --
```

Paula J. Leeper, Federal Official Reporter - USDC
6500 Cherrywood Lane, Suite 200
Greenbelt, Maryland 20770

```
 1            THE COURT:  And that's what the plaintiffs want,
 2  right?
 3            MR. MOLINA:  Yeah, ten.
 4            THE COURT:  You want the ten additional custodians.
 5  It's not -- this is important to the plaintiff.
 6            MR. ROSSMAN:  Yeah, what we want are the people who
 7  have knowledge.  So this is what -- based on the back-and-forth
 8  that we had with defendants, this is where we landed.
 9       We're not seeking custodians just to get custodians.
10            THE COURT:  Right.
11            MR. ROSSMAN:  We're under the understanding that
12  these are likely sources of information.
13            THE COURT:  So let me just ask for frame of
14  reference, up until now, how many custodians have been subject
15  to these searches?
16            MR. ROSSMAN:  I think we have eight or nine.
17            THE COURT:  Okay.  So you're basically doubling it?
18            MR. MOLINA:  Yes.
19            THE COURT:  And discovery resumed April 30th, and
20  we're now in the middle of May.  Am I right?  We had to press
21  pause for a week.
22            MR. MOLINA:  Correct.
23            MR. ROSSMAN:  Correct.
24            THE COURT:  What I'm thinking is two weeks.
25            MR. MOLINA:  That should be doable, Your Honor.
```

1  **THE COURT:** Plaintiffs?  I mean, it's not ideal.
2  None of this is.  But it's going to take me a minute, frankly,
3  to get through the question of privilege.
4  **MR. ROSSMAN:** If we can ask -- we didn't get this
5  last time, even though we asked, I mean, if we can get a
6  rolling production, rather than just everything gets dumped on
7  the last day.
8  **THE COURT:** I think that's fair.  So as you collect,
9  identify, segregate, give it over to the plaintiffs, and that
10 means from now until the 30th, you would be getting a rolling
11 production.
12    So -- and given that it's doable, that means if you run
13 into a snag, I expect you to send, defense, send me a letter,
14 pleading, right, saying we've told the plaintiffs this, this is
15 the snag we're reaching, we need to enlarge the time.  And if
16 you don't have an agreement, then tell me that and I'll make a
17 decision.
18    Does that make sense?
19     **MR. MOLINA:** Yes, it does, Your Honor.
20    One caveat on the side is --
21     **THE COURT:** Yep.
22     **MR. MOLINA:** -- you know, understanding that the
23 state secret declaration is still out there being decided.
24     **THE COURT:** Yeah.
25     **MR. MOLINA:** That may affect how we juggle the

1  production, et cetera.  That's just me noting one complication
2  in there, but that's not in disagreement with what the Court is
3  suggesting.
4        **THE COURT:**  And I suppose what that just means is
5  that you're -- as you're doing your due diligence to make the
6  supplemental production, you may be putting certain things on a
7  privilege log for the Department of State that -- is particular
8  to state secrets?
9        **MR. MOLINA:**  Yes.
10       **THE COURT:**  Okay.  Well, all right, that's another
11 reason why I guess going forward, once you get that -- a good
12 working privilege log, then you follow that for the
13 supplemental production.
14       **MR. MOLINA:**  Yes, Your Honor.
15       **THE COURT:**  Okay.  But does that affect the two
16 weeks?  I mean, as you sit here today, it doesn't sound like --
17 it sounds like that's a reasonable schedule, but if you run
18 into trouble, you let me know.
19       **MR. MOLINA:**  That's basically it, Your Honor.  If we
20 do run into a snag, we'll run -- but I can set our target to be
21 done by two weeks from today.
22       **THE COURT:**  Then by May 30th, defendants shall
23 complete the supplemental production that is the subject of
24 ECF 143.  Does that sort of capture it?
25       **MR. MOLINA:**  That should capture it, Your Honor.

1  Yeah, that's the last outstanding, really, thing that is going
2  to need to be resolved.  That's probably the best reference.
3          **THE COURT:**  Do you agree with that, Mr. Rossman?
4          **MR. ROSSMAN:**  I do.
5          **THE COURT:**  So the supplemental production referenced
6  at ECF 143.
7          **MR. ROSSMAN:**  The supplemental interrogatories are a
8  bit of a separate thing.  I understood that they were on the
9  verge of giving them to us, so I would think that could come
10 faster.
11         **THE COURT:**  The supplemental answers?
12         **MR. ROSSMAN:**  I'm sorry.  Supplemental responses to
13 our interrogatories, yes.
14         **THE COURT:**  Okay.
15         **MR. MOLINA:**  Yes, Your Honor, that was literally
16 imminent on the way here.  It was just we decided not to
17 sandbag the plaintiffs with something to look at before the
18 hearing.
19         **THE COURT:**  Okay.
20         **MR. MOLINA:**  I haven't confirmed that it's ready but
21 it was looking like it was ready to go, so that should come
22 much sooner.  If it's not out today, I mean, Monday at the
23 latest.
24         **THE COURT:**  Okay.  So I don't need to put -- I'm
25 going to accept that representation.  I'm not going to put a

```
 1  separate deadline, but expect the supplemental answers by
 2  Monday.
 3            MR. ROSSMAN:  Yes.
 4            MR. MOLINA:  Sure.
 5            THE COURT:  That takes care of a deadline for the
 6  supplemental productions.
 7       What am I doing about depositions?  You've asked for the
 8  30(b)(6)s, and you also acknowledge that this may be premature
 9  because we don't just know the scope yet of the privilege.
10       At the same time, the depositions, as I see them, were
11  largely useless, unfortunately.  So I recognize that you are
12  going to need some further testimony at some point.
13       How do you propose we deal with that?
14            MR. ROSSMAN:  Right.  So I think what the
15  deposition -- Your Honor observed, there's two categories of
16  responses:  "I don't know" or "I'm not going to tell you."
17  Right?  Based on the assertion of privilege.
18       So the -- we know now that these were not the right
19  witnesses.
20            THE COURT:  But I think Mr. Guynn's point he was not
21  really prepared, we didn't come in today ready to argue
22  30(b)(6)s.
23            MR. ROSSMAN:  Yeah, all I was going to suggest, Your
24  Honor, is that, you know, we -- I think that the 30(b)(6)
25  process is the most efficient way to get the information that
```

1  we need that is least burdensome on the government.  And what I
2  would ask for today, I would ask the Court whether it makes
3  sense for the government to at least undertake the effort of,
4  you know, starting to identify and educate appropriate 30(b)(6)
5  witnesses in anticipation of our taking those depositions after
6  our resolution of the privilege issues.
7          **THE COURT:**  And this would be in lieu of redeposing
8  the deponents you had in the chair?
9          **MR. ROSSMAN:**  Correct.  I think that's more
10 efficient.  We're not trying to take depositions to take
11 depositions.  We're trying to get answers.
12         **THE COURT:**  Without getting into the nitty-gritty on
13 this, the plaintiffs are proposing what, in my view, is
14 reasonable.  So you're not going to redepose individuals who
15 there could be a healthy disagreement as to, you know, what
16 happened, but the bottom line is, there wasn't much information
17 to be had.
18     And part of it was the assertions of privilege that I
19 haven't really ironed out.
20     Once I do that, it does seem to me to be much more
21 efficient to do this by way of a 30(b)(6), three witnesses for
22 each agency.
23     And in that situation, you can be meeting and conferring
24 about the areas of designation now.  Because I look at them,
25 and I think some of them are quite specific, but there's one or

1  two that are pretty broad.  And I can see how you all might
2  want to talk about that.
3       So that would be -- I think that really would be the
4  preferred way of doing it.
5       But you tell me, defense, what more, you know -- your
6  views on this.
7           **MR. GUYNN:**  I mean, so for a number of reasons, we
8  think it's premature to make a decision about what the
9  depositions should look like, especially if there should be a
10 30(b)(6) deposition of one or more of the defendants.
11      You know, plaintiffs are going to say we need the
12 documents before we can depose folks, and I think that's
13 reasonable.  I think that we -- I think that what -- we should
14 reserve the issues of who the deponents are until they have had
15 a chance to look at the documents and decide we see this person
16 showing up all the time, we want to depose that individual.
17          **THE COURT:**  But a 30(b)(6)?
18          **MR. GUYNN:**  Well, I'm not sure the 30(b)(6) is the
19 right approach.  And instead, there might be individual
20 witnesses who have individual knowledge that are relevant to
21 the issues, and that should be --
22          **THE COURT:**  So then -- but you can designate more
23 than one.  And they -- they bind the agency.  It just takes out
24 all of this noise of, you know, I -- I told you twice, personal
25 knowledge, and I got almost nothing.

1   So it seems to me like, again, you can work in parallel to
2   say, all right, well, the judge is leaning toward 30(b)(6),
3   maybe she isn't there yet, but let's start narrowing the areas
4   of inquiry, because whether it's going to be a 30(b)(6) or not,
5   the area of inquiry is still going to be the same.  Right?  I
6   mean, you gave notice before to the defendants --
7           **MR. ROSSMAN:**  Correct.
8           **THE COURT:**  -- as to the areas of inquiry.
9           **MR. ROSSMAN:**  That was the whole idea.  We sent a
10  draft 30(b)(6) to them before we even took the depositions so
11  that they were on clear notice of what we were looking for.
12  Find us the right people.  We don't know who they are.  You
13  know who they are.  Find us the right people who can answer
14  these questions.
15      The questions are fairly narrow at this point.  And what
16  we don't want is to get what we got in the depositions, "You
17  know, you got to ask this person, not me, it's not my" --
18          **THE COURT:**  Exactly, that's the part the 30(b)(6)
19  cuts out.
20          **MR. ROSSMAN:**  Correct.
21          **THE COURT:**  And that's the part that needs to be cut
22  out.
23          **MR. ROSSMAN:**  Right.  Including it alleviates -- I
24  think, well done, it alleviates burden on more senior folks if
25  there's particular bits of knowledge that high-level officials

1  in the department know, they can convey that to the
2  representative, and the representative can testify about it and
3  so they don't have to sit for a deposition.  So that was our
4  design.
5          **THE COURT:**  As long as the due diligence is done
6  correctly to lay the foundation for the 30(b)(6).
7          **MR. ROSSMAN:**  Correct.  And, you know, we're
8  obviously -- it all depends on the good faith of the government
9  lawyers to do the homework.
10         **THE COURT:**  It just seems to me to be inefficient to
11 not -- at a minimum, to say the 30(b)(6)s will follow, and
12 allow you all to negotiate the contours of that.
13     And for defense, you to say, of these designations, like,
14 this is way overbroad.  It doesn't have a time or place
15 restriction.  You've got to narrow it.  And you all, to the
16 ones that are not overbroad, that are pretty targeted, find
17 people who can -- or any person who can be the spokesperson and
18 bind the agency.  It just seems like the most efficient way of
19 doing it.
20     That said, I'm not sure I need to order anything yet.  I'm
21 not sure what I'm ordering.
22         **MR. ROSSMAN:**  I don't think you need to today.  I'm
23 hopeful that the government will take the Court's guidance into
24 account.
25         **THE COURT:**  Or do you want me to order something just

```
 1  to have it on the record?
 2          MR. ROSSMAN:  Yeah, I mean -- yes, of course I would,
 3  Your Honor.
 4          THE COURT:  Well, let me ask the defense, do you wish
 5  to be heard further on the propriety of 30(b)(6)s in lieu of
 6  any redepositions of the witnesses who were put -- as persons
 7  with knowledge?  I won't let the plaintiffs redepose the
 8  four -- well, you have only deposed three.
 9          MR. ROSSMAN:  Right.
10          THE COURT:  So you still have --
11          MR. ROSSMAN:  Embassador Kozak we have not yet
12  deposed.
13          THE COURT:  Okay.  So that's still on the table.
14          MR. ROSSMAN:  Correct.
15          THE COURT:  So it would be in lieu of a redeposition.
16          MR. ROSSMAN:  And I'll say if it turns out that the
17  government is able to identify him as their 30(b)(6) for State,
18  then we could efficiently depose him as a 30(b)(1) and 30(b)(6)
19  in one sitting.
20          THE COURT:  Correct.
21          MR. ROSSMAN:  We're not against that.  We're -- we
22  have no interest in wasting time.
23          THE COURT:  That's very efficient.
24     Defense?
25          MR. GUYNN:  I would just say, Your Honor, we -- we
```

1  stand on the representations and the arguments we made in our
2  brief.  We think that it would be -- it's extremely burdensome
3  to prepare a 30(b)(6) deponent, as I'm sure you're aware from
4  many other cases over which you've presided.
5       And we don't -- we think it's premature to decide to do
6  that now.
7       I'll say, though, that if -- I am hopeful that if the
8  parties can both be reasonable in what the topics look like and
9  what the areas of inquiry are, I think there could be agreement
10 on what a deposition can look like, including a 30(b)(6).
11         **THE COURT:**  So how about I do this?  That where I am
12 right now is that given the discovery history in this case, and
13 the depositions, how they were handled, whatever reason, right?
14 That I'm inclined to allow the 30(b)(6)s, and by next week, by
15 the 23rd, you have met, conferred.  And if there are any
16 outstanding issues of disagreement with respect to the areas of
17 inquiry, you let me know by letter pleading by the 23rd.
18      And so that tells me, if I haven't heard from you all, you
19 have reached agreement on the three 30(b)(6)s.  If I have heard
20 from you, then there's something I need to resolve.
21      But as to the 30(b)(6), I just -- it's only burdensome
22 because you have to prepare a witness to answer the questions.
23 It is no more burdensome.  In fact, I do agree with the
24 plaintiffs, it's less so in this case, because it -- it -- you
25 can coalesce, I guess, multiple persons or sources of firsthand

1  information and put it in the hands of one very well prepared
2  witness, or two, however the case may be.
3      So it just seems to be, on an expedited basis where you
4  got three agencies at issue, the most efficient way of doing it
5  at this point, and then it takes off the table redeposition of
6  the three individuals.  You can make the decision about
7  Embassador Kozak.
8      So why don't we do this.  By the order -- the order
9  will -- will note that for the reasons discussed on the record,
10 I will permit the 30(b)(6) depositions that the plaintiff
11 requests.  The parties shall meet and confer as to the areas of
12 inquiry and the schedule for those depositions.  You know, is
13 it going to be ten days after I decide privilege, or however
14 you want to do it.  And shall provide the Court a status report
15 by May 23rd on the 30(b)(6) depositions.  You tell me where you
16 are on all of this.
17     Does that make sense?
18         **MR. ROSSMAN:**  Yes, Your Honor.
19         **MR. MOLINA:**  Yes, Your Honor.
20         **THE COURT:**  So that handles 117.
21 And everything else, we're pressing pause until we handle
22 these other issues that we have now in a scheduling order.
23     Is there anything else that either side wishes to be heard
24 on?
25         **MR. ROSSMAN:**  No.  We appreciate the time and we have

```
 1  accomplished a lot today.
 2          THE COURT:  I believe so.
 3      Defense?
 4          MR. MOLINA:  Nothing more, Your Honor.  Thank you
 5  very much.
 6          THE COURT:  Okay.  All right.  Thank you all.  Safe
 7  travels getting home.  Appreciate it.
 8          DEPUTY CLERK:  All rise.  This Honorable Court now
 9  stands adjourned.
10      (Proceedings were concluded at 5:31 p.m.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4      I, Paula J. Leeper, Federal Official Court Reporter, in

 5  and for the United States District Court for the District of

 6  Maryland, do hereby certify, pursuant to 28 U.S.C. § 753, that

 7  the foregoing is a true and correct transcript of the

 8  stenographically-reported proceedings held in the

 9  above-entitled matter and the transcript page format is in

10  conformance with the regulations of the Judicial Conference of

11  the United States.

12
                        Dated this 17th day of May 2025.
13

14


15                      /S/ Paula J. Leeper
                        _____
16
                        Paula J. Leeper, RPR, CRR
17                      Federal Official Reporter
```