UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

KILMAR ARMANDO ABREGO GARCIA, *et al.*,

                *Plaintiffs*,

  v.

KRISTI NOEM, Secretary of the Department of Homeland Security, *et al.*,

                *Defendants*.

Case No. 8:25-cv-00951 (PX)

**DEFENDANTS' INTERIM MOTION TO SEAL DEFENDANTS' EX PARTE NOTICE**

Pursuant to Local Rule 105.11 and the parties' Stipulated Confidentiality Order, ECF No. 95, Defendants move to seal the accompanying Notice of Ex Parte Communication and Secretary Rubio's Supplemental Declaration with Ex Parte Addendum submitted in response to the Court's Order at ECF No. 146.

Defendants represent the following facts to justify sealing under Local Rule 105.11. The parties' Stipulated Confidentiality Order requires a party to file under seal any materials that have been designated as Confidential or Attorney's Eyes Only. In particular, paragraph 2 of the Confidentiality Order states:

> To the extent that any materials designated as Confidential or Attorney's Eyes Only under this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, the portions of those materials containing Confidential or Attorney's Eyes Only information shall be redacted by the filing party. Non-redacted versions shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R.

1

>105.11, provided that the Court can deny an Interim Sealing Motion prior to 14 days in part or in full. Even if the filing party believes that the materials designated as Confidential or Attorney's Eyes Only are not properly classified as Confidential or Attorney's Eyes Only, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party rights under paragraph (4) of this Confidentiality Order.

ECF No. 95.

The Court's Order at ECF No. 146 orders Defendants to supplement Secretary Rubio's declaration to support the State Department's assertion of the state secrets privilege. Defendants have designated the Notice of Ex Parte Communication and Secretary Rubio's Supplemental Declaration with Ex Parte Addendum as "Confidential" and "Attorney's Eyes Only" under the Stipulated Confidentiality Order because they contain "sensitive government information." Publicly disclosing that sensitive information would likely harm ongoing diplomatic negotiations. Secretary Rubio's Supplemental Declaration without the addendum has been provided to Plaintiffs.

>Respectfully submitted,
>
>YAAKOV M. ROTH
>Acting Assistant Attorney General
>Civil Division
>
>s/Drew C. Ensign
>DREW C. ENSIGN
>Deputy Assistant Attorney General
>Office of Immigration Litigation
>Civil Division
>U.S. Department of Justice
>950 Pennsylvania Ave., NW
>Washington, DC 20530
>(202) 514-2000
>drew.c.ensign@usdoj.gov

Dated: May 23, 2025                                 *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on May 23, 2025, I caused to be filed the foregoing document via CM/ECF, which caused a copy to be served on all parties.

/s/ Drew Ensign
DREW C. ENSIGN
Deputy Assistant Attorney General
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 514-2000
drew.c.ensign@usdoj.gov