UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division

Kilmar Armando Abrego Garcia, *et al.*,

        Plaintiffs,

v.

Kristi Noem, *et al.*,

        Defendants.

Case No.: 8:25-CV-00951-PX

**Plaintiffs' Opposition To Defendants' Interim Motion To Seal Defendants' Ex Parte Notice**

The Government has moved to file under seal three documents: (1) a "Notice of Ex Parte Communication," (2) "Secretary Rubio's Supplemental Declaration," and (3) an "Ex Parte Addendum." ECF No. 156 at 1. Plaintiffs have seen the first two; the third was filed *ex parte*.

The Court should deny the motion. Open courts are the rule; sealing is the exception. *Company Doe v. Pub. Citizen*, 749 F.3d 246, 265–73 (4th Cir. 2014). The Government has not carried its burden of showing that the three documents at issue should remain sealed.

Local Rule 105.11 and this Court's orders require a motion to seal to include two things: "(1) proposed reasons supported by specific factual representations that justify sealing, and (2) an explanation of why alternatives to sealing, such as redaction, would be inadequate." ECF No. 115 ¶ 5. The Government's motion supplies neither. Instead, it proposes two inadequate reasons for maintaining the seal.

First, the Government notes that it designated the documents under the Stipulated Confidentiality Order. ECF No. 156 at 2. But that Order requires only that the parties file the materials under seal, not that the Court keep them sealed. *See* ECF No. 95 ¶ 2; *Aarow Elec. Sols. v. Tricore Sys., LLC*, 2024 WL 4392796, at *1 (D. Md. Oct. 2, 2024) ("[W]hile the Protective Order

1

may require that certain documents be filed under seal, the Court is under no obligation to maintain those documents under seal."). "A protective order . . . is not sufficient, by itself, to justify the continued sealing of filings in court." *Visual Min., Inc. v. Ziegler*, 2014 WL 690905, at *5 (D. Md. Mar. 4, 2014) (citations omitted). That is because "[c]haracterizing documents as 'confidential' without any description of what information they contain or why that information should be protected does not satisfy the 'specific factual representations' that Local Rule 105.11 requires." *Smith v. Integral Consulting Servs.*, 2016 WL 4492708, at *16 (D. Md. Aug. 26, 2016) (citations omitted). A sealing motion must "address why—separate from the Protective Order—the documents should be maintained by the Court under seal." *Aarow*, 2024 WL 4392796, at *1.

Second, the Government says that "[p]ublicly disclosing that sensitive information would likely harm ongoing diplomatic negotiations." ECF No. 156 at 2. But the Government makes no specific factual representations in support of its conclusory rhetoric, nor does it explain how the Notice of Ex Parte Communication, Secretary Rubio's Supplemental Declaration, or the Ex Parte Addendum pertains to "ongoing diplomatic negotiations," or how public disclosure of each document would "likely harm" those supposed negotiations. Sealing is not justified where—as here—the movant "offer[s] nothing more than conclusory assertions." *Hudson Ins. Co. v. Dollar Tree Stores, Inc.*, 2024 WL 4108567, at *2 (D. Md. Sept. 6, 2024) (collecting cases); *see also In re Washington Post Co.*, 807 F.2d 383, 391–93 (4th Cir. 1986) (holding that the standard for sealing applies equally in cases where national security concerns are present).

The Government has also failed to explain "why alternatives to sealing, such as redaction, would be inadequate." ECF No. 115 ¶ 5. Indeed, the Government's motion does not even mention redactions or other alternatives, let alone explain why they would not suffice. *See* ECF No. 156. A

party that "has made no attempt to redact" cannot justify sealing entire documents. *Schrof v. Clean Earth, Inc.*, 2025 WL 958593, at *3 (D. Md. Mar. 31, 2025) (collecting cases).

The Court should put an end to the Government's unsubstantiated sealing requests. This is not a one-off problem. Time and again, the Government has stamped papers "Confidential," demanded that they be sealed, and then failed to justify sealing. The Government has forced Plaintiffs to file under seal many documents that the Government designated confidential; in each sealing motion, Plaintiffs stated that they "rely" on the Government to supply the justification for sealing, yet the Government has never bothered to do so. *See* ECF Nos. 118, 130, 142, 144, 154. Indeed, the Government failed to file a motion to seal even when ordered to do so. *See* ECF No. 115 ¶ 5 (ordering "proponent of sealing" to "file the motion to seal by not later than Friday, May 9, 2025," which the Government did not do). And even when the Government has filed motions to seal, they are as boilerplate and inadequate as the one at issue here. *See* ECF Nos. 127, 138.

The Government's misuse of the sealing process is epitomized by Secretary Rubio's first declaration. ECF No. 112-5. The Government insisted that Plaintiffs file it under seal, yet the Government never filed the required motion to seal by May 9, *see* ECF No. 115 ¶ 5, and at the hearing on May 16, the Government swiftly conceded under the Court's questioning that it could be unsealed, which the Court ordered. ECF No. 146 ¶ 1. Plaintiffs have scrutinized both the Notice of Ex Parte Communication and Secretary Rubio's Supplemental Declaration and do not see how either satisfies the sealing standard any more than Secretary Rubio's first declaration. While Plaintiffs are unable to review the Ex Parte Addendum, the Government has not explained why it is any worthier of being sealed.

Earlier this month, the Court warned that, "[g]oing forward, any filing submitted under seal without a compliant motion to seal will be stricken." ECF No. 115 ¶ 5. Because the Government

has failed to provide "specific factual representations that justify sealing" and "an explanation of why alternatives to sealing, such as redaction, would be inadequate," the Court should deny the motion and either make the three documents public or strike them from the docket. *Id.*

And because the Government is engaging in ongoing abuse of the sealing process, the Court should admonish the Government not to file—and not to insist that Plaintiffs file—any other document under seal unless the Government is prepared, upon pain of sanctions, to fully justify sealing that document. *See Williams v. Estates LLC*, 2021 WL 6202726, at *1 (M.D.N.C. Oct. 20, 2021) (warning defendants "that if they again claim exhibits as confidential and then fail to support those claims with evidence, the Court will *sua sponte* consider sanctions").

\*   \*   \*

At a minimum, if the Court allows these materials to be filed under seal, it should order the Government to provide the Ex Parte Addendum to Plaintiffs. "[A]s a general rule, ex parte communications by an adversary party to a decisionmaker in an adjudicatory proceeding are prohibited as fundamentally at variance with our conceptions of due process." *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 357 (4th Cir. 2007) (citations omitted). If they occur, "the district court should endeavor to disclose, as appropriate, the ex parte communication to the parties as soon as possible." *United States v. Lanier*, 748 F. App'x 674, 678 (6th Cir. 2018); *see* Code of Conduct of United States Judges, Canon 3(A)(4). To be clear, Plaintiffs oppose any *ex parte* submissions by the Government to the Court.

Earlier in this case, the Government represented to the Court and to Plaintiffs that *ex parte* filings and secrecy were essential to achieve the outcome Plaintiffs seek—namely, the return of Kilmar Abrego Garcia to the United States. *Cf.* ECF No. 151 at 3 (Government arguing that "disclosure might adversely affect the outcome of the case"). April and May have come and gone

4

since the Government illegally removed Abrego Garcia to El Salvador. This Court first ordered the Government to facilitate his return on April 4, ECF No. 21, and the Supreme Court affirmed the facilitation order on April 10, *Noem v. Abrego Garcia*, 145 S. Ct. 1017 (2025). Yet there he remains. To date, the Government has produced no evidence that it has lifted a finger to facilitate Abrego Garcia's return. It appears to Plaintiffs that the Government is not—and perhaps never was—seeking in good faith to facilitate Abrego Garcia's prompt return to the United States.[1] Instead, the Government seeks to obfuscate and delay, including by misusing sealing procedures and *ex parte* filings to string out this case and deny Plaintiffs' counsel and the public access to critical court submissions.

There are rare instances where courts permit *ex parte* filings. Classified materials, for example, may sometimes be submitted *ex parte*. *Cf. Abilt v. CIA*, 848 F.3d 305, 310, 314 (4th Cir. 2017) (affirming state secrets privilege based in part on a classified declaration submitted *ex parte*). But the Government does not assert that the Ex Parte Addendum is classified. *See* ECF No. 156. Moreover, the Government has approved several counsel representing Plaintiffs—including K. McKenzie Anderson, Stephen Frank, and Samuel Nitze, all of whom hold active security clearances—to review classified materials in this case, if any arise. To date, the Government has indicated that there are no classified materials to be reviewed by cleared counsel. But even if the

---

[1] The New York Times recently reported on various DHS documents pertaining to Abrego Garcia, including one in which DHS's acting general counsel, Joseph Mazzara (who has submitted declarations and been deposed in this case), stated: "We're also trying to keep him where he is." *See* Hamed Aleaziz & Alan Feurer, *How Trump Officials Debated Handling of the Abrego Garcia Case: 'Keep Him Where He Is'*, N.Y. Times (May 21, 2025), https://www.nytimes.com/2025/05/21/us/politics/trump-abrego-garcia-el-salvador-deportation.html. Mazzara also "told his colleagues that Kristi Noem, the homeland security secretary, had taken steps to seek Mr. Abrego's segregation from other inmates" while detained in El Salvador. *Id.* The Government has not produced these documents to Plaintiffs.

Addendum were classified, that should not prevent Plaintiffs' counsel with active security clearances from accessing the document.

Courts also may test the validity of evidentiary privileges through "in camera and ex parte proceedings before the court 'for the limited purpose of determining whether the asserted privilege is genuinely applicable.'" *United States v. Abu Ali*, 528 F.3d 210, 245 (4th Cir. 2008) (quoting *Abourezk v. Reagan*, 785 F.2d 1043, 1061 (D.C. Cir. 1986)). "As a general rule, '[i]f the court finds that the claimed privilege does not apply, then the other side must be given access to the information.'" *Id.* (quoting *Abourezk*, 785 F.2d at 1061).

The Government indicates that its filings here "support the State Department's assertion of the state secrets privilege," ECF No. 156 at 2, but they do not even contend that the filings themselves contain state secrets. In any event, the Government has not carried its burden of showing that the state secrets privilege applies here. *See* ECF Nos. 128 & 129. If the state secrets privilege does not apply, then Plaintiffs "must be given access to the information." *Abu Ali*, 528 F.3d at 245 (citation omitted).

Plaintiffs recognize that the Court is still evaluating the applicability of the state secrets privilege. Yesterday, the Court requested that certain amici address "[t]he application of the state secrets privilege in the context of diplomatic communications and foreign relations." ECF No. 158 at 2. If it would assist the Court, Plaintiffs would welcome the opportunity to submit supplemental briefing on that issue (or any other). In particular, Plaintiffs would expand on three points:

- First, nearly all state secrets cases concern military or intelligence secrets. *See* ECF Nos. 128 & 129 at 13–14 (collecting cases). Even cases that refer to diplomatic communications or foreign relations almost always do so to protect military or intelligence secrets. *E.g.*, *Sigler v. Le Van*, 485 F. Supp. 185, 192–94 (D. Md. 1980) (sustaining privilege to protect "international relations" where documents at issue concerned foreign intelligence operatives and U.S. counterintelligence activities).

6

- Second, aside from military and intelligence secrets, courts have sustained the privilege only for "extremely sensitive foreign policy questions." *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 25 (S.D.N.Y. 1984). Diplomatic communications about recognition of Communist China qualify, whereas diplomatic communications about international trade typically do not. *See* ECF Nos. 128 & 129 at 14–15 (collecting cases).

- Third, the Government has not cited—and Plaintiffs have not found—any case analogous to this one in which the Government successfully asserted state secrets privilege. No case holds that the privilege shields from disclosure the Government's efforts (including via diplomatic communications) to comply with (or violate) a court order, especially when that order has been affirmed by the Supreme Court and pertains to the return of only a single individual illegally removed from the country, rather than to a major foreign policy question. *See* ECF Nos. 128 & 129 at 15–16.

\*   \*   \*

For these reasons, the Court should deny the Government's motion to seal and either make the documents public or strike them from the docket. Alternatively, the Court should order the Government to provide the Ex Parte Addendum to Plaintiffs.

Dated: May 28, 2025

| | |
|---|---|
| **MURRAY OSORIO PLLC**<br>Simon Y. Sandoval-Moshenberg<br>Rina Gandhi<br>4103 Chain Bridge Road, Suite 300<br>Fairfax, Virginia 22030<br>(703) 352-2399<br>ssandoval@murrayosorio.com<br><br>**QUINN EMANUEL URQUHART &<br>  SULLIVAN, LLP**<br>Stephen E. Frank<br>111 Huntington Ave, Suite 520<br>Boston, MA 02199<br>(617) 712-7100<br>stephenfrank@quinnemanuel.com | */s/ Jonathan G. Cooper*<br>**QUINN EMANUEL URQUHART &<br>  SULLIVAN, LLP**<br>Jonathan G. Cooper (D. Md. Bar No. 21345)<br>Olivia Horton*<br>1300 I St. NW, Suite 900<br>Washington, DC 20005<br>(202) 538-8000<br>jonathancooper@quinnemanuel.com<br>oliviahorton@quinnemanuel.com<br>**admitted in Texas; not admitted in D.C.*<br>*Supervised by attorney admitted in D.C.*<br><br>Andrew J. Rossman<br>Sascha N. Rand<br>K. McKenzie Anderson<br>Samuel P. Nitze<br>Courtney C. Whang<br>Roey Goldstein<br>Sam Heavenrich<br>Victoria Martin<br>Morgan L. Anastasio<br>295 Fifth Avenue, 9th Floor<br>New York, NY 10016<br>(212) 849-7000<br>andrewrossman@quinnemanuel.com<br>sascharand@quinnemanuel.com<br>mckenzieanderson@quinnemanuel.com<br>samuelnitze@quinnemanuel.com<br>courtneywhang@quinnemanuel.com<br>roeygoldstein@quinnemanuel.com<br>samheavenrich@quinnemanuel.com<br>victoriamartin@quinnemanuel.com<br>morgananastasio@quinnemanuel.com<br><br>*Counsel for Plaintiffs* |