UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA, *et al.*,<br><br>              *Plaintiffs*,<br>    v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, *et al.*,<br><br>              *Defendants*. | Case No. 8:25-cv-00951 (PX) |

**DEFENDANTS' NOTICE OF PARTIAL COMPLIANCE WITH DISCOVERY ORDER AND MOTION FOR AN EXTENSION OF TIME TO COMPLETE DISCOVERY REFERENCED AT ECF NO. 143**

The Court's May 16, 2025 order required Defendants to complete supplemental production of discovery referenced at ECF No. 143 on a rolling basis but by no later than May 30, 2025. ECF No. 146. Defendants respectfully notify the Court of their partial compliance to date and, in light of their diligence in complying and collection and production issues that are leading to challenges fully complying with that deadline, Defendants respectfully request that the Court extend the time for them to complete supplemental production of discovery referenced at ECF No. 143 by 14 days. *See* Fed. R. Civ. P. 6(b)(1) ("[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time.").

On April 15, 2025, this Court granted Plaintiffs' motion for expedited discovery. Order, ECF No. 79. Since then, Defendants have responded to requests for the production of documents, answered interrogatories, prepared four individuals for their depositions, and prepared briefing on issues ranging from privileges to a motion by the press seeking to unseal documents and a motion to dismiss. Defendants have expended significant resources coordinating across multiple agencies,

reviewing and producing documents, preparing witnesses, and assessing complex privilege issues within the expedited timeframe.  This includes matters such as the following:

- On May 23, 2025, with only one week to do so, Defendants served an amended over one-thousand line privilege log, updated to provide substantially more detailed privilege descriptions as well as a "cast of characters," designed to give Plaintiffs and if necessary the Court the opportunity to better assess Defendants' privilege invocations;

- On May 23, 2025, Defendants filed an updated declaration from Secretary of State Marco Rubio supplementing the Secretary's invocation of the state secrets privilege;

- Leading up to May 23, 2025, the parties met and conferred on matters relating to the Rule 30(b)(6) depositions, reaching agreement on some issues and making substantial headway on other issues;

- Since May 16, 2025, the parties have continued to communicate concerning Plaintiffs' questions about Defendants' discovery parameters and discovery items, with progress being made and Defendants sharing additional information as it has become available; and

- On May 28, 2025, Defendants served on Plaintiffs a rolling production of documents with Bates range KAAG-Noem-0000001578 to KAAG-Noem-0000002474.

Completing these tasks has been extremely burdensome on Defendants, who, through their diligent work, dedicated an enormous number of attorney hours between May 16, the date of the

Court's order, and today. As a result of these and prior efforts, Defendants have completed the following document discovery tasks in a very short time frame:

- Review and production of 2,474 pages of documents; and
- Review of over 1,100 documents withheld as privileged, spanning over ***11,000*** pages (the Bates range of the withheld documents as logged in Defendants' May 23, 2025 privilege log is KAAG-Noem-PRIV_WH-0000001 to KAAG-Noem-PRIV_WH-0011405).

Despite Defendants' diligent efforts, additional work is ongoing that necessitates a modest extension of the May 30 document production deadline. First, Defendants have made numerous concessions to Plaintiffs to expand the scope of discovery, requiring Defendants to repeatedly task their IT personnel with identifying and collecting—and their limited staff available for document review with reviewing—additional documents. For instance, Plaintiffs asked to expand the date range for documents collected. Defendants agreed. Plaintiffs also asked Defendants to collect documents from ten additional custodians including two cabinet-level secretaries: DHS Secretary Kristi Noem and Secretary of State Marco Rubio. Defendants agreed. Plaintiffs proposed additional search terms to identify potentially responsive documents. Again, Defendants agreed. Plaintiffs even asked Defendants to collect and search documents and records in the custody and control of Attorney General Bondi, including paper records. The Court has ordered Defendants to do so, and Defendants are complying. But collecting and reviewing records from high-ranking officials has required creating time-consuming controls and procedures to ensure security, including a severely curtailed number of document reviewers granted access to sensitive documents. And, notwithstanding the concessions Defendants have already made and the looming discovery deadline, Plaintiffs have asked Defendants to broaden the scope of discovery even

further, proposing two additional custodians, including a former career attorney of record in this case and a current State Department career attorney. The parties are meeting and conferring in good faith on these issues.

Second, this is not a straightforward document production. The documents at issue include documents pulled from high-level officials at the Departments of State, Homeland Security, and Justice, to include three cabinet-level officials that require the most scrupulous screening for responsiveness and any applicable privileges. Further, many of the documents collected were sent to or by senior White House officials, implicating the Presidential Communications privilege and requiring conferral with and potentially review by White House counsel. As Defendants have noted, most of the documents collected are either nonresponsive or privileged, resulting in an enormous expenditure of time with comparatively few documents to produce, yet the necessary expenditure of time cannot be overlooked in assessing whether there is good cause for an extension. In short, the documents collected are highly sensitive, in many cases privileged, and review requires extensive coordination across multiple departments, agencies, and the Executive Office of the President. These tasks exceed the available time.

Finally, a number of time-consuming technical collection and production issues have arisen, necessitating time to resolve them. For instance, some documents are in Spanish, requiring time to locate, train, and deploy Spanish-speaking personnel who had been assigned to other priorities to instead conduct document review tasks. Additionally, the collection of mobile device data from some custodians has encountered logistical challenges, and Defendants are working with relevant IT personnel to understand the scope of those challenges and predict a likely timeline for resolution. Defendants are working steadily to overcome these challenges, and believe that an additional 14 days would meaningfully facilitate that endeavor.

Accordingly, having exercised diligence and achieved partial compliance with the Court's May 16 discovery order, but realizing that despite best efforts additional time is needed to comply with that order, Defendants respectfully request that this Court grant them until June 13, 2025, to complete supplemental production of discovery as referenced at ECF No. 143. On March 28, 2025, Defendants attempted to contact Plaintiffs to obatain their position on this motion, but were not able to obtain their position on Defendants' motion.

Dated: May 29, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

BRIDGET K. O'HICKEY
Counsel to the Assistant Attorney General
Civil Division

/s/ Drew Ensign
DREW C. ENSIGN
Deputy Assistant Attorney General
Civil Division, Office of Immigration Litigation
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000
Email: drew.c.ensign@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on May 29, 2025, I caused to be filed the foregoing document via CM/ECF, which caused a copy to be served on all parties.

/s/ Drew Ensign
Drew C. Ensign
Deputy Assistant Attorney General

Office of Immigration Litigation
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 514-2000
drew.c.ensign@usdoj.gov