UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division

Kilmar Armando Abrego Garcia, *et al.*,

    Plaintiffs,

v.

Kristi Noem, *et al.*,

    Defendants.

Case No.: 8:25-CV-00951-PX

**Plaintiffs' Opposition To Defendants' Motion
For An Extension Of Time To Complete Expedited Discovery**

    Plaintiffs respectfully oppose the Government's motion for yet another extension of time within which to comply with this Court's orders directing expedited discovery in this matter.

    On April 16, the Court ordered the parties to conduct and complete expedited discovery in two weeks, directing them to "cancel vacation" and "other appointments" to get it done. April 15, 2025 Tr. 27:11-12. The discovery was intended to answer three basic questions regarding Kilmar Abrego Garcia's custodial status and whether efforts have been made or will be made to comply with the Court's order to facilitate his release. Over a month later, after proffering witnesses without knowledge of these basic questions, asserting a hodgepodge of privileges in a facially defective log and only producing 34 actual documents (apart from photocopies of pleadings and the like), the parties returned to Court on May 16, where the Government was ordered to complete its supplemental production by tomorrow.

    Yet in the past two weeks the Government produced ***one and only one document***, an apparently incomplete copy of the EARM file relating to Abrego Garcia's 2019 immigration proceedings. Defendants have still refused to produce any documents reflecting or even relating to any efforts to facilitate Abrego Garcia's release and return. This is far from a good faith effort

1

to comply with court ordered discovery. It is reflective of a pattern of deliberate delay and bad faith refusal to comply with court orders. The patina of promises by Government lawyers to do tomorrow that which they were already obligated to do yesterday has worn thin.[1]

\*   \*   \*

On March 15, 2025, Abrego Garcia was illegally removed to El Salvador. *Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025). He has remained there for 75 days, and counting.

After the Supreme Court affirmed this Court's Order requiring that the Government "'facilitate' Abrego Garcia's release from custody in El Salvador," on April 15, the Court ordered expedited discovery "to ascertain what, if anything, the Defendants have done to" that end "'and to ensure that his case is handled as it would have been had [Abrego Garcia] not been improperly sent to El Salvador.'" Dkt. 79 (quoting *Noem*, 145 S. Ct. at 1018). The Court instructed that "there are no business hours while we do this. It's going to be two weeks of intense discovery." April 15, 2025 Tr. 14:24-15:1.

More than six weeks have now passed and the Government's discovery efforts have barely gotten off the ground. Instead, the Government has engaged in a pattern of intentional stonewalling and obfuscation—all in service of delaying the inevitable conclusion, which is that it has not done anything to facilitate Abrego Garcia's return. More time will not change this, but it will multiply the prejudice to Abrego Garcia, who remains in unlawful custody in El Salvador.

---

[1] The Government states that it "attempted to contact Plaintiffs to obatain [sic] their position on this motion, but were not able to obtain their position." In fact, while the parties conferred on discovery matters over e-mail and phone over the course of the past week, including yesterday, the Government did not raise its extension request until 11:35 p.m. last night, and then filed its motion an hour later without waiting for Plaintiffs' response. *See* Ex. A.

The Government's pairs its application with a "notice of partial compliance" apparently meant to showcase its "diligence" to date, but the record, even as summarized by the Government, instead reflects a pattern of misdirection and delay.

Even before the Government persuaded the Court to impose a one-week stay of discovery, it violated the April 21, 2025 deadline to serve answers and responses to Plaintiffs' interrogatories and document requests. Dkt. 79. The Government's discovery responses were incomplete, requiring motion practice. *See* Dkt. 98.

Following the discovery stay, the Court ordered Plaintiffs to serve amended interrogatories on April 22, and the Government to respond by April 23. Dkt. 100. Over a month later, the Government still has not completely responded to those interrogatories. Interrogatories 1-5 remain outstanding.

The Government has had Plaintiffs' document requests since April 16, or ***over six weeks***. According to the Government's own tabulation (Mot. at 3), they have ***reviewed***—not produced—a total of 3,574 documents in that timeframe. That is an average review pace of just ***83 documents per day***.

The document productions the Government ***has*** made to date have been makeweight:

- Their first production comprised 58 documents, 56 of which were copies of docket entries or discovery requests.

- The second production comprised 106 documents, 76 of which were publicly available docket filings, transcripts, materials related to Abrego Garcia's 2019 immigration proceedings, or plaintiffs' discovery requests.

- The third production, made just last night, comprises just 1 document, Abrego Garcia's EARM file. This document, too, does not provide any information pertaining to Abrego Garcia's March 2025 arrest or his removal. Further, based on Robert L. Cerna's deposition testimony, it appears that the version of the file that has been produced to us may be incomplete. *See* Cerna Tr. 50:13-17.

3

In sum, in the more than ***six weeks*** since this Court ordered expedited discovery, the Government has produced just ***165 documents***, most of them court filings and related materials that surely took no time to review. The Government has produced just ***1 document*** since the May 16 deadline that fixed the operative document production deadline. ***Zero*** documents produced to Plaintiffs to date reflect any efforts made to facilitate Abrego Garcia's release and return to the United States.

Other defects in the Defendants' approach to document discovery—and their persistent stonewalling—undermine their complaints of burden and give Plaintiffs grave concerns that relevant materials are being searched and produced. The Government has engaged in questionable discovery processes, such as allowing each agency to self-select repositories for review and production. *See* Dkt. 143 at 2. Despite Plaintiffs' persistent requests for search term reports since May 1, the Government has been unable to share any report that would shed light on whether searchable sets were compiled in a forensically sound manner. *See* Ex. A. The Government has produced no mobile or other instant messaging communications, despite promising to do so.

All of this should be viewed in the context of Defendants' overall approach to discovery in this case. The Government's list of "extremely burdensome" tasks it has completed to date includes basic conferrals with Plaintiffs; the filing of a state secrets declaration that recycles boilerplate references to the sensitivity of diplomatic discussions; review of 1,100 documents withheld as privileged; purporting to clean up their own patently insufficient privilege log; and the "preparation" of deposition witnesses who, as this Court knows, had nothing useful to say about any of the primary areas of inquiry. Simply put, the Government has failed to discharge its obligations under this Court's discovery orders and has come nowhere close to establishing cause, much less good cause, for a further extension of time.

The Court should deny the Government's motion.

Dated: May 29, 2025

| | |
|---|---|
| | /s/ *Jonathan G. Cooper* |
| **MURRAY OSORIO PLLC** | **QUINN EMANUEL URQUHART &** |
| Simon Y. Sandoval-Moshenberg |   **SULLIVAN, LLP** |
| Rina Gandhi | Jonathan G. Cooper (D. Md. Bar No. 21345) |
| 4103 Chain Bridge Road, Suite 300 | Olivia Horton* |
| Fairfax, Virginia 22030 | 1300 I St. NW, Suite 900 |
| (703) 352-2399 | Washington, DC 20005 |
| ssandoval@murrayosorio.com | (202) 538-8000 |
| | jonathancooper@quinnemanuel.com |
| **QUINN EMANUEL URQUHART &** | oliviahorton@quinnemanuel.com |
|   **SULLIVAN, LLP** | *admitted in Texas; not admitted in D.C.* |
| Stephen E. Frank | *Supervised by attorney admitted in D.C.* |
| 111 Huntington Ave, Suite 520 | |
| Boston, MA 02199 | Andrew J. Rossman |
| (617) 712-7100 | Sascha N. Rand |
| stephenfrank@quinnemanuel.com | K. McKenzie Anderson |
| | Samuel P. Nitze |
| | Courtney C. Whang |
| | Roey Goldstein |
| | Sam Heavenrich |
| | Victoria Martin |
| | Morgan L. Anastasio |
| | 295 Fifth Avenue, 9th Floor |
| | New York, NY 10016 |
| | (212) 849-7000 |
| | andrewrossman@quinnemanuel.com |
| | sascharand@quinnemanuel.com |
| | mckenzieanderson@quinnemanuel.com |
| | samuelnitze@quinnemanuel.com |
| | courtneywhang@quinnemanuel.com |
| | roeygoldstein@quinnemanuel.com |
| | samheavenrich@quinnemanuel.com |
| | victoriamartin@quinnemanuel.com |
| | morgananastasio@quinnemanuel.com |

*Counsel for Plaintiffs*