June 3, 2025

**VIA ECF – UNDER SEAL**
The Honorable Paula Xinis, U.S.D.J.
United States District Court for the District of Maryland
6500 Cherrywood Lane
Suite 255
Greenbelt, MD 20770

Re:    *Abrego Garcia, et al. v. Noem, et al.*, Case No. 8:25-cv-00951-PX (D. Md.)

Given Defendants' ongoing and repeated failure to comply with this Court's discovery orders, Plaintiffs seek permission to file a motion for sanctions pursuant to Federal Rule of Civil Procedure 37.

**Plaintiffs' Position**

**Defendants' Deficient Document Discovery Efforts**

Expedited discovery in this case began nearly *two* months ago.  ECF No. 79 at 6-7.  At the outset, the Court set April 21 as the deadline for written discovery, directing the parties to "cancel vacation" and "other appointments" to get it done.  April 15, 2025 Tr. 27:11-12.

A series of delays and a forced extension followed.  On April 22, the Court largely overruled Defendants' objections and ordered Defendants to cure their deficiencies by April 23, requiring Plaintiffs to narrow a few document requests and interrogatories, which Plaintiffs did the same day.  ECF No. 100.  Based on an *ex parte* application that the Government portrayed as an effort to comply with the Court's injunction, but appears to be anything but, the Court ordered a temporary stay of discovery on April 23, lifted it on April 30, and set a revised deadline for document discovery of May 5.  ECF Nos. 103, 106, 107.  Defendants' subsequent productions remained deficient, despite nearly daily meet and confer correspondence and letter motions to compel on May 7 and May 15.  ECF Nos. 112, 143.

With the benefit of Defendants' paltry discovery in front of it, on May 16, the Court definitively ordered Defendants to "complete supplemental production of discovery as referenced at ECF No. 143 on a rolling basis, but by no later than May 30, 2025."  ECF No. 146.  After midnight on May 30, Defendants requested a two-week extension.  ECF No. 167.  The Court denied the request.  ECF No. 172 at 1.

On May 30, Defendants served their final production, which contained just 46 documents, 32 of them filings in this case, records from Abrego Garcia's 2019 immigration proceedings, or redacted emails regarding media requests.  Of the remaining *14 documents*, many contain no substance or are so heavily redacted that nothing of substance can be gleaned.  *See, e.g.,* Ex. A (KAAG-Noem-0000002823).  Defendants, in fact, concede that the production failed to comply with the Court's Order.  *See* Ex. B (Gov. Production Cover Letter) at 4 ("[I]t has simply been

1

impossible to complete the collection, review, and production steps necessary to produce all discovery by the deadline.").[1]

Additionally, despite repeatedly being pressed by Plaintiffs and the Court to respond fully to Plaintiffs' long pending Interrogatories, Defendants made only superficial updates to their interrogatory responses. As the attached supplemental response and redline show, Defendants have provided no new information and have only used the last weeks to stall and continue to refine their ever-evolving response to Interrogatory 9. *Compare* Ex. C, *with* Ex. D. As a result, critical questions remain unanswered including what specific actions, if any, each of the Defendant agencies have taken or intend to take to comply with the Court's order and facilitate Abrego Garcia's return. *See* Ex. C at 3 (Rog response 2). While DHS continues to incant that it "is prepared to facilitate Abrego Garcia's presence in the United States in accordance with" "long-established processes …," *id.*, in flagrant violation of this Court's order and that of the Supreme Court, Defendants have failed to identify even one specific step they have actually taken. *Cf. D.V.D. v. DHS*, 1:25-cv-10676, ECF No. 143 (D. Mass. May 28, 2025) (Government demonstrated concrete action by preparing a "Significant Public Benefit Parole packet" that had "been approved and forwarded to Homeland Security Investigations"). Defendants also have failed, despite agreeing, to identify knowledgeable witnesses on behalf of DOJ in response to Interrogatory 5. *See* ECF No. 170 (M&C email); Ex. C at 11 (Rog Response 5). These examples, while not exhaustive of all deficiencies, underscore the Government's lack of good-faith discovery compliance.

Defendants' productions similarly reflect flagrant disregard of this Court's orders. Deadlines have slipped, passed, and slipped again. Defendants have made productions at an average rate of just two documents per day, most of them filings from the case. They have failed to produce any documents from certain essential custodians, their methods of searching custodial files are haphazard and superficial, and they have produced almost no discovery that can help "to ascertain what, if anything, the Defendants have done to 'facilitate Abrego Garcia's release from custody in El Salvador.'" They have produced no evidence that allows Plaintiffs or the Court to evaluate the credibility of the Department of State's purported effort to comply with the Court's order to facilitate Abrego Garcia's return. Nor do Defendants' sweeping privilege assertions justify these failures, particularly considering the countless public statements by government officials proclaiming that they have been working to "keep [Abrego Garcia] where he is," in defiance of this Court's and the Supreme Court's orders. *See, e.g.*, Hamed Aleaziz & Alan Feurer, *How Trump Officials Debated Handling of the Abrego Garcia Case: 'Keep Him Where He Is',* N.Y. Times (May 21, 2025), https://www.nytimes.com/2025/05/21/us/politics/trump-abrego-garcia-el-salvador-deportation.html; ECF No. 128 at 17–20. In short, the Government has displayed a persistent pattern of intransigence in the face of repeated court orders and deadlines.

**Plaintiffs' Requested Relief**

Under Fed. R. Civ. P. 37, a court has broad flexibility to impose sanctions to enforce its discovery orders. Rule 37(b)(2)(A) includes a non-exhaustive list of permissible sanctions, including "directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;" "prohibiting the

---

[1] Defendants' privilege log, as amended on May 23, remains deficient. Plaintiffs will address any challenges to the May 23 privilege log in accordance with the procedure set out in the Court's May 16 and May 29 Orders on discovery. ECF Nos. 146, 172.

disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence"; and "rendering a default judgment against the disobedient party." This list is "not exclusive and arbitrary but flexible, selective, and plural. The district court may, within reason, use as many and as varied sanctions as are necessary." *Sines v. Kessler*, 2019 WL 3767475, at *3 (W.D. Va. Aug. 9, 2019) (quoting Wright & Miller, *Fed. Prac. & Proc.* § 2284 (3d ed. 2022)).

Plaintiffs request permission to file a brief seeking such discovery sanctions, including adverse inferences as to facts interrogated by Plaintiffs' discovery requests; payment of attorneys' fees; and/or other forms of relief as the Court finds justified and appropriate. *See, e.g.*, *Sines v. Kessler*, 2021 WL 5492826, at *1-2 (W.D. Va. Nov. 19, 2021); *Valle v. Wolff*, 627 B.R. 821, 828 (D. Md. 2021) ("The burden is on the party facing sanctions to overcome a presumption in favor of an award of expenses.").

### Defendants' Position

Defendants have diligently complied with the Court's discovery orders to the extent possible within the expedited time frame. But, despite their best efforts, logistical and technological complications have impeded Defendants' production. Defendants have collected documents from high-level officials at the Departments of State, Homeland Security, and Justice that require the most scrupulous screening for responsiveness and any applicable privileges. This review requires extensive coordination across multiple departments, agencies, and the Executive Office of the President, which takes substantial time. Defendants have also had to train and assign Spanish-speaking personnel to review documents that are in Spanish and sort out IT difficulties related to the collection of mobile-device data from certain custodians.

Still, even now, Defendants are working steadily to complete the remaining discovery items. Indeed, Defendants have worked expeditiously toward compliance with the Court's orders. When it became clear that Defendants would be unable to meet the existing deadline, Defendants sought an extension; after the Court denied the extension request, Defendants redoubled their efforts to comply and produced an additional rolling production of documents and a privilege log on May 30, 2025. Nevertheless, as Defendants' May 30, 2025 production letter to Plaintiffs explained, there have been instances where it has simply been impossible to complete the collection, review, and production steps necessary to produce all discovery by the highly-compressed, expedited deadline. Defendants are continuing to work diligently to complete these steps.

Defendants' May 30, 2025 production letter to Plaintiffs (please see Ex. B) gave a frank assessment of what steps had been completed and what steps, despite diligent efforts, remain: (1) Defendants have collected documents for 19 custodians, including career government attorneys and three cabinet-level officials; (2) production of non-privileged documents for those custodians is substantially complete; (3) a technical issue has delayed processing of mobile device data collected from Attorney General Bondi, which Defendants are working to overcome as soon as practicable; (4) today, Defendants produced the A-file; (5) EARM data has been uploaded to Defendants' document review lab, and the lab is processing the data so that it may be reviewed for responsiveness and privilege.

In addition, on Monday, June 2, 2025, to Tuesday, June 3, 2025, a widespread network outage impacted the Justice Department's Office of Immigration Litigation, preventing almost all personnel from accessing their devices.  This included the personnel responsible for and with expertise in operating the relevant DOJ document-review systems.  As a result, through no fault of their own, Defendants were unable to make progress on document review and production in the past two days.

As mentioned above, Defendants have extracted but had technological difficulties reviewing mobile-device data. These are common roadblocks that arise and can be resolved in the course of ordinary discovery but that have made complying with certain Court deadlines impossible. Defendants are nevertheless working expeditiously to resolve those issues in order to review that data and produce any nonprivileged data. Defendants are also still engaged in reviewing documents they have collected from the relevant agencies for responsiveness and privilege. Defendants' efforts demonstrate a willingness to comply with the Court's discovery orders and do not warrant sanctions. The Court should deny Plaintiffs' request for permission to file a brief seeking discovery sanctions.

Respectfully submitted,

4

By: /s/ *Jonathan G. Cooper*
**QUINN EMANUEL URQUHART &**
  **SULLIVAN, LLP**
Jonathan G. Cooper (D. Md. Bar No. 21345)
Olivia Horton*
1300 I St. NW, Suite 900
Washington, DC 20005
(202) 538-8000
jonathancooper@quinnemanuel.com
oliviahorton@quinnemanuel.com
**admitted in Texas; not admitted in D.C.*
*Supervised by attorney admitted in D.C.*

**MURRAY OSORIO PLLC**
Simon Y. Sandoval-Moshenberg
Rina Gandhi
4103 Chain Bridge Road, Suite 300
Fairfax, VA 22030
(703) 352-2399
ssandoval@murrayosorio.com


**QUINN EMANUEL URQUHART &**
  **SULLIVAN, LLP**
Stephen E. Frank
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
stephenfrank@quinnemanuel.com

**Yaakov M. Roth**
Acting Assistant Attorney General
Civil Division


By: /s/ *Drew C. Ensign*
(signed by Jonathan G. Cooper with permission of Drew Ensign)
**Drew C. Ensign**
Deputy Assistant Attorney General
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 514-2000
drew.c.ensign@usdoj.gov


**Ernesto Molina**
Deputy Director
Office of Immigration Litigation


*Counsel for Defendants*

5

**QUINN EMANUEL URQUHART &**
  **SULLIVAN, LLP**
Andrew J. Rossman
Sascha N. Rand
K. McKenzie Anderson
Samuel P. Nitze
Courtney C. Whang
Roey Goldstein
Sam Heavenrich
Victoria Martin
Morgan L. Anastasio
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
andrewrossman@quinnemanuel.com
sascharand@quinnemanuel.com
mckenzieanderson@quinnemanuel.com
samuelnitze@quinnemanuel.com
courtneywhang@quinnemanuel.com
roeygoldstein@quinnemanuel.com
samheavenrich@quinnemanuel.com
victoriamartin@quinnemanuel.com
 morgananastasio@quinnemanuel.com

*Counsel for Plaintiffs*