# EXHIBIT B



**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation

_Washington, D.C. 20530_

May 30, 2025

Sascha N. Rand, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP

_VIA EMAIL_

Re:     Abrego Garcia, et al. v. Noem, et. al., No. 8:25-CV-00951-PX (D. Md.)

Dear Counsel,

Enclosed herewith please find another volume of Defendants' production, which Defendants designate as confidential and/or Attorney's Eyes Only under the Stipulated Confidentiality Order in this case, ECF No. 95.

### Production Status

Defendants share with you a production volume today via an encrypted .zip file sent using the Justice Enterprise File-Sharing Service (JEFS). A link was sent to email addresses we have identified; if additional users need access, please let us know their email addresses. The password for the .zip file is **2Sj6s908u4fgE%nh795**.

This production bears a Bates range of KAAG-Noem-0000002475 to KAAGNoem-0000002862. Please let us know if you have any difficulty accessing the production. Although Defendants' production in response to Plaintiffs' Amended Request for the Production Documents now is substantially complete, Defendants expect to make additional rolling productions of any remaining responsive, nonprivileged documents as soon as practicable.

### Custodians

First, the original 8 custodians:

U.S. Department of State: (1) Michael Kozak, Senior Bureau Official for the Department of State's Bureau of Western Hemisphere Affairs; (2) Amb. William Duncan, U.S. Ambassador to El Salvador; (3) Mauricio Claver-Carone, State Department Special Envoy for Latin America.

U.S. Department of Homeland Security: (4) James Percival, Senior Counselor to the Secretary; and (5) Joseph Mazarra, Acting General Counsel.

U.S. Immigration and Customs Enforcement: (6) Evan Corey Katz, former Assistant Director, Removal; (7) Robert L. Cerna, II, Acting Field Office Director, Harlingen Field Office; (8) Todd Lyons, Acting Director, Enforcement and Removal Operations.

And the additional 10 custodians Defendants agreed to add at Plaintiffs' request:

U.S. Department of State:    (9) Secretary of State Marco Rubio; (10) Dan Holler, Deputy Chief of Staff to Secretary Rubio; (11) Deputy Secretary of State Christopher Landau; (12) State Department Counselor Michael Needham; (13) Lisa Kenna, specific to her position as Executive Secretary for the State Department; and (14) Cartwright Weiland, Senior Bureau Official for the Bureau of International Narcotics and Law Enforcement Affairs.

U.S. Department of Homeland Security: (15) Secretary of Homeland Security Kristi Noem.

U.S. Immigration and Customs Enforcement: (16) Matthew Elliston, Deputy Assistant Director of Field Operations, ICE ERO; (17) Barrett R. McDaniel, Homeland Security Investigations, Assistant Attaché; and (18) Garrett J. Ripa, Deputy Executive Associate Director, ICE ERO.

Finally, by Court order:

U.S. Department of Justice: (19) Attorney General Pamela Bondi

### Time Range of Documents

We have collected documents from all custodians from March 12 through May 1, 2025.

### Repositories

U.S. Department of State: Email files from the State Department eRecords system, local text from custodian mobile devices, and non-custodial documents (separate documents held by the Department but that did not come from one of the custodians listed above).

U.S. Department of Homeland Security: Email; OneDrive Folder; Version Folders; Calendar Data; Teams Chats; Shared Calendars; and mobile device data (explained in further detail below).

U.S. Immigration and Customs Enforcement: Email files from ICE's system of records; OneDrive Folder; Version Folders; Calendar Data; Teams Chats; Shared Calendars; mobile device data (explained in further detail below) and non-custodial documents (separate documents held by DHS but that did not come from one of the custodians listed above).

U.S. Department of Justice:    Attorney General Bondi's paper records, email, calendar, and mobile device data.

### Privilege Log

We are sending to you today along with this letter a privilege log for this production volume.    A technical problem prevented us from including Bates numbers for documents withheld in full

from this production.    Defendants are working on that issue and will provide a supplemental privilege log for this volume as soon as practicable.

## 502(d) Clawback Agreement

We note that Plaintiffs have not yet responded to Defendants' May 28, 2025 proposal to file a Rule 502(d) clawback agreement.    Accompanying this production is another copy of the proposed agreement.    Please let us know if Plaintiffs will consent to the agreement.

## State Secrets Privilege Assertions

As before, in the attached privilege log, there are two columns labeled "TAG – Privilege Description" and "Custodian." For each entry where the custodian is from the Department of State and the privilege description contains an assertion of the state secrets privilege, the May 23, 2025 Declaration of Marco Rubio supports that assertion for the reasons explained therein and in the privilege log's "TAG – Privilege Description" column.    Defendants also continue to assert the state secrets privilege where the custodian is from the Department of Homeland Security, for use in the event the Court grants leave to submit a state secrets declaration from that agency.

## Attorney General Bondi Document Collection

A custodian interview of Attorney General Bondi was conducted to identify possible repositories.    A manual search of Attorney General Bondi's paper records yielded no responsive documents.    A forensic search (no manual collection) of Attorney General Bondi's email and calendars yielded no responsive documents.    Attorney General Bondi does not have a classified email account.    A forensic search of Attorney General Bondi's mobile device was attempted but encountered a technological issue that prevented a review of the data for responsiveness and privilege.    That technical issue is expected to be resolved as soon as practicable.    Once that technical issue is resolved, DOJ will assess that data for responsiveness and privilege and will then be able to form a prediction on how long review for responsiveness and privilege will take. In sum, following a diligent search using parameters and repositories Plaintiffs requested, no responsive documents for Attorney General Bondi were identified thus far, and if responsive mobile device data is identified within the collection, Defendants will produce responsive non-privileged documents and a privilege log with respect to any such documents withheld for privilege.

## Documents of Career Government Attorneys

Defendants respectfully decline to undertake the unduly burdensome task of collecting, reviewing, and preparing a privilege log for documents held by a current State Department career attorney and a former Department of Justice career attorney whose only roles in this case have been to provide legal advice and, as to the Department of Justice career attorney, legal advocacy. Plaintiffs may have suggested that these attorneys played a role beyond that of a legal advisor, but Plaintiffs' understanding is mistaken.    Moreover, Plaintiffs have failed to explain why these career attorneys' documents will be anything other than duplicative of documents which, if they exist, would be obtained in searches for principal custodians' documents, such as those held by the career and cabinet secretary custodians identified above.

**Interrogatories**

Today we are serving Defendants' second supplemental responses to Plaintiffs' amended interrogatories.

**A-File**

On May 28, 2025, Defendants produced the record of proceedings from the Executive Office of Immigration Review, which is Bates-stamped KAAG-Noem-0000001578 through KAAG-Noem-0000002474.   The record of proceedings contains portions of Plaintiff's A-file.   DOJ received the complete A-file from ICE on May 30, 2025, and that document is in the process of being uploaded to DOJ's document review database.   Both ICE and DOJ will need to complete review of the A-file before production, but expect to make a production as soon as practicable.

**EARM**

ICE provided EARM records to DOJ on May 27, 2025.   The files have been uploaded to DOJ's document review database and are in the process of being reviewed.   DOJ will need to complete review of the EARM records before production, but expect to make a production as soon as practicable.

**Mobile Device Data**

State has collected and turned over mobile device data from six of its nine custodians to DOJ. That data has been uploaded to DOJ's document review database. State is still determining whether Secretary of State Marco Rubio, Deputy Chief of Staff Dan Holler, and Counselor Michael Needham have text and non-email records that need to be reviewed. Both State and DOJ are in the process of reviewing the mobile device data and expect to make a rolling production of any such responsive, non-privileged documents as soon as practicable.

ICE has collected and turned over mobile device data from all custodians to DOJ as of May 30, 2025.   The data is being uploaded to DOJ's document review database.   Both ICE and DOJ will need to review the mobile device data before producing any responsive, non-privileged data, which will occur as soon as practicable.

DHS has collected and turned over to DOJ mobile device data from all custodians as of May 30, 2025.   Both DHS and DOJ will need to review the mobile device data before producing any responsive, non-privileged information, which will occur as soon as practicable.

**Best Efforts to Complete Discovery**

Defendants have undertaken best efforts to complete discovery within the deadline the Court set. When it became clear that despite these efforts, additional time would be needed to complete necessary tasks incident to document collection, review, and production, Defendants sought an extension from the Court.   The Court denied the extension request, and Defendants have endeavored to comply.   Nevertheless, as noted above, there have been instances where it has simply been impossible to complete the collection, review, and production steps necessary to produce all discovery by the deadline.   Defendants will continue to work diligently to complete these steps.

Regards,

    /s/ Jonathan D. Guynn
JONATHAN D. GUYNN
Deputy Assistant Attorney General
Civil Division, U.S. Department of Justice
Office: (202) 514-7835
Mobile: (202) 856-4809
jonathan.guynn@usdoj.gov