UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| Kilmar Armando Abrego Garcia, *et al.*,<br><br>               Plaintiffs,<br><br>v.<br><br>Kristi Noem, *et al.*,<br><br>               Defendants. | Case No.: 8:25-CV-00951-PX |

**Interim Motion to Seal**
**Joint Letter Regarding Discovery Sanctions**

Pursuant to Local Rule 105.11 and the parties' Stipulated Confidentiality Order, ECF No. 95, Plaintiffs move to seal the accompanying Joint Letter Regarding Discovery Sanctions and the exhibits thereto, filed today under the Court's April 15, 2025 Letter Order, ECF No. 80.

Plaintiffs represent the following facts to justify sealing under Local Rule 105.11. The parties' Stipulated Confidentiality Order requires a party to file under seal any materials that have been designated as Confidential or Attorney's Eyes Only by another party. In particular, paragraph 2 of the Confidentiality Order states:

> ***To the extent that any materials designated as Confidential or Attorney's Eyes Only under this Confidentiality Order*** (or any pleading, motion, or memorandum disclosing them) ***are proposed to be filed or are filed with the Court, the portions of those materials containing Confidential or Attorney's Eyes Only information shall be redacted by the filing party.*** Non-redacted versions shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11, provided that the Court can deny an Interim Sealing Motion prior to 14 days in part or in full. ***Even if the filing party believes that the materials designated as Confidential or Attorney's Eyes Only are not properly classified as Confidential or Attorney's Eyes Only, the filing party shall file the Interim Sealing Motion;*** provided, however, that the filing of the Interim Sealing Motion

> shall be wholly without prejudice to the filing party rights under paragraph (4) of this Confidentiality Order.

ECF No. 95, ¶ 2 (emphasis added).

The accompanying Joint Letter Regarding Discovery Sanctions contains discussions of the Government's discovery deficiencies, interrogatory responses, and productions. Exhibit A to the Joint Letter contains highly redacted internal messages produced during discovery. Exhibit B to the Joint Letter contains the Government's May 30 production letter. Exhibit C to the Joint Letter contains the Government's May 30 supplemental interrogatory responses. Exhibit D to the Joint Letter contains redline a comparison between the Government's May 30 supplemental interrogatory responses and its May 19 responses. The Government has designated these materials as Confidential or Attorneys' Eyes Only under the Stipulated Confidentiality Order and confirmed by e-mail that they were maintaining their designations in connection with Plaintiffs' filing. Accordingly, pursuant to the Confidentiality Order, "even if [Plaintiffs] believe that the materials designated as Confidential or Attorney's Eyes Only are not properly classified as Confidential or Attorney's Eyes Only," they are required to file this motion seeking to maintain the designated material under seal. *Id.*

Further, Plaintiffs are not simultaneously filing a public version of the Joint Letter Regarding Discovery Sanctions and the exhibits thereto, as the Government has designated the entirety of these materials Confidential or Attorneys Eyes Only. Plaintiffs rely on the Government to identify reasons why alternatives to sealing the material not filed publicly would not provide sufficient protection.

Dated: June 3, 2025

| | |
|---|---|
| **MURRAY OSORIO PLLC**<br>Simon Y. Sandoval-Moshenberg<br>Rina Gandhi<br>4103 Chain Bridge Road, Suite 300<br>Fairfax, Virginia 22030<br>(703) 352-2399<br>ssandoval@murrayosorio.com<br><br>**QUINN EMANUEL URQUHART &<br>  SULLIVAN, LLP**<br>Stephen E. Frank<br>111 Huntington Ave, Suite 520<br>Boston, MA 02199<br>(617) 712-7100<br>stephenfrank@quinnemanuel.com | /s/ Jonathan G. Cooper<br>**QUINN EMANUEL URQUHART &<br>  SULLIVAN, LLP**<br>Jonathan G. Cooper (D. Md. Bar No. 21345)<br>Olivia Horton*<br>1300 I St. NW, Suite 900<br>Washington, DC 20005<br>(202) 538-8000<br>jonathancooper@quinnemanuel.com<br>oliviahorton@quinnemanuel.com<br>*admitted in Texas; not admitted in D.C.<br>Supervised by attorney admitted in D.C.<br><br>Andrew J. Rossman<br>Sascha N. Rand<br>K. McKenzie Anderson<br>Samuel P. Nitze<br>Courtney C. Whang<br>Roey Goldstein<br>Sam Heavenrich<br>Victoria Martin<br>Morgan L. Anastasio<br>295 Fifth Avenue, 9th Floor<br>New York, NY 10016<br>(212) 849-7000<br>andrewrossman@quinnemanuel.com<br>sascharand@quinnemanuel.com<br>mckenzieanderson@quinnemanuel.com<br>samuelnitze@quinnemanuel.com<br>courtneywhang@quinnemanuel.com<br>roeygoldstein@quinnemanuel.com<br>samheavenrich@quinnemanuel.com<br>victoriamartin@quinnemanuel.com<br>morgananastasio@quinnemanuel.com |

*Counsel for Plaintiffs*