IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KILMAR ARMANDO
ABREGO GARCIA, *et al.*,           *

    Plaintiffs,           *

    v.           *

KRISTI NOEM, Secretary,           *
United States Department           *
of Homeland Security, *et al.*,   *

    Defendants.
                              *

Civil Action No. 8:25-cv-00951-PX

***

## ORDER

Pending is Press Movants'[1] Motion to Intervene and Unseal Court Records, in which they ask the Court to unseal ECF Nos. 98, 101, 102, 104, 105, and to make available the transcript of the April 30, 2025 hearing. ECF No. 108. The Court has reviewed the motion, the responses from the parties (ECF Nos. 149 & 151), and the Press Movants' Reply. ECF No. 164. For the following reasons, the motion is granted in part and denied in part.

This motion concerns certain filings currently under seal related to the Court's order for expedited discovery. Specifically, on April 22, 2025, the parties jointly filed a request for a discovery conference. ECF No. 98. The parties did not ask for ECF No. 98 to be filed under seal and so it, along with two exhibits, was filed on the public docket.

The next day, April 23, 2025, the Defendants moved for a stay of discovery which Plaintiffs opposed. ECF Nos. 101 & 102. Both documents were filed under seal. That same day, the Court

---

[1] The "Press Movants" are Dow Jones & Company, Inc., publisher of The Wall Street Journal, American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Bloomberg L.P., Cable News Network, Inc., CBS Broadcasting Inc. o/b/o CBS News, Fox News Network, LLC, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBCUniversal News Group, The New York Times Company, The New Yorker, NYP Holdings, Inc., publisher of The New York Post, Reuters News & Media Inc., and WP Company LLC d/b/a The Washington Post.

held a sealed ex parte hearing with government counsel and a separate, shorter sealing hearing with counsel for all parties. A transcript of the hearing was prepared. Most of the hearing concerned information subject to the Defendants' outstanding assertion of the state secrets privilege and information marked "classified." *See* Classified National Security Information, Exec. Order No. 13,526 § 1.2(a), 75 Fed. Reg. 707, 707–08 (Jan. 5, 2010). Thereafter, and with agreement of the parties, the Court stayed discovery for one week. ECF No. 103.

On April 29, 2025, the government filed another sealed motion and notice of filing an ex parte document. ECF Nos. 104 & 105. The Court held a second hearing the next day, April 30, 2025.

It is well-settled that the Press Movants retain the right to intervention to contest the sealing of court files. *See, e.g.*, *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (granting a motion to intervene by hospital staff members to oppose the Baltimore Sun's motion to unseal). Thus, as proper intervenors, the Court will entertain their motion.

The Press Movants rightly contend that, at common law, the public enjoys a presumptive right to access court records, overcome only when outweighed by competing interests. *Id.* The First Amendment, too, accords the public access, unless there has been a showing of "compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* The right to public access of court records remains critical to promoting "trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness." *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). Thus, before allowing records to remain sealed the Court must (1) give the public a reasonable opportunity to be heard; (2) consider less drastic alternatives to sealing such as redactions; and (3) explain publicly and with specificity its decision to seal some or all of the challenged documents. *Id.* at 272.

Defendants oppose unsealing on two grounds. Neither withstand scrutiny. First, Defendants wrongly cast all challenged filings as "discovery materials" which have not "historically been open to the press and public." ECF No. 151 at 7 (citing *United States v. Kravetz*, 706 F.3d 47, 54 (1st Cir. 2013)). They then contend, essentially, that no good can come to the case by affording the public access to "discovery."

At best, the only "discovery" potentially subject to disclosure are the attachments at ECF No. 98-1 and 98-2. But these documents had already been filed on the open record where they remained before the Court had been asked to seal them during the April 23, 2025 hearing, and without the benefit of full briefing and consideration. However, upon consideration of the Press Movants' position, the Court recognizes that judges simply "do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again," *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004). Thus, the Court will unseal those documents.

Defendants next contend that continued sealing is necessary to "protect[] national security" and "prevent[] the dissemination of sensitive information." ECF No. 151 at 10. They relatedly contend that redaction is practically unavailable because "it is unclear that the sensitive information could readily be disentangled from non-sensitive information such that redactions would be a feasible less restrictive approach to protecting the sensitive information." *Id.* Although the Court does not wholly agree with the Defendants' overbroad characterizations of the government interests at stake, the Court does recognize that certain information touches upon Defendants' asserted state secrets privilege as applied to Secretary of State Marco Rubio and the State Department. The propriety and scope of such invocation is still pending resolution. Thus, until the Court finally resolves the propriety and scope of such privilege certain portions of the

record must remain under seal. However, the Court can and will achieve this protection through redactions when practicable.

Accordingly, for the reasons discussed herein, the Court ORDERS the Clerk to take the following actions:

**ECF Nos. 98**, **98-1 and 98-2.** The filings had been originally docketed by the parties on the open record. Thus, the Clerk shall UNSEAL the filings.

**ECF No. 101** is Defendants' relatively boilerplate request for a one-week stay of discovery in an effort to resolve the litigation. It does not disclose any potentially privileged or otherwise sensitive information for which a compelling government interest outweighs the right to access. Thus, the Clerk shall UNSEAL ECF No. 101.

**ECF No. 102,** Plaintiffs' response to ECF No. 101, includes some information potentially implicated by the state secrets privilege. Such information can and will be redacted. The Clerk is directed to maintain the unredacted version of ECF No. 102 UNDER SEAL, but to file at **ECF No. 102-1** the redacted version as provided by the Court.

**ECF Nos. 104 and 105** are boilerplate notices of Defendants' ex parte submissions to the Court and a request to continue the April 23, 2025 discovery stay. They shall be UNSEALED. The Court will address by separate order the propriety of filing the ex parte submissions on the public docket, either in whole or in part, after it resolves the applicability and scope of the state secrets privilege.

**The April 30, 2025 hearing** will be unsealed in part.[2] The Court will provide the certified court reporter with instructions as to which portions of the record shall remain under seal. The

---

[2] Certain portions of the April 30, 2025, hearing transcript will be released, as the substance closely tracks the language set forth in the Harper Declaration filed in *J.O.P. v. U.S. Department of Homeland Security*. *See* No. 8:19-cv-01944 (SAG) (D. Md.), ECF No. 290-1.

redactions are narrowly tailored to protect potentially classified information or material that could implicate the state secrets privilege pending final determination on the applicability and scope of the privilege.[3]

Accordingly, it is this 4th day of June 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion to Intervene and Unseal Court Records filed by the Press Movants is GRANTED IN PART and DENIED IN PART.

2. The Clerk is directed to UNSEAL ECF Nos. 98, 98-1, and 98-2.

3. The Clerk is further directed to UNSEAL ECF No. 101 in its entirety.

4. ECF No. 102 shall REMAIN UNDER SEAL.  The Clerk is directed to file the redacted version, as supplied by the Court, at ECF No. 102-1.

5. The Clerk is directed to UNSEAL ECF Nos. 104 and 105.

6. The Court Reporter is directed to prepare and release a redacted version of the April 30, 2025 hearing transcript.  The redactions shall be made at the direction of the Court and are narrowly tailored to exclude classified information and material potentially subject to the state secrets privilege.

June 4, 2025  
Date

/S/  
Paula Xinis  
United States District Judge

---

[3] The Press Movants also request access to the transcript of the April 23, 2025 hearing.  ECF No. 164 at 9.  That transcript, however, shall remain under seal at this time, as it includes materials designated as classified and potentially subject to the state secrets privilege in a manner that cannot readily be disentangled from any possible non-privileged or non-sensitive information.  The Court will revisit whether continued sealing is warranted after it rules on the pending privilege assertions.