UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division

Kilmar Armando Abrego Garcia, *et al.*,

    Plaintiffs,

v.

Kristi Noem, *et al.*,

    Defendants.

Case No.: 8:25-CV-00951-PX

**Plaintiffs' Opposition to Request for Stay**

Though Kilmar Armando Abrego Garcia is, at long last, back in the United States following his illegal removal, to characterize the Government as having "complied with the Court's order" is pure farce. ECF No. 181. The Government flouted rather than followed the orders of this Court and the United States Supreme Court. Instead of facilitating Abrego Garcia's return, for the past two months Defendants have engaged in an elaborate, all-of-government effort to defy court orders, deny due process, and disparage Abrego Garcia. In its latest act of contempt, the Government arranged for Abrego Garcia's return, not to Maryland in compliance with the Supreme Court's directive to "ensure that his case is handled as it would have been had he not been improperly sent to El Salvador,"[1] but rather to Tennessee so that he could be charged with a crime in a case that the Government only developed while it was under threat of sanctions. That Tennessee indictment was filed under seal on May 21,[2] yet six days later the Government continued to insist to this Court that it "do[es] not have the power to produce him," ECF No. 165 at 5. The Government's convenient ability to return Abrego Garcia in time for a press conference unveiling

---

[1] *Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025).

[2] *See* ECF No. 3 in *United States v. Abrego Garcia*, No. 3:25-cr-00115 (M.D. Tenn.).

his indictment puts the lie to its previously feigned powerlessness to comply with this Court's injunction.

Over the past two months, the executive branch has acted not just in contempt of multiple court orders but with open defiance towards its coequal branch of government, the judiciary. The very highest officials in the administration have publicly stated that they will follow orders of the Supreme Court, in contrast to valid lower court orders, and even that they would refuse to tell a judge about their directly relevant discussions with foreign officials.[3] The dichotomy between the lip service Government lawyers have paid the Court about supposed efforts to comply and the hostility and intransigence displayed by the White House and cabinet members has been stark and chilling. Two things are now crystal clear. First, the Government has always had the ability to return Abrego Garcia, but it has simply refused to do so. Second, the Government has conducted a determined stalling campaign to stave off contempt sanctions long enough to concoct a politically face-saving exit from its own predicament.

By proffering witnesses without knowledge, hiding behind questionable assertions of a potpourri of privileges, and deliberately foot-dragging on written discovery, the Government has stonewalled Plaintiffs and the Court's efforts to get at the truth. The Court previously ordered discovery to "assist the Court in determining whether contempt proceedings are warranted." ECF

---

[3] *See Press Gaggle: Donald Trump Speaks to Reporters On Board Air Force One – Apr. 11, 2025* at 2:38–3:24, Vimeo (Apr. 11, 2025), https://vimeo.com/1075008940 (Trump: "If the Supreme Court said bring somebody back, I would do that. I respect the Supreme Court." Reporter: "And the lower court judge as well…?" Trump: "Oh no, no. I'm not talking about the lower court. I have great respect for the Supreme Court."); *Secretary Rubio Refuses to Say If He's Requested Return of Kilmar Abrego Garcia from El Salvador*, C-Span (Apr. 30, 2025), https://www.c-span.org/clip/white-house-event/secretary-rubio-refuses-to-say-if-hes-requested-return-of-kilmar-abrego-garcia-from-el-salvador/5161966 (stating when asked whether the U.S. has made a formal request for Abrego Garcia "I would never tell you that … And you know who else I'll never tell? A judge. The conduct of our foreign policy belongs to the president of the United States and the executive branch, not some judge").

No. 79 at 6. The Court has also ordered that Plaintiffs may file by June 11 a motion for discovery sanctions against the Government. ECF No. 179. These critical fact-finding efforts should not cease now that Plaintiffs are finally on the verge of securing answers from knowledgeable officials about what the Government actually did or did not do to facilitate Abrego Garcia's return.

The Government waited over 80 days to bring Abrego Garcia back to the United States after illegally removing him to El Salvador, despite the President's acknowledgement back in April that he "could" bring him back.[4] In the interim, there was no extradition proceeding.[5] All that changed was that the Government finally asked the Government of El Salvador to return Abrego Garcia. It thus appears likely that prior to Friday the Government intentionally disregarded this Court's and the Supreme Court's orders to facilitate Abrego Garcia's return. The Government's conclusory professions of compliance are entitled to no deference, and Plaintiffs are entitled to examine in discovery whether Government officials acted in good faith.

That issue is not merely academic and this case is not moot. This Court continues to have a role "to ensure that [Abrego Garcia's] case is handled as it would have been had he not been improperly sent to El Salvador." *Noem*, 145 S. Ct. at 1018. At a minimum, this case remains live to address the status of Abrego Garcia following the disposition of his criminal case—given the Government's continuing threat of removal.[6] Even if Abrego Garcia's return to the United States

---

[4] *See* ECF No. 129 at 18–19; ECF No. 129-2.

[5] *See* Katherine Faulders, James Hill, & Alexander Mallin, *Kilmar Abrego Garcia, Newly Returning to US, Appears In Court On Charges Of Trafficking Migrants*, ABC News (June 6, 2025 7:26 PM), https://abcnews.go.com/US/mistakenly-deported-kilmar-abrego-garcia-back-us-face/story?id=121333122 (quoting Attorney General Pam Bondi "Our government presented El Salvador with an arrest warrant and they agreed to return him to our country").

[6] Chris Strohm et al., *Abrego Garcia Charged With Illegally Transporting Migrants*, Bloomberg (June 6, 2025), https://news.bloomberglaw.com/us-law-week/abrego-garcia-returning-to-us-to-face-charges-abc-reports-1 ("'Our government presented El Salvador with an arrest warrant and they agreed to return him to our country,' Bondi said at a press conference in

resolved every claim (it does *not*), this Court still retains jurisdiction to find contempt and impose sanctions. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) ("A court may make an adjudication of contempt and impose a contempt sanction even after the action in which the contempt arose has been terminated."); *Fidrych v. Marriott, Int'l, Inc.*, 952 F.3d 124, 145 (4th Cir. 2020) ("Because sanction proceedings are collateral to the merits of the underlying case, an otherwise proper sanction award may be imposed even if the court lacks jurisdiction to enter a judgment on the merits."); *In re GMC*, 61 F.3d 256, 259 n.3 (4th Cir. 1995) ("contempt proceeding is not moot" even after case settles).

Until the Government is held accountable for its blatant, willful, and persistent violations of court orders at excruciating cost to Abrego Garcia and his family, this case is not over. The executive branch's wanton disregard for the judicial branch has left a stain on the Constitution. If there is to be any hope of removing that stain, it must start by shining a light on the improper actions of the Government in this tragic affair and imposing meaningful remedies.

For all these reasons, the Court should deny the Government's request for a stay.

---

Washington. 'Upon completion of sentence we anticipate he will be returned to his home country of El Salvador.'").

Dated: June 8, 2025

|  |  |
|---|---|
| **MURRAY OSORIO PLLC**<br>Simon Y. Sandoval-Moshenberg<br>Rina Gandhi<br>4103 Chain Bridge Road, Suite 300<br>Fairfax, Virginia 22030<br>(703) 352-2399<br>ssandoval@murrayosorio.com<br><br>**QUINN EMANUEL URQUHART &<br>   SULLIVAN, LLP**<br>Stephen E. Frank<br>111 Huntington Ave, Suite 520<br>Boston, MA 02199<br>(617) 712-7100<br>stephenfrank@quinnemanuel.com | */s/ Andrew J. Rossman*<br>**QUINN EMANUEL URQUHART &<br>   SULLIVAN, LLP**<br>Andrew J. Rossman<br>Sascha N. Rand<br>K. McKenzie Anderson<br>Samuel P. Nitze<br>Courtney C. Whang<br>Roey Goldstein<br>Sam Heavenrich<br>Victoria Martin<br>Morgan L. Anastasio<br>295 Fifth Avenue, 9th Floor<br>New York, NY 10016<br>(212) 849-7000<br>andrewrossman@quinnemanuel.com<br>sascharand@quinnemanuel.com<br>mckenzieanderson@quinnemanuel.com<br>samuelnitze@quinnemanuel.com<br>courtneywhang@quinnemanuel.com<br>roeygoldstein@quinnemanuel.com<br>samheavenrich@quinnemanuel.com<br>victoriamartin@quinnemanuel.com<br>morgananastasio@quinnemanuel.com<br><br>Jonathan G. Cooper (D. Md. Bar No. 21345)<br>Olivia Horton\*<br>1300 I St. NW, Suite 900<br>Washington, DC 20005<br>(202) 538-8000<br>jonathancooper@quinnemanuel.com<br>oliviahorton@quinnemanuel.com<br>\**admitted in Texas; not admitted in D.C.<br>Supervised by attorney admitted in D.C.* |

*Counsel for Plaintiffs*