UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

KILMAR ARMANDO ABREGO GARCIA, *et al.*,

        *Plaintiffs*,

  v.

KRISTI NOEM, Secretary of the Department of Homeland Security, *et al.*,

        *Defendants*.

Case No. 8:25-cv-00951 (PX)

**DEFENDANTS' REPLY IN SUPPORT OF NOTICE OF COMPLIANCE
WITH PRELIMINARY INJUNCTION AND REQUEST FOR A STAY OF ALL
CASE DEADLINES**

On March 24, 2025, Plaintiffs filed the instant action seeking the "return [of] Plaintiff Abrego Garcia to the United States." ECF 1 at 21. Following a hearing on April 4, 2025, this Court ordered Defendants to "facilitate … the return of Plaintiff Kilmar Armando Abrego Garcia to the United States[.]" ECF 21 at 2. Since that time, Defendants made diligent efforts to pull down domestic barriers preventing Abrego Garcia from entering our country. Defendants also engaged in appropriate diplomatic discussions with the Salvadoran government to facilitate Abrego Garcia's release and return to the United States. Defendants told this Court and Plaintiffs that the diplomatic efforts would take time and were not certain to succeed.

Now, as has been widely reported, Defendants have done exactly what Plaintiffs asked for and what this Court ordered them to do: Plaintiff Abrego Garcia has been returned to the United States. Because of this "significant change in circumstances," the preliminary injunction should be dissolved. *Stone v. Trump*, 400 F.Supp.3d 317, 332 (D. Md. 2019) (dissolving a preliminary injunction due to a "significant change … in factual conditions"). Defendants intend to file a

1

motion to dismiss on mootness grounds by June 16, 2025. *See Otter Point Dev. Corp. v. U.S. Army Corps. Of Eng'rs*, 116 F.Supp.2d 648, 651 (D. Md. 2000) (dismissing case as moot because "the critical issues in this case have been resolved" and the defendant agency "ha[d] already acceded to [the requested] relief"). All case deadlines should be stayed until Defendants' motion to dismiss on mootness grounds can be resolved, particularly where, as here, doing so would: "streamline litigation by dispensing with needless discovery and factfinding" on resolved (or now moot) issues, *Blankenship v. Trump*, 2020 WL 748874, at *2 (S.D.W. Va. Feb. 13, 2020); the motion to dismiss is case-dispositive; the case is at an early, pre-answer, stage of proceedings; interests of judicial economy favor avoiding fruitless expenditure of resources for discovery of mooted issues; continued expedited discovery imposes a severe hardship on Defendants; and staying proceedings does not prejudice Plaintiffs, who will have an opportunity to seek full discovery of non-mooted issues. *See id*. (granting stay of discovery pending motion to dismiss).

Plaintiffs' response to this development is desperate and disappointing. In the face of Abrego Garcia's return to the United States, they baselessly accuse Defendants of "foot-dragging" and "intentionally disregard[ing] this Court's and the Supreme Court's orders," ECF 186 at 2, 3, when just the opposite is true. Plaintiffs also argue that post-compliance discovery into Defendants' full compliance with the preliminary injunction is still appropriate. *See id*. at 3. Perhaps knowing that there is no legal basis for their accusations and arguments, Plaintiffs try to stoke this Court's anger against Defendants. *See id.* at 2 (mischaracterizing Executive Branch statements related to this case). To be sure, the parties have had pointed disagreements on discovery issues, including because Defendants could not share state secrets and other protected materials that would have demonstrated their good faith compliance with the Court's orders. But the proof is in the pudding—Defendants have returned Abrego Garcia to the United States just as

they were ordered to do. None of Plaintiffs' hyperbolic arguments change that or justify further proceedings in this matter.

Defendants respectfully request an immediate stay of all case deadlines to give them sufficient time to formally move to dismiss Plaintiffs' Complaint because it is now moot.

| | |
|---|---|
| Dated: June 10, 2025 | Respectfully submitted, |
| | YAAKOV M. ROTH<br>Acting Assistant Attorney General |
| | *Drew C. Ensign*<br>DREW C. ENSIGN<br>Deputy Assistant Attorney General<br>Civil Division, Office of Immigration Litigation<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>Telephone: (202) 514-2000<br>Email: drew.c.ensign@usdoj.gov |
| | JONATHAN D. GUYNN<br>Deputy Assistant Attorney General<br>Civil Division, Torts Branch |
| | BRIDGET K. O'HICKEY<br>Counsel to the Assistant Attorney General |
| | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I certify that on June 10, 2025, I caused to be filed the foregoing document via CM/ECF, which caused a copy to be served on all parties.

                                        *Drew C. Ensign*
                                  Drew C. Ensign
                                  Deputy Assistant Attorney General
                                  Office of Immigration Litigation
                                  Civil Division
                                  U.S. Department of Justice
                                  950 Pennsylvania Ave., NW
                                  Washington, DC 20530
                                  (202) 514-2000
                                  drew.c.ensign@usdoj.gov