UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> KRISTI NOEM, Secretary of the Department of Homeland Security, *et al.*, <br><br> *Defendants*. | Case No. 8:25-cv-00951 (PX) |

## DEFENDANTS' MOTION TO DISMISS AS MOOT

Nearly three months ago, Plaintiff Abrego Garcia—a removable alien with no right to remain in the United States—was removed to El Salvador. Abrego Garcia, his wife, and child sued Defendants seeking declaratory and injunctive relief, citing an immigration judge's 2019 grant of withholding of removal to that country. Compl. ¶¶ 4–13, ECF No. 1; *id.* at 21. The relief sought was the return of Abrego Garcia to the United States, leading this Court to grant an injunction to "facilitate . . . the return of Plaintiff Kilmar Armando Abrego Garcia to the United States[.]" ECF No. 21 at 2.

Plaintiffs have now received the relief they sought in their Complaint because Defendants have taken extraordinary steps and have facilitated, and indeed effectuated, Abrego Garcia's return to the United States. Accordingly, their claims are moot, this Court lacks subject-matter jurisdiction, and this Court must dismiss under Rule 12(b)(1).

## STATEMENT OF FACTS

For purposes of a motion to dismiss, the Complaint's allegations are assumed to be true. Plaintiff Abrego Garcia is a citizen and native of El Salvador; Plaintiffs Jennifer Vasquez Sura and

1

A.A.V. are his wife and child. Compl. ¶¶ 4–6, 42. Abrego Garcia violated United States law in 2011 by entering the country without inspection. *Id*. ¶ 22.

In March 2019, Abrego Garcia was served a notice to appear in removal proceedings, charging him as inadmissible as an "alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General." *Id.* ¶¶ 25–29 (quoting 8 U.S.C. § 1182(a)(6)(A)(i)). On April 24, 2019, Abrego Garcia appeared for his first hearing in immigration court. *Id*. ¶ 30. During a bond hearing, U.S. Immigration and Customs Enforcement ("ICE") stated that local police had verified, through a confidential informant, that Abrego Garcia was an active member of the criminal gang MS-13 and, thus, a danger to the community. *Id*. ¶ 31. ICE provided a Gang Field Interview Sheet ("GFIS") generated by the Prince George County Police Department, which explained the rationale behind the belief that Abrego Garcia was a gang member. *Id*. After review of the evidence, an immigration judge denied bond. *See id.* ¶¶ 34, 39. Abrego Garcia then filed an I-589 application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture. *Id*. ¶ 35. Abrego Garcia's individual hearing took place on August 9, 2019, and September 27, 2019. *Id*. The immigration judge found Abrego Garcia removable but granted him withholding of removal to El Salvador, *id.* ¶ 41, because "the Barrio 18 gang was targeting him and threatening him because of his family's pupusa business," ECF No. 1-1 at 2.

On March 12, 2025, Abrego Garcia was stopped by ICE officers and later removed to El Salvador and detained at CECOT prison. Compl. ¶¶ 48–50, 56–57 & n.1. On March 24, 2025, Plaintiffs filed a Complaint against Defendants, asserting claims for violating Abrego Garcia's withholding of removal. *Id*. ¶¶ 73–77, 79–83, 85–89, 90–95, 98. In their Complaint, Plaintiffs requested that this Court order Defendants to "take all steps reasonably available to them . . . to

return Plaintiff Abrego Garcia to the United States." *Id*. ¶¶ 77, 83, 89, 95; *see also id*. ¶ 99.

Plaintiffs moved for a temporary restraining order. ECF No. 6. This Court construed that as a motion for a preliminary injunction and granted it on April 4, 2025, ordering Defendants to "facilitate . . . the return of Plaintiff Kilmar Armando Abrego Garcia to the United States[.]" ECF No. 21 at 2. On April 7, 2025, Chief Justice Roberts granted Defendants' application for an administrative stay of the preliminary injunction. *Noem v. Abrego Garcia*, No. 24A949, --- S. Ct. ----, 2025 WL 1022673 (Apr. 7, 2025) (mem.) (Roberts, C.J.).

On April 10, 2025, the Supreme Court upheld the District Court's directive that Defendants "facilitate" Abrego Garcia's return and remanded the case to the District Court to clarify the meaning of "effectuate," giving "due regard for the deference owed to the Executive Branch in the conduct of foreign affairs." *Noem v. Abrego Garcia*, 604 U.S. ----, 145 S. Ct. 1017 (2025). On remand, the District Court amended the preliminary injunction and ordered Defendants to take all available steps to facilitate Abrego Garcia's return as soon as possible. ECF No. 51.

On June 6, 2025, Defendants successfully facilitated Abrego Garcia's return to the United States in compliance with the Court's order. DOJ, *Attorney General Bondi Announces Charges Against Abrego Garcia* (June 6, 2025), https://www.justice.gov/opa/video/attorney-general-bondi-announces-charges-against-abrego-garcia; *see also United States v. Garcia*, No. 3:25-cr-115, ECF No. 3 (M.D. Tenn. May 21, 2025) (indictment).

**LEGAL STANDARD**

"A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing Fed. R. Civ. P. 12(h)(3); *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 64 (4th Cir. 1988)). "When faced with a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, a court must first determine whether the defendant is alleging a lack of jurisdiction based on the

face of the Complaint or as a factual matter." *Arora v. Daniels*, No. 3:17-CV-134, 2018 WL 1597705, at *3 (W.D.N.C. Apr. 2, 2018) (citing *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). "[W]hen a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." *Kerns*, 585 F.3d at 192. But the Court need not "assume that a plaintiff's legal conclusions or arguments are also true." *Falwell v. City of Lynchburg*, 198 F. Supp. 2d 765, 771–72 (W.D. Va. 2002) (citation omitted).

Under a standard patterned on Rule 12(b)(6), courts are generally "limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015). But courts "may properly take judicial notice of 'matters of public record' and other information that under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015); *see also Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record."). Plaintiffs bear the burden of proving that subject-matter jurisdiction exists. *Lovern*, 190 F.3d at 654.

## ARGUMENT

### I. This Court should dismiss this case as moot.

As courts of limited jurisdiction, federal courts "possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A court must have the power to decide the claim before it (subject-matter jurisdiction) and power over the parties before it (personal jurisdiction) before it can resolve a case." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). Standing is a key element of subject-matter jurisdiction. *Ortiz v. Am. Airlines, Inc.*, 5 F.4th 622, 627 (5th

Cir. 2021). In this regard, standing "is not merely a troublesome hurdle to be overcome if possible so as to reach the 'merits' of a lawsuit; . . . it is part of the basic charter promulgated by the Framers of the Constitution at Philadelphia." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 476 (1982). To establish standing, there must be an "actual, ongoing contovers[y]." *Honig v. Doe*, 484 U.S. 305, 317 (1988). Courts use the familiar *Lujan* framework to ensure there is. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–60 (1992) (requiring (1) an injury in fact that is (2) causally connected to a defendant and (3) likely to be redressed by a favorable decision). Standing erodes when a case is mooted. *See Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs., Inc.*, 528 U.S. 167, 189 (2000). If a plaintiff's stake in a lawsuit falls away, so too does this Court's subject matter jurisdiction. Otherwise, any decision on a case's merits is advisory. *See Carney v. Adams*, 592 U.S. 53, 64 (2020). And federal courts cannot issue advisory opinions. *Id.*

"To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided." *Ross v. Reed*, 719 F.2d 689, 693 (4th Cir. 1983). "If intervening factual . . . events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Id*. at 693–94; *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n. 22 (1997) ("The requisite personal interest that must exist at the commencement of the litigation . . . must continue throughout its existence . . . ."). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "'[W]hen the claimant receives the relief he or she sought to obtain through the claim,' the case becomes moot, because 'the court no longer has effective relief to offer.'" *Martinez-Benitez v. U.S. Immigr. & Customs*

*Enf't*, 2019 WL 5295694, at *2 (S.D.W. Va. Sept. 27, 2019) (quoting *Williams*, 716 F.3d at 809), *adopted by* 2019 WL 5295585 (S.D.W. Va. Oct. 18, 2019).

In their Complaint, Plaintiffs bring five claims: a claim that Defendants violated 8 U.S.C. § 1231(b)(3)(A); two Fifth Amendment due-process claims; an Administrative Procedure Act claim that Defendants' actions were arbitrary, capricious, and an abuse of discretion; and a habeas claim under 28 U.S.C. § 2241. Compl. at 16–20. At the end of each claim, Plaintiffs request that the Court "immediately order Defendants to take all steps reasonably available to them . . . to return Plaintiff Abrego Garcia to the United States. *Id.*

Plaintiffs' prayer reflects this same central request for relief. In addition to collateral relief (costs and fees), Plaintiffs request that the Court declare "that Defendants' actions . . . violated the laws of the United States and the Fifth Amendment to the U.S. Constitution," and order "Defendants to immediately cease compensating the Government of El Salvador for its detention of Plaintiff Abrego Garcia," "to immediately request that the Government of El Salvador release Plaintiff Abrego Garcia," and, if El Salvador refused that request, "to take all steps reasonably available to them . . . to return Plaintiff Abrego Garcia to the United States." *Id*. at 21. The chief end of Plaintiffs' Complaint was for Abrego Garcia to be returned to the United States. *See id*. ¶¶ 77, 83, 89, 95; *see also id*. ¶ 99. After extensive diplomatic efforts, Defendants have successfully achieved the requested relief.

Now that Defendants have facilitated Abrego Garcia's return to the United States, Plaintiffs have "receive[d] the relief [they] sought to obtain through the[ir] claim[s]." *Williams*, 716 F.3d at 809. This Court ordered Defendants "to facilitate . . . the return of Plaintiff . . . Abrego Garcia to the United States." ECF No. 21 at 2.; *see also Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025). Defendants have complied with the Court's order and have successfully facilitated Abrego

6

Garcia's return to the United States. *See* DOJ, *Attorney General Bondi Announces Charges Against Abrego Garcia* (June 6, 2025), https://www.justice.gov/opa/video/attorney-general-bondi-announces-charges-against-abrego-garcia. Plaintiffs themselves admit that "Abrego Garcia is . . . back in the United States." ECF No. 186 at 1. Because Plaintiffs have received the complete relief they requested in the Complaint, this Court "no longer has effective relief to offer." *Williams*, 716 F.3d at 809 (quotation and brackets omitted). Therefore, "there is no longer a live controversy," and Plaintiffs' claims are moot. *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002). "[S]ince mootness goes to the heart of the Article III jurisdiction of the courts," this Court must dismiss Plaintiffs' claims. *Id*.[1]

This Court only has subject-matter jurisdiction if there is an "actual, ongoing controvers[y]" between them. *Honig*, 484 U.S. at 317. While one remained after the Court entered the preliminary injunction, none does after Defendants facilitated Abrego Garcia's return to the United States. Because Defendants can do no more to "return Plaintiff Abrego Garcia to the United States," Compl. ¶¶ 77, 83, 89, 95, 99, any opinion on Plaintiffs' claim would be advisory. *See Carney*, 592 U.S. at 64.

Because Plaintiffs' claims are moot, the discovery that this Court ordered serves no further purpose. This Court granted expedited discovery related to "what, if anything, the Defendants have done to facilitate Abrego Garcia's release from custody in El Salvador and to ensure that his case is handled as it would have been had he not been improperly sent to El Salvador." ECF No. 79 at 7–8. Plaintiffs have now received complete relief—Abrego Garcia is in the United States—so

---

[1] Any request for costs and fees cannot keep a moot case alive. *Lancaster v. Secretary of the Navy*, 109 F.4th 283, 291 n.4 (4th Cir. 2024) (citing *Int'l Bhd. of Teamsters, Loc. Union No. 639 v. Airgas, Inc*., 885 F.3d 230, 237 (4th Cir. 2018)); *see also Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990).

Defendants no longer need discovery to reveal whether Defendants are complying with the Court's preliminary injunction.

**II.     Alternatively, this Court should dissolve the injunction.**

Alternatively, even if this Court concludes that this action is somehow not moot, it should dissolve the preliminary injunction that it issued. "Even though a preliminary injunction is not a 'final order,' courts have applied Rule 60(b)(5) to dissolve or modify preliminary injunctions." *Stone v. Trump*, 400 F. Supp. 3d 317, 332 (D. Md. 2019) (citing *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 60 F.3d 823, 1995 WL 406612, at *2–3 (4th Cir. 1995)). "Rule 60(b)(5) provides for relief from a final judgment 'if it is no longer equitable that the judgment should have prospective application.'" *Id*. The party requesting dissolution bears the burden of establishing that "a significant change either in factual conditions or in law . . . makes enforcement of the preliminary injunction detrimental to the public interest." *Id*. (quoting citing *L.J. v. Wilbon*, 633 F.3d 297, 304–05 (4th Cir. 2011)) (cleaned up). A significant change in the factual circumstances of this case—Plaintiff Abrego Garcia's return to the United States—warrants dissolution of the preliminary injunction. *Id*. Continued enforcement of the injunction—to "take all available steps to facilitate the return of Abrego Garcia to the United States as soon as possible," ECF No. 51—is impossible because its requirement has been accomplished. Any attempt at continued enforcement would be a waste of judicial resources for the same reason.

## CONCLUSION

Because Plaintiffs' claims are moot, the Court must dismiss their Complaint.

| | |
|---|---|
| Dated: June 16, 2025 | Respectfully submitted,<br><br>BRETT A. SHUMATE<br>Assistant Attorney General<br><br>/s/ *Drew C. Ensign*<br>DREW C. ENSIGN<br>Deputy Assistant Attorney General<br>Civil Division, Office of Immigration Litigation<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>Telephone: (202) 514-2000<br>Email: drew.c.ensign@usdoj.gov<br><br>JONATHAN D. GUYNN<br>Deputy Assistant Attorney General<br>Civil Division, Torts Branch<br><br>BRIDGET K. O'HICKEY<br>Counsel to the Assistant Attorney General<br><br>*Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I certify that on June 16, 2025, I caused to be filed the foregoing document via CM/ECF, which caused a copy to be served on all parties.

/s/ Drew C. Ensign
DREW C. ENSIGN
Deputy Assistant Attorney General
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 514-2000
drew.c.ensign@usdoj.gov