UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>KRISTI NOEM, Secretary of Homeland Security, *et al.*,<br><br>*Defendants* | No. 8:25-cv-00951-PX<br><br>**Declaration of Annemarie Brennan-Linnan** |

## DECLARATION OF ANNEMARIE BRENNAN-LINNAN

I, Annemarie Brennan-Linnan, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am Chief of the District Court Litigation Division (DCLD), part of the Office of the Principal Legal Advisor (OPLA), within U.S. Immigration and Customs Enforcement (ICE), U.S. Department of Homeland Security (DHS). DCLD defends ICE's operational prerogatives and activities, its budget, and its employees by, among other things, providing litigation support to the U.S. Department of Justice (DOJ) in its representation of agency interests in federal civil litigation. Relevant to the instant lawsuit, DCLD's attorneys serve as agency counsel and manage federal civil litigation filed against ICE and cases that implicate ICE equities. DCLD attorneys assist ICE personnel and DOJ in all aspects of federal litigation. Among my duties is ensuring that ICE's civil discovery document productions are addressed in a timely manner, with appropriate redactions based on applicable privileges, the Privacy Act, and other relevant statutes and regulations.

2. I provide this declaration based on my personal knowledge, reasonable inquiry, and information obtained from various records and other DHS and ICE employees in the regular course of business.

3. I am aware that the instant lawsuit has been filed regarding the removal of Kilmer Armando Abrego-Garcia (Abrego-Garcia) to El Salvador. I am aware that, on April 15, 2025, the Court ordered expedited discovery into the Government's efforts to facilitate Abrego-Garcia's return. ECF No. 79. I further understand that, on June 11, 2025, Plaintiffs in this case filed a Motion for Discovery Sanctions, alleging that the government failed to comply with its discovery obligations. ECF No. 196.

4. ICE personnel worked diligently to produce documents as quickly as practicable while still assessing them for responsiveness, confidentiality, and privilege. The process was complicated by the application of complex privileges and technical issues.

5. To ensure that we were responding timely to the discovery order, ICE personnel worked evenings and weekends, including Easter Sunday, on this discovery. Attorneys within DCLD were pulled off other projects to assist.

6. Nonetheless, there were unavoidable delays. The search terms and date range changed multiple times, requiring our technical staff to run and upload the data multiple times. Relatedly, the agencies faced technical issues. There were often delays of hours to days when documents were transferred from ICE's system to that operated by the Department of Justice (CORA).

7. Ultimately, approximately 18 OPLA attorneys spent approximately 105 hours – more than four days – reviewing documents for production within CORA.

8. Outside of CORA, I reviewed the 897-page Record of Proceedings, which took approximately two hours. Because this is the full record of materials filed with the Executive

Office for Immigration Review and issued by the Immigration Judge and Board of Immigration Appeals, Abrego-Garcia should have already had these materials. However, the government believed it was advisable to produce the Record of Proceedings in an abundance of caution. It was later imported into CORA for production. Another attorney and I reviewed Abrego-Garcia's complete A-file, which took a total of approximately eight hours. This was also later imported into CORA for production.

9. While document review and production were underway, DCLD was also responding to Interrogatories and other discovery in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of June 2025.

_____

Annemarie Brennan-Linnan
Chief, District Court Litigation Division
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security