**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

|  |  |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA, *et al.*,<br><br>       *Plaintiffs*,<br><br>  v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, *et al.*,<br><br>       *Defendants*. | Case No. 8:25-cv-00951 (PX) |

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION FOR AN ORDER TO RETURN KILMAR
ABREGO GARCIA TO THE DISTRICT OF MARYLAND AFTER RELEASE IN THE
TENNESSEE CRIMINAL PROCEEDINGS**

## INTRODUCTION

By returning Abrego Garcia to the United States, the Government has fully complied with the preliminary injunction and allowed the criminal and immigration processes to unfold consistent with due process. Those processes are well underway and, as the Government has already explained, this action is now moot. Yet Plaintiffs now ask the Court in this civil proceeding to intercede in distinct criminal and immigration proceedings, providing Abrego Garcia with relief that no other criminal or immigration detainee is entitled to receive, and that this Court plainly lacks jurisdiction to order due to multiple jurisdictional bars—even if this case were not already moot (and it is).

Plaintiffs' motion is thus legally frivolous and warrants swift rejection.

## I.    There is no "jurisdiction" to "preserve" through the order that Plaintiffs seek.

First, for reasons previously explained, this case is now moot, so there is no "jurisdiction" to "preserve" through the order that Plaintiffs seek. *See* ECF No. 200, Defendants' Motion to Dismiss as Moot. Setting aside collateral motion practice regarding compliance discovery and sanctions, Plaintiffs have received the full relief sought in their Complaint: Abrego Garcia has been returned to the United States, and his criminal and immigration proceedings are unfolding in the ordinary course. *See id.* at 7 (citing *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) ("A court is deprived of jurisdiction over a case when the case becomes moot.")). Because this Court now lacks Article III jurisdiction over this case, Plaintiffs' request for further relief is foreclosed. Indeed, that request goes beyond the scope of the Complaint, confirming that there is no legitimate role left for this Court to play in this matter. *See* ECF No. 1, Complaint, at 20-21 (Request for Relief). (Defendants reserve the right to object to any motion to amend the Complaint.)

Second, even if the case were not moot, Plaintiffs' request that this Court "order the Government to return Abrego Garcia to the district of Maryland" to "preserve" the Court's jurisdiction makes no sense. ECF No. 203 ("Mot.") at 6. Abrego Garcia has not been in this District at any point during the pendency of this litigation. That proved no impediment to the Court's issuance of a preliminary injunction; the Government's compliance with that injunction; or Abrego Garcia's return to the United States. Plaintiffs never explain why the Court's jurisdiction—at this late date, and after all that has transpired—somehow depends on Abrego Garcia's physical presence in the District, or even in the United States more generally. *See generally* Mot. This is a baseless and illogical overreach.

## II.     Plaintiffs' request is jurisdictionally barred.

Even setting aside all of that, Plaintiffs' request is jurisdictionally barred. Plaintiffs say Abrego Garcia will be transferred from criminal custody to ICE custody. *See* Mot. at 2; *see also United States v. Abrego Garcia*, No. 3:25-cr-115 (M.D. Tenn. June 25, 2025), ECF No. 55 & 56 (denying the Government's motion for stay of release order). They properly do not seek his release from that custody but instead argue that he should be detained in Maryland rather than elsewhere. The INA, however, expressly commits decisions about where to detain an alien pending removal proceedings to the discretion of the Secretary of Homeland Security, 8 U.S.C. §§ 1101(a)(11)(A),(B), 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."), and it precludes judicial review of such discretionary decisions, *id.* § 1252(a)(2)(B)(ii); *see also Polfliet v. Cuccinelli*, 955 F.3d 377, 384 (4th Cir. 2020) (holding that § 1252(a)(2)(B)(ii) barred judicial review of a discretionary decision by DHS); *Bouarfa v. Mayorkas*, 604 U.S. 6, 19 (2024).

2

Indeed, the INA specifically identifies the habeas statute and provides that there shall be no judicial review of "any" such "discretionary" decision. 8 U.S.C. § 1252(a)(2)(B)(ii). Put together, DHS "necessarily has the authority to determine the location of detention of an alien in deportation proceedings," and the federal courts lack the power to review or alter that discretionary decision. *Gandarillas-Zambrana v. BIA*, 44 F.3d 1251, 1256 (4th Cir. 1995) (citing *Sasso v. Milhollan*, 735 F. Supp. 1045, 1048 (S.D. Fla. 1990)).

Under a straightforward application of these statutory provisions, federal courts have held time and again that they lack authority over the Executive's decision about where to detain aliens during immigration proceedings. *See, e.g.*, *Wood v. United States*, 175 F. App'x 419, 420 (2d Cir. 2006) (holding that the Secretary "was not required to detain [Plaintiff] in a particular state"); *Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) (holding that "a district court has no jurisdiction to restrain the Attorney General's power to transfer aliens to appropriate facilities"); *Rios-Berrios v. INS*, 776 F.2d 859, 863 (9th Cir. 1985). Simply put, the federal courts have no authority to order that an alien be held in one ICE facility over another.

In addition to ordering the Government to return Abrego Garcia to Maryland, Plaintiffs request that this Court order the Government to "refrain from removing him from the continental United States or from transferring him outside this District." Mot. at 7. That request is equally precluded. Section 1252(g) explicitly bars such a challenge to lawfully executing his removal order or commencing removal proceedings. It provides: "[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). In fact, Section 1252(g) prohibits district courts from even hearing claims arising out of discretionary decisions to execute a removal order, *Mapoy v. Carroll*,

185 F.3d 224, 228 (4th Cir. 1999), including challenges to decisions and actions about "*whether to execute a removal order*," which necessarily includes "the discretion to decide *when* to do it," *Tazu v. Att'y Gen. United States*, 975 F.3d 292, 297 (3d Cir. 2020), and *where*. *See also Rauda v. Jennings*, 55 F.4th 773, 777-78 (9th Cir. 2022) (denying stay of removal pending appeal in habeas action because "[n]o matter how [petitioner] frames it, his challenge is to the Attorney General's exercise of his discretion to execute [his] removal order, which we have no jurisdiction to review"); *E.F.L. v. Prim*, 986 F.3d 959, 964-65 (7th Cir. 2021) (affirming the district court's dismissal of a habeas petition and holding that § 1252(g) barred review of the decision to execute a removal order while an individual sought administrative relief); *Camerena v. Director, Immigration and Customs Enforcement*, 988 F.3d 1268, 1272, 1274 (11th Cir. 2021) (affirming the dismissal of a habeas petition and holding that § 1252(g) bars review of challenges to the discretionary decision to execute a removal order); *Hamama v. Homan*, 912 F.3d 869, 874 (6th Cir. 2018) ("Under a plain reading of the text of the statute, the Attorney General's enforcement of long-standing removal orders falls squarely under the Attorney General's decision to execute removal orders and is not subject to judicial review.").

Section 1252(b)(9) further confirms that this Court lacks jurisdiction and, therefore, the authority to grant the requested relief. Section 1252(b)(9) provides that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section," and "no court shall have jurisdiction . . . by any other provision of law . . . to review such an order or such questions of law or fact." 8 U.S.C. § 1252(b)(9). Congress clearly intended "to have all challenges to removal orders heard in a single forum (the courts of appeals)" as part of a petition for review. *Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005). "[M]ost claims

that even relate to removal" are improper if brought before the district court. *E.O.H.C. v. Sec.
United States Dep't of Homeland Sec.*, 950 F.3d 177, 184 (3d Cir. 2020); *see also Reno v. Am.-
Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483 (1999) (labeling § 1252(b)(9) an
"unmistakable zipper clause," and defining a zipper clause as "[a] clause that says 'no judicial
review in deportation cases unless this section provides judicial review.'"); *Vasquez v. Aviles*, 639
F. App'x 898, 900-01 (3d Cir. 2016); *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016)
("Taken together, § 1252(a)(5) and § 1252(b)(9) mean that any issue—whether legal or factual—
arising from any removal-related activity can be reviewed only through the [petition for review]
process."). If Abrego Garcia wanted to challenge any removal proceedings, the proper venue for
such a challenge would have been in the circuit court through a petition for review. After the
immigration judge's October 10, 2019, decision noting his removability and determining that he
was lawfully removable to any country except El Salvador, Abrego Garcia had the opportunity to
appeal to the Board of Immigration Appeals and then petition the circuit court for review within
30 days of the BIA's decision. 8 U.S.C. § 1252(b)(1); ECF No. 1-1 at 14. He failed to appeal to
the BIA or file such a petition. He therefore cannot now challenge his removal consistent with that
order.

The relief that Plaintiffs seek is not just illegal but also infeasible. Plaintiffs accuse the
Government of gamesmanship by removing Abrego Garcia from Maryland to detention facilities
in Louisiana and Texas and argue that it is "likely that the Government will attempt to hold Abrego
Garcia in immigration custody in a jurisdiction other than the District of Maryland." Mot. at 6
(cleaned up). But there are no ICE detention facilities in Maryland for long-term detention,
necessitating his transfer elsewhere. Decl. of Nikita Baker. And, in any event, transferring an alien
to a detention facility away from family does not violate due process or otherwise render that

decision judicially reviewable. *Reyna as next friend of J.F.G. v. Hott*, 921 F.3d 204, 211 (4th Cir. 2019) (holding that aliens did not have a due process right to prevent transfer away from family in Virginia to a detention facility in Texas). Nor does an alien's preference to be closer to his civil attorney implicate any due process rights that would prevent DHS from choosing the detention location. *Gandarillas-Zambrana*, 44 F.3d at 1256. "The INA guarantee[s] [an alien] the same rights and privileges" regardless of where proceedings are held. *Id*.  If any party is playing games, it is Abrego Garcia who, after securing pretrial release on conditions in his criminal case, filed a motion to delay his release. *United States v. Abrego Garcia*, 3:25-cr-115 (M.D. Tenn. June 27, 2025), ECF No. 63.

**III.    Plaintiffs' claims are habeas claims that must be filed in the district of confinement.**

Even if this request were not jurisdictionally barred multiple times over, *this Court* would still lack jurisdiction. Whatever may have been true at the outset of this case, Plaintiffs' current request—to bring Abrego Garcia from Tennessee to Maryland and impede Defendants from removing him from the United States, even consistent with ordinary immigration procedures— plainly sounds in habeas. *See Benson v. McMahon*, 127 U.S. 457, 462 (1888) (reviewing, on petition for writ of habeas corpus, claim of unlawful extradition); *Kiyemba v. Obama*, 561 F.3d 509, 513 (D.C. Cir. 2009) ("a potential transfer out of the jurisdiction of the court is a proper subject of statutory habeas relief"); *Joshua M. v. Barr*, 439 F. Supp. 3d 632, 677 (E.D. Va. 2020) (finding request to stay removal proper under habeas). The Supreme Court recently made clear that for claims that "fall within the 'core' of the writ of habeas corpus," "jurisdiction lies in *only one district*:  the district of confinement." *Trump v. J.G.G.*, 145 S. Ct. 1003, 1005-06 (2025) (emphasis added) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). As Plaintiffs agree, this is not the district of confinement. *See* Mot. at 2 (noting that adjudicating Abrego Garcia's custodial

6

status in the Tennessee criminal proceedings is "for the Tennessee district court to resolve"). This Court would therefore lack the power to issue the relief currently sought in all events.

Plaintiffs' sparse citations are not to the contrary. In *Ozturk* and *Suri*, the habeas petitioners were located in the district of confinement when the habeas petitions were filed. *See Ozturk v. Trump*, --- F. Supp. 3d ----, 2025 WL 1145250 (D. Vt. Apr. 18, 2025); *Suri v. Trump*, 2025 WL 1310745 (E.D. Va. May 6, 2025). Those courts therefore ordered their return to preserve habeas jurisdiction. In notable contrast to Ozturk and Suri, Abrego Garcia has never been present in this judicial district for even a minute during the pendency of this suit. Moreover, this case was never styled as a habeas action—nor could it have been, because Abrego Garcia was outside the District (and outside the country) when it was filed. *See* Compl. (bringing four claims in addition to a claim under 28 U.S.C. § 2241). And in *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025) and *Perez v. Noem*, 2025 U.S. Dist. Lexis 113509, at *4-5 (S.D.N.Y. June 13, 2025), the petitioners were challenging the legality of their removals under the Alien Enemies Act in their districts of confinement, so the courts again had habeas jurisdiction and issued orders to preserve that jurisdiction. Here, however, Plaintiffs challenged only Abrego Garcia's prior removal, which has since been undone—and, again, this Court does not have (and never did have) habeas jurisdiction. *See* Motion to Dismiss, ECF No. 165 at 3-6.

Ultimately, this case challenged Abrego Garcia's removal from the United States, which has now been reversed. Resolution of the criminal charges against him is for the Middle District of Tennessee, and any immigration proceedings are playing out in real time. There is no legal basis for this Court to interfere with either. Plaintiffs' motion should be denied, and this case should be dismissed.

## CONCLUSION

For the reasons stated above, this Court should deny Plaintiffs' emergency motion.


Dated: June 30, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

/s/    *Drew C. Ensign*
DREW C. ENSIGN
Deputy Assistant Attorney General
Civil Division, Office of Immigration Litigation
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000
Email: drew.c.ensign@usdoj.gov

JONATHAN D. GUYNN
Deputy Assistant Attorney General
Civil Division, Torts Branch

BRIDGET K. O'HICKEY
Counsel to the Assistant Attorney General

*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I certify that on June 30, 2025, I caused to be filed the foregoing document via CM/ECF, which caused a copy to be served on all parties.

/s/ Drew Ensign
Drew C. Ensign
Deputy Assistant Attorney General
Civil Division, Office of Immigration Litigation