UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| Kilmar Armando Abrego Garcia, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Kristi Noem, *et al.*, <br><br> Defendants. | Case No.: 8:25-CV-00951-PX |

**Plaintiffs' Motion For Leave To File Amended And Supplemental Complaint**

Pursuant to Rules 15(a) and (d) of the Federal Rules of Civil Procedure and Rule 6 of the Local Rules for the District of Maryland, Plaintiffs hereby move for leave to file an Amended and Supplemental Complaint (the "Amended Complaint"). The proposed Amended Complaint would conform the pleadings to new information obtained through discovery in support of Plaintiffs' pending claims. A copy of the proposed Amended Complaint is attached hereto as Exhibit B.

In support of this motion, Plaintiffs submits the attached memorandum and state as follows:

1. On June 16, 2025, the Government filed a motion to dismiss Plaintiffs' Complaint as moot, arguing that because it had returned Abrego Garcia to the United States, Plaintiffs have received all the relief they sought. ECF No. 200.

2. Plaintiffs seek to amend their Complaint to address the changed circumstances since the filing of the original Complaint and to clarify that the relief they seek remains live, notwithstanding Abrego Garcia's return to the United States. In moving to dismiss this action as moot, the Government relies on Abrego Garcia's return to the United States, which it orchestrated on its own schedule and terms. But that is not the full picture—either of the relief originally sought in the Complaint or of the Government's action and inaction since the filing of the Complaint.

3. The proposed Amended Complaint details the Government's defiance of court orders after this Court granted preliminary injunctive relief. The Amended Complaint includes allegations that the Government made decisions to defy judicial mandates. These allegations are new to the Complaint, but have been cited in various filings in this Court as the case has developed. They are directly relevant to Plaintiffs' constitutional claims and outstanding requests for declaratory and prospective injunctive relief.

4. Plaintiffs also seek to incorporate evidence that emerged in a June 2025 whistleblower disclosure from former DOJ official Erez Reuveni, who was previously counsel for the Government in this case. The new allegations include government officials internally acknowledging that Abrego Garcia's removal was an "administrative error" while simultaneously working to prevent his return and to make post-hoc justifications. These revelations provide evidence of deliberate misconduct that was unavailable when the original Complaint was filed and directly support Plaintiffs' claims.

5. The proposed Amended Complaint also includes Abrego Garcia's first-hand account of torture and mistreatment at CECOT, as well as developments regarding his return to the United States and the Government's stated plan to remove him again. These allegations identify the severe harm actually suffered and the threat of repeated unlawful removal that supports Plaintiffs' request for prospective injunctive relief. The inclusion of these facts, which could not have been pleaded at the time of the original filing, is essential to present a complete picture of the violations and ensure adequate relief.

6. Plaintiffs also propose to clarify that the relief sought includes restoring the status quo ante, which requires (among other things) the Government to return Abrego Garcia to

Maryland, where he was before his unlawful arrest on March 12, 2025, not merely to the United States generally.

7. In addition, the Amended Complaint adds allegations about the Government's publicly announced plans to again remove Abrego Garcia to El Salvador or a third country. The proposed amendments seek relief ensuring that Abrego Garcia receives all process due under U.S. law.

8. Collectively, these proposed amendments and supplements demonstrate that live disputes remain between the parties and that the Court retains the ability to grant meaningful relief.

9. Rule 15(a) provides that "a party may amend its pleading . . . [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986).

10. Here, none of these factors weighs against amendment. Plaintiffs have moved expeditiously and filed this motion promptly in response to the Government's motion to dismiss. There is therefore no substantial or undue prejudice to the Government. Nor will amendment interfere with any ongoing proceedings in this Court. Indeed, granting leave to amend would serve justice and promote judicial efficiency by ensuring that the Court has a complete and accurate picture of the facts and legal issues before ruling on Defendants' motions to dismiss.

11. Rule 15(d) permits supplementation of pleadings to address events occurring after the original filing. Fed. R. Civ. P. 15(d). "[T]he standards used by a district court in ruling on a motion to amend or a motion to supplement are nearly identical. In either situation, leave should be freely granted, and should be denied only where 'good reason exists . . . , such as prejudice to the defendants.'" *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002) (citation omitted). Here, supplementation is appropriate given the ongoing developments since the filing of the Complaint, including the Government's statements about its future intentions regarding Abrego Garcia.

For all these reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the attached Amended Complaint.

Dated: July 2, 2025

| | |
|---|---|
| **MURRAY OSORIO PLLC**<br>Simon Y. Sandoval-Moshenberg<br>Rina Gandhi<br>4103 Chain Bridge Road, Suite 300<br>Fairfax, Virginia 22030<br>(703) 352-2399<br>ssandoval@murrayosorio.com<br><br>**QUINN EMANUEL URQUHART &<br>  SULLIVAN, LLP**<br>Stephen E. Frank<br>111 Huntington Ave, Suite 520<br>Boston, MA 02199<br>(617) 712-7100<br>stephenfrank@quinnemanuel.com | */s/ Jonathan G. Cooper*<br>**QUINN EMANUEL URQUHART &<br>  SULLIVAN, LLP**<br>Jonathan G. Cooper (D. Md. Bar No. 21345)<br>Olivia Horton\*<br>1300 I St. NW, Suite 900<br>Washington, DC 20005<br>(202) 538-8000<br>jonathancooper@quinnemanuel.com<br>oliviahorton@quinnemanuel.com<br>*\*admitted in Texas; not admitted in D.C.*<br>*Supervised by attorney admitted in D.C.*<br><br>Andrew J. Rossman<br>Sascha N. Rand<br>K. McKenzie Anderson<br>Samuel P. Nitze<br>Courtney C. Whang<br>Roey Goldstein<br>Sam Heavenrich<br>Victoria Martin<br>Morgan L. Anastasio<br>295 Fifth Avenue, 9th Floor<br>New York, NY 10016<br>(212) 849-7000<br>andrewrossman@quinnemanuel.com<br>sascharand@quinnemanuel.com<br>mckenzieanderson@quinnemanuel.com<br>samuelnitze@quinnemanuel.com<br>courtneywhang@quinnemanuel.com<br>roeygoldstein@quinnemanuel.com<br>samheavenrich@quinnemanuel.com<br>victoriamartin@quinnemanuel.com<br>morgananastasio@quinnemanuel.com |

*Counsel for Plaintiffs*