UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| Kilmar Armando Abrego Garcia, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>Kristi Noem, *et al.*,<br><br>　　　　　　Defendants. | Case No.: 8:25-CV-00951-PX |

**Plaintiffs' Memorandum Of Law In Support Of Their
Motion For Leave To File Amended And Supplemental Complaint**

**Introduction**

Plaintiffs respectfully submit this memorandum in support of their motion for leave to file an Amended and Supplemental Complaint (**Amended Complaint**) in response to developments since the filing of the original complaint (**Complaint**). After months of publicly vowing that it would never return Kilmar Armando Abrego Garcia to the United States, the Government has brought him back, albeit after delay, and only to Tennessee to face a criminal case commenced after he was removed, rather than to restore the status quo ante. Indeed, even as the Government seeks to dismiss this case as moot based on Abrego Garcia's presence in the country, it has openly declared its intention to remove him again, without any assurance of notice or due process. Under these circumstances, Plaintiffs must be permitted to amend and supplement their Complaint to clarify the harm suffered to date by Abrego Garcia, to address the Government's ongoing violations and incorporate evidence of its malfeasance, and to clarify the relief sought, including relief that will prevent the Government from once again flouting the law and this Court's authority. Such amendment is not only appropriate under the liberal standard set forth by Federal Rule of Civil Procedure 15(a) and (d), but necessary to ensure complete adjudication of this controversy.

**Background**

On March 24, 2025, Plaintiffs Kilmar Armando Abrego Garcia, Jennifer Stefania Vasquez Sura, and A.A.V. filed the Complaint. ECF No. 1. They did so after the Government violated a valid withholding of removal order from 2019 by removing Abrego Garcia to El Salvador on March 15. The original Complaint alleged that the Government violated federal law and Abrego Garcia's constitutional rights by removing him to El Salvador despite the withholding of removal order, and without following any of the required procedures to seek relief from that order. *Id.*

This Court granted preliminary injunctive relief on April 4, 2025, ordering the Government to facilitate Abrego Garcia's return to the United States "to restore the status quo and to preserve

1

Abrego Garcia's access to due process in accordance with the Constitution and governing immigration statutes." ECF No. 21 at 2–3. Six days later, the Supreme Court, without dissent, ruled that the district court's order "properly requires the Government to 'facilitate' Abrego Garcia's release from custody in El Salvador and to ensure that his case is handled as it would have been had he not been improperly sent to El Salvador." *Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025).

For nearly two months after the Supreme Court's ruling, the Government defied this injunction, among other court orders. *See* ECF No. 207 at 5; ECF No. 196. Then, on June 6, the Government abruptly transported Abrego Garcia back to the United States, not to Maryland to restore the status quo ante, but to face new criminal charges in Tennessee from an investigation started *after* the Judicial Branch had ordered the Government to facilitate his return to the position he was in before his illegal removal. *Id.* at 6. The Government immediately moved to dismiss this case as moot (ECF No. 200), while simultaneously declaring its intention to remove Abrego Garcia once again following any criminal proceedings (ECF No. 207 at 6–7).

Plaintiffs now seek leave to amend and supplement the Complaint to address the developments that occurred after the original filing, to incorporate evidence that emerged through discovery and whistleblower disclosures, and to ensure their pleadings conform to the complete factual record and accurately capture the full scope of requested relief. The new allegations bear directly on the Government's mootness arguments in its second motion to dismiss (ECF No. 200).

## Argument

**I.     Leave should be freely given to amend and supplement the Complaint.**

Federal Rule of Civil Procedure 15 provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on

2

technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). "The law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation omitted). Absent such circumstances, leave to amend should be granted. *Id.* Thus, Plaintiffs should be granted leave to amend unless there is a good reason to deny amendment—which there is not, as explained in Section II below.

Rule 15(d) separately permits supplementation of pleadings to address "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented," even if the original pleading to be supplemented was defective in stating a claim. Fed. R. Civ. P. 15(d). The standard for granting leave to supplement is "nearly identical" to the standard for granting leave to amend. *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002). "In either situation, leave should be freely granted, and should be denied only where 'good reason exists . . . , such as prejudice to the defendants.'" *Id.* (citation omitted); *see also Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 174 F. Supp. 2d 388, 395 (D. Md. 2001) ("So useful are [Rule 15(d) motions] and of such service in the efficient administration of justice that they ought to be allowed as a matter of course, unless some particular reason for disallowing them appears.") (quoting *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir. 1963)).

Plaintiffs' proposed supplemental allegations concern events that occurred after the original Complaint was filed and thus could not have been included at the time of filing, and (as explained below in Section II) there is no good reason for the Court to not grant Plaintiffs' motion. The supplemental allegations include: (1) Abrego Garcia's first-hand account of his mistreatment at CECOT; (2) the Government's repeated defiance of this Court's preliminary injunction and

3

subsequent court orders from April through June 2025; (3) the June 2025 whistleblower disclosure revealing Government officials' acknowledgment that the removal was an "administrative error," while deliberately working to prevent Abrego Garcia's return; and (4) the Government's June 2025 transportation of Abrego Garcia to the United States for criminal prosecution and its repeated statements that they plan to remove him again.

Notably, in its second motion to dismiss (ECF No. 200), the Government itself relies on facts that occurred after the filing of the Complaint—*i.e.*, that Abrego Garcia is now within the United States. If the Government can invoke post-Complaint developments to support its mootness argument, fundamental fairness requires that Plaintiffs be permitted to supplement their allegations to provide the full context and relevant facts, which firmly establish that this case remains a live controversy and further relief is required.

## II.     There is no good reason to deny amendment or supplementation.

### A.     Amendment and supplementation will not prejudice the Government.

The proposed amendments and supplementation do not present a new theory that "would require the gathering and analysis of facts not already considered by [the Government]," nor are they being "offered shortly before or during trial." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). In fact, the Government was aware of the facts regarding Abrego Garcia in real time, at every development, because the Government was in control of Abrego Garcia's custody and circumstances. *See* ECF No. 176 at 10. The proposed amendments also do not require additional discovery beyond the scope of what has already been ordered by the Court. To the contrary, discovery is ongoing (in large part due to the Government's delay and obstruction), and no trial date has been set.

The Amended Complaint primarily adds factual allegations of which the Government has complete knowledge because they describe the Government's own actions and public statements.

4

The Government cannot claim surprise or prejudice from allegations about its own conduct, including its repeated public refusals to comply with court orders, its internal communications admitting that Abrego Garcia's removal was a mistake, and its decision to return him only to Tennessee for criminal prosecution rather than to Maryland to restore the status quo ante. *See Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 647 (D. Md. 2015) ("Prejudice occurs when the amendment necessitates additional discovery and analysis to address events that previously were not part of the case, as opposed to when the amendment involves events that the 'defendant was from the outset made fully aware of'") (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)); *Ward Elecs. Serv., Inc. v. First Com. Bank*, 819 F.2d 496, 497 (4th Cir. 1987) (holding that amended complaint with new theory of recovery did not prejudice non-movant where the proposed amendment was based on information that had always been in non-movant's possession).

Moreover, granting leave to amend would serve judicial efficiency by ensuring that the Court has a complete and accurate picture of the facts and legal issues.

### B. Plaintiffs have sought leave to amend and supplement in good faith.

Plaintiffs have acted diligently and in good faith in seeking to amend and supplement their Complaint. They filed this motion promptly in response to the Government's motion to dismiss, demonstrating no undue delay. *See Laber*, 438 F.3d at 428 (stating that plaintiff's "diligence in filing his motion to amend . . . dispels any inference of bad faith" and granting motion to amend); *see also United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 198 (4th Cir. 2022) (defining bad faith to include "dishonesty of belief or purpose"); *Davis*, 615 F.2d at 613 (stating that a lack of prejudice would alone ordinarily warrant granting leave to amend and that mere delay absent any resulting prejudice was not sufficient justification for denial). The proposed amendments and supplements are motivated not by any improper purpose but rather by the

5

legitimate need to: (1) update the pleadings to reflect significant developments in the case postdating the Complaint; (2) incorporate evidence obtained through discovery and whistleblower disclosures; and (3) ensure that the Complaint accurately frames the ongoing legal disputes between the parties.

### C. Amendment and supplementation would not be futile.

As the Fourth Circuit has long made clear, leave to amend "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (citing *Davis*, 615 F.2d at 695 and *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 695 (8th Cir. 1981)). Far from being futile, the proposed amendments further substantiate that this Court retains jurisdiction to grant meaningful relief, including "to restore the status quo and to preserve Abrego Garcia's access to due process in accordance with the Constitution and the governing immigration statutes." ECF No. 21 at 2–3. Such relief remains essential here, where the Government returned Abrego Garcia to Tennessee to face criminal charges, rather than to Maryland to restore the status quo ante, and where the Government has announced it will remove Abrego Garcia again. *See* ECF No. 207.

### Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for leave to file an amended and supplemental complaint.

Dated: July 2, 2025

|  |  |
|---|---|
| **MURRAY OSORIO PLLC**<br>Simon Y. Sandoval-Moshenberg<br>Rina Gandhi<br>4103 Chain Bridge Road, Suite 300<br>Fairfax, Virginia 22030<br>(703) 352-2399<br>ssandoval@murrayosorio.com<br><br>**QUINN EMANUEL URQUHART &<br>  SULLIVAN, LLP**<br>Stephen E. Frank<br>111 Huntington Ave, Suite 520<br>Boston, MA 02199<br>(617) 712-7100<br>stephenfrank@quinnemanuel.com | /s/ Jonathan G. Cooper<br>**QUINN EMANUEL URQUHART &<br>  SULLIVAN, LLP**<br>Jonathan G. Cooper (D. Md. Bar No. 21345)<br>Olivia Horton*<br>1300 I St. NW, Suite 900<br>Washington, DC 20005<br>(202) 538-8000<br>jonathancooper@quinnemanuel.com<br>oliviahorton@quinnemanuel.com<br>*admitted in Texas; not admitted in D.C. Supervised by attorney admitted in D.C.<br><br>Andrew J. Rossman<br>Sascha N. Rand<br>K. McKenzie Anderson<br>Samuel P. Nitze<br>Courtney C. Whang<br>Roey Goldstein<br>Sam Heavenrich<br>Victoria Martin<br>Morgan L. Anastasio<br>295 Fifth Avenue, 9th Floor<br>New York, NY 10016<br>(212) 849-7000<br>andrewrossman@quinnemanuel.com<br>sascharand@quinnemanuel.com<br>mckenzieanderson@quinnemanuel.com<br>samuelnitze@quinnemanuel.com<br>courtneywhang@quinnemanuel.com<br>roeygoldstein@quinnemanuel.com<br>samheavenrich@quinnemanuel.com<br>victoriamartin@quinnemanuel.com<br>morgananastasio@quinnemanuel.com |

*Counsel for Plaintiffs*