UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA, *et al.*,<br><br>　　　　　　　　　　*Plaintiffs*,<br>　　v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, *et al.*,<br><br>　　　　　　　　　　*Defendants*. | Case No. 8:25-cv-00951 (PX) |

**DEFENDANTS' REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS AS MOOT**

The relief sought by Plaintiffs in this action was the return of Abrego Garcia to the United States, leading this Court to grant an injunction to "facilitate . . . the return of Plaintiff Kilmar Armando Abrego Garcia to the United States[.]" ECF No. 21 at 2. Plaintiffs have now received the relief they sought in their Complaint, because Defendants have taken extraordinary steps and have facilitated Abrego Garcia's return to the United States. Accordingly, their claims are moot, this Court lacks subject-matter jurisdiction, and this Court must dismiss under Rule 12(b)(1). Plaintiffs' marginal arguments attempt to bypass the immutable fact that they have received the relief they sought in the Complaint. There is no live dispute in this action, the exceptions to the mootness doctrine do not apply, and sanction proceedings have no bearing upon whether this action is moot. Accordingly, the Court must dismiss Plaintiffs' Complaint.

I.      **There is no live dispute.**

   A.  **Plaintiffs' lead case is plainly inapposite.**

Contrary to Plaintiffs' assertions that *Chafin v. Chafin*, 568 U.S. 165 (2013), supports that the Court can still order relief in this case, Opp. at 9, *Chafin* is inapposite. In *Chafin*, a child's mother filed a petition seeking an order that her child be returned to Scotland. 568 U.S. at 170. The district court ruled that Scotland was the child's country of habitual residence and granted the petition for return. *Id*. 171. The child's father appealed. *Id*. The Eleventh Circuit, however, remanded the case with instructions to dismiss as moot because, following the child's return to Scotland, it believed the court was "'powerless' to grant relief." *Id*. The Supreme Court vacated and remanded the Eleventh Circuit's judgment because it determined that "there [was still] a live dispute between the parties over where their child will be raised" and "the return does not render this case moot so long as there is a live dispute between the parties." *Id*. at 180.

1

As the Court stated, the Chafins continued to "vigorously contest" where their daughter would be raised, and accordingly there remained a live dispute. And there was at least a prospect that a court could order her return to the United States and thus provide the relief sought by the father. Here, Abrego Garcia has already been returned to the United States; there is no longer a live dispute between the parties; and there is thus no relief that this Court could provide.

**B. Returning Abrego Garcia to Maryland is not the relief Plaintiffs requested in the Complaint and is not legitimate relief in any case.**

Plaintiffs contend that a live dispute remains about "restoring Abrego Garcia to the status quo ante," which means—in Plaintiffs' view—returning him to *Maryland*. *See* ECF No. 207 ("Opp.") at 8-9. But no live dispute remains. Plaintiffs' Complaint requests that Abrego Garcia be returned from El Salvador to the United States—not Maryland. *See* ECF No. 1, Complaint ("Compl.") at 20-21. Tellingly, Plaintiffs do not cite the Complaint to support their assertion that a live dispute remains about returning Abrego Garcia to Maryland. *See* Opp. at 8-9. That is because their Complaint reveals that they have already received the relief they requested: the Government has returned Abrego Garcia from El Salvador to the United States.

Plaintiffs even acknowledge that certain claims they now make may not be "within the ambit of the existing complaint" and "anticipate" addressing those issues in their "forthcoming amended and supplemental complaint." *Id*. at 16. Because Plaintiffs have obtained the relief they sought from this Court in their operative Complaint, this case is moot and should be dismissed. Defendants oppose Plaintiffs' motion for leave to amend the Complaint, ECF No. 211, and plan to respond to Plaintiffs' motion in the ordinary course.

Setting aside the incongruity with their own Complaint, Plaintiffs ignore that the relevant "status quo ante" included a valid and final order of removal against Abrego Garcia. *See* ECF No. 1-1, Immigration Judge Order, at 2. Because he is lawfully removable from the United States under

2

that order, Abrego Garcia's apprehension in Maryland for purposes of removal from the United States was lawful. The only problem was that his removal order included withholding of removal from *El Salvador* in particular. But the Government has since facilitated his return to the United States, remediating that issue and resolving any live dispute over his prior removal.

Finally, as set forth in the Government's opposition to Plaintiffs' emergency motion for an order to return Abrego Garcia to Maryland, there is no basis to ask the Court to return Abrego Garcia to Maryland, and such a request is barred by the Immigration and Nationality Act ("INA"). *See* ECF No. 208, at 1-5. Indeed, courts dismiss claims like Plaintiffs' every day, nationwide. *See, e.g.*, *Dvortsin ex rel. Gamal v. Noem*, No. 5:25-cv-00664, at 7 (W.D. Tex. July 2, 2025).

### C. Plaintiffs lack standing for a "forward-looking injunction" requiring the Government to "follow the law" in the future.

Plaintiffs next contend that a live dispute remains "about the handling of Abrego Garcia's immigration status" because this Court's injunction required the Government to ensure that Abrego Garcia's case "is handled as it would have been had he not been improperly sent to El Salvador." *See* Opp. at 9-10. But Abrego Garcia's case *is* being handled as it would have been. He is currently receiving, and will receive, all requisite legal process in his immigration proceedings. There is no basis to conclude otherwise.

The fact that the Government erred by removing Abrego Garcia to El Salvador does not give Plaintiffs standing for a "forward-looking injunction" requiring the Government to "follow the law" in the future. To have standing to seek prospective injunctive relief (i.e., for a prospective injunction request not to be moot), a plaintiff must either suffer a continuing injury or be under a real and immediate threat of being injured in the future. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n.8(1983). Plaintiffs state that "[t]he Government has represented that after Abrego Garcia is released from custody in the criminal case, ICE will take him into custody and commence

3

removal proceedings." Opp. at 11. But given his final order of removal, there is nothing unlawful about that. Like all other aliens in removal proceedings, Abrego Garcia can point to nothing entitling him to an injunction requiring the Government to follow the law in the future. Granting him that kind of relief, therefore, would not be "handl[ing]" his case as if he had "not been improperly sent to El Salvador"—it would provide him special treatment, unsupported by any legal basis.

### D. Plaintiffs lack standing to seek a declaratory judgment regarding past actions, when those actions have already been remedied and there are no grounds for an injunction.

Plaintiffs do not have standing to seek a declaratory judgment regarding past actions, when those actions have already been remedied and there are no grounds for an injunction. A party cannot keep a moot case alive by asking for a declaratory judgment. "[N]o federal court may issue a declaratory judgment on past state action, where the action complained of is past and no other relief [i.e., injunctive relief] is available." *Int'l Coal. for Religious Freedom v. Maryland*, 3 F. App'x 46, 50 (4th Cir. 2001) (citing *Green v. Mansour*, 474 U.S. 64, 71-74 (1985)). Rather, "plaintiffs must identify some further concrete relief that will likely result from the declaratory judgment." *Comite de Apoyo a los Trabajadores Agricolas (CATA) v. U.S. Dep't of Lab.*, 995 F.2d 510, 513 (4th Cir. 1993). "Otherwise plaintiffs with mooted claims of injury could gain federal jurisdiction simply by demanding declaratory relief," as Plaintiffs attempt here. *Id*. Plaintiffs have already received the relief requested in their Complaint—Abrego Garcia's return to the United States. No other relief is available to remedy the Government's admitted error. And insofar as Abrego Garcia wants a forward-looking declaratory judgment about how and where he can be removed in the future, that request would be a preemptive attack on future removal that is plainly barred by the INA. *See* 8 U.S.C. § 1252(g).

**II.     The exceptions to the mootness doctrine do not apply.**

**A. The voluntary cessation exception does not apply here.**

The voluntary cessation exception does not apply in situations where the Government has corrected its own mistake. *See*, *e.g.*, *Mo. Protection and Advocacy Servs., Inc. v. Carnahan*, 499 F.3d 803, 811 (8th Cir. 2007) (holding that voluntary cessation did not apply where the Government removed an individual from the voting rolls based on a mistake); *Roehning v. United States*, 2023 WL 2666468, at *3 (D. Minn. Mar. 28, 2023) (holding that voluntary cessation did not apply in case where FBI denied a background check to purchase a firearm based on a mistake in a database). The removal of Abrego Garcia to El Salvador without first terminating his withholding of removal to El Salvador was not a policy that the Government is conveniently stopping because of the litigation but can restart anytime. It was a one-off mistake that the Government conceded was an administrative error; that the Court ordered the Government to remedy; and that the Government has now remedied. Presuming that the Government would remove Abrego Garcia to El Salvador again without first terminating the grant of withholding of removal after this case is dismissed, defies logic. The voluntary cessation exception to mootness does not apply.

Abrego Garcia misconstrues comments made by Attorney General Bondi, stating that: "Upon completion of sentence we anticipate he will be returned to his home country of El Salvador." Opp. at 12. The Attorney General's comment reflects the prospect that Abrego Garcia's grant of withholding of removal could be terminated by reopening his immigration proceedings before effectuating any future removal. The Attorney General's statement does not reflect an intent to remove Abrego Garcia without first having the grant of withholding terminated.

5

Specifically, DHS may move to reopen the previous grant of withholding of removal for the purpose of terminating the grant of withholding. *See* 8 C.F.R. § 1208.24(f). Withholding of removal may be terminated if the alien is no longer eligible for withholding of removal. 8 C.F.R. § 1208.24(b). Upon a conviction for alien smuggling, Abrego Garcia's termination of withholding of removal could be terminated as an alien having been convicted of a "particularly serious crime." *See* 8 U.S.C. § 1231(b)(3)(B)(ii). The grant of withholding could also be terminated if "the Attorney General decides that … there are reasonable grounds to believe that the alien is a danger to the security of the United States." 8 U.S.C. § 1231(b)(3)(B)(iv). Now that Abrego Garcia is back in the United States, the Government has the prosecutorial discretion to decide if or how to seek termination of withholding of removal.

## B. The "capable of repetition yet evading review" exception does not apply here.

The "capable of repetition yet evading review" exception to the mootness doctrine also does not apply, for the same reasons why the voluntary cessation exception does not apply, *see supra* at 5-6, and more. This action did not evade review because it was of short duration—rather, it triggered a preliminary injunction that the Government complied with, thereby solving the harm and providing complete relief. *See Casa de Maryland, Inc. v. Mayorkas*, No. 8:20-CV-2118-PX, 2023 WL 3547497, at *3 (D. Md. May 18, 2023) (holding a case is moot where Plaintiffs obtained the relief sought through injunction in a different case). There is no reasonable expectation that Abrego Garcia will be subject to the same action again: removal to El Salvador without having the grant of withholding of removal first terminated. Abrego Garica cites *Cedar Coal* as support for the proposition that a "pattern or practice" of a challenged activity shows that there is "a reasonable expectation that the same complaining parties . . . would be subjected to the same action again." Opp. at 17 (citing *Cedar Coal Co. v. United Mine Workers of Am.*, 560 F.2d 11153, 1166 (4th Cir.

1977)). But the removal of Abrego Garcia as challenged in the Complaint was an isolated mistake; there is no pattern or practice of removing individuals granted withholding of removal to their home country. Nor does Abrego Garcia allege a pattern or practice. *See* Opp. at 16-17.

### III. Sanction proceedings are collateral proceedings, and do not keep a case from being dismissed for mootness.

Sanction proceedings are collateral to the merits of the underlying case. *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 145 (4th Cir. 2020). Accordingly, sanction proceedings do not keep a case from being dismissed for mootness, given that "a court's power to resolve collateral issues extends beyond its power to resolve the underlying case." *Id.* Thus, Plaintiffs' argument that "this Court . . . retains jurisdiction to find contempt and impose sanctions," Opp. at 18, is wrong. The existence of sanction proceedings has no bearing as to whether a case should be dismissed as moot.

The Court granted Plaintiffs "expedited discovery" into "the Government's actions (or failure to act) to facilitate Abrego Garcia's return to the United States." ECF No. 79, Order Granting Expedited Discovery, at 1. The purpose of the discovery was to test whether the Government was complying with the Court's Order that "Defendants take all available steps to facilitate the return of Abrego Garcia to the United States as soon as possible." ECF No. 51, Order. That Abrego Garcia is now back in the United States is the best proof of the Government's compliance. Thus, the discovery is moot, and continuing litigation over discovery that no longer serves any purpose would be a waste of judicial and litigation resources.[1] Regardless of how it may choose to resolve those collateral pending motions, the Court should therefore dismiss Plaintiffs' complaint as moot.

---

[1] Regardless, the sanctions motion has been fully briefed. *See* ECF Nos. 196, 202.

7

## CONCLUSION

For the reasons stated above and in Defendants' Motion to Dismiss as Moot, this Court must dismiss Plaintiffs' Complaint.

Dated: July 6, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

/s/ *Drew C. Ensign*
DREW C. ENSIGN
Deputy Assistant Attorney General
Civil Division, Office of Immigration Litigation
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000
Email: drew.c.ensign@usdoj.gov

JONATHAN D. GUYNN
Deputy Assistant Attorney General
Civil Division, Torts Branch

BRIDGET K. O'HICKEY
Counsel to the Assistant Attorney General

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on July 6, 2025, I caused to be filed the foregoing document via CM/ECF, which caused a copy to be served on all parties.

/s/ Drew Ensign
Drew C. Ensign
Deputy Assistant Attorney General
Civil Division, Office of Immigration Litigation