```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                        SOUTHERN DIVISION

 KILMAR ARMANDO ABREGO         )
 GARCIA, et al.,               )
      Plaintiffs,              )
                               )
      v.                       )   CASE NUMBER: PX-25-cv-951
                               )
 KRISTI NOEM, et al.,          )
      Defendants.              )
 _____)

    TRANSCRIPT OF PROCEEDINGS - TELEPHONIC STATUS CONFERENCE
                BEFORE THE HONORABLE PAULA XINIS
                 UNITED STATES DISTRICT JUDGE
                    Thursday, June 26, 2025

                    A P P E A R A N C E S

 FOR THE PLAINTIFFS:
      BY: JONATHAN COOPER, ESQUIRE
          QUINN EMANUEL URQUHART & SULLIVAN, LLP
          1300 I Street NW, Suite 900
          Washington DC  20005

      BY: ANDREW J. ROSSMAN, ESQUIRE
          SAMUEL NITZE, ESQUIRE
          SASCHA N. RAND, ESQUIRE
          QUINN EMANUEL URQUHART & SULLIVAN, LLP
          295 5th Avenue
          New York, NY  10016

      BY: STEPHEN E. FRANK, ESQUIRE
          QUINN EMANUEL URQUHART & SULLIVAN, LLP
          111 Huntington Avenue, Suite 520
          Boston, MA  02199

      BY: SIMON Y. SANDOVAL-MOSHENBERG, ESQUIRE
          4103 Chain Bridge Road, Suite 300
          Fairfax, VA  22030

 FOR THE DEFENDANTS:
      BY: JONATHAN GUYNN, ESQUIRE
          DEPARTMENT OF JUSTICE - CIVIL DIVISION
          950 Pennsylvania Avenue, NW
          Washington, DC  20530
_____
              *Proceedings Recorded by FTR GOLD*
```

```
 1                     P R O C E E D I N G S
 2     (1:49 p.m.)
 3             THE COURTROOM DEPUTY:  Calling the case of Abrego
 4     Garcia, et al v. Noem, et al.  Case number PX-25-cv-951.  The
 5     case is called for a scheduling conference.  If the
 6     plaintiffs' counsel could put their appearance on the record,
 7     please.
 8             MR. COOPER:  Good afternoon, Your Honor.  This is
 9     Jonathan Cooper on behalf of plaintiffs.
10             THE COURT:  All right.  Is there anyone else from
11     plaintiffs' counsel who wishes to put their appearance on the
12     record?
13             MR. ROSSMAN:  Good afternoon, Your Honor.  It's
14     Andrew Rossman.
15             MR. RAND:  Good afternoon, Your Honor.  Sascha Rand.
16             MR. FRANK:  It's Stephen Frank, also for the
17     plaintiffs.  Good afternoon.
18             MR. SANDOVAL-MOSHENBERG:  And Simon
19     Sandoval-Moshenberg.
20             MR. NITZE:  Sam Nitze, as well.  Good afternoon.
21             THE COURT:  All right.
22        And for the defendants?
23             MR. GUYNN:  Good afternoon, Your Honor.  This is
24     Jonathan Guynn with the Department of Justice, on behalf of
25     the defendants.
```

1     **THE COURT:** All right. Anybody else with your team,
2  Mr. Guynn?
3     **MR. GUYNN:** No. It's just me.
4     **THE COURT:** Okay. All right, Counsel, so I wanted
5  to get you all on the line because I have received ECF 203
6  which is the plaintiffs' emergency motion for an order from --
7  it's an unusual order, I'll start with that, unusual request
8  for an unusual case. But I wanted to get you all on the line
9  because I have a couple of preliminary questions, and then I
10 wanted to set a schedule.
11        The first is actually for you, Mr. Guynn, because the
12 basis of this motion is in part because the plaintiffs
13 anticipate a release order at some point in Mr. Abrego
14 Garcia's criminal case and they have been told that when that
15 release order hits, your clients will take Mr. Abrego Garcia
16 into custody and try to remove him to El Salvador. At least
17 that's the fourth line of the motion.
18        So on behalf of your clients, what information can you
19 tell me about the DHS's intention once the release order
20 issues?
21    **MR. GUYNN:** Although I'd like to have an opportunity
22 to be heard more broadly on their motion and also to have an
23 opportunity to respond in writing, but just to respond to
24 your--
25    **THE COURT:** Yes. And Mr. Guynn, you're going to get

1   that.  I just want to know where we are in terms of the next
2   steps before I set in those response deadlines.
3           **MR. GUYNN:**  Understood.  The plan -- our plan is to
4   -- he will be taken into ICE custody and removal proceedings
5   will be initiated.
6           **THE COURT:**  Removal to El Salvador or to a third
7   country?
8           **MR. GUYNN:**  To a third country is my understanding.
9           **THE COURT:**  Is there any timeline on this in terms
10  of --
11          **MR. GUYNN:**  There's no timeline.  Yeah, my
12  understanding, Your Honor, is there's no timeline.  We do plan
13  to comply with the orders we've received from this Court and
14  other Courts, but there's no timeline for these specific
15  proceedings.
16          **THE COURT:**  So it can happen in 30 seconds, or 30
17  days, or 30 months?  The reason why I ask is because it will
18  affect how quickly I move on this motion.
19          **MR. GUYNN:**  I'll just say there are no imminent
20  plans to remove him to a third country.
21          **THE COURT:**  And that's as good as you can do?
22          **MR. GUYNN:**  That is --
23          **THE COURT:**  I mean, I'm not trying to be coy about
24  it.
25          **MR. GUYNN:**  And I understand.  I'm not trying to be

1   coy either.  I'm trying to tell you as much as I know and all
2   I know is there are no imminent plans.  That's what my clients
3   have told me.
4           **THE COURT:**  Is that because your clients are working
5   with the judge and the Government in the criminal case to
6   actually comply with the release order as I understand it?
7   Because while I'm not certainly 100 percent up to speed as to
8   what's going on in Tennessee, I do understand that there has
9   been some conversation about a coordinated, cooperative effort
10  to ensure that the magistrate judge and the district judge
11  assigned to that case are informed as to ICE's next steps so
12  that their orders can be complied with and that the criminal
13  case can move along.
14      So is your representation to me that there are no
15  imminent plans, is that informed and consistent with what's
16  going on in Tennessee?
17          **MR. GUYNN:**  I believe so, Your Honor.  I'm not
18  involved in those proceedings, but I will say my understanding
19  -- it's our position we will be complying with all orders,
20  including those from the Middle District of Tennessee.
21          **THE COURT:**  All right.  Next question for both sides
22  is does either side at this point anticipate filing any other
23  motions related or unrelated to the emergency motion, at 203?
24          **MR. GUYNN:**  Your Honor, this is Jonathan Guynn.  The
25  Government at this point does not plan on filing any

        additional motions, although we do hope to be able to oppose the emergency motion filed today.

        **THE COURT:** Right. Understood. I just wanted to make sure I know the universe of motions that will be on my plate, whether it's the ones that are currently filed or is there something else coming so we can plan accordingly.

    So Mr. Guynn, you're saying on behalf of defendants nothing else coming. Am I right about that?

        **MR. GUYNN:** Based on everything I know today, that is correct. Things change quickly in this case. We weren't expecting this motion earlier today, but based on everything I know we are not anticipating filing any other motions with the Court.

        **THE COURT:** Okay. All right.

    And plaintiffs, any other motions based on what you know right now?

        **MR. COOPER:** Your Honor, this is Jonathan Cooper for the plaintiffs. With respect to the emergency motion, I don't believe we're planning on filing any other kind of related motions to that. As Mr. Guynn said, things here are happening fast, including in Tennessee, so I think we would want to reserve the right to submit updates to keep Your Honor informed of developments, but we would not plan on submitting any other motions in connection with the emergency motion at this time.

|   |   |
|---|---|
| 1 | **THE COURT:** Okay.  All right.  I think I understand |
| 2 | that.  So I might get updates, but I'm not going to get any |
| 3 | motion for any sort of other independent or related relief. |
| 4 | So the reason why I ask this is because currently on the |
| 5 | docket in addition to 203 I have two pending motions to |
| 6 | dismiss for lack of jurisdiction.  165, which as far as I can |
| 7 | see is ripe, it's been responded to at 176 and I'm ready to go |
| 8 | on that one. |
| 9 | 200 is a second motion that was filed on the 16th of |
| 10 | June.  It looks as if the plaintiffs' response is due on |
| 11 | Monday.  And so what I propose we do is you respond to that |
| 12 | motion and then I set an expedited briefing schedule on 203, a |
| 13 | response and a reply that dovetails in terms of time with |
| 14 | getting me the response for 200.  And then we set this in for |
| 15 | a hearing in which I first address jurisdiction, because in |
| 16 | both motions are subject matter jurisdiction and I've got to |
| 17 | assure myself that I have subject matter jurisdiction not |
| 18 | necessarily on issues that I've already decided, but |
| 19 | developing issues, the way in which the case has unfolded. |
| 20 | If I do decide I have jurisdiction, then I will reach ECF |
| 21 | 203.  But that's not going to be done in the next 24 hours. |
| 22 | So I wanted you to know that, plaintiffs, because if your |
| 23 | companion criminal counsel needs to reach out to Tennessee and |
| 24 | seek some other interim relief, knowing that I'm not going to |
| 25 | delay certainly anymore than we need to to decide 203, but |

1    because 203 in my view is intimately related with what's going
2    on in Tennessee and what the magistrate judge may or may not
3    do once you know the schedule, but I give you that
4    opportunity, give you the heads up so that you can contact
5    your counterparts and do what you need to do in Tennessee.
6         Along those lines I'll also say this because I think it
7    may matter for timing:  In the event that the relief that's
8    contemplated in Tennessee has put some sort of hold on relief
9    and Mr. Abrego Garcia is still in the custody of the U.S.
10   marshal, you would need if you wish for his personal
11   appearance for any hearing in front of me, you would need to
12   request a writ for his presence.  And that can take some time.
13   Maybe you all can work together if you want his personal
14   presence for the hearing, but I wanted to also put that on
15   your radar because if that happens, it may or may not affect
16   the schedule.  So just keep that in mind.  And as you all
17   know, a writ is literally borrowing the person.  It doesn't
18   change the current custodial status, it just changes where the
19   person is for what hearing.
20        Does that make sense to you, Mr. Cooper?
21        **MR. COOPER:**  Yes.  I understand the issue about the
22   writ.  I'm also not counsel in the criminal proceedings, but I
23   can tell you my understanding is that Mr. Abrego Garcia could
24   be released as early as Friday.  What's happened there --
25        **THE COURT:**  I understand that.

1           **MR. COOPER:** Okay.

2           **THE COURT:** I understand that. And I also
3 understand that criminal counsel has some decisions to make
4 themselves and there may be some issues that go along with my
5 schedule which is why I wanted to give you the opportunity to
6 reach out to them because this is -- the magistrate judge's
7 order hasn't issued yet. So that's where it is. But I am not
8 -- I cannot rush this and do it in 24 hours when you need
9 decisions, I need a decision, I need to be clear in my own
10 mind that I still have jurisdiction over this case. So that's
11 just not going to be doable in 24 hours.

12      Makes sense?

13          **MR. COOPER:** Understood, Your Honor. If I may add
14 two other points?

15          **THE COURT:** Yes, sure.

16          **MR. COOPER:** One is -- my apologies. I had
17 understood your question to be made about additional motions
18 we may file with respect to the emergency relief. I did want
19 to say that we are also contemplating motions to amend or
20 supplement the complaint. So given that you're contemplating
21 a schedule --

22          **THE COURT:** Okay.

23          **MR. COOPER:** --on additional motions, I wanted you
24 to be aware of that.

25          **THE COURT:** And that may be, Mr. Cooper, that may be

1   quite ripe if I'm telling you that we're going to be
2   scheduling a hearing on jurisdiction. If to the extent the
3   amendments to the complaint are pertinent to the
4   jurisdictional question, then let me know that so we can
5   factor that in in what I would consider the next week of
6   briefing.
7       Is that the cull of your comments that it may matter with
8   respect to the jurisdictional questions?
9         **MR. COOPER:** Correct. We believe the Court retains
10  jurisdiction no matter what, but we also believe that the
11  amendments or supplementation we're requesting would also
12  confirm that this Court retains jurisdiction.
13        **THE COURT:** Okay, all right. Well, it looks like
14  we're back on a pretty expedited schedule. Luckily there's
15  good lawyers on both sides who are going to be prepared to do
16  a little work.
17      So let's do this: We've got the current response date to
18  ECF 200 for Monday. My suggestion is that for ECF 203, the
19  Government respond to ECF 203 by Monday. The plaintiffs reply
20  by Wednesday of next week. So that's Monday, the 30th of
21  June. Wednesday, the 2nd of July for the reply as to 203. At
22  that point at least in terms of the outstanding motions, I
23  would consider them fully briefed.
24      Mr. Cooper, I would suggest that we also set an
25  amendment, a motion for leave to amend a deadline of

1   Wednesday, the 2nd.  That will give everyone an opportunity to
2   digest the amended pleadings.  I don't need supplemental
3   briefing, I believe, from anybody on the proposed amended
4   complaint.  I think I'm going to be able to look at it and
5   understand what you are proposing in light of the outstanding
6   jurisdictional motion and digest those in time for a hearing.
7        And then what I suggest we do is have a hearing on
8   Monday, the 7th.  And that hearing will be on the outstanding
9   jurisdictional motions, the motion for leave to amend, and the
10  emergency relief at 203.
11       Any questions or concerns about that schedule?
12           **MR. GUYNN:**  Your Honor, this is Jonathan Guynn.  My
13  concern is we'd like an opportunity to respond to the motion,
14  this potential motion to amend the complaint.  I appreciate
15  that hopefully they'll try to make clear the basis for
16  continuing jurisdiction in their motion to amend and in the
17  amendment itself, but it's possible that we may disagree with
18  that and we'd like an opportunity to have an opportunity to
19  oppose it.
20           **THE COURT:**  Well, I understand that and you don't
21  even have it yet and we don't know how it's going to be
22  phrased.  So if they do it very transparently, you may or may
23  not need that.
24       In the interim, you might want to speak with your clients
25  about getting some firm commitment about where Mr. Abrego

1    Garcia will be and when and what sort of process he will be
2    given so that we know where he is.  And again, because the
3    timing of all of that will matter with respect to how quickly
4    I need to move on 203.  I understand your position today is
5    there are no imminent plans, but if you can get more concrete
6    details and as an officer of the court give me those, then we
7    may be able to build a little breathing room into the
8    schedule.  But at this juncture I think you probably have to
9    take that back to your people.  The plaintiffs' counsel needs
10   to confer with Mr. Abrego Garcia's defense counsel and, of
11   course, confer with each other.  And to the extent there's
12   some *[indiscernible]* and we can relax this schedule, you can
13   put that request to me in writing.

14        I hear you, Mr. Guynn, and I'm sure Mr. Cooper does too.
15   The more transparent the motion for leave is and to how it
16   responds to ECF 200 and 165, the better off we'll all be in
17   resolving these issues expeditiously.  But I'm not today going
18   to bake in a response deadline for the motion to leave to
19   amend, given Mr. Cooper's representation that it really is
20   responsive to 165 and 200.

21        Does that make sense?

22        **MR. GUYNN:**  I understand, Your Honor.  And I will go
23   to my clients and I'll see if I can get that information.  And
24   then also, if and when that motion for leave to amend comes
25   in, we'll review it promptly.  And if we feel like we need a

```
 1    response, we will let you know.
 2         THE COURT:  Okay.  All right.  And that's fine.  And
 3    yeah, go ahead.
 4         MR. COOPER:  Your Honor, this is Jonathan Cooper for
 5    the plaintiffs.  We also have some concerns about this
 6    proposed schedule.  I certainly understand Your Honor's
 7    concern about whether the Court has jurisdiction and you don't
 8    want to rule on the issues before you assure yourself of that,
 9    but we have concerns that the Government may try to remove Mr.
10    Abrego Garcia quickly over the weekend, something like that.
11    I understand Mr. Guynn is going to discuss with his clients
12    timing, but this Court always has jurisdiction, toehold
13    jurisdiction to determine whether it has jurisdiction.  And in
14    that--
15         THE COURT:  Well, Mr. Cooper, I'm going to stop you
16    here because then what you need to do is talk to Mr. Abrego
17    Garcia's criminal counsel.  I'm not altering what I've given
18    you.  So my suggestion is he's in marshal custody now.  And as
19    I said, to the extent he stays in marshal custody, I can writ
20    him here for the hearing.  But I cannot rush the
21    jurisdictional question.  And we're on a quick timeline as it
22    is because 203 was filed today.  So that's where I am.
23         MR. COOPER:  Your Honor, could we at least get an
24    order that the Government has to provide notice before it
25    attempts to remove Mr. Abrego Garcia so that we don't find out
```

1    after he has already been removed if that were to happen?  I
2    mean, I think it would be reasonable --
3            **THE COURT:**  Well, I guess I'm a little bit confused
4    because Mr. Abrego Garcia is not on release status right now
5    and he won't be unless the magistrate judge issues her release
6    order.  And it's my understanding that there is always in that
7    process the ability to ask for interim relief or alternative
8    relief.  And that's why I say these issues are related.  And
9    what needs to happen next is to go back to Tennessee and see
10   what needs to happen there.  But there's no need for me to
11   tell the Government they have to give us a heads up if he's
12   not in release status is the way I'm thinking about it.
13           **MR. COOPER:**  The Court in Tennessee has stated
14   explicitly it shall issue a release order following there's a
15   briefing submission in Tennessee, the Government is going to
16   file a brief by tomorrow.
17           **THE COURT:**  And I suppose this is new information.
18   And criminal magistrate judges and district judges with
19   criminal cases all the time consider new information.  That's
20   -- because I cannot alter -- I'm telling you, I'm not going to
21   be able to do it.  And as a courtesy to you it is -- I'm
22   letting you know that because these are weighty issues; it's
23   not going to get done in 24 hours.  And the Government has
24   said they have no imminent plans of removing him from the
25   United States and you all need to work, drill down on that and

```
 1    work with Tennessee.
 2             MR. GUYNN:  Your Honor, this is Jonathan Guynn.  Can
 3    I also just add that this emergency motion is illogical
 4    because --
 5             THE COURT:  No, you cannot.  No, Mr. Guynn -- Mr.
 6    Guynn, I'm not going to hear -- I am not going to hear the
 7    merits of this motion until I hear the merits of the motion.
 8    So you're now, in my view, wading into the merits and we're
 9    not going there.  Okay?  This is a scheduling call.  Makes
10    sense?
11             MR. GUYNN:  Understood, Your Honor.
12             THE COURT:  Okay.  So let's set out -- I'm going to
13    set out the dates again.  We'll get it in a written order to
14    you.  Do you have it?  165 is ripe.  200, there's already a
15    response deadline by June 30th.  By July 2nd the plaintiffs
16    shall move for leave to amend the complaint if they choose and
17    the hearing on all of this will be July 7th.  Let's set a time
18    and then I'll go back and handle the emergency motion
19    pleading.  Let's do 11 a.m. on Monday for the hearing.  That's
20    11 a.m. Monday, July 7th.
21        With respect to ECF 203, the Government shall respond,
22    the defense, the Government shall respond by June 30th.  The
23    plaintiffs shall reply or you can reply if you wish by July
24    2nd.  And we'll put this all in an order.  Okay?
25             All right, Counsel, anything else about the scheduling
```

1   before we conclude?
2           **MR. GUYNN:**  Nothing further from the Government,
3   Your Honor.  Thank you for your time.
4           **MR. COOPER:**  Nothing further at this time, Your
5   Honor, for the plaintiffs.  Thank you.
6           **THE COURT:**  Okay.  Thank you, Counsel.  See you on
7   the 7th.
8           **(Proceeding concluded at 2:12 p.m.)**

```
 1                    CERTIFICATE OF OFFICIAL REPORTER
 2
 3
 4
 5        I, Nadine M. Bachmann, Registered Merit Reporter and
 6   Certified Realtime Reporter, do hereby certify that the
 7   foregoing is a correct transcript of the audio-recorded
 8   proceedings in the above-entitled matter, audio recorded via
 9   FTR Gold on June 26, 2025, and transcribed from the audio
10   recording to the best of my ability and that said transcript
11   has been compared with the audio recording.
12
13                       Dated this 4th day of July, 2025.
14
15                       -S-
                         _____
16                       NADINE M. BACHMANN   RMR, CRR
                         FEDERAL OFFICIAL COURT REPORTER
17
```