UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA, *et al.*,<br><br>    *Plaintiffs*,<br> v.<br>KRISTI NOEM, Secretary of the Department of Homeland Security, *et al.*,<br><br>    *Defendants*. | Case No. 8:25-cv-00951 (PX) |

**DEFENDANTS' OPPOSED MOTION FOR A STAY OF THE DEADLINE TO FILE AN ANSWER OR RESPONSIVE PLEADNG**

Defendants hereby file their motion to stay the deadline to file an answer or response to the complaint filed on March 24, 2025.

On March 24, 2025, Plaintiffs Kilmar Armando Abrego Garcia, Jennifer Stefania Vasquez Sura, and A.V.V., filed their complaint for relief, presenting five claims for relief (including habeas corpus). *See* ECF 1. On May 27, 2025, Defendants filed their Motion to Dismiss for Lack of Jurisdiction under Rule 12(b)(1) ("Motion to Dismiss"). ECF 164. On July 7, 2025, the Court expressed its intent to deny the Motion to Dismiss. ECF 218. The Court commemorated that order on July 9, 2025. Under the Federal Rules of Civil Procedure, if a motion to dismiss is denied, a responsive pleading is due "14 days after notice of the court's action. . . ." Fed. R. Civ P. 12(b)((4)(A).

On July 2, 2025, Plaintiffs filed their Motion for Leave to File Amended and Supplemental Complaint ("Motion for Leave"). ECF 211. On July 16, 2025, Defendants filed their opposition to the Motion for Leave. ECF 236. The Motion for Leave remains pending.

Defendants hereby move the Court to stay the time for an answer to the complaint until 14 days after such time as the Court has decided the pending Motion for Leave to Amend. Defendants have filed their opposition explaining why the amendment would be futile. ECF 236. Accordingly, at this juncture, it is premature to require an answer to a complaint that will shortly be superseded. Until such time as the Court has addressed the Motion for Leave, the filing of an answer is unnecessary and duplicative. Further, while it is evident that Plaintiffs believe that the time to file the answer stems from the Court's July 7, 2025 comments on the Motion to Dismiss, suggesting that the answer is due July 21, 2025, the Defendants submit that Court's proposed disposition is "final" upon the entry of an order, which the Court expressly entered on July 9, 2025, making the due date for an answer July 23, 2025. Further, as a part of the filing process, it bears noting that the Court actually lists the due date for a response to the answer as due August 4, 2025. In any event, the dispute about due dates is, at best, academic, as the Court's decision regarding the Motion for Leave will reset the due date to file an answer until 14 days after the amendment. *See* Fed. R. Civ. P. 15(a)(3).

On July 21, 2025, Defendants' Counsel contacted Counsel for the Plaintiffs. By email, Jonathan Cooper expressed Plaintiffs' opposition to this motion.

WHEREFORE, in light of the foregoing reasons Defendants hereby ask the Court to stay the current deadline for filing an answer to the complaint until fourteen days after the Court decided the pending Motion for Leave to File Amended and Supplemental Complaint (ECF 211)

Dated: July 21, 2025

Respectfully submitted,

BRETT SHUMATE
Assistant Attorney General

JONATHAN GUYNN
Deputy Assistant Attorney General
Civil Division

/s/ Drew Ensign
DREW C. ENSIGN
Deputy Assistant Attorney General
Civil Division, Office of Immigration Litigation
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000
Email: drew.c.ensign@usdoj.gov

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I certify that on July 21, 2025, I caused to be filed the foregoing document via CM/ECF, which caused a copy to be served on all parties.

/s/ Drew Ensign
Drew C. Ensign
Deputy Assistant Attorney General
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 514-2000
drew.c.ensign@usdoj.gov