# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND GREENBELT DIVISION

KILMAR ARMANDO ABREGO
GARCIA, *et al.*,

                *Plaintiffs*,

     v.

KRISTI NOEM, Secretary of the
Department of Homeland Security, *et al.*,

                *Defendants*.

Case No. 8:25-cv-00951 (PX)

## DEFENDANTS' ANSWER TO THE COMPLAINT

Defendants Kristi Noem, et al., by and through the undersigned counsel,
answer Plaintiffs' Complaint for Injunctive Relief and Declaratory Judgment
("Complaint") (ECF 1) as follows:

### JURISDICTION AND VENUE

1.     Paragraph 1 contains Plaintiffs' legal conclusions to which no response is required.

2.     Paragraph 2 contains Plaintiffs' legal conclusions to which no response is required.

3.     Paragraph 3 contains Plaintiffs' legal conclusions regarding venue to which no response is required.

## PARTIES

4.     Defendants admit the allegations in Paragraph 4 to the extent it is alleged that Plaintiff Kumar Armando Abrego Garcia ("Plaintiff Abrego Garcia") is a citizen and native of El Salvador and that he was removed to El Salvador. To the extent it suggests there was no legal process authorizing his removal, Defendants deny the allegation.  To the extent it suggests that at the time of the return of Plaintiff Abrego Garcia to El Salvador, he had a grant of restriction of removal (also called "withholding of removal") from an immigration judge, Defendants admit the allegation.  To the extent Paragraph 4 contains a legal conclusion regarding whether a statute prohibits removal, no response is required.  To the extent a response is required, legal conclusion is denied.

5.     Defendants admit the allegations in Paragraph 5.

6.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 and therefore deny them.

7.     Defendants admit the allegations in Paragraph 7.

8.     Defendants admit the allegation in Paragraph 8 to the extent it alleges that Todd Lyons is the Acting Director of U.S. Immigration and Customs Enforcement ("ICE").  To the extent it suggests ICE is responsible for all

immigration enforcement in the United States, Defendants deny the allegation.

9. Defendants deny the allegations in Paragraph 9. Marcos D. Charles is the Acting Executive Associate Director of the Enforcement and Removal Operations ("ERO") and oversees the relevant offices.

10. Defendants admit the allegation in Paragraph 10 to the extent that it alleges Nikita Baker is the ICE ERO Baltimore Field Office Director. To the extent it is alleged that the arrest was performed by her office, Defendants deny the allegation.

11. Defendants admit the allegation in Paragraph 11 to the extent it is alleged that Pamela Bondi is the Attorney General. To the extent it is alleged that immigration judges are her designees, that is a legal conclusion to which no response is required.

12. Defendants admit the allegation in Paragraph 12 to the extent that it alleges Marco Rubio is the Secretary of State. As to allegations relating to Plaintiffs' request for relief, the allegation is a legal conclusion to which no response is required. To the extent a response is required, legal conclusion is denied.

13. Defendants admit the allegation in Paragraph 13.

## LEGAL BACKGROUND

14.    Paragraph 14 contains Plaintiffs' statement of law, legal conclusions, or characterizations to which no response is required.  To the extent it purports to convey the content of a statute and its caselaw, the statute and its caselaw speak for themselves.

15.    Paragraph 15 contains Plaintiffs' statement of law, legal conclusions, or characterizations to which no response is required.  To the extent it purports to convey the content of a regulation and its caselaw, the regulation and its caselaw speak for themselves.

16.    Paragraph 16 contains Plaintiffs' statement of law, legal conclusions, or characterizations to which no response is required.  To the extent it purports to convey the content of a Supreme Court decision, the decision speaks for itself.  To the extent it suggests that there are no exceptions, it is denied.

17.    Paragraph 17 contains Plaintiffs' statement of law, legal conclusions, or characterizations to which no response is required.  To the extent it purports to convey the content of a regulation and its caselaw, the regulation and its caselaw speak for themselves.

## FACTS

18.    Defendants admit the allegations in Paragraph 18.

19.   Defendants deny the allegations in Paragraph 19.

20.   Defendants deny the allegations in Paragraph 20 to the extent it alleges that Plaintiff Abrego Garcia has never been charged for crimes in the United States.  To the extent it alleges that he has not been convicted of a crime in the United States, the allegation is admitted.  To the extent it alleges that he has never been arrested or convicted for crimes in El Salvador, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny them.

### *Plaintiff Abrego Garcia's 2019 removal proceedings*

21.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and therefore deny them.

22.   Defendants admit the allegation in Paragraph 22 to the extent it is alleged that Plaintiff Abrego Garcia entered the United States without inspection and made his way to Maryland.  In all other respects, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny them.

23.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and therefore deny them.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and therefore deny them.

25. Defendants admit the allegation in Paragraph 25 to the extent the allegation indicates that Plaintiff Abrego Garcia went to Home Depot in Hyattsville, Maryland to solicit employment. As to all other allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and therefore deny them.

26. Defendants admit Paragraph 26 to the extent the allegation is that a detective from Hyattsville City Police approached the group. To the extent it is suggested that it was at 2:27 pm, it is denied. To the extent it is alleged that the four individuals were taken into temporary custody, it is admitted. As to all other allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26 and therefore deny them.

27. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and therefore deny them.

28. Defendants admit Paragraph 28 to the extent it is alleged that ICE officers took Plaintiff Abrego Garcia into custody. As to all other respects, Defendants lack knowledge or information sufficient to form a belief about

the truth of the remaining allegations in Paragraph 28 and therefore deny them.

29.    Defendants admit the allegations in Paragraph 29.

30.    Defendants admit the allegations in Paragraph 30.

31.    Defendants deny the allegation in Paragraph 31 to the extent it purports to accurately and completely describe the sheet therein described.  To the extent it alleges that time of entry into the PGPD database was 6:47 PM, that there was a reference to the Chicago Bulls, a hat, a hoodie, and a "reliable source of information" regarding Plaintiff Abrego Garcia's membership in MS-13 with the Westerns clique, the allegations are admitted.  As for all other allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and therefore deny them.

32.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and therefore deny them.

33.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and therefore deny them.

34.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and therefore deny them.

35.    Defendants admit the allegations in Paragraph 35.

36.    Defendants admit the allegations in Paragraph 36.

37.    Defendants admit the allegation in Paragraph 37 to the extent it is alleged that Plaintiff Abrego Garcia's counsel filed a legal brief and evidence regarding eligibility for protection and contesting allegations of gang membership before the immigration judge in his merits hearing.  To the extent it is alleged that the gang claims were unfounded or that he implies that the Board of Immigration Appeals did not uphold ICE's arguments regarding his danger to the community in relationship to his bond proceedings, the allegations are denied.

38.    Defendants admit the allegation in Paragraph 38.

39.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and therefore deny them.

40.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and therefore deny them.

41.    Defendants admit the allegations in Paragraph 41 to the extent they allege that Plaintiff Abrego Garcia was granted restriction of removal and that no appeal of the decision was taken.  As to the legal characterization of the immigration judge's order in Exhibit A to the complaint, the decision speaks for itself and that no response is necessary.

42. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and therefore deny them.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 and therefore deny them.

44. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 and therefore deny them.

45. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 and therefore deny them.

46. Defendants deny the allegation in Paragraph 46.

47. Defendants deny the allegation in Paragraph 47 to the extent it alleges that Plaintiff Abrego Garcia has never been arrested or charged with a crime in the United States or that there is no known link or association between him and the MS-13 gang.  As for the allegation that Prince George's County law enforcement never again questioned him regarding MS-13 or membership in MS-13, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny them.

*Plaintiff Abrego Garcia's 2025 arrest and removal*

48. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 and therefore deny them.

49.    Defendants deny the allegation in Paragraph 49 to the extent it is alleged that ICE officers were acting at the direction and supervision of ERO Field Office Director Baker.  To the extent it is alleged that Abrego Garcia was driving his son, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation and therefore deny it.

50.    Defendants admit the allegation in Paragraph 50 to the extent it is alleged that Plaintiff Abrego Garcia encountered officers from DHS's Homeland Security Investigations ("HSI").  Regarding the exact content of the discussion, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation and therefore deny it.  To the extent it is alleged that Plaintiff Abrego Garcia was handcuffed and detained in an ICE vehicle, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation and therefore deny it.  As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny them.

51.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and therefore deny them.

52.    Defendants admit the allegation in Paragraph 52 to the extent it is alleged that Plaintiff Abrego Garcia was detained at multiple locations between March 12 and 15.  As to all other allegations, Defendants lack knowledge or

information sufficient to form a belief about the truth of the allegations and therefore deny them.

53. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 and therefore deny them.

54. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 and therefore deny them.

55. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 and therefore deny them.

56. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 and therefore deny them.

57. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 and therefore deny them.

58. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 and therefore deny them.

59. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 and therefore deny them.

60. Defendants admit the allegation in Paragraph 60 to the extent it alleges that Plaintiff Abrego Garcia is not in the ICE Detainee locator at this time.  As to all other allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny them.

61.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 and therefore deny them.

62.  Defendants deny the allegation in Paragraph 62.

63.  Defendants deny the allegation in Paragraph 63.

## *Conditions in CECOT*

64.  Defendants admit the allegation in Paragraph 64 to the extent it alleges the removal of individuals to El Salvador and to the extent it alleges that Plaintiff Abrego Garcia was in the group of Salvadoran nationals returned to El Salvador.  Defendants deny the allegations to the extent it is alleged that there were no proceedings before an immigration judge.  To the extent it is alleged that Salvadoran President Nayib Bukele has confirmed that the returnees were sent to CECOT, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny them.  To the extent that allegations are made as to the motivation of Defendants regarding the removal of these individuals, it is denied.

65.  Defendants deny the allegations in Paragraph 65.

66.  Defendants deny the allegations in Paragraph 66.

67.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 and therefore deny them.

68.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 and therefore deny them.

69.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 and therefore deny them.

70.    Defendants deny the allegation in Paragraph 70.

71.    Defendants deny the allegation in Paragraph 71.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE WITHHOLDING OF REMOVAL STATUTE,
## 8 U.S.C. § 1231(b)(3)(A)
## (Plaintiff Abrego Garcia)

72.    As to Paragraph 72, Defendants incorporate by reference their responses to Paragraphs 1-71.

73.    Paragraph 73 contains Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, Defendants respond that the legal authority cited, as well as all related caselaw, speaks for itself and is the best evidence of its contents.

74.    Defendants admit Paragraph 74 to the extent it is alleged that Plaintiff Abrego Garcia was returned to El Salvador without a termination of the grant of restriction of removal. To the extent the remainder presents Plaintiffs' legal conclusion, no response is required. To the extent a response is required, legal conclusion is denied.

75.   Defendants deny Paragraph 75 to the extent it is alleged that Plaintiff Abrego
      Garcia continues to suffer irreparable harm while detained in CECOT.  As to
      the remaining allegations, they present legal conclusion to which no response
      is necessary.  To the extent a response is required, the paragraph is denied.

76.   Paragraph 76 contains legal conclusions to which no response is necessary.
      To the extent a response is required, the paragraph is denied.

77.   Paragraph 77 is a request for relief, and Defendants deny that Plaintiffs are
      entitled to relief.

### SECOND CAUSE OF ACTION:
### PROCEDURAL DUE PROCESS
### U.S. CONSTITUTION, AMENDMENT V
### (Plaintiff Abrego Garcia)

78.   As to Paragraph 78, Defendants incorporate by reference their responses to
      Paragraphs 1-71.

79.   Paragraph 79 contains Plaintiffs' legal conclusion to which no response is
      required. To the extent a response is required, Defendants aver that the legal
      authority cited, as well as its related caselaw, speaks for itself and is the best
      evidence of its contents.

80.   Defendants admit Paragraph 80 to the extent it is alleged that Plaintiff
      Abrego Garcia was returned to El Salvador without a termination of the
      grant of restriction of removal.  As to the remaining allegations, Paragraph

80 contains Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, Defendants aver that the legal authority cited, as well as its caselaw, speaks for itself and is the best evidence of its contents.

81. Defendants deny Paragraph 81 to the extent it is alleged that Plaintiff Abrego Garcia continues to suffer irreparable harm while detained in CECOT. As to the remaining allegations, they present legal conclusion to which no response is necessary. To the extent a response is required, the paragraph is denied. To the extent a response is required, legal conclusion is denied.

82. Paragraph 82 contains legal conclusions to which no response is necessary. To the extent a response is required, the paragraph is denied.

83. Paragraph 83 is a request for relief, and Defendants deny that Plaintiffs are entitled to relief.

## THIRD CAUSE OF ACTION:
## SUBSTANTIVE DUE PROCESS
## U.S. CONSTITUTION, AMENDMENT V
## (All Plaintiffs)

84. As to Paragraph 84, Defendants incorporate by reference their responses to Paragraphs 1-71.

85.    Paragraph 85 contains Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, Defendants aver that the legal authority cited speaks for itself and is the best evidence of its contents.

86.    Paragraph 86 contains Plaintiffs' legal conclusion to which no response is required.  To the extent a response is required, Defendants aver that the legal authority cited speaks for itself and is the best evidence of its contents.  To the extent a response is required, legal conclusion is denied.

87.    Defendants deny Paragraph 87 to the extent it is alleged that Plaintiff Abrego Garcia continues to suffer irreparable harm while detained in CECOT.  As to the remaining allegations, they present legal conclusion to which no response is necessary.

88.    Paragraph 88 contains legal conclusions to which no response is necessary. To the extent a response is required, the paragraph is denied.

89.    Paragraph 89 is a request for relief, and Defendants deny that Plaintiffs are entitled to relief.

**FOURTH CAUSE OF ACTION:**
**ADMINISTRATIVE PROCEDURE ACT**
**5 U.S.C. § 706(2)(A)**
**(Plaintiff Abrego Garcia)**

90.    As to Paragraph 90, Defendants incorporate by reference their responses to Paragraphs 1-71.

91.   Paragraph 91 contains Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, Defendants aver that the legal authority cited speaks for itself and is the best evidence of its contents.

92.   Paragraph 92 contains Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, it is denied.

93.   Defendants deny the allegation in Paragraph 93 to the extent it is alleged that Plaintiff Abrego Garcia continues to suffer irreparable harm while detained in CECOT.  As to the remaining allegations, they present legal conclusions to which no response is necessary.  To the extent a response is required, legal conclusion is denied.

94.   Paragraph 94 contains legal conclusions to which no response is necessary. To the extent a response is required, the paragraph is denied.

95.   Paragraph 95 is a request for relief, and Defendants deny that Plaintiffs are entitled to relief.

**FIFTH CAUSE OF ACTION: HABEAS CORPUS**
**28 U.S.C. § 2241**
**(Plaintiff Abrego Garcia)**

96.   As to Paragraph 96, Defendants incorporate by reference their responses to Paragraphs 1-71.

97.   Paragraph 97 contains Plaintiffs' legal conclusion to which no response is required.  To the extent a response is required, Defendants aver that the legal authority cited speaks for itself and is the best evidence of its contents.

98.   Defendants deny Paragraph 98 to the extent it is alleged that Plaintiff Abrego Garcia is in the custody of El Salvador or that such custody is the request of the United States or involved financial compensation for his detention.  As for the remaining allegations, they constitute Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, it is denied.

99.   Paragraph 99 is a request for relief, and Defendants deny that Plaintiffs are entitled to relief.

## REQUEST FOR RELIEF

The remainder of Plaintiffs' Complaint is a prayer for various forms of relief.  Defendants deny that Plaintiffs are entitled to any relief whatsoever.  The Prayer for Relief contains legal conclusions and claims of entitlement to relief to which no response is required.  However, to the extent any response is required:

A.   Subparagraph a) constitutes Plaintiffs' request for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

B.  Subparagraph b) constitutes Plaintiffs' request for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

C.  Subparagraph c) constitutes Plaintiffs' request for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

D.  Subparagraph d) constitutes Plaintiffs' request for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

E.  Subparagraph e) constitutes Plaintiffs' request for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

F.  Subparagraph f) constitutes Plaintiffs' request for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants.

## **GENERAL DENIAL**

Defendants deny each and every allegation contained in the Complaint not specifically admitted in this Answer.  Defendants reserve the right to amend, alter, and supplement the responses and defenses in this Answer as the facts and

circumstances giving rise to this Complaint become known to Defendants through the course of this litigation or if errors in drafting this Answer are discovered.

## **AFFIRMATIVE DEFENSES**

Without waiver of their Answer and without conceding any issues regarding burden of proof, Defendants assert the following affirmative defenses:

1. Attorney General Pamela Bondi, Former Acting Executive Associate Director Kenneth Genalo and ERO Field Office Director Nikita Baker are not proper defendants.

2. Defendants have not intended to disregard the outstanding grant of restriction of removal.

3. Defendants reserve the right to raise any of the affirmative defenses set forth in Federal Rule of Civil Procedure 8, should any subsequent disclosure of facts support those defenses. Defendants reserve the right to prepare and plead any and all defenses which may become applicable during the course of this litigation.

## **DEFENDANTS' REQUEST FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

1. That judgment be entered for the Defendants and against Plaintiffs;

2. That Plaintiffs' complaint and action be dismissed in its entirety as to the Defendants;

3. That the Defendants be awarded their costs and disbursements in this action; and

4. That the Defendants be awarded such other and further relief as this Court may deem appropriate.

Dated: July 23, 2025                    Respectfully submitted,

BRETT SHUMATE
Assistant Attorney General

JONATHAN GUYNN
Deputy Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Civil Division

/s/ Ernesto H. Molina, Jr.
ERNESTO H. MOLINA, Jr
Deputy Director
Office of Immigration Litigation,
    General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-9344
Email: ernesto.h.molina@usdoj.gov

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 23, 2025, I caused to be filed the foregoing document

via CM/ECF, which caused a copy to be served on all parties.

<div style="margin-left: 40%;">

/s/ Ernesto H. Molina, Jr.
ERNESTO H. MOLINA, JR.
Deputy Director
Office of Immigration Litigation,
    General Litigation and Appeals Section
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-9344
Email: ernesto.h.molina@usdoj.gov

</div>