IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KILMAR ARMANDO ABREGO GARCIA, *et al.*, | * | |
| Plaintiffs, | * | |
| | * | Civil Action No. 8:25-cv-00951-PX |
| v. | * | |
| KRISTI NOEM, Secretary, United States Department of Homeland Security, *et al.*, | * * * | |
| Defendants. | | |
| | * | |
| | *** | |

# **ORDER**

Pending is the Motion to Intervene filed by Fix the Court, a non-profit organization that advocates for "greater openness and accountability to our federal courts." ECF No. 120-2 at ¶ 1. Fix the Court particularly requests that this Court provide unfettered remote-access "livestream" audio-only or audio-visual feed of all proceedings concerning this case. ECF No. 120-1 at 4. After careful consideration, the Court denies the motion.

It is well settled that the movant retains the right of intervention to contest public access to the courts. *See, e.g.*, *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (granting a motion to intervene by hospital staff members to oppose the Baltimore Sun's motion to unseal). Thus, the Court grants limited intervention to address the merits of this motion.

The Court also embraces Fix the Court's recitation of the law – that the public maintains the "well-established" and presumptive right to access court hearings. ECF No. 120-1 at 10-11. *See, e.g.*, *Va. Dept. of State Police v. Wash. Post*, 386 F.3d 567, 580 (4th Cir. 2004). The right to access remains important for many reasons, chief among them to promote public oversight and

discourse about crucial judicial decisions affecting the fundamental rights of all individuals. *See Doe v. Public Citizen*, 749 F.3d 246, 263 (4th Cir. 2014).

However, the Court disagrees with Fix the Court's premise that unfettered live stream access is necessary to honor those bedrock principles. In this case, the Court already affords the public not only the constitutionally required right to access but also balances the right to access against the need for safe and orderly proceedings. All hearings are open to the public to attend in the courtroom. Additionally, for all hearings, the Court provides a media room in the courthouse into which the proceedings are live-streamed, and where members of the press may, upon showing of credentials, report on the hearings in real time. The Court also provides courthouse overflow spaces for members of the public to watch the proceedings as they unfold. These platforms grant open access to the proceedings with the necessary security and oversight to minimize opportunity for unauthorized video and audio recordation, delays associated with equipment malfunctions, or other security risks associated with the kind of unfettered "livestream" that Fix the Court requests.

Notably, Fix the Court has not proffered that any of its members have been denied access to the proceedings, either in person, in the overflow rooms, as a member of the press, or has been otherwise hindered in obtaining publicly accessible court records. Thus, while Fix the Court raises important questions regarding the intersection of technology and court policy, it has not convinced this Court that such unfettered access is required under the law.

For these reasons, the motion at ECF No. 120 is **DENIED**.


February 18, 2026                                             /s/
Date                                                      PAULA XINIS
                                                  United States District Judge