IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

_____
                                        )
KILMAR ARMANDO ABREGO GARCIA,          )
et al.,                                 )
                                        )
        Plaintiffs,                     )
                                        )Docket Number
             vs.                        )8:24-cv-00951-PX
                                        )
KRISTI NOEM, et al.,                    )
                                        )
        Defendants.                     )
_____)

        TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
             BEFORE THE HONORABLE PAULA XINIS
             UNITED STATES DISTRICT COURT JUDGE
             MONDAY, MARCH 9, 2026, AT 9:00 A.M.

APPEARANCES:

On Behalf of the Plaintiffs:

    BY:  ANDREW J. ROSSMAN, ESQUIRE
         MORGAN L. ANASTASIO, ESQUIRE
         ROEY GOLDSTEIN, ESQUIRE
    QUINN, EMANUEL, URQUHART & SULLIVAN, LLP
    295 5th Avenue
    New York, NY  10016
    (212)849-7000

    BY:  SIMON SANDOVAL-MOSHENBERG, ESQUIRE
    MURRAY OSORIO
    4103 Chain Bridge Road, Suite 300
    Fairfax, VA  22030
    (703)352-2399

    BY:  JONATHAN COOPER, ESQUIRE
         OLIVIA HORTON, ESQUIRE
    QUINN, EMANUEL, URQUHART & SULLIVAN, LLP
    555 13th Street, NW
    Suite 600
    Washington, DC  20004
    (202)538-8000

    ***COMPUTER-AIDED TRANSCRIPTION OF STENOTYPED NOTES***

Appearances Continued:

On Behalf of the Defendants:

    BY:  ERNESTO H. MOLINA, JR., ESQUIRE
    UNITED STATES DEPARTMENT OF JUSTICE
    OFFICE OF IMMIGRATION LITIGATION
    P.O. Box 878
    Ben Franklin Station
    Washington, DC  20044
    (202)616-9344


    BY:  SHANE A. YOUNG, ESQUIRE
    UNITED STATES DEPARTMENT OF JUSTICE - CIVIL DIVISION
    P.O. Box 868
    Ben Franklin Station
    Washington, D.C. 20044
    (202)451-7483

P R O C E E D I N G S

(Court called to order.)

**THE COURT:**  Good morning, this is the judge.

Are we recording?

**DEPUTY CLERK:**  We are, Your Honor.

The matter now pending before the Court is Civil Action Number PX25-951, Kilmar Armando Abrego Garcia, et al., versus Kristi Noem, et al.  The matter comes before this Court for a telephone conference.

Counsel, please identify yourselves for the record.

**MR. ROSSMAN:**  Good morning, Your Honor.  Andrew Rossman on behalf of the plaintiff.

**MR. SANDOVAL-MOSHENBERG:**  Simon Sandoval-Moshenberg for plaintiff.

**MR. COOPER:**  Jonathan Cooper for plaintiff.

**MS. HORTON:**  Olivia Horton for plaintiff.

**MS. ANASTASIO:**  Morgan Anastasio for plaintiff.

**MR. GOLDSTEIN:**  Roey Goldstein for plaintiffs.

**MR. MOLINA:**  Ernesto Molina for the defendant.

**MR. YOUNG:**  And Shane Young for the defendant.

**THE COURT:**  Okay.  Is there anyone else on the line with us?

Okay.  Counsel, thank you for joining me today.  The purpose of today's call is to figure out a path forward for some of these motions which have some age on them.  And in

light of the developments over the last several months, some may be a bit outdated.

So bear with me.  I'm in case 25-951.  And the first motion that I want to discuss is, I think, the easiest, in many ways, is ECF 200.  There is a portion of ECF 200 that I did not reach when the motion was first filed.  And that's with respect to dissolving the preliminary injunction.

The same motion was made and updated in Case Number 25-2780 at ECF 72, and it's still pending.

So I'm going to deny 200 without prejudice, and that will remove that motion and clean us up in terms of the pending motion from the respondents.

Number two, I have the motion at 211 for leave to file an amended complaint, a supplemental complaint.  Again, that motion was filed in July of 2025, and I think everyone on the call would agree that there's certain aspects of that complaint which have been resolved.

There was a *Zadvydas* count, there was a habeas count, there was a request to restore Mr. Abrego Garcia to the status quo ante and relieve him under *Zadvydas,* all of which, in my view, at least, have been resolved.

And so my first question, I pose this to the plaintiff, which is, do you agree?  And if so, does it -- what is your plan going forward with respect to this case?

If you wish to persist in the case, then my suggestion

would be perhaps 211 is withdrawn without prejudice and you file a new motion for leave to amend the complaint that is, frankly, you know, more in line with the status of the case now.

But let me hear from the plaintiff first.

**MR. ROSSMAN:**  Good morning, Your Honor.  It's Andrew Rossman for the plaintiffs.

So, Your Honor, I don't have a red-line in front of me of the amended complaint, you know, that is the subject of that motion.  By recollection, that amended complaint simply adds facts updated to that moment in time, so it's updated but not obviously fully updated to today.

I don't believe it adds request for relief.

So working backwards, starting with Your Honor's question of substantively what we have left to do, I agree with Your Honor that we resolve the *Zadvydas* claim at this point.

We see, essentially, you know, three categories of relief that we think are still open in this case.  One is a final resolution by judgment that includes a declaration of -- you know, of rights, and the resolution of the -- of the factual determinations in this case.

So, you know, essentially a DJ judgment which I think is really just a follow-through on what the Court has already ruled on a number of things and putting that in the form of a final judgment.  So I don't know that we need additional

proceedings on that, you know, as much as have the paperwork catch up to the case.

There is an outstanding request for legal fees and costs under the Equal Access to Justice Act. I think that is still a live piece of relief.

And then there are two species of sanctions that remain --

THE COURT: Yeah, let --

MR. ROSSMAN: -- live.

THE COURT: I'm going to talk about those in a moment.

Those, in my view, remain live whether you -- it sounds like there is relief, which still needs to be had. I don't disagree with that in terms of, you know, your perspective. I understand it.

I guess let me ask a more refined question, which is on 211, in terms of as what you just said, which is to essentially memorialize whatever injunctive relief you had received by way of declaration, declaratory judgment, which I do understand is a different species than habeas -- there's declaratory judgment, which you bring by way of a complaint, which sort of settles the rights and responsibilities, if you will, of those guides. And then there's the habeas, which really deals with a person's confinement of custody.

Taking what you just said, again, it seems to me, then, that 211 is outdated unless you wish for the relief to stop at

July 2nd, 2025, the declaration. Because all I have at that point are the declarations that were requested as of July 2nd. And I'm fine with that, if you wish for me to just rule on whether that complaint goes forward.

What I'm trying to prevent, is say I, you know, grant you leave, and then we're at a point where I've got to decide it one way or the other, you then say to me, but, oh, wait, wait, wait, we need to amend because there's other things that happened since July, and we wish for a declaration on those things, and then we're in this sort of inefficient vortex because of the way in which this case has proceeded.

That's why I'm asking whether you want me to just rule on 211 as is, or is there some other path forward that would prevent a second motion to leave, which I don't want?

**MR. ROSSMAN:** Right. So I don't want to be in any vortex, Your Honor, let alone inefficient one.

I think the easiest -- I'm sorry, I think the easiest thing for us to do all around is put the burden on us in the first instance to tee up a refined version of that motion, and I think we can try to do two things. One is, streamline it to target, you know, exactly what we think we need at this point, and two is to catch it up to today.

So if you want to give us, you know, some reasonably short period of time to amend and update that motion, I think that's probably the most efficient thing to do.

**THE COURT:** So what I suggest that I do, is I'm going to -- either you can do -- you can do one of two things, because, to me, 211 is -- if you're going to update it, define it, streamline it, then either move to withdraw the motion and/or I give you leave to file a renewed motion to leave to amend a supplemental complaint so that it's just clean. I don't have a motion pending that is outdated and not, you know, in need of a response.

Then I can give you a period of time by which you meet and confer with defendants, figure out what really is left and not left -- and not on the table anymore. Figure out whether there is still a motion, a responsive motion that is along the lines of what I had several months ago, which is a jurisdictional argument. That may all largely be mooted, all depending on what relief you're asking for.

But I'll give you time to talk about all those things and then a date by which to file a renewed motion for leave and a response date, response reply.

Does that make sense to you, Mr. Rossman, before I turn to the defendants?

**MR. ROSSMAN:** Perfect sense, Your Honor.

**THE COURT:** Okay. Mr. Molina, do you have any objection to handling it that way so that it's just a clean -- you know, I've got one motion for an amended or supplemental complaint and your response to it, after an opportunity to meet

and confer with the plaintiff?

MR. MOLINA:  Ernesto Molina for the defendants.

Your Honor, your proposal makes sense.  I think we don't need to try to hit moving or missing targets at this point.  So having the issues sort of permanently presented as to what is really alive is probably best for the Court and for the parties.

THE COURT:  Okay.  And I appreciate that.  I mean, what we have, the status of the case, frankly, would be if nothing gets filed, we still have a complaint and an answer.  So things will happen, it's just not, I think, where the parties see this case, and the Court is just trying to be as streamlined as possible.

So then what I'm going to do, is I will either, Mr. Rossman, take your oral motion to withdraw 211 in light of the time I'm going to give you to file a renewed motion for leave, or I can just deny it as moot or without prejudice, and you can refile it based on the date that we're going to pick now.

Which do you prefer?

MR. ROSSMAN:  I think it amounts to the same thing, but you can take my oral motion to withdraw it, Your Honor.

THE COURT:  Okay.  So I'll grant it.  And let's pick a date.  Do you think two weeks would give you all enough time to talk, figure out what is -- how to present the most

streamlined supplemental amended complaint, and then file that motion?

MR. ROSSMAN:  I do, Your Honor, from our side.

THE COURT:  Okay.  All right.  So then we will look for the motion -- in the event -- as unlikely as it might be, but in the event you go a different course, then just file a status report letting me know that.

But it will be in two weeks, that there will be a renewed motion for leave to file an amended and supplemental complaint.

Okay.  So last step is the motion at 196 for sanctions.

Again, this one, in my view, sort of suffers from the same thing, which is you all have spent time in the case.  There has been so much that has happened since the motion was first filed.  You've often referred to it.  I think it needs to be supplemented.

And the question is, do we do it in this case?  In 25-2780?  Or -- you know, how do we go forward on this motion?

Mr. Rossman?

MR. ROSSMAN:  So I think there's two species of the sanctions to think about, Your Honor.  One is contempt sanctions for not adhering to Your Honor's orders, and the other is discovery sanctions.

Yeah, obviously, they were rooted in different facts and legal support.

But I am content to try to do this in the most

streamlined, consolidated way that suits Your Honor.  And we can -- if you don't have a -- if you foresee difficulty with our doing it across the two cases, we could present, you know, one updated, you know, combined motion that lays out, you know, all the relevant facts.

THE COURT:  So you're saying in one case, present one updated motion that takes into account the entirety from 25-951, day one, through today?

MR. ROSSMAN:  We could.  I mean, we obviously have two different cases and two different, you know, sets of -- you know, what we view as sanctionable conduct.  I'm just trying to think about not having to present Your Honor with two motions.

If you think it works to consolidate -- have one consolidated sanctions motion, and then I think we -- you know, I think there is a difference between the discovery sanctions and the, you know, contempt of Your Honor's order sanctions, and some guidance on how you want -- how you best want to hear that would be helpful to me, at least.

THE COURT:  Well, I will tell both sides, because I think it's important to give defendants in this case, respondents in the other case, I had -- that I want you to address not only sanctions pursuant to Rule 37 and civil contempt, but also my inherent authority to sanction, as well as 28 U.S.C. 1927, which is -- it's a fee shifting provision that is a sanction of its own right, and there's developed case

law on it.

So that is, in my view, relevant and timely.  That's one.

Two, I do want a place in which all of this is put to me both legally and factually so that, again, it's not a moving target.  It seems like a timely -- it's timely to do this, because there have been many issues, which not all, but many have been resolved, and this case has been -- you know, it's been in my court almost a year.

So I'm open to whether you want to keep 196 as a discovery, a Rule 37 motion, and then file a separate motion understanding that a course of conduct may inform both.

Alternatively -- I mean, I personally prefer to have everything in one place so I'm not toggling back and forth. With that said, I'm flexible.

Mr. Rossman, do you have a suggestion before I turn to Mr. Molina?

**MR. ROSSMAN:**  Yeah, I'm mulling Your Honor's suggestion at the moment.

It might be the -- since we have already briefed 196, including the government has submitted, I believe, four declarations in support of its opposition, it might actually be the most efficient thing for us to -- to supplement that motion.

**THE COURT:**  Yeah.

**MR. ROSSMAN:**  Rather than to replace it.

So, you know, that's sort of on the shelf and fully briefed.

We then file a supplemental motion that captures, you know, all the other conduct that we think is in play, if it's not already covered there, which I think is primarily focused on -- you know, adheres to Your Honor's orders.  And then brief the additional sources, you know, 1927, and inherent authority, civil contempt in that motion, give the government, obviously, an opportunity to respond to that.

That might be the most streamlined way that I can think of to do it.

THE COURT:  And, Mr. Molina, I want to make sure you all have a full opportunity to be heard on this.

So what I would expect is you all meet and confer on a schedule that makes sense to both sides.  And whether you, you know, anticipate any evidence, presentation, because this motion will be teed up for a hearing.  And the question is sort of what do both sides need to respond to it fully.

Any thoughts on that, Mr. Molina?  Because I was thinking, you know, I'll give you two weeks to talk to the government -- to talk to the plaintiffs about what are the respective needs on both sides to get that motion teed up.

MR. MOLINA:  Ernesto Molina for the government.

Your Honor, I think your proposal to supplement makes sense.  I mean, I don't see the parties having a problem

meeting over the next two weeks to come up with a schedule and any further refinements that are necessary.

THE COURT:  Okay.  All right.  So then it sounds like what we'll do is in two weeks, I will look for both a -- either -- well, either or both, a motion for leave to file an amended or supplemental complaint in 25-951, and that same deadline, I'll expect a status report that lays out a briefing schedule for the supplemental sanctions motion.

And I really don't care whether you file it in 951 or -- it probably makes sense to file it in 951, even though it's going to contemplate 2780.  In my mind, these cases are not formally consolidated, but they are functionally consolidated. And I do expect that you will pull it together in terms of looking at the entire course of the case, not -- not breaking it up by one case or the other.

But that status report with a schedule would -- would come two weeks from today as well.

Did what I just said today make sense to you, Mr. Rossman?

MR. ROSSMAN:  Yeah, perfect sense, Your Honor.

THE COURT:  Mr. Molina, any questions about any of this?

MR. MOLINA:  Ernesto Molina.

No, Your Honor, no questions.

THE COURT:  Okay.  All right.  Thank you for your time.  Is there anything else we have to discuss while we're

all together?

MR. ROSSMAN:  Not from plaintiffs.  Thank you, Your Honor.

MR. MOLINA:  Ernesto Molina for the defendants.  Nothing for the defendants, Your Honor.

THE COURT:  All right.  Thank you all.  Take care.

MR. ROSSMAN:  Thank you, Your Honor.

MR. MOLINA:  Thank you, Your Honor.

(Proceedings were concluded at 9:32 a.m.)

CERTIFICATE OF OFFICIAL REPORTER

I, Paula J. Leeper, Federal Official Court Reporter, in and for the United States District Court for the District of Maryland, do hereby certify, pursuant to 28 U.S.C. § 753, that the foregoing is a true and correct transcript of the stenographically-reported proceedings held in the above-entitled matter and the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 16th day of March 2026.


*/S/ Paula J. Leeper*
_____

Paula J. Leeper, RMR, CRR
Federal Official Reporter