**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| Kilmar Armando Abrego Garcia, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Kristi Noem, *et al.*,<br><br>Defendants. | Case No.: 8:25-CV-00951-PX |

**Petitioner's Motion for a Temporary Stay of Deadlines in *Abrego Garcia I* Until the Resolution of the Government's Motion to Dissolve Injunctions in *Abrego Garcia II* (ECF 142)**

When this Court convened a telephonic conference on March 9, 2026, the Court expressed interest in ensuring that proceedings in this case moved forward efficiently. Mar. 9, 2026 Hr'g Tr. at 7:5-11. Following that conference, the Court ordered a March 23, 2026 deadline for Plaintiffs to file an amended complaint and directed the parties to meet and confer regarding a briefing schedule for the supplemental sanctions motion. *See* ECF No. 260. The parties did so, and on March 20, 2026 reached agreement on both a sanctions briefing schedule and, at Defendants' request, a schedule for briefing on the amended complaint, with the intention of submitting both proposed schedules to the Court in a status report on Monday, March 23, 2026. *See* Exhibit A (March 20, 2026 Email from O. Horton to E. Molina agreeing on briefing schedules).

That same day, however, the Government filed a Motion to Dissolve Injunction Against Petitioner's Detention (ECF 141) and Injunction Against Petitioner's Removal (ECF 13) in the related habeas case, *Abrego Garcia v. Noem*, No. 8:25-cv-02780-PX ("*Abrego Garcia II*"). *See* *Abrego Garcia II*, ECF 142 ("Motion to Dissolve Injunctions").

The Court has inherent authority to stay proceedings as an incident of its power to control its own docket "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *see also Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) (courts possess inherent power to stay proceedings for "efficient management of their dockets"). District courts in this district generally consider three factors in deciding whether to grant a motion to stay: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Mullins v. Suburban Hosp. Healthcare Sys., Inc.*, Case No. 16-cv-1113, 2017 WL 3023282, at *1 (D. Md. July 17, 2017) (quoting *Davis v. Biomet Orthopedics, LLC*, Case No. 12-cv-3738, 2013 WL 682906 (D. Md. Feb. 22, 2013)). That balance favors a temporary stay here. Proceeding on the current schedule would require the parties and the Court to expend significant resources on filings that may require revision or supplementation depending on how the events in *Abrego Garcia II* unfold. Plaintiffs would face real hardship litigating on two tracks simultaneously when the outcome of one may materially affect the other. And a temporary stay imposes no cognizable prejudice on Defendants, who themselves requested additional time on the amended complaint schedule. Plaintiffs stand ready to proceed on both the amended complaint and sanctions briefing schedules as soon as the Motion to Dissolve Injunctions has been resolved.

Given the pressing deadlines, Plaintiffs attempted to contact the Government on Saturday, March 21, 2026, via email, *see* Exhibit A, and once more this afternoon by telephone, but received no response. Plaintiffs therefore file this motion without the benefit of the Government's position.

For these reasons, Plaintiffs respectfully request that the Court temporarily stay all deadlines in this case relating to the amended complaint and the sanctions briefing pending resolution of the Motion to Dissolve Injunctions.

Respectfully submitted,

Dated: March 22, 2026

/s/ Jonathan G. Cooper

| | |
|---|---|
| **MURRAY OSORIO PLLC**<br>Simon Y. Sandoval-Moshenberg<br>Rina Gandhi<br>4103 Chain Bridge Road, Suite 300<br>Fairfax, Virginia 22030<br>(703) 352-2399<br>ssandoval@murrayosorio.com | **QUINN EMANUEL URQUHART &**<br>  **SULLIVAN, LLP**<br>Jonathan G. Cooper (D. Md. Bar No. 21345)<br>Olivia Horton*<br>555 13th St. NW, Suite 600<br>Washington, DC 20004<br>(202) 538-8000<br>jonathancooper@quinnemanuel.com<br>oliviahorton@quinnemanuel.com<br>*admitted in Texas; not admitted in D.C.<br>Supervised by attorney admitted in D.C. |
| **QUINN EMANUEL URQUHART &**<br>  **SULLIVAN, LLP**<br>Stephen E. Frank<br>111 Huntington Ave, Suite 520<br>Boston, MA 02199<br>(617) 712-7100<br>stephenfrank@quinnemanuel.com | Andrew J. Rossman<br>Sascha N. Rand<br>K. McKenzie Anderson<br>Samuel P. Nitze<br>Courtney C. Whang<br>Roey Goldstein<br>Sam Heavenrich<br>Morgan L. Anastasio<br>295 Fifth Avenue, 9th Floor<br>New York, NY 10016<br>(212) 849-7000<br>andrewrossman@quinnemanuel.com<br>sascharand@quinnemanuel.com<br>mckenzieanderson@quinnemanuel.com<br>samuelnitze@quinnemanuel.com<br>courtneywhang@quinnemanuel.com<br>roeygoldstein@quinnemanuel.com<br>samheavenrich@quinnemanuel.com<br>morgananastasio@quinnemanuel.com |

*Counsel for Plaintiffs*